2020 WL 7134833
Unpublished Disposition
Only the Westlaw citation is currently available.
NOTE: THIS OPINION WILL NOT APPEAR IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN THE REPORTER.
NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009] ), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).
Appeals Court of Massachusetts.

COMMONWEALTH of Massachusetts
v.
David COSME.

19-P-1732
|
Entered: December 7, 2020

By the Court (Green, C.J., Desmond & Lemire, JJ.[1])

[1] The panelists are listed in order of seniority.

## MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

**\*1** On appeal from his convictions of various charges pursuant to a conditional plea, the defendant challenges the denial of his motion to suppress evidence seized following an exit order, warrantless patfrisk, and search of his vehicle, and the denial of his motion to dismiss six charges for possession of various double-edged knives, arguing that the governing statute is unconstitutional. We affirm.

Motion to suppress. In reviewing the denial of a motion to suppress, we accept the motion judge's "subsidiary findings of fact absent clear error 'but conduct an independent review of his ultimate findings and conclusions of law.' " Commonwealth v. Scott, 440 Mass. 642, 646 (2004), quoting Commonwealth v. Jimenez, 438 Mass. 213, 218 (2002).[2]

[2] The defendant does not object to any of the motion judge's findings of fact, but contends that neither the exit order nor the ensuing patfrisk was justified as a matter of law.

Our review finds no error in the motion judge's denial of the defendant's motion to suppress because both the exit order and patfrisk were justified, for the reasons that follow.

Exit order. An exit order may be justified by a police officer's "reasonable suspicion (based on articulable facts) that the defendant was engaged in criminal activity." Commonwealth v. Cruz, 459 Mass. 459, 466 (2011). Where the exit order stems from information provided via a police broadcast, the Commonwealth must establish "both the indicia of reliability of the transmitted information and the particularity of the description of the motor vehicle." Commonwealth v. Lopes, 455 Mass. 147, 155 (2009).

In the present case, an identified caller reported to the police that a male with a red Jeep Cherokee was shooting a rifle at a target at a public boat ramp parking lot, with bystanders nearby, in the middle of the day.[3] Upon arriving shortly thereafter, the police officers' own observations corroborated the caller's information: they found bystanders in the parking lot and, in a far corner, a red Jeep Cherokee with a male occupant. The defendant's vehicle was the only Jeep Cherokee in the lot, and the only other vehicle in the lot belonged to the two bystanders.[4] In light of these facts, we conclude that the identified caller's description of the make, model, color, location, and occupant of the vehicle was sufficiently particular to identify the defendant's vehicle as the subject of the call, and sufficiently corroborated the caller's report to support its veracity. See Lopes, 455 Mass. at 156-159. We agree with the motion judge that the exit order was justified by reasonable suspicion that the defendant had engaged in criminal conduct.[5]

[3] This behavior implicates a number of possible

[4] The bystanders were questioned by the officers prior to approaching the defendant, though the results of that initial questioning are not in the record. One of the bystanders later indicated that the defendant was the individual who had been firing the rifle.

[5] The serious nature of the reported crime (firearm being discharged in public) also weighs in favor of the order being proper. See Commonwealth v. Depina, 456 Mass. 238, 247 (2010).

*2 Furthermore, the exit order was also independently justified by objectively reasonable safety concerns. The same facts that established reasonable suspicion of criminal activity -- the credible report of a firearm being discharged in public near bystanders -- likewise established the reasonableness of the responding officers' belief "that the safety of the police or that of other persons was in danger.' " Cruz, 459 Mass. at 466, quoting Commonwealth v. Gonsalves, 429 Mass. 658, 661 (1999).

Patfrisk. Justification of the ensuing patfrisk of the defendant[6] requires showing "a reasonable suspicion, based on specific articulable facts, that the suspect is armed and dangerous." Commonwealth v. Torres-Pagan, 484 Mass. 34, 39 (2020). Although this is a higher bar than the showing required for an exit order, see id. at 38-39, the motion judge was correct in finding it met here. The credible report of a firearm being discharged in a public place, including specific details tying the shooting to the defendant's vehicle, provided an articulable factual basis for the officer's reasonable suspicion that the defendant was armed and dangerous. See id.

[6] On the defendant's person, the officers discovered a double-edged knife, a metal ruler sharpened into a double-edged weapon, and an improvised electronic device with an on/off switch.

The defendant argues that he is in the same position as the improperly patfrisked motorist in Torres-Pagan: cooperative, in full view, and not visibly armed. See id. at 39-41 (patfrisk after stop for cracked windshield and expired registration not justified). Those facts may distinguish this case from others where the defendant resisted, moved furtively, or was observed to be carrying a weapon. See, e.g., Commonwealth v. Edwards, 476 Mass. 341, 348 (2017); Commonwealth v. Goewey, 452 Mass. 399, 407 (2008). But here the Commonwealth did not seek to justify the patfrisk on those bases, nor did the motion judge base his ruling on them. Instead, the patfrisk was justified by the specific, corroborated details of the criminal conduct that was reported -- conduct that necessarily requires being armed and dangerous. See Commonwealth v. Doocey, 56 Mass. App. Ct. 550, 558 (2002) (stop and frisk justified by heightened danger stemming from report of firearm discharge).

Motion to dismiss. The defendant additionally argues that the motion judge erred in denying his motion to dismiss six charges for unlawful possession of a double-edged knife because the relevant statute, G. L. c. 269, § 10 (b), is unconstitutional under the Second Amendment to the United States Constitution.[7] There was no error in denying the motion, because as the motion judge correctly found, double-edged knives are "dangerous and unusual weapons" not subject to Second Amendment protections.[8] See Commonwealth v. Powell, 459 Mass. 572, 584 (2011); District of Columbia v. Heller, 554 U.S. 570, 625-626 (2008).

[7] General Laws c. 269, § 10 (b), criminalizes possession of certain weapons, including double-edged knives, "except as provided by law."

[8] Even if that were not so, the statute is not facially unconstitutional where it is not an impermissible blanket restriction on all knives, and allows for specific exceptions. See Ramirez v. Commonwealth, 479 Mass. 331, 341-342 (2018).

Judgments affirmed.

**All Citations**

Slip Copy, 2020 WL 7134833 (Table)

**Commonwealth v. Cosme, Slip Copy (2020)**

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.