# ⓢ Stamboulieh Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

December 14, 2020

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

    **Re:** *Teter, et al. v. Connors, et al.*; No. 20-15948

Dear Ms. Dwyer:

    Appellants write the Court to respond to Appellees' Rule 28(j) letter filed on December 11, 2020.

    Appellees cite to an unpublished Appeals Court of Massachusetts decision that contains zero analysis of "dangerous and unusual". *See Commonwealth v. Cosme*, 99 Mass. App. Ct. 1101 (2020) (unpublished). *Cosme* cites to two cases which were available to Appellees during the briefing stage, but Appellees failed to cite to either: *Ramirez v. Commonwealth*, 479 Mass. 331, 94 N.E.3d 809 (2018) and *Commonwealth v. Powell*, 459 Mass. 572, 946 N.E.2d 114 (2011). Appellants cited to *Ramirez* on pp. 26-27 of the Opening Brief for the proposition that it supports Appellants' argument that Hawaii's butterfly ban is a categorical ban.

    The court's entire "analysis" in *Cosme* regarding dangerous and unusual is as follows: "There was no error in denying the motion, because as the motion judge correctly found, double-edged knives are 'dangerous and unusual weapons' not subject to Second Amendment protections. *Cosme*, 99 Mass. App. Ct. at *4. *Cosme* isn't even a case about butterfly knives. *Cosme* cites to *Powell* which does not even discuss butterfly knives, much less hold butterfly knives unprotected by the Second Amendment.[1]

    In *Cosme*, the court also stated, in a footnote, that "it is not an impermissible ban on all knives, and allows for specific exceptions." Whatever the exceptions are in Massachusetts' law, Hawaii flat out bans butterfly knives with no relevant exceptions.

---

[1] Butterfly knives do not even appear to be banned in Massachusetts. *See* Mass. Ann. Laws ch. 269, § 10.

*See* Opening Brief, p. 4 (H.R.S. § 134-53). Additionally, Appellants have not asked for a double-edged knife. Both Appellants just want to own a legal butterfly knife. *See* ER134-ER137; ER153-ER154. And neither are prohibited persons. *Id.*

Notwithstanding *Cosme*, this Court is bound by the dangerous and unusual holding found in *United States v. Henry*, 688 F.3d 637 (9th Cir. 2012) and briefed on pp. 9-10 of the Opening Brief and p. 4 of the Reply Brief.

Yours very truly,

/s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh

CERTIFICATE OF SERVICE

On this, the 14th day of December 2020, I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 333 words as calculated by Microsoft Office 365. I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 14th day of December, 2020.

s/ Stephen D. Stamboulieh