

| | | |
|---|---|---|
| **DAVID Y. IGE**<br>GOVERNOR | | **HOLLY T. SHIKADA**<br>ATTORNEY GENERAL |
| | | **VALERIE M. KATO**<br>FIRST DEPUTY ATTORNEY GENERAL |

**STATE OF HAWAII**
**DEPARTMENT OF THE ATTORNEY GENERAL**
425 QUEEN STREET
HONOLULU, HAWAII 96813
(808) 586-1360

April 28, 2022

Via CM/ECF system

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:  *Teter v. Connors,* No. 20-15948
     Fed. R. App. P. Rule 28(j) Response

Dear Ms. Dwyer:

  Defendants-Appellees CLARE E. CONNORS and AL CUMMINGS ("Defendants") submit this response to Plaintiffs-Appellants ANDREW TETER and JAMES GRELL's ("Plaintiffs'") letter submitting supplemental authority under Federal Rules of Appellate Procedure Rule 28(j).

  Defendants have no objection to Plaintiffs' submission of *O'Neil v. Neronha*, C.A. No. 19-612 WES, 2022 U.S. Dist. LEXIS 45475, 2022 WL 782547 (D.R.I. Mar. 15, 2022). Inasmuch as this decision was issued on March 15, 2022 and the briefing in the present case took place in late 2020, submission of the case appears to be permissible.

  However, Defendants strongly object to Plaintiffs' citation to a law review article that was also included in their Rule 28(j) letter:

> Kopel, David B. and [sic] Kopel, David B. and Greenlee, Joseph, The Second Amendment Rights of Young People (January 16, 2019). 43 Southern Illinois Law Journal 495, 518-519 (2019), U Denver Legal Studies Research Paper No. 18-28, Available at SSRN: https://ssrn.com/abstract=3205664 or http://dx.doi.org/10.2139/ssrn.3205664 (listing various edged weapons that were considered militia weapons).

Plaintiffs' Rule 28(j) letter, at 1.

Molly C. Dwyer, Clerk of the Court
April 28, 2022
Page 2

      This article was published in 2019, which was **before** the briefs in this case were filed in late 2020. Fed. R. App. P. Rule 28(j) limits the citation of supplemental authority to the situation when "pertinent and significant authorities come to the party's attention **after the party's brief has been filed**[.]" (Emphasis added.). Plaintiffs appear to be trying to use Rule 28(j) to cite pre-existing authority that they neglected to cite in their briefs and which is not genuinely new authority.

      Plaintiffs' actions here are extremely improper and in violation of Rule 28(j). Defendants respectfully request that this Court disregard Plaintiffs' citation when deciding this case, or if the Court is so inclined, order it stricken.

      Sincerely,

      s/ Robert T. Nakatsuji
      ROBERT T. NAKATSUJI
      First Deputy Solicitor General

      Attorney for Defendants-Appellees
      CLARE E. CONNORS and AL CUMMINGS

cc:    Counsel for all participants (via CM/ECF system)