

**DAVID Y. IGE**
GOVERNOR

**HOLLY T. SHIKADA**
ATTORNEY GENERAL

**VALERIE M. KATO**
FIRST DEPUTY ATTORNEY GENERAL

**STATE OF HAWAII**
**DEPARTMENT OF THE ATTORNEY GENERAL**
425 QUEEN STREET
HONOLULU, HAWAII 96813
(808) 586-1360

May 17, 2022

Via CM/ECF system

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:    *Teter v. Connors,* No. 20-15948
       Fed. R. App. P. Rule 28(j) Response

Dear Ms. Dwyer:

Defendants-Appellees CLARE E. CONNORS and AL CUMMINGS ("Defendants") submit this response to Plaintiffs-Appellants ANDREW TETER and JAMES GRELL's ("Plaintiffs'") letter submitting supplemental authority under Federal Rules of Appellate Procedure Rule 28(j) filed on May 15, 2022.

Pursuant to their letter, Plaintiffs submitted a copy of *Jones v. Bonta*, No. 20-56174, 2022 WL 1485187 (9th Cir. May 11, 2022). It should be noted that the ultimate validity of *Jones* is unclear at the present time because it is a divided decision, made at the preliminary injunction stage, and it may also be subject to a petition for rehearing en banc.

In any event, the strict scrutiny analysis in *Jones* is inapposite to the present case. *Jones* applied strict scrutiny because, with a ban on semi-automatic rifles on top of a ban on handguns, two out of the three effective self-defense firearms were banned, leaving young adults with limited or ineffective alternatives. *Id.* at *15-*16. In the present case, however, Plaintiffs are free to defend themselves using any of a number of alternatives to butterfly knives, including handguns, other knives, or any other instruments not otherwise prohibited. *See* Answering Brief ("A.B.") at 27. Only a small, relatively obscure subset of a much larger class of arms (knives), or possibly even a subset of a subset (folding knives) of a class of arms (knives), is banned. *See id.* at 25-29, 31. Therefore, strict scrutiny is not appropriate.

Molly C. Dwyer, Clerk of the Court
May 17, 2022
Page 2


     Furthermore, the ban on butterfly knives satisfies the "reasonable fit" required for intermediate scrutiny, even under *Jones*.  *See Jones*, 2022 WL 1485187, at *17-*20.  It is "appropriately tailored" because, rather than banning all knives, it bans only butterfly knives, which are specifically defined as knives "having a blade encased in a split handle that manually unfolds with hand or wrist action with the assistance of inertia, gravity or both[.]"  *See* A.B. at 34-35.  Therefore, it does not burden more conduct than necessary.  *See Jones*, 2022 WL 1485187, at *18.

                    Sincerely,

                    s/ Robert T. Nakatsuji
                    ROBERT T. NAKATSUJI
                    First Deputy Solicitor General

                    Attorney for Defendants-Appellees
                    CLARE E. CONNORS and AL CUMMINGS


cc:   Counsel for all participants (via CM/ECF system)