# Law Offices of Alan Alexander Beck

2692 Harcourt Dr., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

May 18, 2022

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

**Re:** *Andrew Teter, et. al. v. Holly T. Shikada, et. al.* **No. 20-15948**

Dear Ms. Dwyer:

I write this Court to inform it of the Third Circuit's opinion in *Drummond v. Robinson Twp.*, No. 20-1722, 2021 U.S. App. LEXIS 24511 (3d Cir. Aug. 17, 2021) (attached) which was issued after briefing was completed. In *Drummond,* the Third Circuit reversed the dismissal of a Second Amendment challenge to shooting range restrictions by applying intermediate scrutiny. In *Drummond*, Robinson Township enacted two ordinances, one for "Sportsman's Clubs" to limit those clubs to "pistol range, skeet shoot, trap and skeet, and rim-fire rifle" practice, and one foe non-profit ranges that were not restricted in the firearms used for practice. *Id*. at p. 7.

The Third Circuit stated that the "Township must marshal evidence to explain why, for Sportsman's Clubs in IBD districts, it embraced the unusual rim-fire rifle and non-profit ownership rules over more common, less burdensome alternatives. The question is not whether the Township used the least restrictive or least intrusive means of serving its interests, but whether it seriously considered[] substantially less restrictive alternatives[.]" (citations and punctuation omitted). *Id*. at p. 31.

*Drummond* is relevant to this Court's decision making in this case for the following reasons.

1. It demonstrates that an "outlier" law such as Hawaii's butterfly knife ban, "trigger[s] an especially exacting means-ends analysis." *Id.* at p. 22-23.
2. It demonstrates that the State of Hawaii was required to show it considered less burdensome alternatives to completely banning butterfly knives. *Id* at p. 23 ("And even if it were otherwise, the Township would still need to show it 'seriously considered' more targeted tools for achieving its ends.").
3. It supports Plaintiffs' position that Hawaii's ban on butterfly knives is underinclusive because other equally deadly/dangerous knives are legal to own. *Id at* p. 25. ("These glaring instances of under-inclusion exacerbate our already significant concerns about fit.")

Hawaii's butterfly knife ban requires strict scrutiny because it is a severe burden on the right to self-defense and a complete ban on possession, even in the home. However, even under intermediate scrutiny, the ban is unconstitutional.

Yours very truly,

/s/ Alan Beck
Alan Beck

<u>CERTIFICATE OF SERVICE</u>

I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 337 words as calculated by Microsoft Office 365. I declare under penalty of perjury that the foregoing is true and correct.


Executed this the 18th day of May 2022


<u>s/ Alan Beck</u>