# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW TETER and JAMES GRELL<br>  Plaintiffs-Appellants,<br><br>v.<br><br>HOLLY T. SHIKADA, in her Official Capacity as the Attorney General of the State of Hawaii and WILLIAM OKU, JR., in his Official Capacity as the State Sheriff Division Administrator,<br><br>  Defendants-Appellees. | No. 20-15948 |

## PLAINTIFFS-APPELLANTS' OPPOSITION TO DEFENDANTS' MOTION FOR REMAND, OR IN THE ALTERNATIVE, FOR SUPPLEMENTAL BRIEFING

Plaintiffs-Appellants ANDREW TETER and JAMES GRELL ("Plaintiffs") file their opposition to Defendant Holly T. Shikada's and William Oku, Jr.'s ("Hawaii") motion to remand this case to the District Court or, in the alternative, order supplemental briefing. Hawaii's motion to remand this case to the district court is unnecessary given the facts of the case and it being a pure question of law. The matter before this Court is the constitutionality of Hawaii's ban on butterfly knives. This matter does not need remand for any further factual development and is a pure question of law that should be decided by this Court.

Even when intervening law could impact the outcome of litigation, it often does not remand. "[W]e have discretion to determine 'what questions may be taken up

and resolved for the first time on appeal.' *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S. Ct. 2868, 49 L. Ed. 2d 826 (1976). We typically feel most comfortable resolving such an issue when it has nonetheless been 'extensively litigated in the district court' or 'where the proper resolution is beyond any doubt.' *Beck v. City of Upland*, 527 F.3d 853, 867 (9th Cir. 2008) (quoting *Golden Gate Hotel Ass'n v. City & Cty. of San Francisco*, 18 F.3d 1482, 1487 (9th Cir. 1994))." *Peruta v. Cty. of San Diego*, 824 F.3d 919, 959-60 (9th Cir. 2016) (en banc) (J. N.R. Smith, dissenting). Here, the issue of whether the law at issue in this litigation are within the historical scope of the Second Amendment right was extensively litigated in the trial court.

The U.S. Supreme Court in *Bruen* made it *easier* for litigants to prevail in Second Amendment cases. In *Bruen*, the Supreme Court essentially abolished the second step of the two-step analysis the Ninth Circuit and most of the other federal circuit courts had employed to evaluate Second Amendment cases. Under the previous test, a court asked "(1) asks whether the challenged law burdens conduct protected by the Second Amendment and (2) if so, directs courts to apply an appropriate level of scrutiny". *United States v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013). The Supreme Court's command that "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms" is essentially the first part of the prior test. *Bruen* at 10. The trial court already

conducted this inquiry. Here, because the issue here is one of law, this Court should decide this matter without the need to remand.

This principle has been applied in Second Amendment cases in the past. In *Peruta v. Cty. of San Diego*, 824 F.3d 919 (9th Cir. 2016) (en banc), "[d]uring the pendency of the appeal, California's underlying statutory scheme changed. At the time the district courts issued their decisions, California permitted unloaded open carry. However, under the current scheme, open carry (loaded and unloaded) is prohibited. *See* Dissent 68-69. Further, as noted by the dissent, the district courts did not have the benefit of our recent decisions in *Jackson*, 746 F.3d 953 and *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013)." *Id.* at 959. (punctuation omitted). Despite this change in law, this Court did not remand *Peruta* to the trial court and instead ruled on the merits. This is likely because, as here, the issue was a matter of law.

Rather than remand this matter to the trial court, this Court should order supplemental briefing. This is the course of action this Court has taken in *Kim Rhode v. Bonta,* No. 20-55437. This Court recently ordered those parties "to file supplemental briefing in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, No. 20-843." *Kim Rhode v. Bonta*, No. 20-55437, 2022 U.S. App. LEXIS 17486, at *1 (9th Cir. June 24, 2022). This Court should do the same here. As Hawaii stated in its motion, Plaintiffs consent to supplemental briefing and they do not oppose Hawaii's proposed briefing schedule.

## Conclusion

Hawaii's motion to remand should be denied and this Court should order supplemental briefing.

Respectfully submitted, this the 9th of July, 2022.

| | |
|---|---|
| */s/ Alan Alexander Beck* | Stephen D. Stamboulieh |
| Alan Alexander Beck | Stamboulieh Law, PLLC |
| Law Office of Alan Beck | P.O. Box 428 |
| 2692 Harcourt Drive | Olive Branch, MS 38654 |
| San Diego, CA 92123 | (601) 852-3440 |
| (619) 905-9105 | stephen@sdslaw.us |
| Hawaii Bar No. 9145 | MS Bar No. 102784 |
| Alan.alexander.beck@gmail.com | |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume, typeface, and type-style requirements of Federal Rule of Appellate Procedure 27 because it contains 687 words and was prepared using Microsoft Word 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Alan Alexander Beck*
Alan Alexander Beck

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Alan Alexander Beck*
Alan Alexander Beck