No. 20-15948

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANDREW TETER and JAMES GRELL,

*Plaintiffs-Appellants,*

v.

HOLLY T. SHIKADA, in her Official Capacity as the Attorney General of the State of Hawaiʻi and WILLIAM OKU, JR., in his Official Capacity as the State Sheriff Division Administrator,[1]

*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Hawaiʻi
Honorable Alan C. Kay, Senior United States District Judge
(Civil No. 19-cv-00183-ACK-WRP)

**DEFENDANTS-APPELLEES' REPLY IN SUPPORT OF
MOTION FOR REMAND OR, IN THE ALTERNATIVE,
FOR SUPPLEMENTAL BRIEFING**

**CERTIFICATE OF COMPLIANCE**

**CERTIFICATE OF SERVICE**

---

[1] HOLLY T. SHIKADA succeeded CLARE E. CONNORS on December 10, 2021 and WILLIAM OKU, JR., succeeded AL CUMMINGS on December 1, 2020. They are automatically substituted as parties pursuant to Fed. R. App. P. 43(c)(2).

| | |
|---|---|
| HOLLY T. SHIKADA<br>Attorney General of Hawaiʻi | ROBERT T. NAKATSUJI<br>First Deputy Solicitor General<br>Department of the Attorney General<br>State of Hawaiʻi<br>425 Queen Street<br>Honolulu, Hawaiʻi  96813<br>Telephone:  (808) 586-1360<br>Fax:  (808) 586-8116<br>E-mail:<br>Robert.T.Nakatsuji@hawaii.gov |

Attorneys for Defendants-Appellees
HOLLY T. SHIKADA and WILLIAM OKU, JR.

### DEFENDANTS-APPELLEES' REPLY IN SUPPORT OF MOTION FOR REMAND OR, IN THE ALTERNATIVE, FOR SUPPLEMENTAL BRIEFING

Defendants-Appellees HOLLY T. SHIKADA, in her Official Capacity as the Attorney General of the State of Hawaiʻi, and WILLIAM OKU, JR., in his Official Capacity as the State Sheriff Division Administrator ("Defendants"), respectfully request that this Court remand this case to the District Court or, in the alternative, order supplemental briefing, as a result of the recent decision of the U.S. Supreme Court in *New York State Rifle and Pistol Association, Inc. v. Bruen*, No. 20-843 (U.S. June 23, 2022).

Plaintiffs-Appellants ANDREW TETER and JAMES GRELL ("Plaintiffs") oppose Defendants' request for remand, arguing that only pure questions of law are at issue in this case. Opposition, DktEntry 62, at 1-3. Plaintiffs' argument is flawed for several reasons.

First, it is well-recognized that remanding a case after new legal principles are adopted by the Supreme Court is the standard practice. Courts of Appeals are reviewing courts and do not generally decide issues in the first instance. *See, e.g., Clark v. Chappell*, 936 F.3d 944, 971-72 (9th Cir. 2019); *Detrich v. Ryan*, 740 F.3d 1237, 1248-49 (9th Cir. 2013) (en banc). The supplemental briefing that Plaintiffs prefer will not address that particular problem. Furthermore, this Court, sitting **en banc** and in a **published** order, has already set the precedent for handling cases in

the aftermath of *Bruen*, regardless of what it might have done following other, less impactful, Second Amendment decisions. *See McDougall v. County of Ventura*, No. 20-56220 (9th Cir. June 29, 2022) (en banc) (remand order). This Court should follow that precedent and order remand.

Second, Plaintiffs argue that only pure questions of law are at issue in this case. Opposition, DktEntry 62, at 1-3. Even assuming for the sake of argument that that is so, the law has changed significantly. Under the prior law, which had previously been accepted in virtually every Circuit, courts frequently declined to decide the first half of the two-part test. Instead, they would assume the first half without deciding it and proceed to the second half, which applied means-ends scrutiny. *See, e.g.*, *Pena v. Lindley*, 898 F.3d 969, 976-77 (9th Cir. 2018); *Worman v. Healey*, 922 F.3d 26, 30, 36 (1st Cir. 2019). The District Court in the present case did exactly that. May 13, 2020 Order, ER025-ER026. Now that *Bruen* has eliminated the second half of the analysis, courts will be forced to perform the historical analysis, as well as apply the traditional exceptions, such as the dangerous and unusual weapons exception. The dangerous and usual weapons exception is particularly relevant to the present case, and courts may be more willing to apply it, and the other exceptions, after *Bruen*.

Furthermore, in *Bruen*, the Supreme Court provided new guidance on how to apply historical analogies. The Court explained that it will consider two metrics:

"how and why the regulations burden a law-abiding citizen's right to armed self-defense. . . . whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified[.]" *Bruen*, slip op. at 20. The Court also emphasized that "analogical reasoning requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*." *Id.* at 21 (emphasis in original). This guidance was not available when the District Court made its original decision in this case.

*Bruen* has also added the principle that regulations can be upheld if they "are designed to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens.'" *Id.* at 30 n.9. Bans on weapons that are associated with criminals and gang activity clearly serve this purpose. Therefore, this new principle, which has just been established by *Bruen*, is directly relevant to this case.

Consequently, it is clear that *Bruen* will have a tremendous impact on Second Amendment cases, including this one. All that Defendants ask for is the opportunity to fully argue this case, starting with remand in the District Court, based on these new principles.

It is this Court's standard practice to remand cases when new Supreme Court decisions change the governing law. Depriving Defendants of the opportunity to

3

fully argue this case on remand risks sending this Court out on "uncharted waters" without a full complement of arguments in support.

Defendants' first choice is that this Court vacate and remand this case to the District Court. However, if this Court disagrees, then Defendants request supplemental briefing.

DATED: Honolulu, Hawai'i, July 14, 2022.

                                   s/ Robert T. Nakatsuji
                                   ROBERT T. NAKATSUJI
                                   First Deputy Solicitor General

                                   Attorney for Defendants-Appellees HOLLY T. SHIKADA and WILLIAM OKU, JR.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this filing complies with the typeface and type-style requirements of Fed. R. App. P. 32(a), and the type-volume limitations of Fed. R. App. P. 27(d) and this Court's Rules 27-1 and 32-3. This filing has been prepared in 14-point Times New Roman, a proportionally-spaced font. It contains 746 words, excluding the parts of the motion excluded by Fed. R. App. P. 27(d)(2) and 32(f).

DATED: Honolulu, Hawai'i, July 14, 2022.

                                                   s/ Robert T. Nakatsuji
                                                 ROBERT T. NAKATSUJI
                                                 First Deputy Solicitor General

                                                 Attorney for Defendants-Appellees HOLLY T. SHIKADA and WILLIAM OKU, JR.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: Honolulu, Hawaiʻi, July 14, 2022.

                                                /s/ Robert T. Nakatsuji
                                                ROBERT T. NAKATSUJI
                                                First Deputy Solicitor General

                                                Attorney for Defendants-Appellees HOLLY T. SHIKADA and WILLIAM OKU, JR.