No. 20-15948

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

ANDREW TETER and JAMES GRELL,

*Plaintiffs-Appellants,*

v.

HOLLY T. SHIKADA, in her Official Capacity as the Attorney
General of the State of Hawaiʻi and WILLIAM OKU, JR., in his
Official Capacity as the State Sheriff Division Administrator,[1]

*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Hawaiʻi
Honorable Alan C. Kay, Senior United States District Judge
(Civil No. 19-cv-00183-ACK-WRP)

## ADDENDUM FOR SUPPLEMENTAL BRIEF
## OF DEFENDANTS-APPELLEES

## CERTIFICATE OF SERVICE

---

[1] HOLLY T. SHIKADA succeeded CLARE E. CONNORS on December 10, 2021
and WILLIAM OKU, JR., succeeded AL CUMMINGS on December 1, 2020.
They are automatically substituted as parties pursuant to Fed. R. App. P. 43(c)(2).

HOLLY T. SHIKADA
Attorney General of Hawaiʻi
KIMBERLY T. GUIDRY
 Solicitor General

ROBERT T. NAKATSUJI
First Deputy Solicitor General
Department of the Attorney General
State of Hawaiʻi
425 Queen Street
Honolulu, Hawaiʻi  96813
Telephone:  (808) 586-1360
Fax:  (808) 586-8116
E-mail:
Robert.T.Nakatsuji@hawaii.gov

Attorneys for Defendants-Appellees
HOLLY T. SHIKADA and WILLIAM OKU, JR.

# ADDENDUM, PART "A"

**Bowie Knife Statutes:**

1837 Ala. Sess. Laws Act 11, at 7. ........................................................... A001-A002

1837 Ga. Sess. Laws Act of Dec. 25, 1837, at 90-91. .............................. A003-A005

1837 Miss. Sess. Laws Act of May 13, 1837, at 288-92. ......................... A006-A011

1838 Fla. Sess. Laws. Act 24, at 36. ......................................................... A012-A013

1838 Tenn. Sess. Laws Act CXXXVII, at 200-01. .................................. A014-A016

1838 Va. Sess. Laws Act 101, at 76-77. .................................................... A017-A019

1839 Ala. Sess. Laws Act 77, at 67-68. ..................................................... A020-A022

1855 Cal. Sess. Laws Act CXXVII, at 152-53. ........................................ A023-A025

1855 La. Sess. Laws Act 120, at 130, 148-50. .......................................... A026-A029

1859 Ind. Sess. Laws Act LXXVIII, at 129................................................ A030-A031

1859 Ohio Sess. Laws Act of Mar. 18, 1859, at 56-57............................. A032-A034

1861 Nev. Sess. Laws Act XXVIII, at 56, 61-62, 90. .............................. A035-A039

1868 Kan. Sess. Laws Act 31, at 317, 376-78, 384.................................. A040-A045

1870 La. Sess. Laws Act 100, at 145, 159-61. .......................................... A046-A050

1870 Tex. Sess. Laws Act LXXVIII, at 128, 139...................................... A051-A053

1871 Tex. Sess. Laws Act XXXIV, at 25-27.............................................. A054-A057

1873 Neb. Sess. Laws Act 58, at 719, 724-25, 849-51............................. A058-A064

1873 W.V. Sess. Laws Act CCXXVI, at 654, 709.................................... A065-A067

i

1874 Mo. Sess. Laws Act of Mar. 26, 1874, at 43. ................................ A068-A069

1875 Ark. Sess. Laws Act of Feb. 16, 1875, at 156-57. .......................... A070-A072

1875 Va. Sess. Laws Act 124, at 102-03. ................................................ A073-A075

1877 Mo. Sess. Laws Act of April 28, 1877, at 240 ............................... A076-A077

1878 Miss. Sess. Laws Act XLVI, at 175-76. ........................................ A078-A080

1879 N.C. Sess. Laws Act 127, at 231. .................................................. A081-A082

1882 W.V. Sess. Laws Act CXXXV, at 421-24 ..................................... A083-A087

1884 Va. Sess. laws Act 143, at 180 ...................................................... A088-A089

1886 Md. Sess. Laws Act 375, at 602. ................................................... A090-A091

1890 Okla. Sess. Laws Act 25, art. 47, § 2, at 495. ................................ A092-A093

1892 Vt. Sess. Laws Act 85, at 95. ........................................................ A094-A095

1893 R.I. Sess. Laws Act 1180, at 231-32 .............................................. A096-A098

# ADDENDUM, PART "B"

**Other Deadly or Dangerous Weapon Statutes:**

1837 Ga. Sess. Laws Act of Dec. 25, 1837, at 90-91. .............................B001-B003

1837 Miss. Sess. Laws Act of May 13, 1837, at 288-92. ........................B004-B009

1838 Fla. Sess. Laws. Act 24, at 36. .......................................................B010-B011

1849 N.Y. Sess. Laws Act 278, at 403-04. ...............................................B012-B014

1849 Vt. Sess. Laws Act 36, at 26. ..........................................................B015-B016

1850 Mass. Sess. Laws Act 194, at 401....................................................B017-B018

1851 Pa. Sess. Laws Act 239, at 381-82...................................................B019-B021

1859 Ind. Sess. Laws Act LXXVIII, at 129...............................................B022-B023

1859 Mass. Sess. Laws Act 199, at 357....................................................B024-B025

1861 Nev. Sess. Laws Act XXVIII, at 56, 61-62, 90. ............................B026-B030

1864 Cal. Sess. Laws Act CXXVII, at 115-11 .........................................B031-B033

1866 N.Y. Sess. Laws Act 716, at 810-11................................................B034-B036

1868 Fla. Sess. Laws Act 1,637, at 61, 93-95. ........................................B037-B041

1871 Tex. Sess. Laws Act XXXIV, at 25-27.............................................B042-B045

1872 Wis. Sess. Laws Act 7, at 17-18. ....................................................B046-B048

1872-1873 Ala. Sess. Laws Act 86, at 130-31.........................................B049-B051

1874 Mo. Sess. Laws Act of Mar. 26, 1874, at 43. .................................B052-B053

1875 Ark. Sess. Laws Act of Feb. 16, 1875, at 156-57............................B054-B056

1875 Ind. Sess. Laws Act XVII, at 62. .....................................................B057-B058

1875 Pa. Sess. Laws Act 38, at 33. ...........................................................B059-B060

1877 Mo. Sess. Laws Act of April 28, 1877, at 240..................................B061-B062

1877 N.H. Sess. Laws Act LII, at 38. .......................................................B063-B064

1878 Miss. Sess. Laws Act XLVI, at 175-76. ...........................................B065-B067

1879 Ill. Sess. Laws Act of May 24, 1879, at 114-15. ..............................B068-B070

1879 N.C. Sess. Laws Act 127, at 231. .....................................................B071-B072

1879 Tenn. Sess. Laws Act CLXXXVI, at 231-32. ..................................B073-B075

1880 S.C. Sess. Laws Act 362, at 447-48..................................................B076-B078

1881 Ill. Sess. laws Act of April 16, 1881, at 73-74.................................B079-B081

1882 W.V. Sess. Laws Act CXXXV, at 421-24.........................................B082-B086

1884 Va. Sess. Laws Act 143, at 180. .......................................................B087-B088

1885 Or. Sess. Laws Act of Feb. 18, 1885, at 33. .....................................B089-B090

1886 Md. Sess. Laws Act 375, at 602. ......................................................B091-B092

1887 Mich. Sess. Laws Act 129, at 144.....................................................B093-B094

1890 Okla. Sess. Laws Act 25, art. 47, § 2, at 495....................................B095-B096

1893 R.I. Sess. Laws Act 1180, at 231-32.................................................B097-B099

1909 N.J. Sess. Laws Act 17, at 34-35 ......................................................B100-B102

1915 N.D. Sess. Laws Act 83, at 96 ..........................................................B103-B104

1917 Cal. Sess. Laws Act 145, at 221 .......................................................B105-B107

1917 Minn. Sess. Laws Act 243, at 354 ....................................................B108-B109

# ADDENDUM, PART "C"

**Hawai'i Laws:**

*Translation of the Constitution and Laws of the Hawaiian Islands, Established in the Reign of Kamehameha III*, at 162-63 (1842) (reprinting Act of Nov. 12, 1833) ...................................................................................................................C001-C003

1852 Haw. Sess. Laws Act of May 25, 1852............................................C004-C005

Revised Laws of Hawai'i § 3089 (1905) ...................................................C006-C008

1937 Haw. Sess. Laws Act 123, §§ 1-2 at 165 ........................................C009-C010

Haw. Rev. Stat. § 134-51 ......................................................................C011

 

DATE DOWNLOADED: Thu Jul  7 22:06:26 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1837 7 .

ALWD 7th ed.
, , 1837 7 .

Chicago 17th ed.
"," Alabama - General Assembly, Called Session - 1837 : 7-8

AGLC 4th ed.
'' Alabama - General Assembly, Called Session - 1837 7

OSCOLA 4th ed.
'' 1837 7

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 10 of 227

Treasurer of the State, to deposit in the Bank of the State and its several branches, all that portion of the public revenue of the United States, which he has received or which he may hereafter receive, as the portion of Alabama, in the following proportion: One fifth in the Bank of the State at Tuscaloosa, one fifth in the Branch Bank at Montgomery, one fifth in the Branch Bank at Mobile, one fifth in the Branch Bank at Decatur, and one fifth in the Branch Bank at Huntsville; taking therefor certificates of deposite, and all laws or parts of laws, contravening the provisions of this act, be and the same are hereby repealed: *Provided,* That the amount of the surplus revenue already received and which may hereafter be received, shall be deposited in said Bank and its Branches, in the above and foregoing proportions, on or before the first day of May next.

*[margin: Treasurer to deposit the surplus revenue in the Bank and Branches.]*

Approved June 30, 1837.

---

No. 11.]                    AN ACT
                To suppress the use of Bowie Knives.

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened,* That if any person carrying any knife or weapon, known as Bowie Knives or Arkansaw Tooth-picks, or either or any knife or weapon that shall in form, shape or size, resemble a Bowie Knife or Arkansaw Tooth-pick, on a sudden rencounter, shall cut or stab another with such knife, by reason of which he dies, it shall be adjudged murder, and the offender shall suffer the same as if the killing had been by malice aforethought.

*[margin: Penalty for carrying Bowie knives.]*

Sec. 2. *And be it further enacted,* That for every such weapon, sold or given, or otherwise disposed of in this State, the person selling, giving or disposing of the same, shall pay a tax of one hundred dollars, to be paid into the county Treasury; and if any person so selling, giving or disposing of such weapon, shall fail to give in the same in his list of taxable property, he shall be subject to the pains and penalties of perjury.

*[margin: Persons selling Bowie knives to be taxed.]*

Approved June 30, 1837.

---

[No. 12.]                    AN ACT
        To enlarge the prison bounds in the different counties in this State:

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened,* That the several sections of an act passed in the year 1824, requiring the Judge of the county court and commissioners of roads and revenue, to mark and lay out the bounds of prisoners, be and the same is hereby repealed; and that from and after the passage of this act, the bounds of the different counties shall be the limits within which prisoners confined for debt shall be restricted, on entering into bond, as now required by law, to keep within the prison bounds; and hereafter the plaintiffs in suits shall not be compelled to pay the sustenance and support of prisoners who take the benefit of the bounds.

*[margin: Prison bounds enlarged.]*

Approved June 30, 1837.

---

[No. 13.]                    AN ACT
For the relief of the purchasers of the Sixteenth Section, Township four, Range six,
        West, in the county of Lawrence and for other purposes.

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened,* That the President and Directors of the Branch of the Bank of the

 

DATE DOWNLOADED: Thu Jul 7 22:25:29 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1837 3 .

ALWD 7th ed.
, , 1837 3 .

Chicago 17th ed.
"," Georgia - Annual Session : 3-288

AGLC 4th ed.
'' Georgia - Annual Session 3

OSCOLA 4th ed.
'' 1837 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

DEADLY WEAPONS.

## DEADLY WEAPONS.

AN ACT to guard and protect the citizens of this State, against the unwarrantable and too prevalent use of deadly weapons.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the State of Georgia, in General Assembly met, and it is hereby enacted by the authority of the same,* That from and after the passage of this act, it shall not be lawful for any merchant, or vender of wares or merchandize in this State, or any other person or persons whatsoever, to sell, or offer to sell, or to keep, or have about their person or elsewhere, any of the hereinafter described weapons, to wit: Bowie, or any other kind of knives, manufactured and sold for the purpose of wearing, or carrying the same as arms of offence or defence, pistols, dirks, sword canes, spears, &c., shall also be contemplated in this act, save such pistols as are known and used, as horseman's pistols, &c.

SEC. 2. *And be it further enacted by the authority aforesaid,* That any person or persons within the limits of this State, violating the provisions of this act, except as hereafter excepted, shall, for each and every such offence, be deemed guilty of a high misdemeanor, and upon trial and conviction thereof, shall be fined, in a sum not exceeding five hundred dollars for the first offence, nor less than one hundred dollars at the direction of the Court; and upon a second conviction, and every after conviction of a like offence, in a sum not to exceed one thousand dollars, nor less than five hundred dollars, at the discretion of the Court.

SEC. 3. *And be it further enacted by the authority aforesaid,* That it shall be the duty of all civil officers, to be vigilent in carrying the provisions of this act into full effect, as well also as Grand Jurors, to make presentments of each and every offence under this act, which shall come under their knowledge.

SEC. 4. *And be it further enacted by the authority aforesaid,* That all fines and forfeitures arising under this act, shall be paid into the county Treasury, to be appropriated to county purposes: *Provided, nevertheless,* that the provisions of this act shall not extend to Sheriffs, Deputy Sheriffs, Marshals, Constables, Overseers or Patrols, in actual discharge of their respective duties, but not otherwise: *Provided, also,* that no person or persons, shall be found guilty of violating the before recited act, who shall openly wear, externally, Bowie Knives, Dirks, Tooth Picks, Spears, and which shall be exposed plainly to view: *And provided, nevertheless,* that the provisions of this act shall not extend to prevent venders, or any oth-

DEEDS. 91

er persons who now own and have for sale, any of the aforesaid weapons, before the first day of March next.

SEC. 5. *And be it further enacted by the authority aforesaid,* That all laws and parts of laws militating against this act, be, and the same are, hereby repealed.

JOSEPH DAY,
Speaker of the House of Representatives,

ROBERT M. ECHOLS,
President of the Senate.

Assented to, 25th December, 1837.
GEORGE R. GILMER, Governor.

----

## DEEDS.

AN ACT to admit certain Deeds to be recorded and read in evidence ; and also, to prescribe the effect of certain other Deeds.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the State of Georgia, in General Assembly met, and it is hereby enacted by the authority of the same,* That from and after the passing of this act, all Deeds for lands which may have been recorded upon the usual proof of execution, but not recorded within the time prescribed by the laws of this State, shall be admitted in evidence, without further proof; and when the originals are lost or destroyed, and that being made judicially known to the Court, copies of the same may be introduced and read in evidence, on any trial before any Court of law or equity, in this State.

SEC. 2. *And be it further enacted by the authority aforesaid,* That all Deeds executed, according to the laws of this State, but not yet recorded, may nevertheless be recorded within twelve months from the passage of this act, upon the usual proof of their execution ; and when so recorded, the same or copies thereof, when the originals are shown to be lost or destroyed, may be read in evidence without further proof.

SEC. 3. *And be it further enacted by the authority aforesaid,* That all Deeds conveying lands hereafter executed upon being attested or proved in the manner required by the laws of this State, shall be admitted to record, at any time, and after being recorded, shall be received in evidence in any Court of Law or Equity, without further proof of the execution thereof.

SEC. 4. *And be it further enacted by the authority aforesaid,* That in all cases where two or more Deeds shall hereafter be executed by the same person or persons, conveying the same

 

DATE DOWNLOADED: Fri Jul  8 18:15:24 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1837 9 .

ALWD 7th ed.
, , 1837 9 .

Chicago 17th ed.
"," Mississippi - Called Session : 9-368


AGLC 4th ed.
'' Mississippi - Called Session 9

OSCOLA 4th ed.
'' 1837 9

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

288       LAWS OF MISSISSIPPI.

Repeal.    § 15. *Be it further enacted,* That all acts and parts of acts relating to the Roman catholic society of christians in the city of Natchez and its vicinity, be, and the same are hereby repealed.

To take effect.    § 16. *Be it further enacted,* That this act shall take effect from and be in force, from and after the passage thereof.

Approved, May 13, 1837.

———

AN ACT to prevent the evil practice of duelling in this state, and for other purposes.

Penalty for fighting or advising to fight a duel.    § 1. *Be it enacted by the legislature of the state of Mississippi,* That every person who shall hereafter challenge another to fight a duel, or who shall send, deliver or cause to be delivered any written or verbal message purporting or intended to be such challenge, or who shall accept any such challenge, or message, or who shall knowingly carry or deliver any such challenge or message, or who shall be present at the time of fighting any duel with deadly weapons, either as second, aid, or surgeon, or who shall advise or give assistance to such duel, shall on conviction thereof, before any circuit or criminal court in this state, be fined in a sum of not less than three hundred dollars, nor exceeding one thousand dollars, and shall be imprisoned for a term of time not less than six months.

Challenger or bearer of challenge prohibited from holding office.    § 2. *Be it further enacted,* That if any person shall give or accept such challenge, or knowingly carry or deliver such challenge, or the acceptance thereof be second of either party, to any duel, such person shall be in capable of holding, or being

A007

elected to any post of honor, profit or emolument, civil or military, under the constitution and laws of this state, and the appointment of any such person to office, as also all votes given to any such person for any office, are hereby declared illegal, and none of the votes given to such person for any office under the laws of this state, shall be taken or counted.

§ 3. *Be it further enacted*, That if any person who shall have given or accepted such challenge, or knowingly carried or delivered such challenge, or accepted thereof, or shall have been the second of either party to any such duel, and shall assume to execute the duties of any office under the laws of this state, then all such, his acts and proceedings done under color of his office, shall be absolutely illegal and void. *Official acts of principals and seconds void.*

§ 4. *Be it further enacted*, That if any person shall send, deliver, or cause to be sent or delivered any challenge written or verbal, in this state, to any person to fight a duel, out of this state, or shall leave this state and fight a duel out of the same, or shall accept such challenge out of this state, and shall leave this state for the purpose of eluding the provisions of this act, or if any person shall knowingly bear such challenge, or be concerned as second, aid, or surgeon of either party, without this state, the person so offending shall be deemed as guilty, and shall be subject to the like punishment as is provided in the first and second section of this act, and may be prosecuted and convicted for any offence mentioned in this section, in the circuit or criminal court of any county in this state. *May be prosecuted for aiding in, or fighting duel out of the state.*

§ 5. *Be it further enacted*, That if any person or persons shall be guilty of fighting in *Penalty for fighting in corpo-*

37
A008

**290**        LAWS OF MISSISSIPPI.

rate town or city. any corporate city or town, or any other town or public place, in this state, and shall in such fight use any rifle, shot gun, sword, sword cane, pistol, dirk, bowie knife, dirk knife, or any other deadly weapon; or if any person shall be second or aid in such fight, the persons so offending shall be fined not less than three hundred dollars, and shall be imprisoned not less than three months; and if any person shall be killed in such fight, the person so killing the other may also be prosecuted and convicted as in other cases of murder.

Certain persons compelled to give evidence. § 6. *Be it further enacted,* That if any person shall offend against any of the provisions of this act, such person shall be a competent witness against any other person offending in the same transaction, and may be compelled to appear and give evidence before any justice of the peace, grand jury or court, in the same manner as other witnesses, but the testimony so given shall not be used in any prosecution or proceeding civil or criminal, against the person so testifying.

Duty of grand jurors, justices, &c. § 7. *Be it further enacted,* That it shall be the duty of all grand jurors, justices of the peace, constables, members of boards of county police, sheriffs, and other peace officers, without delay, to give information against, and prosecute every person who shall be guilty of a violation of any of the provisions of this act, and all costs and expenses they may incur on account of the same, shall be paid on conviction, by the defendant, and if he shall be unable to pay the same, or be acquitted, then such cost and expenses shall be paid out of the state treasury.

Survivor in a duel to § 8. *Be it further enacted,* That if any

LAWS OF MISSISSIPPI. 291

duel shall be fought contrary to the provis- *pay debts of the person he kills.*
ions of this act, or if any person shall be
guilty of fighting in any incorporate town
or city, or any other town or public place
in this state, and the parties or either of
them shall use any rifle, shot gun, sword
cane, pistol, dirk, dirk knife, bowie knife, or
any other deadly weapon, contrary to the
provisions of this act, and either of the par-
ties combatant shall be killed, or shall die
within ninety days of any wound received
in any such duel or fight, the party surviving
shall be, and he is hereby held chargeable
with the payment of the debts of his antag-
onist so killed by him, and the estate of the
party so killed shall be exhonerated from
the payment of such debts, until the surviv-
ing party shall be first duly prosecuted to
insolvency, and the person or persons to
whom the combatant so killed in such duel,
or fight, shall be indebted, may prosecute to
judgment and execution any action of debt
or assumpsit against such surviving party,
which such person could have maintained
against such party so killed, and in his de-
claration it shall be sufficient to set forth in
substance the description of the judgment,
bill, bond, note, assumpsit, or account, by
which the deceased in his life time was in-
debted to the plaintiff, and to aver that the
defendant and the deceased had fought a
duel contrary to the provisions of this act, or
had fought in an incorporated city or town,
or other town or public place in this state,
and had in such fight used a rifle, shot gun,
sword, sword cane, pistol, dirk, dirk knife,
bowie knife, or other deadly weapon, con-
trary to the meaning and intent of this act,
and that in such duel or fight, the defendant
had unlawfully killed the deceased, or had

given the deceased, in such duel or fight, a mortal wound, of which, within ninety days the deceased had died, and that in consideration of which the defendant had become bound to pay to the plaintiff the amount of money mentioned in such judgment, bill, bond, note, assumpsit, or account, and upon proving the same, the said plaintiff shall have verdict, judgment, and execution against the defendant, which shall appear to have been justly due, and owing from the deceased to the plaintiff, at the time of the commencement of such suit, any law usage or custom to the contrary notwithstanding.

*Penalty for unlawfully using deadly weapons.* § 9. *Be it further enacted,* That if any person having, or carrying any dirk, dirk knife, bowie knife, sword, sword cane, or other deadly weapon, shall, in the presence of three or more persons, exhibit the same in a rude, angry and threatening manner, not in necessary self defence, or shall in any manner unlawfully use the same in any fight or quarrel, the person or persons so offending, upon conviction thereof in the circuit or criminal court of the proper county, shall be fined in a sum not exceeding five hundred dollars, and be imprisoned not exceeding three months.

*Duty of circuit judges.* § 10. *Be it further enacted,* That it shall be the duty of the judges of the circuit courts to give this act in charge to the grand jury at each term of their respective courts, *To take effect.* and that this act shall be in force and take effect from and after the fourth day of July, one thousand eight hundred and thirty-seven.

Approved, May 13, 1837.



DATE DOWNLOADED: Thu Jul 7 22:40:25 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1838 36 .

ALWD 7th ed.
, , 1838 36 .

Chicago 17th ed.
"," Florida - 16th Session : 36-36

AGLC 4th ed.
'' Florida - 16th Session 36

OSCOLA 4th ed.
'' 1838 36

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

( 36 )

Widow may make her election of dower.

the statute of which this is an amendment, she shall make her election either of dower or of a childs part, within twelve months after the probate of the will or granting letters of administration, or she shall be confined to her dower.

Fee simple title in widow.

Sec. 2. That if a widow take dower, she shall be entitled only to a life estate in the real property, to return at her death, to the estate of her deceased husband for distribution; if she takes a childs part, she shall have in the property set apart to her, a fee simple estate in the real property, and an absolute title to the personal property including slaves, with power to control or dispose of the same by will, deed or otherwise.

Passed February 6th 1838.—Approved 8th Feb. 1838.

————

No. 24. AN ACT in addition to An Act, (approved January 30th, 1835,) entitled An Act to prevent any person in this Territory from carrying arms secretly.

Venders to get license.

Section 1. Be it enacted by the Governor and Legislative Council of the Territory of Florida, That from and after the passage of this act, it shall not be lawful for any person or persons in this Territory to vend dirks, pocket pistols, sword canes, or bowie knives, until he or they shall have first paid to the treasurer of the county in which he or they intend to vend weapons, a tax of two hundred dollars per annum, and all persons carrying said weapons openly shall pay to the officer aforesaid a tax of ten dollars per annum; and it shall be the duty of said officer to give the parties so paying a written certificate, stating that they have complied with the provisions of this act. Four fifths of all monies so collected to be applied by the county courts to county purposes, the other fifth to be paid to the prosecuting attorney.

moneys how appropriated.

Penalty.

Sec. 2. Be it further enacted, That if any person shall be known to violate this act, he or they so offending, shall be subject to an indictment, and on conviction, to a fine of not less than two hundred nor exceeding five hundred dollars, at the discretion of the court.

Judges to charge grand juries.

Sec. 3. Be it further enacted, That it shall be the duty of the several Judges of the Superior Courts of this Territory, to give this act in charge to the grand jurors of their respective districts at each term of the court.

Passed 5th Febuary, 1838.—Approved 10th Feb. 1838.

A013

 

DATE DOWNLOADED: Thu Jul  7 23:03:42 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1837-1838 200 .

ALWD 7th ed.
, , 1837-1838 200 .

Chicago 17th ed.
"," Tennessee - 22nd General Assembly, 1st Session : 200-201

AGLC 4th ed.
'' Tennessee - 22nd General Assembly, 1st Session 200

OSCOLA 4th ed.
'' 1837-1838 200

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

200

to perform the duties enjoined on them by the second section of an act, passed at Nashville, the 19th of February, 1836, chapter XLVIII, that it shall be the duty of the several county surveyors to do and perform said services within their respective counties, and that said county surveyors shall be allowed the same fees, and be subject to the same penalties that said principal surveyors were entitled to, and liable for, in processioning said lands, and that said county surveyors shall return a plat and certificate of each tract so processioned by them to the entry taker of the county, who shall forthwith record the same in his survey book, for which services the said entry taker shall be allowed the same fees as for other services of the same kind, and that said several tracts of land shall be liable to attachment and final judgment for all expenses in processioning and recording the same.

JOHN COCKE,
*Speaker of the House of Representatives.*
TERRY H. CAHAL,
*Speaker of the Senate.*

Passed January 18th, 1838.

---

## CHAPTER CXXXVII.

An Act to suppress the sale and use of Bowie Knives and Arkansas Tooth Picks in this State.

Section 1. *Be it enacted by the General Assembly of the State of Tennessee,* That if any merchant, pedlar, jeweller, confectioner, grocery keeper, or other person or persons whatsoever, shall sell or offer to sell, or shall bring into this State, for the purpose of selling, giving or disposing of in any other manner whatsoever, any Bowie knife or knives, or Arkansas tooth picks, or any knife or weapon that shall in form, shape or size resemble a Bowie knife or any Arkansaw tooth pick, such merchant, pedlar, jeweller, confectioner, grocery keeper, or other person or persons for every such Bowie knife or knives, or weapon that shall in form, shape or size resemble a Bowie knife or Arkansas tooth pick so sold, given or otherwise disposed of, or offered to be sold, given or otherwise disposed of, shall be guilty of a misdemeanor, and upon conviction thereof upon indictment or presentment, shall be fined in a sum not less than one hundred dollars, nor more than five hundred dollars, and shall be imprisoned in the county jail for a period not less than one month nor more than six months.

*Knives not to be sold or given away*

Sec. 2. That if any person shall wear any Bowie knife, Arkansas tooth pick, or other knife or weapon that shall in

*Not to be worn*

A015

form, shape or size resemble a Bowie knife or Arkansas tooth pick under his clothes, or keep the same concealed about his person, such person shall be guilty of a misdemeanor, and upon conviction thereof shall be fined in a sum not less than two hundred dollars, nor more than five hundred dollars, and shall be imprisoned in the county jail not less than three months and not more than six months.

SEC. 3. That if any person shall maliciously draw or attempt to draw any Bowie knife, Arkansas tooth pick, or any knife or weapon that shall in form, shape or size resemble a Bowie knife or Arkansas tooth pick, from under his clothes or from any place of concealment about his person, for the purpose of sticking, cutting, awing, or intimidating any other person, such person so drawing or attempting to draw, shall be guilty of a felony, and upon conviction thereof shall be confined in the jail and penitentiary house of this State for a period of time not less than three years, nor more than five years. *Penalty of drawing a knife*

SEC. 4. That if any person carrying any knife or weapon known as a Bowie knife, Arkansas tooth pick, or any knife or weapon that shall in form, shape or size resemble a Bowie knife, on a sudden rencounter, shall cut or stab another person with such knife or weapon, whether death ensues or not, such person so stabbing or cutting shall be guilty of a felony, and upon conviction thereof shall be confined in the jail and penitentiary house of this State, for a period of time not less than three years, nor more than fifteen years. *Penalty for using knife*

SEC. 5. That this act shall be in force from and after the first day of March next. And it shall be the duty of the several judges of the circuit courts in this State to give the same in charge to the grand jury every term of the respective courts, and any civil officer who shall arrest and prosecute to conviction and punishment any person guilty of any of the offences enumerated in this act, shall be entitled to the sum of fifty dollars, to be taxed in the bill of costs, and the attorney general shall be entitled to a tax fee of twenty dollars in each case, when a defendant shall be convicted, and no prosecutor required on any presentment or indictment for any of the offences enumerated in this act. *Of prosecutions*

JOHN COCKE,
*Speaker of the House of Representatives.*
TERRY H. CAHAL,
*Speaker of the Senate.*

Passed January 27th, 1838.

26

Digitized from Best Copy Available

A016




DATE DOWNLOADED: Fri Jul  8 21:10:48 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1838 76 .

ALWD 7th ed.
, , 1838 76 .

Chicago 17th ed.
"," Virginia - 1838 Session : 76-77

AGLC 4th ed.
'' Virginia - 1838 Session 76

OSCOLA 4th ed.
'' 1838 76

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 26 of 227

CHAP. 99.—An ACT to prevent free persons of colour who leave the state from returning to it in certain cases.

(Passed April 7, 1838.)

Free negroes leaving state to be educated not permitted to return.

1. *Be it enacted by the general assembly,* That if any free person of colour, whether infant or adult, shall go or be sent or carried beyond the limits of this commonwealth for the purpose of being educated, he or she shall be deemed to have emigrated from the state, and it shall not be lawful for him or her to return to the same;

Infants so returning how dealt with.

and if any such person shall return within the limits of the state contrary to the provisions of this act, he or she being an infant, shall be bound out as an apprentice until the age of twenty-one years, by the overseers of the poor of the county or corporation where he or she may be, and at the expiration of that period, shall be sent out of the state agreeably to the provisions of the laws now in force, or which may hereafter be enacted to prohibit the migration of free

Adults how punished.

persons of colour to this state; and if such person be an adult, he or she shall be sent in like manner out of the commonwealth; and if any person having been so sent off, shall thereafter return within the state, he or she so offending shall be dealt with and punished in the same manner as is or may be prescribed by law in relation to other persons of colour returning to the state after having been sent therefrom.

Commencement.

2. This act shall be in force from and after the first day of August next.

CHAP. 100.—An ACT abolishing the punishment of burning in the hand in all cases.

(Passed February 8, 1838.)

Burning in hand abolished.

1. *Be it enacted by the general assembly,* That so much of any law of this commonwealth as authorizes or inflicts the punishment of burning in the hand in any case whatever, shall be, and the same is hereby repealed. And every person who may be hereafter convicted of any offence within the benefit of clergy, shall be punished in the mode now prescribed by law, except only the burning in the hand.

Commencement.

2. This act shall be in force from the passing thereof.

CHAP. 101.—An ACT to prevent the carrying of concealed weapons.

[Passed February 2, 1838.]

Penalty for carrying concealed weapons.

1. *Be it enacted by the general assembly,* That if any person shall hereafter habitually or generally keep or carry about his person any pistol, dirk, bowie knife, or any other weapon of the like kind, from the use of which the death of any person might probably ensue, and the same be hidden or concealed from common observation, and he be thereof convicted, he shall for every such offence forfeit and pay the sum of not less than fifty dollars nor more than five hundred dollars, or be imprisoned in the common jail for a term not less than one month nor more than six months, and in each instance at the discretion of the jury; and a moiety of the penalty recovered in any prosecution under this act, shall be given to any person who may voluntarily institute the same.

Courts to ascertain if murders or felonies be perpetrated by concealed weapons.

2. *And be it further enacted,* That if any person shall hereafter be examined in any county or corporation court upon a charge of murder or felony, perpetrated by shooting, stabbing, maiming, cutting or wounding, and it shall appear that the offence charged was

in fact committed by any such weapon as is above mentioned, and that the same was hidden or concealed from or kept out of the view of the person against whom it was used, until within the space of one half hour next preceding the commission of the act, or the infliction of the wound, which shall be charged to have caused the death, or constituted the felony, it shall be the duty of the examining court to state that the fact did so appear from the evidence; and if the court shall discharge or acquit the accused, such discharge or acquittal shall be no bar to an indictment for the same offence in the superior court having jurisdiction thereof, provided the same be found within one year thereafter. And whether the accused shall be by such court sent on for further trial or discharged, it shall be lawful to charge in the indictment that the offence was committed in any of the modes herein before described; and upon the trial it shall be the duty of the jury (if they find the accused not guilty of the murder or felony) to find also whether the act charged was in fact committed by the accused, though not feloniously, and whether the same was committed or done with or by means of any pistol, dirk, bowie knife, or other dangerous weapon, which was concealed from or kept out of the view of the person on or against whom it was used, for the space before mentioned, next preceding such use thereof; and if the jury find that the act was so committed, they shall assess a fine against the accused, and it shall be lawful for the court to pronounce judgment as in cases of misdemeanor. *(margin: Acquittal no bar to indictment in superior court.)* *(margin: Offence how charged in indictment.)* *(margin: Verdict of jury what to contain.)* *(margin: Penalty.)*

3. This act shall be in force from and after the first day of June next. *(margin: Commencement.)*

---

**CHAP. 102.—An ACT to extend the act for the temporary relief of the banks of this commonwealth.**

(Passed February 20, 1835.)

1. *Be it enacted by the general assembly*, That the first, second and seventh sections of the act passed on the twenty-fourth day of June, eighteen hundred and thirty-seven, entitled, "an act for the temporary relief of the banks of this commonwealth, and for other purposes," shall be, and the same are hereby continued in force till the twentieth day of March next. *(margin: Laws for temporary relief of banks extended. See post. ch. 109. Acts extra session 1837, pp. 3, 4, § 1, 2, 7.)*

2. *Be it further enacted*, That so much of the provisions of the act, entitled, "an act increasing the banking capital of the commonwealth," passed March the twenty-fifth, eighteen hundred and thirty-seven, as relates to the Bank of Virginia, the Farmers bank of Virginia, and the Bank of the Valley of Virginia, shall be and the same is hereby suspended until the first day of April next. *(margin: Part of act increasing banking capital suspended. Acts 1836-7, pp. 68-74.)*

3. This act shall commence and be in force from the passage thereof. *(margin: Commencement.)*

---

**CHAP. 103.—An ACT further to extend the act for the temporary relief of the banks of this commonwealth.**

[Passed March 16, 1838.]

1. *Be it enacted by the general assembly*, That the first, second and seventh sections of the act passed on the twenty-fourth day of June, eighteen hundred and thirty-seven, entitled, "an act for the temporary relief of the banks of this commonwealth," be and the same is hereby continued in force till the expiration of the present session of the legislature, any law to the contrary notwithstanding. *(margin: Laws for temporary relief of banks further extended.)*

2. This act shall be in force from its passage. *(margin: Commencement.)*

 

DATE DOWNLOADED: Thu Jul  7 22:12:19 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1838 67 .

ALWD 7th ed.
, , 1838 67 .

Chicago 17th ed.
"," Alabama - General Assembly, Annual Session : 67-68


AGLC 4th ed.
'' Alabama - General Assembly, Annual Session 67

OSCOLA 4th ed.
'' 1838 67

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

seal, appoint such officers as they may think proper and remove the same for improper conduct or neglect of duty.

Sec. 2. *And be it further enacted,* The said Trustees or body corporate shall be priviledged to purchase, accept of and be invested with all manner of property, either real, personal, or mixed, to them and their successors in office, to have and to hold the same for the proper use and benefit of said Academy; *Provided,* the whole value of said property shall never exceed twenty thousand dollars. — *Trustees may hold property*

Sec. 3. *And be it further enacted,* That when any vacancy may occur by death, resignation, or otherwise, of any of the Trustees of said Academy, the survivors or residue of said Trustees, shall fill the same in such manner as shall be pointed out by the by-laws and regulations of said corporation; and that a majority of said board of Trustees shall be competent to transact all business pertaining to said corporation, and their acts shall be as binding and valid as if the whole board were present. — *Vacancies how filled.*

Sec. 4. *And be it further enacted,* That all property owned by said Trustees in their aforesaid corporate capacity, shall be and it is hereby declared free from all taxation. — *Property not taxable.*

Approved Feb. 1st, 1839.

---

[No. 76.]                       AN ACT
To declare Chockolocco Creek a public highway from Davis' to Bagleys Mills in the County of Talladega.

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened,* That the Chockolocco Creek from Davis' to Bagleys Mills in the County of Talladega is hereby declared a public highway.

Sec. 2. *And be it further enacted,* That if any person or persons, shall obstruct the navigation of said creek, by building milldams, felling trees, or in any other way, such person or persons, shall forfeit and pay the sum of five hundred dollars; one half to the State, and the other half to any person who may sue for the same, recoverable before any court of law having jurisdiction of the same and shall also forfeit and pay all damages which any person or persons, may sustain by reason of such obstructions, recoverable in like manner, and all such obstructions may be removed by order of the County or Circuit Court, of Talladega county as a public nuisance.

Approved Feb. 1, 1839.

---

[No. 77.]                       AN ACT
To suppress the evil practice of carrying weapons secretly.

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened,* That if any person shall carry concealed about his person any species of fire arms, or any bowie knife, Arkansaw tooth-pick, or any other knife of the like kind, dirk, or any other deadly weapon, the person so offending, shall on conviction thereof, before any court having competent jurisdiction, pay a fine not less than fifty nor more than five hundred dollars, to be assessed by the jury trying the case; and be imprisoned for a term not exceeding three months, at the discretion of the Judge of said court.

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 30 of 227

Sec. 2. *And be it further enacted,* That it shall be the duty of the Judges of the several Circuit Courts of this State to give this act specially in charge to the Grand Juries, at the commencement of each term of said Courts.

*Judges to give this law a charge to ary*

Sec. 3. *And be it further enacted,* That the Secretary of State shall cause this act to be published for three months in the papers of Mobile, Montgomery, Tuscumbia, Huntsville, Wetumpka and Tuscaloosa, which publishers shall be paid out of any money in the Treasury not otherwise appropriated.    Approved Feb. 1, 1839.

[No. 79]               **AN ACT**
To incorate the town of Mooresville in the county of Limestone.

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened,* That the town of Mooresville, in the county of Limestone, be and the same is hereby incorporated, including all the territory within one fourth of a mile in every direction, from the store house of White and Dewoody in said town.

*Incorporation*

Sec. 2. *And be it further enacted,* That all free white male persons of said town living and residing within the limits of said incorporation above the age of twenty-one years, are hereby authorised to vote for and elect persons residing in said town, or corporate limits as trustees of said corporation, a majority of whom shall constitute a quorum to do business who are empowered to superintend the police of said town by passing such by-laws not contrary to the laws of the United States and of this State as they may think proper for the Government of said town, and for the suppression and removal of nuisances, within the above mentioned boundaries.

*Trustees to be elected.*

Sec. 3. *And be it further enacted,* That said trustees or a majority of them, are hereby authorised to assess such taxes on all property lying within the limits of said corporation as they may think proper, for all the purposes of a proper police and necessary revenue therefor.

*Assess taxes.*

Sec. 4. *And be it further enacted,* That the said trustees shall meet on the day next succeeding the election and choose from among themselves a President who shall preside and keep order at all meetings of the trustees; and the President of said trustees is hereby vested with all the powers and privileges of a Justice of the peace within the corporate limits of said town, and at the same time and place, the said trustees shall elect a treasurer for the corporation and a constable, and the said constable so elected shall be vested with all the powers, privileges, and duties of a constable within the corporate limits aforesaid, and to whom the taxes aforesaid shall be given in on oath, and who shall collect and pay over the same to the treasurer of said town within ten days after the same is collected.

*Trustees to elect President.*

*To elect Treasurer & constable.*

Sec. 5. *And be it further enacted,* That the election of trustees shall be held on the second Monday in March 1839, and forever thereafter, on the same day in each succeeding year, from eleven o'clock, A. M. to four o'clock P. M., under the direction of a Justice of the Peace of said county; and two house-holders or free-holders residing within the limits aforesaid

*Elections when held.*



DATE DOWNLOADED: Fri Jul 8 12:27:43 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1855 152 .

ALWD 7th ed.
, , 1855 152 .

Chicago 17th ed.
"," California - 6th Session : 152-153

AGLC 4th ed.
'' California - 6th Session 152

OSCOLA 4th ed.
'' 1855 152

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

## CHAPTER CXXVII.

### AN ACT

*Amendatory of and supplemental to an Act entitled " An Act concerning Crimes and Punishments," passed April 16th, 1850.*

[Approved April 27, 1855.]

*The People of the State of California, represented in Senate and Assembly, do enact as follows :*

**Section 40 amended.**

**Duelling Killing antagonist.**

SECTION. 1.   Section forty of an Act entitled " An Act concerning Crimes and Punishments," passed April sixteenth, eighteen hundred and fifty, is hereby amended so as to read as follows : Section forty. If any person shall, by previous appointment or agreement, fight a duel with a rifle, shot-gun, pistol, bowie-knife, dirk, small-sword, back-sword or other dangerous weapon, and in so doing shall kill his antagonist, or any person or persons, or shall inflict such wound as that the party or parties injured shall die thereof within one year thereafter, every such offender shall be punished, upon conviction thereof, by imprisonment in the State Prison for any term not exceeding seven years nor less than one year.

**Liable for debt.**

SEC. 2.   If any duel shall be fought, contrary to the provisions of this Act, or if any person shall be guilty of fighting, in any incorporate town or city, or any other town or public place in this State, and the parties or either of them, shall use any dangerous weapon, contrary to the provisions of this Act, and either of the parties combatant shall be killed, or shall die within one year of any wound received in any such duel or fight, the party surviving shall be, and is hereby held chargeable with the payment of the debts of his antagonist, so killed by him, and the estate of the party so killed shall be

**Estate of deceased.**

exonerated from the payment of such debts, until the surviving party shall be duly prosecuted to insolvency, and the person or persons to whom the combatant so killed in such duel or fight shall be indebted,

**rosecution,**

may prosecute to judgment and execution any action of debt or assumpsit, against such surviving party, which such person could have maintained against such party so killed, and in his declaration it shall be sufficient to set forth in substance the description of the judgment, bill, bond, note, assumpsit or account, by which the deceased in his lifetime was indebted to the plaintiff, and to aver that the defendant and deceased had fought a duel contrary to the provisions of this Act, or had fought in an incorporated city or town, or other town or public place in this State, and had in such fight used a rifle, shot-gun, pistol, bowie-knife, dirk, small-sword, back-sword or other dangerous weapon, contrary to the meaning and intent of this Act, and that in such duel or fight the defendant had unlawfully killed the deceased, or had given the deceased in said duel or fight a mortal wound, of which within one year the deceased had died, and that in consideration of which the defendant had become bound to pay to the plaintiff the amount of money mentioned in such judgment, bill, bond, note, assumpsit or account, and upon proving the same, the said plaintiff

shall have verdict, judgment and execution against the defendant Verdict. which shall appear to have been justly due and owing from the deceased to the plaintiff at the time of the commencement of such suit, any law, usage or custom to the contrary notwithstanding ; *provided*, also, that any conveyance of, or lien upon property, executed with Proviso. the intention of avoiding the provisions of this Act, shall be deemed and held null and void.

Sec. 3. If any duel shall be fought contrary to the provisions of this Act, and either of the combatants shall be maimed or wounded, Charges the charges incurred by such maimed or wounded combatant, together incurred. with those for the support and maintenance of his family during his sickness, shall be regarded as debts to be recovered, as provided in section second of this Act. And if the party shall die within one year of any wound received in any such duel or fight, the party sur- In case of viving shall pay to the heir or heirs of such deceased, the sum of ten death. thousand dollars, to be recovered as provided in section second, for the recovery of the debts of the deceased.

Sec. 4. Any and every person who shall be present at the time of fighting any duel with deadly weapons, either as second, aid, sur- Witnesses. geon or spectator, or who shall advise or give assistance to such duel, shall be a competent witness against any person offending against any of the provisions of this Act, and may be compelled to appear and give evidence before any Justice of the Peace, Grand Jury or Court, in the same manner as other witnesses ; but the testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the person so testifying.

Sec. 5. Sections forty-one and forty-two of an act entitled An Repeal. Act concerning Crimes and Punishments, passed April eighteenth, eighteen hundred and fifty, are hereby repealed.

---

# CHAPTER CXXVIII.

## AN ACT

*Supplementary to and explanatory of an Act entitled an Act to prohibit Lotteries, Raffles, Gift Enterprises and other Schemes of a like Character, passed April 10th, 1855.*

[Approved April 27, 1855.]

*The People of the State of California, represented in Senate and Assembly, do enact as follows :*

SECTION 1. The Act entitled An Act to prohibit Lotteries, Raf- Hock Farm fles, Gift Enterprises and other Schemes of a like character, passed scheme. April tenth, eighteen hundred and fifty-five, shall not be construed or held to prohibit or render unlawful the scheme or plan now proposed and maturing for the distribution of the property known as "Hock

 

DATE DOWNLOADED: Fri Jul 8 01:15:31 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1855 130 .

ALWD 7th ed.
, , 1855 130 .

Chicago 17th ed.
"," Louisiana - 2nd Legislature, 2nd Session : 130-150

AGLC 4th ed.
'' Louisiana - 2nd Legislature, 2nd Session 130

OSCOLA 4th ed.
'' 1855 130

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

( 130 )

Salary.

SEC. 29. *Be it further enacted, &c.*, That the Auditor of Public Accounts shall receive an annual salary of four thousand dollars, to be paid quarterly upon his own warrant upon the Treasurer of the State.

Certain laws repealed.

SEC. 30. *Be it further enacted, &c.*, That all laws or parts of laws conflicting with the provisions of this Act, and all laws on the same subject-matter, except what is contained in the Civil Code and Code of Practice, be repealed.

<div style="text-align:center">

JOHN M. SANDIDGE,<br>
Speaker of the House of Representatives.

ROBERT C. WICKLIFFE,<br>
President of the Senate.

</div>

Approved, March 13th, 1855.

<div style="text-align:center">

P. O. HEBERT,<br>
Governor of the State of Louisiana.

</div>

A true copy,<br>
ANDREW S. HERRON,<br>
Secretary of State.

---

No. 120.]

## AN ACT

Relative to Crimes and Offences.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the State of Louisiana in General Assembly convened*, That whoever shall commit the crime of wilful murder, on conviction thereof, shall suffer death.

Punishment of murder.

SEC. 2. *Be it further enacted; &c.*, That there shall be no crime known under the name of murder in the second degree; but on trials for murder, the jury may find the prisoner guilty of manslaughter.

Manslaughter.

SEC. 3. *Be it further enacted, &c.*, That whoever shall be convicted of manslaughter shall be fined in a sum not exceeding two thousand dollars, and imprisoned at hard labor not exceeding twenty years.

Punishment of manslaughter.

SEC. 4. *Be it further enacted; &c.*, 1. That whoever shall commit a rape shall, on conviction, suffer death. 2. Whoever shall administer poison to any person, with the intent to commit the crime of murder, shall, on conviction, suffer death.

Rape, poisoning, and punishment thereof.

SEC. 5. *Be it further enacted, &c.*, That whoever shall be convicted of the detestable and abominable crime against nature, committed with mankind or beast, shall suffer imprisonment at hard labor for life.

Punishment of crime against nature.

SEC. 6. *Be it further enacted, &c.*, That whoever shall commit the crime of incest shall, on conviction thereof suffer imprisonment at hard labor for life.

Incest.

SEC. 7. *Be it further enacted, &c.*, That if any person lying in wait, or in the perpetration or attempt to perpetrate any arson, rape, robbery or buglary, shall shoot, stab or thrust any person with a dangerous weapon, with the intent to commit the crime of murder, he shall, on conviction thereof, be punished with death.

Shooting, stabbing with intent to murder while lying in wait or attempting to commit certain other crimes.

( 148 )

sissippi river, or any other navigable river of this State, shall be punished by imprisonment at hard labor in the penitentiary not exceeding two years and fined not exceeding three thousand dollars.

**Penalty for cutting levees, &c., in New Orleans.** SEC. 109. *Be it further enacted, &c.,* That any person cutting, altering or breaking, without any authority, or aiding and abetting any person in the act of cutting, altering or breaking, without proper authority, levees, canals, or other works made to protect the city of New Orleans from overflow, shall on conviction be condemned to suffer imprisonment for a term not exceeding ten years nor less than one year.

**Betting on elections.** SEC. 110. *Be it further enacted; &c.,* That whoever shall, either directly or indirectly, bet, stake or hazard any money, or other property or consideration, upon any election for any officer of this State, or of the United States, shall on conviction be fined not less than the amount of money or the value of the property bet, staked or hazarded, nor more than double such amount, to be paid into the Treasurer of the school fund of said parish.

**Duty of Judges to charge Grand Juries.** SEC. 111. *Be it further enacted, &c.,* That it shall be the duty of the several District Judges to give the preceding section especially in charge to the Grand Jury at each term of their respective courts.

**Disturbing peaceable assemblies.** SEC. 112. *Be it further enacted, &c.,* That whoever shall maliciously disturb, or cause any disturbance to be made, whereby any peaceable assembling of the people is disturbed, shall upon conviction be fined not exceeding one hundred dollars and imprisoned not exceeding ten days, and for a second conviction the punishment shall be doubled.

**Penalty for making cut-offs in the Mississippi river.** SEC. 113. *Be it further enacted, &c.,* That whoever shall make, or cause to be made, any cut-off in the Mississippi river, without authority of law, on conviction shall be fined not less than one hundred nor more than one thousand dollars, and imprisoned not less than one week nor more than twelve months in the parish jail.

**No outlet of the Mississippi to be stopped.** SEC. 114. *Be it further enacted, &c.,* That it shall not be lawful to stop any outlet or natural bayou of the Mississippi river; should any such be closed, the opening of it may at any time be ordered by **Penalty for so doing.** the State Engineer; and any person who may have caused the closing of such outlet or bayou shall be liable for all expense necessary for the re-opening of the same, and on conviction shall be fined not less than one thousand nor more than ten thousand dollars. This section shall not apply to bayous already closed or that may be hereafter opened by crevasses.

**Carrying concealed weapons.** SEC. 115. *Be it further enacted, &c.,* That whoever shall carry a weapon or weapons concealed on or about his person, such as pistols, bowie knife, dirk, or any other dangerous weapon, shall be liable to prosecution by indictment or presentment, and on conviction for the first offence shall be fined not less than two hundred and fifty dollars nor more than five hundred dollars, or imprisonment for one month; and for the second offence not less than five hundred dollars nor more than one thousand dollars, or imprisonment in the parish prison at the discretion of the court, not to exceed three months, and that it shall be the duty of the Judges of the District Courts in this State to charge the Grand Jury specially as to this section.

A028

( 150 )

such vagrant be a proper object of charity, to some place of refuge to be provided by the Common Council of the city; and if in any of the parishes, to the parish jail for not more than six months, and if such vagrant be a proper object of charity, to such place of refuge as shall be provided by the parochial authorities.

**Juvenile vagrants, how treated.**

SEC. 122. *Be it further enacted, &c.,* That if any child shall be found begging for alms or soliciting charity from door to door, or in any street, highway or public place, such child shall be deemed a vagrant, and any Justice of the Peace of the parish, or any one of the Recorders or Aldermen of the city of New Orleans, shall commit him to such place of refuge as may be provided by the parochial authorities, and if in the city of New Orleans, to the House of Refuge of the city, and the child shall be there detained, kept, employed and instructed in such useful labor as he shall be able to perform, until discharged therefrom under the rules of the places of refuge, or bound out as an apprentice by the administrators of such places of refuge, or by the parochial authorities.

**Who shall be reputed vagabonds and suspicious persons, and how they shall be dealt with.**

SEC. 123. *Be it further enacted, &c.,* That all persons apprehended with any picklock or other instrument, with the probable intention to feloniously break and enter any dwelling house, or with any offensive weapon, with probable intention to feloniously assault any person, or who shall be found in any dwelling house, out-house, store, yard or garden, with probable intent to steal, shall be reputed vagabonds and suspicious persons, and shall upon conviction be punished with imprisonment, with or without hard labor, not exceeding three months.

**Second offence how punished.**

SEC. 124. *Be it further enacted, &c.,* That all persons who shall be convicted a second time of any of the offences mentioned in the preceding section, shall be condemned to imprisonment at hard labor for not more than three years nor less than six months.

**Penalty for harboring vagrants.**

SEC. 125. *Be it further enacted, &c.,* That all persons harboring vagrants or suspicious persons, knowing them to be such, shall upon conviction be fined in a sum not exceeding five hundred dollars nor less than one hundred dollars.

**This Act not to operate as a discontinuance nor bar in certain cases.**

SEC. 126. *Be it further enacted, &c.,* That this Act shall not operate as a discontinuance of any prosecution already commenced, nor as a bar to prosecutions for offences committed against any law in existence at the passage of this Act.

**Certain laws repealed.**

SEC. 127. *Be it further enacted, &c.,* That all laws contrary to the provisions of this Act, and all laws upon the same subject-matter, except what is contained in the Civil Code and Code of Practice, be repealed.

JOHN M. SANDIDGE,
Speaker of the House of Representatives.

ROBERT C. WICKLIFFE,
President of the Senate.

Approved, March 14th, 1855.

P. O. HEBERT,
Governor of the State of Louisiana.

A true copy,
ANDREW S. HERRON,
Secretary of State.




DATE DOWNLOADED: Fri Jul  8 01:41:36 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1859 129 .

ALWD 7th ed.
, , 1859 129 .

Chicago 17th ed.
"," Indiana - 40th Session : 129-129

AGLC 4th ed.
'' Indiana - 40th Session 129.

OSCOLA 4th ed.
'' 1859 129

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 39 of 227

## CHAPTER LXXVIII.

AN ACT to prevent carrying concealed or dangerous weapons, and to
provide punishment therefor.

### [APPROVED FEBRUARY 23, 1859.]

SECTION 1. *Be it enacted by the General Assembly of* Carrying con-
*the State of Indiana,* That every person not being a cealed weapons
traveler, who shall wear or carry any dirk, pistol, prohibited.
bowie-knife, dagger, sword in cane, or any other dan-
gerous or deadly weapon concealed, or who shall carry
or wear any such weapon openly, with the intent or
avowed purpose of injuring his fellow man, shall, upon
conviction thereof, be fined in any sum not exceeding
five hundred dollars.

---

## CHAPTER LXXIX.

AN ACT to prevent the throwing or depositing any carrion or dead
animal into any running stream or lake of water in this State, and to
prevent the depositing or burying any carrion or dead animal on the
banks of the same, and prescribing the penalty for the violation
thereof.

### [APPROVED MARCH 3, 1859.]

SECTION 1. *Be it enacted by the General Assembly of* Throwing carrion
*the State of Indiana,* That any person who shall throw in running
or deposit any dead animal or carrion in any running ed.
stream of water, or any lake within this State, or bury
or deposit any dead animal or carrion on the banks of
any running stream or lake of water within this State,
so that the water may become vitiated thereby, shall be
guilty of a misdemeanor, and upon conviction thereof
shall be fined in any sum not less than five dollars nor
more than twenty dollars.

9

 

DATE DOWNLOADED: Fri Jul  8 18:35:00 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1859 vol. 56 3 .

ALWD 7th ed.
, , 1859 vol. 56 3 .

Chicago 17th ed.
"," Ohio - 53rd General Assembly, 2nd Session : 3-305

AGLC 4th ed.
'' Ohio - 53rd General Assembly, 2nd Session 3

OSCOLA 4th ed.
'' 1859 vol 56 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## 56

### AN ACT

To provide for the working of unfinished turnpike roads by supervisors of the highways.

SECTION 1. *Be it enacted by the General Assembly of the State of Ohio,* That it shall be lawful for the supervisors of the several road districts within this state, to apply such portion of labor, or money, as they may deem reasonable and just, upon any unfinished turnpike road within their respective road districts, when the same is used by the public free of toll; Provided that the directors of any unfinished turnpike road shall first give their consent to the trustees of the township in which such unfinished turnpike road or roads is located.

*What turnpike roads supervisor may work, &c.*

*Consent of directors.*

SEC. 2. That upon any turnpike road company giving their consent to the trustees of the township, in writing, it shall be the duty of the trustees to issue their order to the several supervisors through whose districts such unfinished turnpike road is located, for them to apply the work and money as provided in the first section of this act.

*Order of township trustees.*

SEC. 3. This act to be in force from its passage.

WILLIAM B. WOODS,
*Speaker of the House of Representatives.*
MARTIN WELKER,
*President of the Senate.*

March 18, 1859.

---

### AN ACT

To prohibit the carrying or wearing of concealed weapons.

SECTION 1. *Be it enacted by the General Assembly of the State of Ohio,* That whoever shall carry a weapon or weapons, concealed on or about his person, such as a pistol, bowie-knife, dirk, or any other dangerous weapon, shall be deemed guilty of a misdemeanor, and on conviction of the first offense shall be fined not exceeding two hundred dollars, or imprisoned in the county jail not more than thirty days; and for the second offense, not exceeding five hundred dollars, or imprisoned in the county jail not more than three months, or both, at the discretion of the court.

*The offense of carrying or wearing concealed weapons.*

*Penalty.*

SEC. 2. If it shall be proved to the jury, from the testimony on the trial of any case presented under the first section of this act, that the accused was, at the time of carrying any of the weapon or weapons aforesaid, engaged in the pursuit of any lawful business, calling, or employment, and that the circumstances in which he was placed at the

*When the jury shall acquit the accused.*

·57

time aforesaid were such as to justify a prudent man in carrying the weapon or weapons aforesaid for the defense of his person, property or family, the jury shall acquit the accused.

Sec. 3. This act to take effect and be in force from and after the first day of April next.

WILLIAM B. WOODS,
*Speaker of the House of Representatives.*
MARTIN WELKER,
*President of the Senate.*

March 18, 1859.

———

AN ACT

Amendatory to an act entitled "an act to provide for the organization of cities and incorporated villages," passed May 3, 1852.

*Swan's R. S. 968-9.*

Section 1. *Be it enacted by the General Assembly of the State of Ohio,* That original section sixty-three, of an act entitled an act to provide for the organization of cities and incorporated villages, passed May 3, A. D. 1852, be so amended as to read as follows: Sec. 63. The city council shall have the care, supervision and control of all public highways, bridges, streets, alleys, public squares and commons, within the city, and shall cause the same to be kept open, and in repair, and free from nuisances. No street or alley, which shall hereafter be dedicated to public use by the proprietor of ground in any city, shall be deemed a public street or alley, or to be under the care or control of the city council, unless the dedication shall be accepted, and confirmed by an ordinance specially passed for such purpose; they shall have the power to prescribe by ordinance the width of the tires of all wagons, carts, drays, and other vehicles, used in the transportation of persons or articles from one part of the city to another, or in the transportation of coal, wood, stone, lumber, or iron, into the city; to establish stands for hackney coaches, cabs, and omnibuses, and to enforce the observance and use thereof, and to fix the rates and prices for the transportation of persons and property in such coaches, cabs and omnibuses, from one part of the city to another.

*Care, supervision and control of city highways, bridges, streets, alleys, public squares and commons.*

Sec. 2. That original section sixty-three of the act to which this is amendatory be and the same is hereby repealed, and this act shall take effect and be in force from and after its passage.

*Sec. repealed.*

WILLIAM B. WOODS,
*Speaker of the House of Representatives.*
MARTIN WELKER,
*President of the Senate.*

March 18, 1859.

A034

 

DATE DOWNLOADED: Fri Jul  8 13:18:08 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1861 1 .

ALWD 7th ed.
, , 1861 1 .

Chicago 17th ed.
"," Nevada - 1st Regular Session : 1-520

AGLC 4th ed.
'' Nevada - 1st Regular Session 1

OSCOLA 4th ed.
'' 1861 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

56                 LAWS OF NEVADA.

stone, gravel and other materials, to be used in the construction, maintenance and working of its road and its depots, shops, and other buildings necessary and proper for the use and convenience of its road; Seventh. To receive by purchase, donation, or otherwise, any lands or other property of any description, and to hold, use and convey the same as they may think proper, the same as a natural person might or could do, that may be necessary or proper for the construction, operating or maintenance of its road, and for the erection of depots, turn-outs, workshops, warehouses, or for any other purposes necessary or proper for their use and convenience, in order to transact the business usual for railroad companies; Eighth. To take, transport, carry and convey persons and property on their road by the force and power of steam, of animals, or any other power, or by any combination of them, and collect and receive tolls and compensation therefor; Ninth. To erect and maintain all necessary and convenient buildings, stations, depots, workshops, warehouses and fixtures, and machinery for the accommodation and use of their passengers, freight and business, and purchase and hold the lands and other property necessary therefor; Tenth. To regulate the time and manner in which passengers and property shall be transported, and the tolls and compensations to be paid therefor; Eleventh. To regulate the force and speed of their locomotives, cars, trains, or other machinery used or employed on their road, and to establish, regulate and enforce all needful and proper rules and regulations for the management of its business transactions and the working of its road.

**Further powers.**

———

CHAP. XXVIII.—*An Act concerning Crimes and Punishments.*

[Approved November 26, 1861.]

*Be it enacted, by the Governor and Legislative Assembly of the Territory of Nevada, as follows :*

I.—PERSONS CAPABLE OF COMMITTING CRIMES.

SECTION 1. In every crime, or public offense, there must be an union or joint operation of act and intention, or criminal negligence.

**Essence of crime.**

SEC. 2. Intention is manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused.

**Intent, how manifested.**

SEC. 3. A person shall be considered of sound mind who is neither an idiot or lunatic, or affected with insanity, and who hath arrived at the age of fourteen years, or before that age, if such age knew the distinction between good and evil.

**Of sound mind.**

a parent is moderately correcting his child, or a master his servant, or scholar, or an officer punishing a criminal, and happens to occasion death, it is only a misadventure, for the act of correction was lawful; but if a parent or master exceed the bounds of moderation, or the officer the sentence under which he acts, either in the manner, the instrument, or quantity of punishment, and death ensue, it will be manslaughter or murder, according to the circumstances of the case.

SEC. 31. All other instances which stand upon the same footing of reason and justice as those enumerated, shall be considered justifiable, or excusable homicide. *Same.*

SEC. 32. The homicide appearing to be justifiable or excusable, the person indicted shall, upon his trial, be fully acquitted and discharged. *Same.*

SEC. 33. The killing being proved, the burden of proving circumstances of mitigation, or that justify or excuse the homicide, will devolve on the accused, unless the proof on the part of the prosecution sufficiently manifests that the crime committed only amounts to manslaughter, or that the accused was justified, or excused in committing the homicide. *Proving mitigating circumstances.*

SEC. 34. If any woman shall endeavor privately, either by herself, or the procurement of others, to conceal the death of any issue of her body, male or female, which, if born alive, would be a bastard, so that it may not come to light, whether it shall have been murdered or not, every such mother being convicted thereof, shall suffer imprisonment in the Territorial Prison, for a term not exceeding one year; *provided,* however, that nothing herein contained shall be so construed as to prevent such mother from being indicted and punished for the murder of such bastard child. *Women concealing death of bastard child. Punishment.*

SEC. 35. If any person shall, by previous appointment or agreement, fight a duel with a rifle, shot-gun, pistol, bowie-knife, dirk, small-sword, back-sword, or other dangerous weapon, and in so doing shall kill his antagonist, or any person or persons, or shall inflict such wound as that the party or parties injured shall die thereof within one year thereafter, every such offender shall be deemed guilty of murder in the first degree, and upon conviction thereof shall be punished accordingly. *Dueling. Punishment.*

SEC. 36. Any person who shall engage in a duel with any deadly weapon, although no homicide ensue, or shall challenge another to fight such duel, or shall send or deliver any verbal or written message, purporting or intending to be such challenge, although no duel ensue, shall be punished by imprisonment in the Territorial Prison, not less than two, nor more than ten years, and shall be incapable of voting or holding any office of trust or profit, under the laws of this Territory. *Persons concerned disenfranchised*

SEC. 37. Any and every person who shall be present at the time of fighting any duel with deadly weapons, either as second, aid, surgeon, or spectator, or who shall advise or give assistance *Persons implicated to give evidence.*

to such duel, shall be a competent witness against any person offending against any of the provisions of this act, and may be compelled to appear and give evidence before any Justice of the Peace, grand jury or court, in the same manner as other witnesses; but the testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the person so testifying.

**Posting for not fighting.**

SEC. 38. If any person shall post another, or, in writing, or print, or orally, shall use any reproachful or contemptuous language to, or concerning, another, for not fighting a duel, or for not sending, or accepting, a challenge, he shall be impris-

**Punishment.** oned in the Territorial Prison for a term not less than six months, nor more than one year, and fined in any sum not less than five hundred, nor exceeding one thousand dollars.

**Prize fighting.**

SEC. 39. If any person, with or without deadly weapons, upon previous concert and agreement, fight, one with another, upon conviction thereof, they, or either, or any, of them, shall be punished by imprisonment in the Territorial Prison, for a term not less than two years, nor more than five years.

**Punishment.** Should death ensue to any person in such fight, or should any person die, from any injury received in such fight, within one year and one day, the person, or persons, causing such death, shall be deemed guilty of murder, and punished accordingly.

**Drawing deadly weapons.**

SEC. 40. That any person in this Territory, having, carrying, or procuring from another person, any dirk, dirk knife, sword, sword-cane, pistol, gun, or other deadly weapon, who shall, in the presence of two or more persons, draw, or exhibit, any of said deadly weapons, in a rude, angry, and threatening manner, not in necessary self-defense, or who shall, in any manner, unlawfully use the same, in any fight or quarrel, the person, or persons, so offending, upon conviction thereof, in any criminal court, in any county of this Territory, shall be fined in any sum not less than one hundred, nor more than one thousand dollars, or imprisonment in the Territorial

**Fines, etc.** Prison, not less than one, nor more than twelve months, at the discretion of the court, or both such fine and imprisonment, together with the costs of prosecution; which said costs shall, in all cases, be computed and collected in the same man-

**How disposed of.** ner as costs in civil cases. All fines and forfeitures, arising under the provisions of this act, shall be paid into the county treasury of the county wherein such offense was committed, for county purposes; *provided*, nevertheless, that no Sheriff, Deputy Sheriff, Marshal, Constable, or other peace officer, shall be held to answer, under the provisions of this act, for drawing or exhibiting any of the weapons herein before mentioned, while in the lawful discharge of his or their duties. It shall be the duty of all military, civil, and peace officers, in

**Duty of officers, relative to.** this Territory, to be vigilant in carrying the provisions of this act into full force and effect, as well, also, as all grand juries, or grand jurors, to inquire into and make presentments, of

the person so convicted of such attempt shall be punishable by a fine not exceeding one half of the largest amount, or by imprisonment in the county jail or Territorial Prison, as the case may be, for a term not exceeding one half of the longest time prescribed by law, upon a conviction of the offense so attempted. Third. If the offense so attempted is a felony, not punishable by death or imprisonment, which may extend to life, the person convicted of such offense shall be punished by imprisonment in the Territorial Prison, for a term not exceeding one half the longest time which may be imposed upon a conviction of the offense so attempted.

Not to affect pending proceedings.

SEC. 159. Nothing in this Act shall be construed to affect any criminal proceedings or prosecution now pending in any of the courts of this Territory, but the same shall be prosecuted to judgment and execution in the same manner as if the Act had not been passed. And all persons charged, or who may hereafter be charged, with crimes or misdemeanors, under the laws now in force, shall be prosecuted to the same extent that they might have been had no act on the subject been passed.

SEC. 160. This Act shall take effect from and after its passage.

------

CHAP. XXIX.—*An Act authorizing D. D. Kingsbury and James M. McDonald to establish and maintain a Toll Road.*

[Approved November 27, 1861.]

*Be it enacted, by the Governor and Legislative Assembly of the Territory of Nevada, as follows:*

Grant.

SECTION 1. D. D. Kingsbury and James M. McDonald, their successors and assigns, are hereby granted the right and privilege of maintaining a toll road, from the commencement of said road in Carson Valley, about one half mile south of Van Sycles' ranch and hotel, and running thence to the eastern boundary line of the State of California, over the route heretofore established by said parties, and now occupied and used by them as a toll road.

SEC. 2. The said parties shall have the right to charge and collect tolls on said road not exceeding the following rates:

Rates of toll.

Wagon and one span horses, or one yoke cattle, two dollars.

Each additional animal, twenty-five cents.

Empty teams, returning, half price.

Buggy and two horses, two dollars.

Buggy and one horse, one dollar and fifty cents.

Man on horseback, fifty cents.




DATE DOWNLOADED: Fri Jul  8 12:44:11 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1868 66 .

ALWD 7th ed.
, , 1868 66 .

Chicago 17th ed.
"," Kansas - 8th Legislature, General Statutes, Regular Session : 66-1132

AGLC 4th ed.
'' Kansas - 8th Legislature, General Statutes, Regular Session 66

OSCOLA 4th ed.
'' 1868 66

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

this act, all jurisdiction of the probate judge of Leaven-
worth county, in criminal matters, shall cease.

SEC. 4. That the compensation of the judge of the  <span style="float:right;font-size:smaller">Compensation of judge.</span>
criminal court herein provided for, shall be the same as
that received by judges of the district courts.

SEC. 5. That the clerk of said criminal court shall re-  <span style="float:right;font-size:smaller">Compensation of clerk.</span>
ceive, as full compensation for his services as such clerk,
the sum of two thousand dollars; and shall return all
sums received by him as fees to the board of commission-
ers of Leavenworth county, for the use of the county.

SEC. 6. That section two of an act to establish a crim-  <span style="float:right;font-size:smaller">Acts in conflict with this act repealed.</span>
inal court in Leavenworth county, and all acts or parts of
acts inconsistent and in conflict with the provisions of this
act, be and the same are hereby repealed.

SEC. 7. That this act shall be in force from and after
its publication in the statute book.

Approved, March 3, 1868.

---

# CHAPTER 31.

## CRIMES AND PUNISHMENTS.

*An act regulating crimes and punishments.*

ARTICLE I. Offenses against government.
  II. Offenses against the persons of individuals.
  III. Offenses against property.
  IV. Offenses affecting records, currency, written instruments
    and securities.
  V. Crimes affecting the administration of justice.
  VI. Of crimes affecting public trusts.
  VII. Crimes against public morals and decency.
  VIII. Offenses against the public peace.
  IX. Miscellaneous offenses.
  X. General provisions.

---

*Be it enacted by the Legislature of the State of Kansas:*

### ARTICLE I.

*Offenses against government.*

§ 1. Punishment of treason.
2. Misprision of treason.
3. Joining revolutionary society and fur-
  nishing arms to enemies, &c.

§ 4. Raising flag or wearing badge showing
  sympathy with enemies.
5. County in which offender may be ar-
  rested, tried and punished.

employments; and if, upon such proclamation, such persons shall not disperse and depart as aforesaid, it shall be the duty of such judge, justice of the peace, sheriff, constable, marshal or other peace officer, to call upon persons near, and if necessary, throughout the county, to aid and assist in dispersing and taking into custody all persons assembled as aforesaid; and all persons called on as aforesaid, and refusing to render immediate assistance, shall each, upon conviction thereof, be fined in any sum not exceeding one hundred dollars.

---

## ARTICLE IX.

### *Miscellaneous offenses.*

§ 270. Libel.
271. Composing or circulating libel.
272. Defendant shall be acquitted, when.
273. Publication necessary to constitute libel.
274. Publication, what is.
275. Jury may determine law and fact in indictment for libel.

§ 276. Knowingly selling unwholesome provisions.
277. Adulterating food or liquor.
278. Adulterating drugs or medicines.
279. Inoculating with small pox.
280. Vagrancy.
281. County commissioners to regulate working of vagrants.
282. Carrying deadly weapon.

**Libel.** SEC. 270. A libel is the malicious defamation of a person, made public by any printing, writing, sign, picture, representation or effigy, tending to provoke him to wrath, or expose him to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence and social intercourse, or any malicious defamation, made public as aforesaid, designed to blacken and vilify the memory of one who is dead, and tending to scandalize or provoke his surviving relatives and friends.

**Composing or circulating libel.** SEC. 271. Every person who makes or composes, dictates or procures the same to be done, or who willfully publishes or circulates such libels, or in any way, knowingly and willfully, aids or assists in making, publishing or circulating the same, shall be punished by imprisonment in the county jail not more than one year, or by a fine not exceeding one thousand dollars.

**Defendant shall be acquitted, when.** SEC. 272. In all prosecutions or indictments for libel, the truth thereof may be given in evidence to the jury, and if it appears to them that the matter as charged as libelous was true, and was published with good motives and for justifiable ends, the defendant shall be acquitted.

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 51 of 227

SEC. 273. No printing, writing or other thing is a libel, unless there has been a publication thereof.

*Publication necessary to constitute libel.*

SEC. 274. The delivery, selling, reading or otherwise communicating a libel, or causing the same to be delivered, sold, read or otherwise communicated to one or more persons, or to the party libeled, is a publication thereof.

*Publication, what is.*

SEC. 275. In all indictments or prosecutions for libel, the jury, after having received the direction of the court, shall have the right to determine, at their discretion, the law and the fact.

*Jury may determine law and fact in indictment for libel.*

SEC. 276. If any person shall knowingly sell any kind of diseased, corrupt or unwholesome provisions, whether for meat or drink, without making the same fully known to the buyer, he shall be punished by imprisonment in the county jail not more than six months, or by fine not exceeding one hundred dollars.

*Knowingly selling unwholesome provisions.*

SEC. 277. If any person shall fraudulently adulterate, for the purpose of sale, any substance intended for food, or any wine, spirit, malt liquor, or other liquor intended for drinking, with any substance injurious to health, he shall be punished by imprisonment in the county jail not more than one year, or by fine not exceeding three hundred dollars; and the article so adulterated shall be forfeited and destroyed.

*Adulterating food or liquor.*

SEC. 278. If any person shall fraudulently adulterate, for the purpose of sale, any drug or medicine, in such a manner as to render the same injurious to health, he shall be punished by imprisonment in the county jail not more than one year, or by fine not exceeding three hundred dollars; and such adulterated drugs and medicines shall be forfeited and destroyed.

*Adulterating drugs or medicines.*

SEC. 279. If any person shall inoculate himself or any other person, or shall suffer himself to be inoculated with the small pox, within this state, with intent to cause the prevalence or spread of this infectious disease, he shall be punished by imprisonment in the state prison not more than three years nor less than one year.

*Inoculating with small pox.*

SEC. 280. Any person who may be found loitering around houses of ill-fame, gambling houses, or places where liquors are sold or drank, without any visible means of support, or shall be the keeper or inmate of any house of ill-fame or gambling house, or engaged in any unlawful calling whatever, or any able-bodied married man who shall neglect or refuse to provide for the support of his

*Vagrancy.*

family, shall be deemed a vagrant, and, upon conviction thereof, may be fined in any sum not exceeding five hundred dollars, or by imprisonment in the county jail not exceeding one year.

County commissioners
to regulate working of
vagrants.

SEC. 281. The board of county commissioners shall make such regulations for the working of vagrants as will keep them as nearly as possible in constant employment.

Carrying deadly
weapon.

SEC. 282. Any person who is not engaged in any legitimate business, any person under the influence of intoxicating drink, and any person who has ever borne arms against the government of the United States, who shall be found within the limits of this state, carrying on his person a pistol, bowie-knife, dirk or other deadly weapon, shall be subject to arrest upon charge of misdemeanor, and upon conviction, shall be fined in a sum not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding three months, or both, at the discretion of the court.

---

## ARTICLE X.

*General provisions.*

§ 283. Attempting to commit offenses.
284. Person shall not be convicted, when.
285. Stealing in another state and bringing stolen articles into this state.
286. Defendant may plead former conviction or acquittal.
287. Principals in the second degree and accessories before the fact.
288. Accessories after the fact.
289. Committing second offense.
290. Convicts in other states liable to punishment for second conviction.
291. Imprisonment may be for lifetime, when; never less than one year.
292. No fine to be imposed when prisoner is sentenced to confinement and hard labor.
293. Punishment limited.
294. Misdemeanor, how punished when no other punishment is provided.
295. Fine may be imposed, when.
296. Acquittal a bar to prosecution for the same offense, and every degree thereof.
297. When defendant may be tried again.
298. Acquittal may be pleaded in bar, when.

§ 299. Person under sixteen years of age convicted of felony.
300. Civil rights suspended during imprisonment.
301. Convict under protection of the law.
302. Conviction shall not work corruption of blood, or forfeiture.
303. Person convicted of felony shall be disqualified from holding office, &c.
304. How disabilities may be removed.
305. Convict within the age of sixteen years shall have civil rights restored, in what case.
306. Civil action not merged in a felony.
307. Fines, penalties, &c., recovered by indictment.
308. Jurisdiction of district courts.
309. The term "infamous crime," how construed.
310. The terms "crime," "offense" and "criminal offense."
311. The term "personal property."
312. The terms "real property," or "real estate," include what.
313. The term "property" includes what.
314. The term "person," how construed.
315. What shall be sufficient intent.

Attempting to commit
offenses.

SEC. 283. Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense, but shall

ing every offense for which the offender, on conviction or sentence, is declared to be disqualified, or rendered incompetent to be a juror, or to vote at any election, or to hold any office of honor, profit or trust within this state.

*The terms "crime," "offense" and "criminal offense."*

SEC. 310. The terms "crime," "offense," and "criminal offense," when used in this or any other statute, shall be construed to mean any offense, as well misdemeanor as felony, for which any punishment, by imprisonment or fine, or both, may by law be inflicted.

*The term "personal property."*

SEC. 311. The term "personal property," as used in this act, shall be construed to mean goods, chattels, effects, evidences of right in action, and all written instruments by which any pecuniary obligation, or any right or title to property, real or personal, shall be created, acknowledged, assigned, transferred, increased, defeated, discharged or diminished.

*The terms "real property" or "real estate," include what.*

SEC. 312. The terms "real property," or "real estate," as used in this act, include every estate, interest, and right in lands, tenements and hereditaments.

*The term "property," includes what.*

SEC. 313. The term "property," as used in this act, includes "personal property" and "real property," or "real estate," as defined in the last two sections.

*The term "person," how construed.*

SEC. 314. When the term "person" is used in this act to designate the party whose property may be the subject of any offense, such term shall be construed to include the United States, this state, or any other territorial government, state or country, or county, or any other municipal, public or private corporation, which may lawfully own any property within this state, as well as individuals.

*What shall be sufficient intent.*

SEC. 315. Where any intent to injure, defraud or cheat is required by law to be shown in order to constitute an offense, it shall be sufficient if such intent be to injure, defraud or cheat the United States, this state, or any state or country, or the government, or any public office thereof, or any county, city, town or village, or any corporation, body politic or private individual.

SEC. 316. This act shall take effect and be in force from and after its publication in the statute book.

Approved, March 3, 1868.



HEINONLINE

DATE DOWNLOADED: Fri Jul  8 01:23:20 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1870 145 .

ALWD 7th ed.
, , 1870 145 .

Chicago 17th ed.
"," Louisiana - 1st Legislature, 3rd Session; 1st Legislature, 2nd Session : 145-161


AGLC 4th ed.
'' Louisiana - 1st Legislature, 3rd Session; 1st Legislature, 2nd Session 145

OSCOLA 4th ed.
'' 1870 145

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

145

No. 100.]                    AN ACT

To regulate the conduct and to maintain the freedom and purity of elections; to prescribe the mode of making, and designate the officers who shall make the returns thereof; to prevent fraud, violence, intimidation, riot, tumult, bribery or corruption at elections or at any registration or revision of registration; to limit the powers and duties of the sheriffs of the parishes of Orleans and Jefferson; to prescribe the powers and duties of the Board and officers of the Metropolitan Police in reference to elections; to prescribe the mode of entering on the rolls of the Senate and House of Representatives the names of members; to empower the Governor to preserve peace and order, to enforce the laws; to limit the powers and duties of the Mayors of the cities of New Orleans and Jefferson with regard to elections; to prohibit District or Parish Judges from issuing certain writs to Commissioners of Election; to make an appropriation for the expenses of the next revision of the registration and of the next election; and to enforce article one hundred and three of the constitution.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the State of Louisiana, in General Assembly convened,* That all elections for State, parish and judicial officers, members of the General Assembly, and for members of Congress shall be held on the first Monday in November, and said elections shall be styled the general elections. <span style="float:right">Time of holding elections.</span>

They shall be held in the manner and form, and subject to the regulations hereinafter prescribed, and no other.

SEC. 2. *Be it further enacted, etc.,* That elections for Representatives in the General Assembly shall be held on the first Monday of November, one thousand eight hundred and seventy, and every two (2) years thereafter; and all elections to supply the place of Senators in the General Assembly, whose terms of service shall have expired, shall be held at the same time as herein provided for the election of Representatives. <span style="float:right">Elections for representatives in the General Assembly.<br>Elections for State senators.</span>

SEC. 3. *Be it further enacted, etc.,* That all elections shall be held in each parish at the several election polls or voting places to be established as is hereinafter prescribed. <span style="float:right">When held.</span>

SEC. 4. *Be it further enacted, etc.,* That all elections shall be completed in one day, and the polls shall be kept open at each poll or voting place, from the hour of six in the morning until six o'clock in the afternoon. <span style="float:right">When completed—polls open.</span>

SEC. 5. *Be it further enacted, etc.,* That each parish in this State, except the parishes of Orleans and Jefferson, is hereby fixed as an election precinct, and the supervisor of registration in each of said parishes shall direct what number of polls or voting places shall be established in each precinct, fix the places of holding the election, and appoint commissioners of election for each poll or voting place. In the city of New Orleans, each ward shall constitute a precinct, and in the remaining part of the parish of Orleans, the supervisor of registration for the said parish shall fix both the precincts and voting places in each precinct, and in the parish of Jefferson, the supervisor of registration shall fix both the precincts and the voting places in each precinct; in the parishes of Orleans and Jefferson the supervisor of registration of each parish shall appoint commissioners of election therefor, as in the other parishes. Any duly registered voter may vote at any poll or voting place within his precinct. <span style="float:right">Election precincts.<br>Voting places.</span>

SEC. 6. *Be it further enacted, etc.,* That the elections at each poll or voting place shall be presided over by three commissioners of election, residents of the parish, who shall be able to read and write, to be appointed by the supervisor of registration for the parish, <span style="float:right">Commissioners of election.</span>

19

159

mechanic any part of the wages due to such laborer, employe, tenant or mechanic, on account of any vote which such laborer, employe, tenant or mechanic has given or purposes to give, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not less than five hundred dollars, one half of which shall go to the school fund of the parish in which the offense was committed, and by imprisonment in the parish prison for not less than three months.

SEC. 69. *Be it further enacted, etc.,* That any person who shall molest, disturb, interfere with, or threaten with violence, any commissioner of election or person in charge of the ballot boxes, while in charge of the same, between the time of the close of the polls and the time that said ballot boxes are delivered to the supervisor of registration, shall be deemed guilty of a felony, and upon conviction thereof shall be punished by a fine of not less than five hundred dollars, or by imprisonment in the penitentiary not less than one year, or both, at the discretion of the court. *Interference with commissioners, etc.*

SEC. 70. *Be it further enacted, etc.,* That any person not authorized by this law to receive or count the ballots at an election, who shall, during or after any election, and before the votes have been counted by the supervisors of registration, disturb, displace, conceal, destroy, handle or touch any ballot, after the same has been received from the voter by a commissioner of election, shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, be punished by a fine of not less than one hundred dollars, or by imprisonment for not less than six months, or both, at the discretion of the court. *Disturbing the counting of ballots.*

SEC. 71. *Be it further enacted, etc.,* That any person not authorized by this law to take charge of the ballot boxes at the close of the election who shall take, receive, conceal, displace or [in] any manner handle or disturb any ballot box at any time between the hour of the closing of the polls and the transmission of the ballot box to the supervisor of registration, or during such transmission, or at any time prior to the counting of the votes by the supervisor of registration, shall be deemed guilty of a felony, and upon conviction thereof shall be punished by a fine of not less than five hundred dollars, or by imprisonment in the penitentiary not less than one year, or both, at the discretion of the court. *Interference with ballot boxes.*

SEC. 72. *Be it further enacted, etc.,* That if any person shall by bribery, menace, willful falsehood, or other corrupt means, directly or indirectly attempt to influence any elector of this State in the giving his vote or ballot, or to induce him to withhold the same, or disturb or hinder him in the free exercise of the right of suffrage at any election in this State, he shall, on conviction thereof, be deemed guilty of a misdemeanor, and be fined not more than five hundred dollars, and be imprisoned in the parish prison for a term not exceeding six months, and shall also be ineligible to any office in the State for the term of two years. *Interference with free exercise of right of suffrage.*

SEC. 73. *Be it further enacted, etc.,* That it shall be unlawful for any person to carry any gun, pistol, bowie knife or other dangerous weapon, concealed or unconcealed, on any day of election during the hours the polls are open, or on any day of registration or revision of registration, within a distance of one-half mile of any place of registration or revision of registration; any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine of not less than one hundred dol- *Weapons.*

160

lars, and by imprisonment in the parish jail for not less than one month; provided, that the provisions of this section shall not apply to any commissioner or officer of the election or supervisor or assistant supervisor of registration, police officer or other person authorized to preserve the peace on days of registration or election.

Liquors.

SEC. 74. *Be it further enacted, etc.*, That no person shall give, sell or barter any spirituous or intoxicating liquors to any person on the day of election, and any person found guilty of violating the provisions of this section shall be fined in a sum of not less than one hundred dollars, nor more than three hundred dollars, which shall go to the school fund.

Corruptly voting.

SEC. 75. *Be it further enacted, etc.*, That whoever, knowing that he is not a qualified elector, shall vote or attempt to vote at any election, shall be fined in a sum not to exceed one hundred dollars, to be recovered by prosecution before any court of competent jurisdiction.

Double vote.

SEC. 76. *Be it further enacted, etc.*, That whoever shall knowingly give or vote two or more ballots folded as one at any election, shall be fined in a sum not to exceed one hundred dollars, to be recovered by prosecution before any court of competent jurisdiction.

Bribery to influence voters.

SEC. 77. *Be it further enacted, etc.*, That whoever, by bribery or by a promise to give employment or higher wages to any person, attempts to influence any voter at any election, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine of not less than one hundred dollars, and by imprisonment in the parish prison for not less than three months.

Obtaining illegal voting.

SEC. 78. *Be it further enacted, etc.*, That whoever willfully aids or abets any one, not legally qualified, to vote or attempt to vote at any election, shall be fined in a sum of not less than fifty dollars, to be recovered by prosecution before any court of competent jurisdiction.

Disorderly houses.

SEC. 79. *Be it further enacted, etc.*, That whoever is disorderly at any poll or voting place during an election, shall be fined in a sum not less than twenty dollars, to be recovered by prosecution before any court of competent jurisdiction.

Meetings of citizens.

SEC. 80. *Be it further enacted, etc.*, That whoever shall molest, interrupt or disturb any meeting of citizens assembled to transact or discuss political matters, shall be fined in a sum not less than fifty dollars, to be recovered by prosecution before any court of competent jurisdiction.

Any sheriff, constable or police officer present at the violation of this section shall forthwith arrest the offender or offenders, and convey him or them, as soon as practicable, before the proper court.

Imprisonment.

SEC. 81. *Be it further enacted, etc.*, That the court imposing any fine, as directed in sections seventy-four, seventy-five, seventy-six, seventy-seven, seventy-eight, seventy-nine and eighty of this act, shall commit the person so fined to the parish prison until the fine is paid; *Provided*, That said imprisonment shall not exceed six months.

Perjury.

SEC. 82. *Be it further enacted, etc.*, That in cases where any oath or affirmation shall be administered by any supervisor of registration, assistant supervisor of registration or commissioner of election, in the performance of his duty as prescribed by law, any person swearing or affirming falsely in the premises shall be deemed guilty of perjury, and subjected to the penalties provided by the law for perjury.

Duty of Governor to insure peace.

SEC. 83. *Be it further enacted, etc.*, That the Governor shall take all necessary steps to secure a fair, free and peaceable election; and shall, on the days of election, have paramount charge and con-

A049

161

trol of the peace and order of the State, over all peace and police officers, and shall have the command and direction in chief of all police officers, by whomsoever appointed, and of all sheriffs and constables in their capacity as officers of the peace.

Sec. 84. *Be it further enacted, etc.* That to defray the expenses of the next revision of registration, and of the next general election, Expenses there is hereby appropriated out of any funds in the treasury not otherwise appropriated, the sum of fifty thousand dollars ($50,000), or so much thereof as may be necessary.

Sec. 85. *Be it further enacted, etc.,* That all laws or parts of laws contrary to the provisions of this act, and all laws relating to the Repeal. same subject matter are hereby repealed, and that this act shall take effect from and after its passage.

(Signed)                    MORTIMER CARR,
            Speaker of the House of Representatives.

(Signed)                    OSCAR J. DUNN,
            Lieutenant Governor and President of the Senate.

Approved March 16, 1870.
(Signed)                    H. C. WARMOTH,
            Governor of the State of Louisiana.

A true copy:
        Geo. E. Bovee,
                Secretary of State.

------

[No. 101.]            **AN ACT**

To define and regulate the cost of the Clerks, Sheriffs, Recorders and Notaries Public throughout the State of Louisiana, and providing forfeitures and penalties for overcharging or failing to perform their duties, and the mode of collecting their fees.

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Louisiana, in General Assembly convened,* That the Fees of clerks. clerks of the district courts throughout the State shall be entitled to demand and receive the following fees of office, and no more; and they shall not be entitled to charge any other fees of office than those specially set forth therein, for any services as clerks which they may be required to render:

For indorsing, registering and filing petition, for all, ten cents.

For indorsing, registering and filing answer, for all, ten cents.

For issuing citation, with copy of same, with certificate and seal on each, fifty cents, one charge for both.

For issuing attachment, with copy of same, with certificates and seals on both, one dollar, one charge for both.

For issuing *fieri facias*, with seal, fifty cents.

For issuing writ of seizure and sale, with seal, one dollar.

For issuing writ of sequestration, with copy of same, with certificates and seals, one dollar, one charge for both.

For issuing writ of *certiorari*, with copy of same, with certificates and seals, one dollar, one charge for both.

21




DATE DOWNLOADED: Fri Jul  8 04:13:50 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1870 128 .

ALWD 7th ed.
, , 1870 128 .

Chicago 17th ed.
"," Texas - 12th Legislature, Called Session, General Laws : 128-139

AGLC 4th ed.
'' Texas - 12th Legislature, Called Session, General Laws 128

OSCOLA 4th ed.
'' 1870 128

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

**128** GENERAL LAWS.

of bondage, were precluded from the rites of matrimony, and continued to live together until the death of one of the parties, shall be considered as having been legally married, and the issue of such cohabitation is declared legitimate; and all such persons as may be now living together in such relation, shall be considered as having been legally married, and the children heretofore or hereafter born of such cohabitations, are declared legitimate from and after the passage of this act.

SEC. 2. That no person or persons mentioned in the foregoing section shall be indicted, prosecuted or punished for bigamy or adultery, for such cohabitation, before the passage of this act.

SEC. 3. All laws and parts of laws, so far as they contravene the provisions of this act, are hereby repealed; and that this act take effect and be in force from and after its passage.

Approved August 15, 1870.

## CHAPTER LXXVIII.

### AN ACT TO PROVIDE FOR THE MODE AND MANNER OF CONDUCTING ELECTIONS, MAKING RETURNS, AND FOR THE PROTECTION AND PURITY OF THE BALLOT-BOX.

SECTION 1. *Be it enacted by the Legislature of the State of Texas,* That the judges of election shall, after an election, deliver to the registrar the list of voters used by them at the election, which shall remain in his custody, and be disposed of by him as hereinafter directed.

SEC. 2. A general election is an election for State and county officers, and members of the Legislature in general, and to fill vacancies occasioned by expiration of the term of office. General elections shall be held once in every two years, at the times to be hereafter designated by the Legislature.

SEC. 3. A special election is an election to fill a vacancy in the Legislature, or in any State or county office, when there is no provision made for appointment to fill the same. Such special election may be held at any time after sixty days' notice, under proclamation of the Governor, or of such other officer as may be authorized thereto by the Legislature.

SEC. 4. When any person whose name appears on the register as that of one rejected as a voter, shall offer to vote, the judges of

## GENERAL LAWS. 139

induce him to withhold the same, or disturb or hinder him in the free exercise of the right of suffrage at any election in this State, he shall, on conviction thereof, be deemed guilty of a misdemeanor, and be fined not less than one hundred nor more than five hundred dollars, and be imprisoned in the county jail for a term not exceeding six months, and shall also be ineligible for any office in this State for the term of two years.

SEC. 55. That it shall be unlawful for any person to carry any gun, pistol, bowie-knife or other dangerous weapon, concealed or unconcealed, on any day of election, during the hours the polls are open, within a distance of one half mile of any place of election. Any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine of not less than one hundred dollars, and by imprisonment in the county jail for not less than one month; provided, that the provisions of this section shall not apply to any officer of the election, police officer or other person authorized to preserve the peace on the days of election.

SEC. 56. That no person shall give, sell or barter, any spirituous or intoxicating liquor to any person on the days of election; and any person found guilty of violating the provisions of this section shall be fined in a sum of not less than one hundred dollars nor more than three hundred dollars, which shall go to the school fund.

SEC. 57. That whoever, knowing that he is not a qualified elector, shall vote or attempt to vote at any election, shall be fined in a sum not to exceed one hundred dollars, to be recovered by prosecution before any court of competent jurisdiction.

SEC. 58. The Governor shall have supervisory control over all elections, and it shall be his duty to enforce this law, and to preserve the peace and the purity of the ballot-box by enabling every citizen to cast his ballot free from fear and intimidation; to this end he shall have control of all sheriffs and all other police officers, who shall obey his orders, and when it becomes necessary, shall call out the militia and military organizations to preserve the peace, protect life and property and suppress disturbance.

SEC. 59. That to defray the expenses of the next general election, there is hereby appropriated out of any funds in the treasury not otherwise appropriated, the sum of ten thousand dollars, or so much thereof as may be necessary.

SEC. 60. That all laws and parts of laws contrary to the provisions of this act, and all laws relating to the same subject matter, are hereby repealed, and that this act shall take effect from and after its passage.

Approved August 15, 1870.

 

DATE DOWNLOADED: Fri Jul  8 04:22:58 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1871 25 .

ALWD 7th ed.
, , 1871 25 .

Chicago 17th ed.
"," Texas - 12th Legislature, 1st Session, General Laws : 25-27

AGLC 4th ed.
'' Texas - 12th Legislature, 1st Session, General Laws 25

OSCOLA 4th ed.
'' 1871 25

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## CHAPTER XXXIV.

### AN ACT TO REGULATE THE KEEPING AND BEARING OF DEADLY WEAPONS.

SECTION 1. *Be it enacted by the Legislature of the State of Texas,* That any person carrying on or about his person, saddle, or in his saddle bags, any pistol, dirk, dagger, slung-shot, sword-cane, spear, brass-knuckles, bowie-knife, or any other kind of knife manufactured or sold for the purposes of offense or defense, unless he has reasonable grounds for fearing an unlawful attack on his person, and that such ground of attack shall be immediate and pressing; or unless having or carrying the same on or about his person for the lawful defense of the State, as a militiaman in actual service, or as a peace officer or policeman, shall be guilty of a misdemeanor, and, on conviction thereof shall, for the first offense, be punished by fine of not less than twenty-five nor more than one hundred dollars, and shall forfeit to the county the weapon or weapons so found on or about his person; and for every subsequent offense may, in addition to such fine and forfeiture, be imprisoned in the county jail for a term not exceeding sixty days; and in every case of fine under this section the fines imposed and collected shall go into the treasury of the county in which they may have been imposed; *provided,* that this section shall not be so construed as to prohibit any person from keeping or bearing arms on his or her own premises, or at his or her own place of business, nor to prohibit sheriffs or other revenue officers, and other civil officers, from keeping or bearing arms while engaged in the discharge of their official duties, nor to prohibit persons traveling in the State from keeping or carrying arms with their baggage; *provided further,* that members of the Legislature shall not be included under the term "civil officers" as used in this act.

SEC. 2. Any person charged under the first section of this act, who may offer to prove, by way of defense, that he was in danger of an attack on his person, or unlawful interference with his property, shall be required to show that such danger was immediate and pressing, and was of such a nature as to alarm a person of ordinary courage; and that the weapon so carried was borne openly and not concealed beneath the clothing; and if it shall appear that this danger had its origin in a difficulty first commenced by the accused, it shall not be considered as a legal defense.

SEC. 3. If any person shall go into any church or religious assembly, any school room, or other place where persons are assem-

bled for amusement or for educational or scientific purposes, or into
any circus, show, or public exhibition of any kind, or into a ball
room, social party, or social gathering, or to any election precinct
on the day or days of any election, where any portion of the people
of this State are collected to vote at any election, or to any other
place where people may be assembled to muster, or to perform any
other public duty, (except as may be required or permitted by law,)
or to any other public assembly, and shall have or carry about his
person a pistol or other firearm, dirk, dagger, slung shot, sword
cane, spear, brass-knuckles, bowie-knife, or any other kind of knife
manufactured and sold for the purposes of offense and defense, unless
an officer of the peace, he shall be guilty of a misdemeanor, and, on
conviction thereof, shall, for the first offense, be punished by fine of
not less than fifty, nor more than five hundred dollars, and shall for-
feit to the county the weapon or weapons so found on his person ;
and for every subsequent offense may, in addition to such fine and
forfeiture, be imprisoned in the county jail for a term not more than
ninety days.

SEC. 4.   This act shall not apply to, nor be enforced in any
county of the State, which may be designated, in a proclamation of
the Governor, as a frontier county, and liable to incursions of hostile
Indians.

SEC. 5.   All fines collected under the provisions of this act shall
be paid into the treasury of the county, and appropriated exclu-
sively to the keeping in repair and maintenance of public roads, and
all weapons forfeited to the county under the provisions of this act
shall be sold as may be prescribed by the county court, and the pro-
ceeds appropriated to the same purpose.

SEC. 6.   It shall be the duty of all sheriffs, constables, marshals,
and their deputies, and all policemen, and other peace officers, to ar-
rest any person violating the first or third sections of this act, and
to take such person immediately before a justice of the peace of the
county where the offense is committed, or before a mayor or recorder
of the town or city in which the offense is committed, who shall in-
vestigate and try the case without delay.   On all such trials the ac-
cused shall have the right of a trial by jury, and of appeal to the
district court; but, in case of appeal, the accused shall be re-
quired to give bond with two or more good and sufficient sureties in a
sum of not less than one hundred nor more than two hundred dol-
lars, if convicted under the first section and in a sum of not less
than two hundred nor more than one thousand dollars, if convicted
under the third section of this act; said bond to be payable to the
State of Texas, and approved by the magistrate, and conditioned that
the defendant will abide the judgment of the district court that may

 

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 65 of 227

be rendered in the case; and in case of forfeiture the proceedings thereon shall be as is or may be prescribed by law in similar cases; and all moneys collected on any bond or judgment upon the same, shall be paid over and appropriated as provided in the fifth section of this act.

SEC. 7. Any officer named in the sixth section of this act who shall refuse or fail to arrest any person whom he is required to arrest by said section on his own information, or where knowledge is conveyed to him of any violation of the first or third sections of this act, shall be dismissed from his office on conviction in the district court, on indictment or information, or by such other proceedings or tribunal as may be provided by law, and in addition, shall be fined in any sum not exceeding five hundred dollars, at the discretion of the court or jury.

SEC. 8. That the district courts shall have concurrent jurisdiction under this act, and it is hereby made the duty of the several judges of the district courts of this State to give this act especially in charge to the grand juries of their respective counties.

SEC. 9. It is hereby made the duty of the Governor to publish this act throughout the State; and this act shall take effect and be in force from and after the expiration of sixty days after its passage.

Approved April 12, 1871.

---

## CHAPTER XXXV.

AN ACT TO AUTHORIZE THE COUNTY COURT OF ROBERTSON COUNTY TO LEVY AND COLLECT A SPECIAL TAX FOR THE TERM OF TWO YEARS TO BUILD A COURT HOUSE AND JAIL IN THE CITY OF CALVERT, THE COUNTY SEAT OF SAID COUNTY.

SECTION 1. *Be it enacted by the Legislature of the State of Texas*, That the County Court of Robertson county be and the same is hereby authorized to levy and collect, annually, for the term of two years, a special *ad valorem* tax upon all property, real, personal and mixed, in said county, not to exceed one half of one per centum in addition to all general and special taxes now authorized to be levied and collected by law, which tax shall be levied and collected the same as other taxes, and shall be appropriated and paid out solely for the purpose of building a substantial court house and jail at Calvert, the county seat of Robertson county, Texas.

SEC. 2. That this act shall take effect and be in force from and after its passage.

Approved April 12, 1871.

DATE DOWNLOADED: Fri Jul  8 13:37:05 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1873 71 .

ALWD 7th ed.
, , 1873 71 .

Chicago 17th ed.
"," Nebraska - 9th & 10th Sessions, General Statutes : 71-1088

AGLC 4th ed.
'' Nebraska - 9th & 10th Sessions, General Statutes 71.

OSCOLA 4th ed.
'' 1873 71

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 67 of 227

# CHAPTER 58.

## PROCEDURE—CRIMINAL.

An act to establish a criminal code.

[*Passed, March 4, 1873. Took effect, September 1, 1873.*]

*Be it enacted by the Legislature of the State of Nebraska, in manner and form following, that is to say:*

### PART I.—CRIMES AND OFFENSES.

### CHAPTER I.

#### ACCESSORIES IN FELONY.

SECTION.
1. Aiding and abetting in felony.

SECTION.
2. Accessories after the fact.

SECTION 1. If any person shall aid, abet, or procure any other person to commit any felony, every person so offending, shall, upon conviction thereof, be imprisoned in the penitentiary for any time between the respective periods for which the principal offenders could be imprisoned for the principal offense; or, if such principal offender would on conviction be punishable with death, or be imprisoned for life, then such aider, abettor, or procurer, shall be punished with death, or be imprisoned for life, the same as the principal offender would be. *Aiding and abetting in felony.*

SEC. 2. An accessory after the fact is a person who, after full knowledge that a felony has been committed, conceals it from the magistrate, or harbors and protects the person charged with or found guilty of the crime. Any person found guilty of being an accessory after the fact, shall be imprisoned in the jail of the county for any term not exceeding two years, and fined in a sum not exceeding five hundred dollars, in the discretion of the court, to be regulated by the circumstances of the case and the enormity of the crime. *Accessories after the fact.*

Sections.
33. Exciting disturbance at tavern or meeting of citizens.
34. Disturbing school, society, or meeting, etc.
35. Molesting county surveyor.

Sections.
36. Neglect by conservators of the peace.
37. Influencing witness, juror, or officer by violence or threats; obstructing the administration of justice.

**Treason.**　Sec. 22.　Any person or persons residing in this state, who shall levy war against this state, or the United States of America, or shall knowingly adhere to the enemies of this state, or the United States, giving them aid and comfort, shall be deemed guilty of treason against the state of Nebraska, and shall be imprisoned in the penitentiary during life.

**Accessories.**　Sec. 23.　Any person or persons residing within this state, who shall surrender or betray, or be in any way concerned in surrendering or betraying any military post, fortification, arsenal, or military stores of this state or the United States, into the possession or power of any enemies of either, or shall supply arms or ammunition or military stores, to such enemies, or who shall unlawfully and without authority, usurp possession and control of any such military post, fortification, arsenal, or military stores, or having knowledge of any treason against this state or the United States, shall wilfully omit or refuse to give information thereof to the governor, or some judge of this state, or to the president of the United States, shall be imprisoned in the penitentiary not less than ten years nor more than twenty years.

**Military expeditions against other states.**　Sec. 24.　If any person shall, within this state, begin or set on foot, or provide or prepare the means for any unauthorized military expedition or enterprise, to be carried on from thence against the territory or people of any of the United States, every person so offending shall be punished by imprisonment in the penitentiary not less than one nor more than ten years.

**Carrying concealed weapons.**　Sec. 25.　Whoever shall carry a weapon or weapons, concealed on or about his person, such as a pistol, bowie-knife, dirk, or any other dangerous weapon, on conviction of the first offense shall be fined not exceeding two hundred dollars, or imprisoned in the county jail not more than thirty days, and for the second offense, not exceeding five hundred dollars, or imprisoned in the county jail not more than three months, or both, at the discretion of the court. *Provided, however*, If it shall be proved from the testimony on the trial of any such case, that the accused was, at the time of carrying any weapon or weapons as aforesaid, engaged in the pursuit of any lawful business, calling, or employment, and that the circumstances in which he was placed at the time aforesaid were such as to justify a prudent man in carrying the weapon

or weapons aforesaid for the defense of his person, property, or family, the jury shall acquit the accused.

SEC. 26.   If three or more persons shall assemble together with *Unlawful assembly and rout.* intent to do any unlawful act, with force and violence, against the person or property of another, or to. do any unlawful act against the peace; or, being lawfully assembled, shall agree with each other to do any unlawful act as aforesaid, and shall make any movement or preparation therefor, the persons so offending, shall each be fined in any sum not exceeding two hundred dollars, and be imprisoned in the jail of the county not exceeding ten days.

SEC. 27.   Whenever three or more persons shall be assembled *Proclamation, dispersing rioters, disobedience to officers; power of the county to be called out against them; persons refusing assistance fined.* as aforesaid, and proceed to commit any of the offenses aforesaid, it shall be the duty of all judges, justices of the peace, and sheriffs, and all ministerial officers, immediately, upon actual view, or as soon as may be, on information, to make proclamation in the hearing of such offenders, commanding them in the name of the state of Nebraska, to disperse and depart to their several homes or lawful employments; and if, upon such proclamation, such persons shall not disperse and depart as aforesaid, it shall be the duty of such judges, justices of the peace, and sheriffs, and all other ministerial officers, respectively, to call upon all persons near, and, if necessary, throughout the county, to aid and assist in dispersing and taking into custody all persons assembled as aforesaid; and military officers and others, called on as aforesaid, and refusing to render immediate assistance, shall each be fined in any sum not exceeding twenty-five dollars.

SEC. 28.   If any person shall forcibly obstruct any of the author-*Riot; obstructing authorities, and refusing to disperse.* ities aforesaid, or if any three or more persons shall continue together after proclamation made as aforesaid, or attempted to be made, and prevented by such rioters; or, in case of no proclamation, any three or more persons, being assembled as aforesaid, shall commit any unlawful act as aforesaid, every such offender shall be fined in any sum not exceeding five hundred dollars, and imprisoned in the jail of the county not exceeding thirty days; and shall, moreover, find security for good behavior and to keep the peace, for a time not exceeding one year.

SEC. 29.   If any of the persons so unlawfully assembled, shall *If rioters be injured or killed in resisting peace officers, the slayer held guiltless.* be killed, maimed, or otherwise injured, in consequence of resisting the judges or others in dispersing and apprehending them, or in attempting to disperse and apprehend them, said judges, justices of the peace, sheriffs and other ministerial officers, and others acting by their authority, or the authority of either of them, shall be holden guiltless: *Provided,* Such killing, maiming, or injury shall take place in consequence of the use of necessary and proper

month on each of the first two years, of two months on each suc-
ceeding year to the fifth year, and of three months on each follow-
ing year to the tenth year, and of four months on each remaining
year of the term of their sentence, and shall be entitled to their
discharge so much the sooner, upon the certificate of the warden
or principal keeper of such penitentiary, with the approval of the
board of inspectors of the same.

### PART III.—ACTS REPEALED AND TIME OF TAKING EFFECT OF THIS ACT.

SEC. 570.  The act entitled "An act relating to pardons," ap- *Acts and parts of acts repealed.*
proved, June 8, 1867.

The act entitled "An act to amend section one, of an act entitled
'an act relating to pardons,'" approved, March 9, 1871.

The act entitled "An act in relation to persons imprisoned under
sentence for offenses against the laws of Nebraska," approved,
March 9, 1871.

Sections thirty-four, thirty-five, and thirty-six, of chapter one,
part first, of the Revised Statutes, approved, February 12, 1866.

Chapter twenty-one, part first, of said Revised Statutes.

Section one hundred and nine of chapter twenty-five, part first,
of said statutes.

Sections one hundred and seven and one hundred and ten, of
chapter forty-six, part first, of said statutes.

Section twelve, of chapter forty-seven, part first, of said statutes.

The whole of part third, of said statutes, except chapter twenty-
nine of the same.

The act entitled "An act to prohibit the sale of intoxicating
liquors on days of election," approved, February 3, 1869.

The act entitled, "An act to prescribe forms to be used by jus-
tices of the peace in criminal cases, and to provide a uniform
system of impaneling juries in criminal cases," approved, Feb-
ruary 18, 1867.

The act entitled "An act to punish offenders against chastity,
morality, and decency," approved, February 15, 1869.

The act entitled "An act to amend section twenty, chapter four,
of the criminal code," approved, February 15, 1869.

Sections thirty-one, thirty-two, thirty-three, thirty-four, thirty-
five, thirty-six, thirty-seven, thirty-eight, forty, forty-three, forty-
four, forty-five, forty-six, forty-seven, forty-eight, forty-nine, and
fifty of the act entitled "An act to amend [chapter] section seven-
teen, of Revised Statutes, entitled elections," approved, February
15, 1869.

213 ff

Section one hundred and three of the act entitled "An act to provide a system of revenue," approved, February 15, 1869.

The act entitled "An act to amend section six of an act entitled 'An act to punish offenders against chastity, morality, and decency,' approved, February 15, 1869," approved, February 24, 1870.

The act entitled "An act to confer jurisdiction upon justices of the peace in cases of misdemeanor, and to regulate the procedure in such cases," approved, March 10, 1871.

The act entitled "An act to authorize district courts to assign counsel to defend indigent prisoners in criminal cases, and to provide compensation of counsel," approved, March 10, 1871.

The act entitled "An act making it a misdemeanor for a justice of the peace, or other officer, to fail or neglect to comply with the laws relating to the imposition, collection, and disposition of fines and penalties," approved, February 1, 1871.

The act entitled "An act to protect insectivorous and useful birds," approved, March 1, 1871.

And all other acts and parts of acts in conflict with the provisions of this act, be and the same are hereby repealed: *Provided,* That the validity of all said acts and parts of acts so repealed, shall be saved and continued to the extent described in section two hundred and fifty-five.

Time of taking effect. SEC. 571. This act shall take effect and be in force from and after the first day of September, eighteen hundred and seventy-three.

This act received at Executive Department, February 27, 1873, at 11 and 30 o'clock p.m.

(Signed)                                    ROBT. W. FURNAS.

I, M. H. Sessions, speaker of the house, do hereby certify that a bill for an act to establish a criminal code was duly presented to the governor for his approval that he having failed to return the same, within three days after such presentation, the same has become a law without the signature of the governor, according to the provisions of the constitution.

March 4, 1873.

(Signed)                                    M. H. SESSIONS.
                                            *Speaker of the House.*

Attest:

(Signed)                                    J. W. ELLER,
                                    *Chief Clerk House of Representatives.*

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 72 of 227

I, William A. Gwyer, president of the senate of the State of Nebraska, do hereby certify that this bill (a bill for an act to provide a criminal code) was duly presented to the governor of said state for his approval and signature, and he failed to sign or return the same to the senate, in which it originated, within three days (Sundays excepted) after the same was so presented to him for approval and signature, and that in accordance with the provisions of the State Constitution, said bill has become a law, without the approval of the governor.

(Signed)                    WILLIAM A. GWYER,
                                *President of the Senate.*

Attest:
(Signed)                    D. H. WHEELER,
                                *Secretary of the Senate.*


## CHAPTER LIII.[1]

### LICENSE AND SALE OF LIQUORS.

SECTION.
572. County commissioners may grant license.
573. Period for which license granted.
574. Penalty for selling to apprentice or servant under twenty-one; form of complaint.
575. Penalty for selling to Indian, insane person, or idiot.
576. Person licensed shall pay all damages, etc., growing out of traffic.
577. Married woman may sue for damages sustained by herself and children.
578. Suit when any person shall become a public charge by reason of intemperance.
579. Foundation of suit.
580. Suits for sale of less quantities than five gallons not entertained.
581. Penalty for selling without license.

SECTION.
582. Warrant to be issued upon complaint of violation of law.
583. When suits for damages may be commenced before a justice of the peace.
584. Judgment upon conviction to be transmitted to county commissioners.
585. Citation to show cause why license should not be revoked.
586. Acts devolving upon county commissioners shall devolve on authorities of incorporated towns and cities.
587. Penalty for violation of law, etc.
588. Justice of the peace shall issue warrant upon complaint.
589. Appeal to district court.
590. Property of defendant not exempt from sale upon execution, etc.

SEC. 572. The county commissioners of any county in this state may, at any regular session of said board of commissioners, grant and issue a license for the sale of malt, spirituous, and vinous liquors, to any person or persons, who shall comply with the following conditions: *County commissioners may grant license.*

*First.* The applicant for a license shall file with the county clerk the petition of at least ten freeholders of the precinct in which he resides, signed and attested before a justice of the peace or other competent officer, setting forth that the applicant for license is a man of respectable character and standing, and a resident of this state, and praying that license may issue to him.

*Second.* The applicant shall at the same time file with the

---

[1] This chapter of the criminal code of 1866 remains in force, being expressly exempted from the operation of the clause repealing the same. See Sec. 570, *ante-page* 849. The numbers of the sections comprising it have been changed so as to correspond with the balance of the code.

 

DATE DOWNLOADED: Fri Jul 8 12:55:07 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1872 654 .

ALWD 7th ed.
, , 1872 654 .

Chicago 17th ed.
"," West Virginia - Constitution and Scedule Adopted in Convention; 11th Legislature,
Regular Session : 654-709

AGLC 4th ed.
'' West Virginia - Constitution and Scedule Adopted in Convention; 11th Legislature,
Regular Session 654

OSCOLA 4th ed.
'' 1872 654

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

and for rights of entry upon lands, right of way and the use of materials necessary to the construction, maintenance and operation of said lines of pipes and fixtures as aforesaid, they shall be entitled to all the rights and privileges, and be subject to all the limitations and restrictions of railroad companies as contained in the act aforesaid relating to railroad companies: Provided, however, that nothing herein contained shall be construed to authorize the construction of any railroad, or the condemnation of more land than may be necessary for depots and pumping-stations, and to lay down and keep in repair said line of pipes.

*Proviso.*

*Quantity of land to be condemned, limited.*

2. That any company organized under the provisions of this act, may at any time change the location of the whole or any part of their pipes, or construct a branch or branches from any point or place within the counties aforesaid; but, before doing so, a majority of the directors of said company shall make or cause to be made a certificate, in writing, setting forth the proposed change, particularly setting forth the proposed routes and termini, and have the same executed, acknowledged and recorded in like manner as the original articles of incorporation.

*Company may change location of pipes, or construct branches: how.*

---

## CHAPTER CCXXVI.

AN ACT to reduce into one the laws defining the jurisdiction, powers and duties of justices of the peace and constables.

Passed December 27, 1873.

Be it enacted by the Legislature of West Virginia:

1. The jurisdiction of justices and the powers and duties of constables shall extend throughout their counties.

*Jurisdiction extends throughout county.*

Digitized from Best Copy Available

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 75 of 227

person who shall, in his presence or hearing, while in the discharge of his duties as a justice, swear any profane oath or oaths, not exceeding two dollars for each offense.

*Conservators of the peace; power to fine for swearing profane oaths, &c.*

168. If a justice shall, from his own observation or upon information of others, have good reason to believe that any person in his county is habitually carrying about his person concealed weapons, such as dirks, bowie-knives, pistols or other dangerous weapons, it shall be the duty of such justice to cause such person to be arrested and brought before him, and if such person upon trial shall be found guilty, he shall be fined not exceeding ten dollars.

*Concealed weapons.*

*Penalty.*

169. If any justice of the peace shall wilfully fail to execute the duties imposed upon him by the one hundred and sixty-seventh and one hundred and sixty-eighth sections of this act he shall be deemed guilty of a misdemeanor, and liable to an indictment in the circuit court of his county for the same, and if found guilty, shall be fined not exceeding fifty dollars.

*Penalty on justice for failure to execute duties imposed.*

170. The justice shall in all cases have power to summon witnesses to appear before him on the trial of any cause, or upon the investigation of any subject of which he has jurisdiction, and compel their attendance by fine or attachment.

*Power to summon witnesses and compel attendance.*

171. A justice upon the trial of any offense against the state shall in his practice conform as near as may be to the practice of the county court.

*Practice in justices court in trials of offenses against the state.*

172. Chapter fifty of the code, and the act entitled, "an act in relation to the jurisdiction, powers and duties of justices of the peace and constables," approved January twentieth, 1873, and all other acts and parts of acts inconsistent with this act, are hereby repealed.

*Inconsistent acts repealed.*

173. This act shall take effect on the first day of April, 1873.

*Commencement.*

*60

Digitized from Best Copy Available




DATE DOWNLOADED: Fri Jul  8 03:47:58 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1874 3 .

ALWD 7th ed.
, , 1874 3 .

Chicago 17th ed.
"," Missouri - 27th General Assembly, Adjourned Session : 3-[ii]


AGLC 4th ed.
'' Missouri - 27th General Assembly, Adjourned Session 3

OSCOLA 4th ed.
'' 1874 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

COURTS—CRIMES AND MISDEMEANORS. 43

SEC. 5. The clerks so appointed shall, before entering upon their duties, enter into bond, with two or more sufficient securities, in the sum of not exceeding five thousand dollars, payable to the state of Missouri, conditioned for the faithful performance of the duties devolved upon them by this act—said bond to be taken and the amount thereof fixed by the judge of the circuit court of the county in which such clerk shall be appointed; which bond shall be filed in the office of the clerk of the circuit court of said county, and may be sued on in the name of the state of Missouri, for the use of any one injured by the breach thereof.

SEC. 6. This act to take effect and be in force from and after its passage.

APPROVED March 19, 1874.

---

## CRIMES AND MISDEMEANORS: CARRYING CONCEALED WEAPONS.

AN ACT to prevent the carrying of concealed weapons.

| SECTION | SECTION |
|---|---|
| 1. Carrying concealed weapons in public assemblages prohibited. | 2. Act to take effect immediately. |

*Be it enacted by the General Assembly of the State of Missouri, as follows:*

SECTION 1. Whoever shall, in this state, go into any church or place where people have assembled for religious worship, or into any school-room, or into any place where people may be assembled for educational, literary or social purposes, or to any election precinct on any election day, or into any court-room during the sitting of court, or into any other public assemblage of persons met for other than militia drill or meetings, called under the militia law of this state, having concealed about his person any kind of fire-arms, bowie-knife, dirk, dagger, slung-shot, or other deadly weapon, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not less than ten nor more than one hundred dollars, or by imprisonment in the county jail not to exceed six months, or by both such fine and imprisonment: *Provided*, that this act shall not apply to any person whose duty it is to bear arms in the discharge of duties imposed by law.

SEC. 2. This act shall take effect and be in force from and after its passage.

APPROVED March 26, 1874.

 

DATE DOWNLOADED: Thu Jul 7 23:12:17 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1874-1875 1 .

ALWD 7th ed.
, , 1874-1875 1 .

Chicago 17th ed.
"," Arkansas - 20th General Assembly, Regular Session : 1-255

AGLC 4th ed.
'' Arkansas - 20th General Assembly, Regular Session 1.

OSCOLA 4th ed.
'' 1874-1875 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

ACTS OF ARKANSAS. 156

AN ACT entitled an act to prohibit the carrying of side-arms, and other deadly weapons.

SECTION
1. Penalty for carrying weapons; exceptions to same.
2. Disposal of fines collected under this act.
3. Penalty of Justices of the Peace for non-observance of this act.
4. Penalty on other officers.
5. Conflicting laws repealed and this act in force ninety days after passage.

*Be it enacted by the General Assembly of the State of Arkansas:*

SECTION 1. That any person who shall wear or carry any pistol of any kind whatever, or any dirk, butcher or bowie knife, or a sword or a spear in a cane, brass or metal knucks, or razor, as a weapon, shall be adjudged guilty of a misdemeanor, and upon conviction thereof, in the county in which said offense shall have been committed, shall be fined in any sum not less than twenty-five nor more than one hundred dollars, to be recovered by presentment or indictment in the Circuit Court, or before any Justice of the Peace of the county wherein such offense shall have been committed ; *Provided*, That nothing herein contained shall be so construed as to prohibit any person wearing or carrying any weapon aforesaid on his own premises, or to prohibit persons traveling through the country, carrying such weapons while on a journey with their baggage, or to prohibit any officer of the law wearing *or car- [ *156 ] rying such weapons when engaged in the discharge of his official duties, or any person summoned by any such officer to assist in the execution of any legal process, or any private person legally authorized to execute any legal process to him directed.

SEC. 2. That the fines collected by any officer, under and by virtue of this act, shall be immediately paid into the county treasury by the officer collecting the same, and he shall take from the Treasurer duplicate receipts therefor, one of which he shall file in the Clerk's office of his county ; and the County Treasurer shall hold the fines collected and paid over as aforesaid as part and parcel of the school fund of his county, and shall be responsible on his official bond for the safe-keeping and disbursement of the same.

SEC. 3. That any Justice of the Peace in this State, who, from his own knowledge or from legal information received, knows, or has reasonable grounds to believe, any person guilty of the offense in section one, of this act described, and shall fail or refuse to proceed against such person, shall be adjudged guilty of a nonfeasance in office, and upon conviction thereof shall be fined in any sum not less than twenty-five nor more than three hundred dollars, to be recovered by presentment or indictment in the Circuit Court of the county wherein such offense shall have been committed, and shall moreover be removed from office.

Sec. 4. That any Sheriff, Coroner, Constable, or any police officer, of any city in this State, who may have personal knowledge of the commission of the offense, in the first section of this act described, and shall fail or refuse to arrest such offender and bring him to trial, shall be adjudged guilty of a nonfeasance in office, and upon conviction thereof, shall be punished as provided for Justices of the Peace in the foregoing section of this act.

Sec. 5. That all laws and parts of laws in conflict with this act are hereby repealed, and that this act take effect and be in force ninety days after its passage.

Approved February 16, 1875.

---

[ °157 ] °"AN ACT to encourage Mining and Manufacturing in the State of Arkansas."

PREAMBLE.

SECTION
1. What capital may be exempt from taxation; limit; how old corporations may receive benefit of act.
2. Statement required by persons wishing to avail themselves of provisions of act; duty of Assessor.
3. Proceedings when Assessor believes property is not really exempt under act.
4. Act in force from passage.

WHEREAS, The Constitution of the State of Arkansas, article ten, section three, provides that the General Assembly may, by general law, exempt from taxation for a term of seven years from the ratification of said Constitution, the capital invested in any and all kinds of mining and manufacturing business in this State, under such regulations and restrictions as may be prescribed by law; therefore,

*Be it enacted by the General Assembly of the State of Arkansas:*

SECTION 1. All capital which is or may hereafter be invested and exclusively used in the manufacture of cotton and woolen goods, yarn, farming implements, tanneries, cotton seed oil, in mining and smelting furnaces, shall be exempt from taxation for a period of seven years from and after the thirtieth day of October, eighteen hundred and seventy-four, the date of the ratification of said Constitution; *Provided*, That the capital invested in such manufacturing establishments shall exceed two thousand dollars ($2,000); and, *Provided further*, That no person, corporation or company having prior to the passage of this act, invested capital in any such manufacturing enterprise in this State shall be entitled to the exemption herein provided for, unless the capital stock so invested shall be increased twenty-five per centum of its value, as determined by the last annual assessment.

SEC. 2. All persons desiring to avail themselves of the provisions of this act shall annually, at the time provided

A072

 

DATE DOWNLOADED: Fri Jul 8 00:04:55 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1874 102 .

ALWD 7th ed.
, , 1874 102 .

Chicago 17th ed.
"," Virginia - 1874-1875 Session : 102-103

AGLC 4th ed.
'' Virginia - 1874-1875 Session 102.

OSCOLA 4th ed.
'' 1874 102

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

102 ACTS OF ASSEMBLY.

mayor, clerk, and treasurer, and recorded in a book to be kept for that purpose.

**Collection and distress for town taxes**

§ 24. The collector shall have power to collect the town taxes, fines, and levies, and shall have power, one month after he shall have received the books of the assessor of said town, to distrain and sell therefor, in like manner as the collector of taxes may sell and distrain for state taxes; and shall have, in all other respects, the same powers as such collector to enforce the payment and collection thereof.

**Powers of sergeant**

And the said sergeant shall have power to exercise, within the corporate limits of said town, and within one mile thereof, all the duties that a constable can legally exercise in regard to the collection of claims, executing and levying process; and shall discharge and enforce such police regulations and by-laws as may be imposed upon him from time to time by the council of said town; and he shall be entitled

**Compensation and liabilities**

to receive such fees or compensation therefor as may be allowed him by the said council. And he and his securities shall be liable to all the fines, penalties, and forfeitures as a constable is legally held to, for any failure or dereliction of duty in his said office, to be recovered in the same manner, and before the same courts, that said fines, penalties, and forfeitures are now recovered against a constable.

2. Any act or part of any act inconsistent with this act is hereby repealed.

**Commencement**

3. This act shall be in force from its passage.

---

CHAP. 124.—An ACT to prevent the Carrying of Fire-Arms, Bowie-Knives, and other Dangerous Weapons to places of Public Worship, or on Sundays, without sufficient cause.

Approved February 23, 1875.

**Carrying certain weapons to places of public worship, or on Sunday, prohibited**

1. Be it enacted by the general assembly, It shall not be lawful for any person to carry any gun, pistol, bowie-knife, dagger or other dangerous weapon, to any place of public worship during the time of holding any meeting for religious worship at such place, or to carry any such weapon on Sunday, at any place other than his own premises, except for good and sufficient cause.

**Penalty**

2. Any person guilty of the offence mentioned in the first section, shall be deemed guilty of a misdemeanor, and on conviction thereof, be fined not less than twenty-dollars.

**Arrest of offender**

3. It shall be the duty of justices of the peace, upon their own knowledge, or upon the affidavit of any person, that an offence under this act has been committed, to issue a warrant for the apprehension and arrest of such offender.

**Arrest without warrant**

4. If the offence be committed at a place of religious worship, the arrest may be ordered without a warrant by any conservator of the peace, and the party arrested be detained until a warrant can be obtained, not exceeding three hours.

A074

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 83 of 227

5. Such warrant may be made returnable before the person issuing the same, or any other justice of the peace, who may hear the case, and may, on being satisfied of the guilt of the accused, bind him over to appear at the next term of the circuit court of the county or corporation in which the offence was committed, or may fine the accused not less than ten nor more than twenty dollars; and in either case bind the accused to be of good behavior for twelve months, and require him to give bond conditioned therefor in a penalty of not less than fifty dollars, nor more than one hundred dollars, and in default of giving such security may confine the accused in the jail of his county or corporation for a period not over six months; but the accused may, at any time during such confinement, give such security. *Return of and proceedings upon warrant*

6. The accused may, if right, move the case for trial to the county or corporation court there to be heard; or may appeal from the judgment of the justice to the county or corporation court of the county or corporation wherein the case has been tried. *Right of accused to trial in county court*

7. The court to which the case is so removed or appeal taken, shall, if the accused so require, have the same tried as other misdemeanors are directed to be tried. *Case to be tried as a misdemeanor, if accused desire*

8. The accused party shall have the right to testify, in his own behalf, upon the hearing of any case occurring under this act. *Accused may testify*

9. This act shall be given in charge to the grand juries by the judges of the courts of this commonwealth wherein such juries are empanneled. *Act to be given in charge to grand juries*

---

CHAP. 125.—JOINT RESOLUTION requesting the Congress of the United States to make an Appropriation to the Dismal Swamp Canal.

Approved February 23, 1875.

Whereas the Dismal Swamp canal, as part of the continuous inland navigation of the Atlantic states affording a direct and safe avenue for commerce between the states, both in peace and war, and connecting the naval sites of the United States with the products of the states necessary to create and sustain a navy as the dignity and business growth of the country may hereafter require, deserves, from its military and commercial importance, the favorable consideration of Congress; and whereas it was constantly used by the United States government in the late war, without compensation, and returned to the company thereafter in a ruinous condition, it would seem, in view of these considerations, proper that some recognition of its claims for aid in its restoration should be had by congress; therefore, *Preamble declaring claims of Dismal Swamp canal company to compensation by congress for use of its works by United States*

Resolved by the house of delegates (the senate concurring), That the application of the Dismal Swamp canal *Representatives in congress*

 

DATE DOWNLOADED: Fri Jul  8 03:43:40 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1877 3 .

ALWD 7th ed.
, , 1877 3 .

Chicago 17th ed.
"," Missouri - 29th General Assembly, Regular Session : 3-432

AGLC 4th ed.
'' Missouri - 29th General Assembly, Regular Session 3

OSCOLA 4th ed.
'' 1877 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

CRIMES AND PUNISHMENTS.

## CRIMES AND PUNISHMENTS: Obstructing Railroad Cars.

AN ACT to amend section sixty of chapter two hundred and one of the General Statutes of the State of Missouri, entitled "Of offenses against public and private property."

SECTION 1. Maliciously throwing missiles at trains in motion.

*Be it enacted by the General Assembly of the State of Missouri, as follows:*

SECTION 1. That section sixty of chapter 201 of the General Statutes of Missouri, be amended so as to read as follows: Section 60. Every person who shall willfully and maliciously place any obstruction, by stones, logs or any other thing, on the track of a railroad, or shall tear up or remove any portion of a railroad or the works thereof, with intent to obstruct the passage of a car or cars thereon, or throw them off the track; or shall willfully and maliciously throw any stone, stick or other thing into or at any train, or into or at any car or locomotive while the same is in motion or otherwise, shall, upon conviction, be imprisoned in the penitentiary not exceeding twenty years.

Approved April 28, 1877.

---

## CRIMES AND PUNISHMENTS: Deadly Weapons.

AN ACT to preserve the public peace by preventing the display of knives and other deadly weapons in the presence of one or more persons.

SECTION 1. Exhibition of deadly weapons a misdemeanor; penalty.

*Be it enacted by the General Assembly of the State of Missouri, as follows:*

SECTION 1. Whoever shall, in the presence of one or more persons, exhibit any kind of firearms, bowie knife, dirk, dagger, slung shot or other deadly weapon, in a rude, angry or threatening manner, not in the necessary defence of his person, family or property, shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be punished by a fine of not less than ten nor more than five hundred dollars, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment.

Approved April 17, 1877.




DATE DOWNLOADED: Fri Jul  8 18:23:53 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1878 175 .

ALWD 7th ed.
, , 1878 175 .

Chicago 17th ed.
"," Mississippi - Regular Session : 175-176

AGLC 4th ed.
'' Mississippi - Regular Session 175

OSCOLA 4th ed.
'' 1878 175

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## CHAPTER XLVI.

AN ACT to prevent the carrying of concealed weapons, and for other purposes.

SECTION 1. *Be it enacted by the Legislature of the State of Mississippi,* That any person, not being threatened with, or having good and sufficient reason to apprehend an attack, or traveling (not being a tramp) or setting out on a journey, or peace officers, or deputies in discharge of their duties, who carries concealed, in whole or in part, any bowie knife, pistol, brass knuckles, slung shot or other deadly weapon of like kind or description, shall be deemed guilty of a misdemeanor, and on conviction, shall be. punished for the first offence by a fine of not less than five dollars nor more than one hundred dollars, and in the event the fine and cost are not paid shall be required to work at hard labor under the direction of the board of supervisors or of the court, not exceeding two months, and for the second or any subsequent offence, shall, on conviction, be fined not less than fifty nor more than two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor not exceeding six months under the direction of the board of supervisors, or of the court. That in any proceeding under this section, it shall not be necessary for the State to allege or prove any of the exceptions herein contained, but the burden of proving such exception shall be on the accused.

*When concealed weapons may be carried.*

*Penalty for carrying weapons.*

*Burden of proof on accused.*

SEC. 2. *Be it further enacted,* That it shall not be lawful for any person to sell to any minor or person intoxicated, knowing him to be a minor or in a state of intoxication, any weapon of the kind or description in the first section of this Act described, or any pistol cartridge, and on conviction shall be punished by a fine not exceeding two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor under the direction of the board of supervisors or of the court, not exceeding six months.

*Minors, or persons intoxicated.*

176        LAWS OF THE

SEC. 3. *Be it further enacted,* That any father, who shall knowingly suffer or permit any minor son under the age of sixteen years to carry concealed, in whole or in part, any weapon of the kind or description in the first section of this Act described, shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than twenty dollars, nor more than two hundred dollars, and if the fine and costs are not paid, shall be condemned to hard labor under the direction of the board of supervisors or of the court.

*Minor under 16 years.*

SEC. 4. *Be it further enacted,* That any student of any university, college or school, who shall carry concealed, in whole or in part, any weapon of the kind or description in the first section of this Act described, or any teacher, instructor, or professor who shall, knowingly, suffer or permit any such weapon to be carried by any student or pupil, shall be deemed guilty of a misdemeanor, and, on conviction, be fined not exceeding three hundred dollars, and if the fine and costs are not paid, condemned to hard labor under the direction of the board of supervisors or of the court.

*Students.*

SEC. 5. *Be it further enacted,* That each justice of the peace before whom a conviction is had, shall, in addition to the costs now allowed by law, be entitled to a tax fee of two dollars and a half.

*Tax fee of justice.*

SEC. 6. *Be it further enacted,* That immediately after the passage of this Act, the Secretary of State shall transmit a copy to each circuit judge in the State, who shall cause the same to be read in open court on the day for the calling of the State docket of the court.

*Act to be read in courts*

SEC. 7. *Be it further enacted,* That this Act take effect from and after its passage.

APPROVED, February 28, 1878.

 

DATE DOWNLOADED: Fri Jul  8 00:21:44 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1879 231 .

ALWD 7th ed.
, , 1879 231 .

Chicago 17th ed.
"," North Carolina - Laws and Resolutions, General Assembly : 231-231

AGLC 4th ed.
'' North Carolina - Laws and Resolutions, General Assembly 231

OSCOLA 4th ed.
'' 1879 231

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## CHAPTER 127.

AN ACT TO MAKE THE CARRYING OF CONCEALED WEAPONS
A MISDEMEANOR.

*The General Assembly of North Carolina do enact:*

SECTION 1. That it shall be unlawful for any person in this state, except when upon his own premises, to carry concealed about his person any pistol, bowie-knife, dirk, dagger, slung-shot, loaded cane, brass, iron or metallic knuckles, or other deadly weapon of like kind. *(Unlawful to carry concealed weapons.)*

SEC. 2. That any person offending against section one of this act shall be guilty of a misdemeanor, and upon conviction thereof shall be fined or imprisoned in the discretion of the court. *(Misdemeanor.)*

SEC. 3. The following persons shall be exempt from the provisions of section one of this act: officers and soldiers of the United States army, civil officers of the United States while in the discharge of their official duties, officers and soldiers of the militia of this state when called into actual service, officers of this state or of any county, city or town of this state, charged with the execution of the laws of this state, while in the discharge of his official duties. *(Who exempt from provisions of this act.)*

SEC. 4. Any person being off his own premises and having upon his person any deadly weapon described in section one, such possession shall be *prima facie* evidence of the concealment thereof. *(Having weapon on person prima facie evidence of concealment.)*

SEC. 5. This act shall go into effect on the first day of July, Anno Domini one thousand eight hundred and seventy-nine.

Ratified the 5th day of March, A. D. 1879.




DATE DOWNLOADED: Fri Jul  8 13:05:16 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1882 421 .

ALWD 7th ed.
, , 1882 421 .

Chicago 17th ed.
"," West Virginia - 15th Legislature, Adjourned Session : 421-424

AGLC 4th ed.
'' West Virginia - 15th Legislature, Adjourned Session 421

OSCOLA 4th ed.
'' 1882 421

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

of his duty as such, or by any means obstruct or impede, or attempt to obstruct or impede the administration of justice in any court, he shall be guilty of a misdemeanor, and unless otherwise provided by law he shall be fined not less than twenty-five nor more than two hundred dollars, and be imprisoned in the county jail not exceeding six months. <span style="float:right">Punishment prescribed.</span>

[Approved March 29, 1882.]

[NOTE BY THE CLERK OF THE HOUSE OF DELEGATES.]

The foregoing act takes effect at the expiration of ninety days after its passage.

————

## CHAPTER CXXXV.

AN ACT amending and re-enacting section seven of chapter one hundred and forty-eight of the code of West Virginia, and adding additional sections thereto for the punishment of unlawful combinations and conspiracies to injure persons or property.

[Passed March 24, 1882.]

Be it enacted by the Legislature of West Virginia:

1. That section seven of chapter one hundred and forty-eight of the code of West Virginia be, and the same is hereby, amended and re-enacted so as to read as follows: <span style="float:right">Code amended; section 7 of chapter 148 of.</span>

7. If a person carry about his person any revolver or other pistol, dirk, bowie knife, razor, slung shot, billy, metalic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor, and fined not less than twenty-five nor more than two hundred dollars, and may, at the discretion of the court, be confined in jail not less than one, nor more than twelve months; and if any person shall sell or furnish any such weapon as is hereinbefore mentioned to a person whom he knows, or has reason, from his appearance or otherwise, to believe to be under the age of twenty-one years, he shall be punished as hereinbefore provided; but nothing herein contained shall be so construed as to prevent any person from keeping or carrying about his dwelling house or premises any such revolver or other pistol, or from carrying the same from the place of purchase to his dwelling house, or from his dwelling house to any place where repairing is done, to have it repaired, and back again. And if upon the trial of an indictment for carrying any such pistol, dirk, razor or bowie knife, the <span style="float:right">Deadly weapons; penalty for carrying.</span> <span style="float:right">Selling certain weapons to minors; penalty.</span> <span style="float:right">Acts of persons to which sections do not apply.</span> <span style="float:right">Upon trial of indictment for carrying deadly</span>

Digitized from Best Copy Available

**cealed weapons, when jury to find accused not guilty.** defendant shall prove to the satisfaction of the jury that he is a quiet and peaceable citizen, of good character and standing in the community in which he lives, and at the time he was found with such pistol, dirk, razor or bowie knife, as charged in the indictment, he had good cause to believe and did believe that he was in danger of death or great bodily harm at the hands of another person, and that he was, in good faith, carrying such weapon for self defense and for no other purpose, the jury shall find him not guilty. But nothing in this section contained shall be **Provisions of section not to apply to officers of the law.** so construed as to prevent any officer charged with the execution of the laws of the state from carrying a revolver or other pistol, dirk or bowie knife.

**Additional sections added.** 2. That the said chapter be and the same is hereby amended by adding thereto the following additional sections, as parts thereof, to-wit:

**Combinations or conspiracies to injure etc, persons and property, deemed a misdemeanor.** 9. If two or more persons under the name of "Red Men," "Regulators," "Vigilance Committee," or any other name or without a name, combine or conspire together for the purpose of inflicting any punishment, or bodily injury upon any other person, or persons, or for the purpose of destroying, injuring, or taking and carrying away any property, real or personal, not their own, every such person, whether he has done any act in pursuance of such combination or conspiracy or not, shall be guilty of a mis- **Penalty.** demeanor and fined not less than fifty, nor more than five hundred dollars, and may, at the discretion of the court, be confined in jail not less than one, nor more than twelve months.

**Injury, etc., inflicted by such combination, etc , upon any person or property, deemed a felony Punishment. When such combination or conspiracy to be presumed.** 10. If any person, in pursuance of such combination or conspiracy as is mentioned in the next preceding section, shall inflict any punishment or bodily injury upon another person, or shall destroy, injure, or take and carry away, any property, real or personal, not his own, he shall be guilty of a felony, and confined in the penitentiary not less than two nor more than ten years. And if, on the trial of an indictment under this section it be proved that two or more persons, the defendant being one, were present, aiding and abetting in the commission of the offense charged therein, it shall be presumed that such offense was committed in pursuance of such combination or conspiracy, in the absence of satisfactory proof to the contrary. And all persons who shall be present, aiding and abetting, **Aiders and abettors deemed conspirators.** at the commission of any offense mentioned in this section shall be deemed conspirators within the meaning of this, and the next preceding section.

**No witness excused from answering, because such answers would,** 11. No person called as a witness for the state on the trial of any person for an offense mentioned in either of the two next preceding sections, shall be excused from answering any question which may be asked him as such

Digitized from Best Copy Available

witness, and which would be otherwise legal and proper, *etc., degrade him or expose him to punishment.* on the ground that the answer to such question would or might degrade him, or expose him to punishment; but no such witness, who shall fully and truly answer all such *Such witness answering truly and fully* questions as may be asked him touching his connection with, or knowledge of such combination or conspiracy, or *exempted from prosecution, etc., for same offense, etc.* of the commission of the offense charged in the indictment, in pursuance of such combination or conspiracy, shall thereafter be prosecuted or punished for the same offense mentioned in the indictment upon which the accused is being tried.

12. Persons offending against any of the provisions of *May be indicted jointly or separately.* the ninth and tenth sections of this chapter, may be indicted therefor, either jointly or separately.

13. If the death of any person shall result from the *If person die conspirators guilty of murder of first degree.* commission of any offense mentioned in the tenth section of this chapter, every person engaged in the commission of such offense shall be guilty of murder of the first degree, and punished as in other cases of murder of the first degree.

14. If any person by force, or other unlawful means, *To release or rescue, or attempt to release, etc., person charged, etc., with an offense under sections 9 and 10 a felony. Punishment.* shall release or rescue, or attempt to release or rescue a person in prison or other custody, charged with, or convicted of an offense under the provisions of the ninth or tenth section of this chapter, he shall be guilty of felony and confined in the penitentiary as provided in said tenth section.

15. If any person shall, by threats, menaces, or other- *Intimidating, etc., witness, a felony.* wise, intimidate, or attempt to intimidate, a witness for the state in any prosecution under the ninth, or any succeeding section of this chapter, for the purpose of preventing the attendance of such witness at the trial of such case, or shall in any way or manner prevent, or attempt to prevent, the attendance of any such witness at such trial, he shall be guilty of felony and confined in the *Punishment.* penitentiary not less than one, nor more than ten years, or he may, at the discretion of the court, be confined in the jail of the county not less than three, nor more than twelve months, and fined not less than one hundred, nor more than five thousand dollars.

16. The governor is hereby authorized, whenever in *Governor to employ any and all means, etc., to secure arrest of persons belonging to such unlawful combinations, etc.* his opinion it is proper to do so, to offer rewards, and employ special policemen and detectives, and to employ any and all means in his power, including the employment of any portion of the military forces of the state, to secure the apprehension of any and all persons belonging to any such unlawful combination, or who shall be charged with the commission of any offense mentioned in the tenth, or any succeeding section of this chapter.

[Approved March 29, 1882.]

Digitized from Best Copy Available

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 95 of 227

[NOTE BY THE CLERK OF THE HOUSE OF DELEGATES.]

The foregoing act takes effect from its passage, two-thirds of the members elected to each House, by a vote taken by yeas and nays, having so directed.

---

## CHAPTER CXXXVI.

AN ACT amending and re-enacting chapter one hundred and fifty-four of the code of West Virginia, concerning inquests on dead bodies.

[Passed March 24, 1882.]

Be it enacted by the Legislature of West Virginia:

*Code amended; chapter 154 of.*

1. That chapter one hundred and fifty-four of the code of West Virginia, be and the same is hereby amended and re-enacted so as to read as follows:

### CHAPTER CLIV.

*Of Inquest Upon Dead Bodies—Coroner; When and by Whom Appointed, &c.*

*Coroner; when and how appointed. Term of office and oath. Duty of coroner or justice upon being notified of death by violence, etc.*

*Warrant to issue; to whom directed and what to command.*

1. It shall be the duty of the county court of every county, from time to time, to appoint a coroner for such county, who shall hold his office during the pleasure of said court, and shall take the oath of office prescribed for other county officers. It shall be his duty, or if he be absent, or unable to act, or the office be vacant, the duty of any justice of the peace, upon being notified the dead body of a person, whose death is supposed to have been caused by violence or other unlawful act, and not by casualty, is within his county, to forthwith issue his warrant directed to a constable thereof who shall proceed to execute and make return of the same, commanding such constable to summon twelve suitable residents of the county to be in attendance on such coroner or justice, as jurors, at a place and on a day and hour to be designated in the warrant, to make inquisition, upon the view of the body of the person named therein, or of a person unknown, as the case may be, how such person came to his death; and may, by indorsement on such warrant, or by subpœna, command the officer to whom the same is delivered, to

*Witnesses to be summoned.*

summon such witnesses as the coroner or justice may designate, or as the constable may be informed, or have reason to believe, have knowledge of the circumstances attending such death, to be in attendance upon the said inquest at such time as may be designated in such indorsement or subpœna. In case of the inability or failure of

Digitized from Best Copy Available

 

DATE DOWNLOADED: Fri Jul 8 21:18:32 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1883 180 .

ALWD 7th ed.
, , 1883 180 .

Chicago 17th ed.
"," Virginia - 1883-1884 Session : 180-181

AGLC 4th ed.
'' Virginia - 1883-1884 Session 180

OSCOLA 4th ed.
'' 1883 180

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

**180**                           ACTS OF ASSEMBLY.

John D. Foster to be paid
1. Be it enacted by the general assembly of Virginia, That the board of supervisors of Henrico county be authorized, in their discretion, to allow and pay to John D. Foster, his bill of fourteen dollars, the amount of traveling expenses and hotel bills, incident to holding said courts.

Commencem't
2. This act shall be in force from its passage.

---

CHAP. 143.—An ACT to amend and re-enact an act approved March 6th, 1882, entitled an act to amend and re-enact the 7th section of the Revised Criminal Code, approved March 14th, 1878, to prevent the carrying of concealed weapons.

Approved February 22, 1884.

1. Be it enacted by the general assembly of Virginia, That an act approved March sixth, eighteen hundred and eighty-two, chapter two hundred and nineteen, page two hundred and thirty-three, Acts of eighteen hundred and eighty-one—eighty-two, entitled an act to amend and re-enact the seventh section of the Revised Criminal Code, approved March fourteenth, eighteen hundred and seventy-eight, be amended and re-enacted so as to read as follows:

Penalties for carrying concealed weapons
§ 7. If a person carry about his person, hid from common observation, any pistol, dirk, bowie-knife, razor, slung-shot, or any weapon of the like kind, he shall be fined not less than twenty dollars nor more than one hundred dollars, and said pistol, dirk, bowie-knife, razor, slung-shot, or any weapon of the like kind, shall be confiscated by the police justice, magistrate, or court trying the case, and sold by the proper officer at public auction, and the proceeds arising from the sale thereof shall go to the school fund: provided that any police officer, town or city sergeant, constable, sheriff, conservator of the peace, or collecting officer, when in the discharge of his official duty, shall not be amenable to the penalties of this act.

Commencem't
2. This act shall be in force from its passage.

---

CHAP. 144.—An ACT to authorize the Judges of the County Courts of Accomac and Stafford to have the registration-books copied.

Approved February 22, 1884.

Registration books of Accomac and Stafford to be copied
1. Be it enacted by the general assembly of Virginia, That it shall be lawful for the judges of the county courts of Accomac and Stafford, as soon as practicable, to order the registrars of the several precincts in said counties, to bring before them respectively the registration-books, and if upon





DATE DOWNLOADED: Fri Jul  8 17:24:27 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1886 602 .

ALWD 7th ed.
, , 1886 602 .

Chicago 17th ed.
"," Maryland - General Assembly, January Session : 602-602

AGLC 4th ed.
'' Maryland - General Assembly, January Session 602

OSCOLA 4th ed.
'' 1886 602

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## CHAPTER 375.

AN ACT to add a new section to article thirty of the Code of Public General Laws, title "Crimes and Punishments," providing for the punishment of carrying dangerous or deadly weapons.

SECTION 1. *Be it enacted by the General Assembly of Maryland*, That the following section be added to article thirty of the Code of Public General Laws, title "Crimes and Punishments."

To add.

SEC. —. Every person not being a conservator of the peace entitled or required to carry such weapon as a part of his official equipment, who shall wear or carry any pistol, dirk-knife, bowie-knife, slung-shot, billy, sand-club, metal knuckles, razor or any other dangerous or deadly weapon of any kind whatsoever, (penknives excepted) concealed upon or about his person, and every person who shall carry or wear any such weapon openly with the intent or purpose of injuring any person, shall, upon conviction thereof, be fined not more than five hundred dollars or be imprisoned not more than six months in jail or the House of Correction.

Concealed weapons.

SEC. 2. *And be it enacted*, That this act shall take effect from the date of its passage, and that all acts and parts of acts inconsistent with the provisions of this act be and the same are hereby repealed.

Effective.

Approved April 7, 1886.



DATE DOWNLOADED: Tue Jul 26 16:07:10 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1890 412 .

ALWD 7th ed.
, , 1890 412 .

Chicago 17th ed.
"," Oklahoma - 1st Regular Session : 412-522

AGLC 4th ed.
'' Oklahoma - 1st Regular Session 412

OSCOLA 4th ed.
'' 1890 412

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

(2430) § **6.** Every person who, with intent to extort any money or other property from another, sends to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat, such as is specified in the second section of this article, is punishable in the same manner as if such money or property were actually obtained by means of such threat.

*Chap. 25.*
*Sending threatening letter.*

(2431) § **7.** Every person who unsuccessfully attempts by means of any verbal threat such as is specified in the second section of this article, to extort money or other property from another is guilty of a misdemeanor.

*Attempting to extort money.*

## ARTICLE 47.—CONCEALED WEAPONS.

SECTION.
1. Prohibited weapons enumerated.
2. Same.
3. Minors.
4. Public officials, when privileged.
5. Arms, when lawful to carry.

SECTION.
6. Degree of punishment.
7. Public buildings and gatherings.
8. Intent of persons carrying weapons.
9. Pointing weapon at another.
10. Violation of certain sections.

(2432) § **1.** It shall be unlawful for any person in the Territory of Oklahoma to carry concealed on or about his person, saddle, or saddle bags, any pistol, revolver, bowie knife, dirk, dagger, slung-shot, sword cane, spear, metal knuckles, or any other kind of knife or instrument manufactured or sold for the purpose of defense except as in this article provided.

*Prohibited weapons enumerated.*

(2433) § **2.** It shall be unlawful for any person in the Territory of Oklahoma, to carry upon or about his person any pistol, revolver, bowie knife, dirk knife, loaded cane, billy, metal knuckles, or any other offensive or defensive weapon, except as in this article provided.

*Same.*

(2434) § **3.** It shall be unlawful for any person within this Territory, to sell or give to any minor any of the arms or weapons designated in sections one and two of this article.

*Minors.*

(2435) § **4.** Public officers while in the discharge of their duties or while going from their homes to their place of duty, or returning therefrom, shall be permitted to carry arms, but at no other time and under no other circumstances: *Provided, however,* That if any public officer be found carrying such arms while under the influence of intoxicating drinks, he shall be deemed guilty of a violation of this article as though he were a private person.

*Public officials, when privileged.*

(2436) § **5.** Persons shall be permitted to carry shot-guns or rifles for the purpose of hunting, having them repaired, or for killing animals, or for the purpose of using the same in public muster or military drills, or while travelling or removing from one place to another, and not otherwise.

*Arms, when lawful to carry.*

(2437) § **6.** Any person violating the provisions of any one of the foregoing sections, shall on the first conviction be adjudged guilty of a misdemeanor and be punished by a fine of not less than twenty-five dollars nor more than fifty dollars, or by imprisonment in the county jail not to exceed thirty days or both at the discretion of the court. On the second and every subsequent con-

*Degree of punishment.*

 

DATE DOWNLOADED: Fri Jul  8 00:52:44 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1891-1892 95 .

ALWD 7th ed.
, , 1891-1892 95 .

Chicago 17th ed.
"," Vermont - 12th Biennial Session; Special Session - 1891 : 95-96


AGLC 4th ed.
'' Vermont - 12th Biennial Session; Special Session - 1891 95

OSCOLA 4th ed.
'' 1891-1892 95

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

SEC. 5. This act shall take effect on the first day of May, 1893.

Approved November 22, 1892.

---

## No. 84.—AN ACT IN AMENDMENT OF SECTION 4074 OF THE REVISED LAWS, RELATING TO GAMES.

*It is hereby enacted by the General Assembly of the State of Vermont :*

Section four thousand and seventy-four of the Revised Laws is hereby amended by inserting therein, after the word "billiard table," in the first line of said section, the words "pool table."

Approved November 15, 1892.

---

## No. 85.—AN ACT AGAINST CARRYING CONCEALED WEAPONS.

*It is hereby enacted by the General Assembly of the State of Vermont :*

SECTION 1. A person who shall carry a dangerous or deadly weapon, openly or concealed, with the intent or avowed purpose of injuring a fellow man, shall, upon conviction thereof, be punished by a fine not exceeding two hundred dollars, or by imprisonment not exceeding two years, or both, in the discretion of the court.

SEC. 2. A person who shall carry or have in his possession while a member of and in attendance upon any school, any firearms, dirk knife, bowie knife, dagger or other dangerous or deadly weapon shall, upon conviction thereof, be fined not exceeding twenty dollars.

Approved November 19, 1892.

---

## No. 86.—AN ACT TO PREVENT FRAUD AT AGRICULTURAL FAIRS AND EXHIBITIONS OF HORSES.

| SECTION. | SECTION. |
|---|---|
| 1. Societies authorized to hold public fairs may offer premiums or purses for competition of horses in respect to speed, and may make rules for the conduct of their exhibitions. | 2. Societies may classify horses respecting previous exhibitions of speed. |
| | 3. Penalty for entering disguised horse, representing animal to be another horse; or entering horse in a class in which he is not elligible. |
| | 4. When to take effect. |

*It is hereby enacted by the General Assembly of the State of Vermont:*

SECTION 1. Agricultural societies, corporations and associations, authorized under the laws of this State to hold public fairs

 

DATE DOWNLOADED: Fri Jul 8 00:46:18 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1893 231 .

ALWD 7th ed.
, , 1893 231 .

Chicago 17th ed.
"," Rhode Island - January Session : 231-232

AGLC 4th ed.
'' Rhode Island - January Session 231

OSCOLA 4th ed.
'' 1893 231

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

five hundred dollars, for the faithful discharge of the duties of his office: *Provided*, that no person shall act as a public weigher of coal or other merchandise of which he is either the buyer or seller, or in the sale whereof he has any interest.

SEC. 20.    Every person who shall sell coal or other **Penalty.** merchandise without its first being weighed by a public weigher, when the same shall be demanded by the purchaser, and procuring a certificate of such weight for the purchaser, shall be fined twenty dollars for each offence.

SEC. 21.    The sealers of the different towns and **Inventory by town sealer.** cities shall make an inventory of weights, measures and balances furnished by the state and the condition of the same, on a blank prepared for that purpose, in the month of October of each year, and shall forward the same to the state sealer of weights and measures.

SEC. 22.    The different town councils of the several **Deputy town sealer.** towns, and the board of aldermen of cities, may appoint, upon recommendation of their respective town or city sealers, one or more persons as deputy sealers of their town or city, who shall assist the said town or city sealer and, in the absence from duty of such town or city sealer, shall perform all the duties of town or city sealer as may be required of them for the time being.

SEC. 23.    All acts and parts of acts inconsistent herewith are hereby repealed.

SEC. 24.    This act shall take effect upon its passage.

---

## CHAPTER 1180.

### AN ACT PROHIBITING THE CARRYING OF CONCEALED WEAPONS.

**Passed May 3, 1893.**

*It is enacted by the General Assembly as follows:*

SECTION 1.    No person shall wear or carry in this **Concealed weapons.** state any dirk, bowie knife, butcher knife, dagger, razor, sword in cane, air gun, billy, brass or metal knuckles, slung shot, pistol or fire arms of any description, or other weapons of like kind and description,

232                    JANUARY, 1893.

Certain exemp-
tions.

concealed upon his person: *Provided*, that officers or watchmen whose duties require them to make arrests or to keep and guard prisoners or property, together with the persons summoned by such officers to aid them in the discharge of such duties, while actually engaged in such duties, are exempted from the provisions of this act.

Penalty.

SEC. 2.   Any person convicted of a violation of the provisions of section 1 shall be fined not less than twenty dollars nor more than two hundred dollars, or be imprisoned not less than six months nor more than one year.

Penalty when charged with other crimes.

SEC. 3.   Whenever any person shall be arrested charged with any crime or misdemeanor, or for being drunk or disorderly, or for any breach of the peace, and shall have concealed upon his person any of the weapons mentioned in section 1, such person, upon complaint and conviction, in addition to the penalties provided in section 2, shall be subject to a fine of not less than five dollars nor more than twenty-five dollars, and the confiscation of the weapon so found.

SEC. 4.   This act shall take effect from and after its passage.

---

CHAPTER 1181.

Passed May 9, 1893.

AN ACT IN RELATION TO THE ELECTION OF MEMBERS OF THE GENERAL ASSEMBLY.

*It is enacted by the General Assembly as follows:*

Adjournment of certain elections.

SECTION 1.   Whenever in any town not divided into voting districts there shall be no election of senator or representatives in the general assembly, or of any of them, at the first trial, the meeting held for such election shall stand adjourned to a date to be fixed by the electors at said meeting, but which shall be not less than three days from the date of such meeting, at which time the polls shall be reopened for the purpose of completing such election, with like adjournment therefrom, but no adjournment or adjournments shall exceed seven days from the first meeting.

 

DATE DOWNLOADED: Thu Jul  7 22:25:29 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1837 3 .

ALWD 7th ed.
, , 1837 3 .

Chicago 17th ed.
"," Georgia - Annual Session : 3-288

AGLC 4th ed.
'' Georgia - Annual Session 3

OSCOLA 4th ed.
'' 1837 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## DEADLY WEAPONS.

AN ACT to guard and protect the citizens of this State, against the unwarrantable and too prevalent use of deadly weapons.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the State of Georgia, in General Assembly met, and it is hereby enacted by the authority of the same,* That from and after the passage of this act, it shall not be lawful for any merchant, or vender of wares or merchandize in this State, or any other person or persons whatsoever, to sell, or offer to sell, or to keep, or have about their person or elsewhere, any of the hereinafter described weapons, to wit: Bowie, or any other kind of knives, manufactured and sold for the purpose of wearing, or carrying the same as arms of offence or defence, pistols, dirks, sword canes, spears, &c., shall also be contemplated in this act, save such pistols as are known and used, as horseman's pistols, &c.

SEC. 2. *And be it further enacted by the authority aforesaid,* That any person or persons within the limits of this State, violating the provisions of this act, except as hereafter excepted, shall, for each and every such offence, be deemed guilty of a high misdemeanor, and upon trial and conviction thereof, shall be fined, in a sum not exceeding five hundred dollars for the first offence, nor less than one hundred dollars at the direction of the Court; and upon a second conviction, and every after conviction of a like offence, in a sum not to exceed one thousand dollars, nor less than five hundred dollars, at the discretion of the Court.

SEC. 3. *And be it further enacted by the authority aforesaid,* That it shall be the duty of all civil officers, to be vigilent in carrying the provisions of this act into full effect, as well also as Grand Jurors, to make presentments of each and every offence under this act, which shall come under their knowledge.

SEC. 4. *And be it further enacted by the authority aforesaid,* That all fines and forfeitures arising under this act, shall be paid into the county Treasury, to be appropriated to county purposes: *Provided, nevertheless,* that the provisions of this act shall not extend to Sheriffs, Deputy Sheriffs, Marshals, Constables, Overseers or Patrols, in actual discharge of their respective duties, but not otherwise: *Provided, also,* that no person or persons, shall be found guilty of violating the before recited act, who shall openly wear, externally, Bowie Knives, Dirks, Tooth Picks, Spears, and which shall be exposed plainly to view: *And provided, nevertheless,* that the provisions of this act shall not extend to prevent venders, or any oth-

er persons who now own and have for sale, any of the aforesaid weapons, before the first day of March next.

SEC. 5. *And be it further enacted by the authority aforesaid,* That all laws and parts of laws militating against this act, be, and the same are, hereby repealed.

JOSEPH DAY,
Speaker of the House of Representatives,

ROBERT M. ECHOLS,
President of the Senate.

Assented to, 25th December, 1837.
GEORGE R. GILMER, Governor.

----

## DEEDS.

AN ACT to admit certain Deeds to be recorded and read in evidence ; and also, to prescribe the effect of certain other Deeds.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the State of Georgia, in General Assembly met, and it is hereby enacted by the authority of the same,* That from and after the passing of this act, all Deeds for lands which may have been recorded upon the usual proof of execution, but not recorded within the time prescribed by the laws of this State, shall be admitted in evidence, without further proof; and when the originals are lost or destroyed, and that being made judicially known to the Court, copies of the same may be introduced and read in evidence, on any trial before any Court of law or equity, in this State.

SEC. 2. *And be it further enacted by the authority aforesaid,* That all Deeds executed, according to the laws of this State, but not yet recorded, may nevertheless be recorded within twelve months from the passage of this act, upon the usual proof of their execution ; and when so recorded, the same or copies thereof, when the originals are shown to be lost or destroyed, may be read in evidence without further proof.

SEC. 3. *And be it further enacted by the authority aforesaid,* That all Deeds conveying lands hereafter executed upon being attested or proved in the manner required by the laws of this State, shall be admitted to record, at any time, and after being recorded, shall be received in evidence in any Court of Law or Equity, without further proof of the execution thereof.

SEC. 4. *And be it further enacted by the authority aforesaid,* That in all cases where two or more Deeds shall hereafter be executed by the same person or persons, conveying the same



DATE DOWNLOADED: Fri Jul  8 18:15:24 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1837 9 .

ALWD 7th ed.
, , 1837 9 .

Chicago 17th ed.
"," Mississippi - Called Session : 9-368

AGLC 4th ed.
'' Mississippi - Called Session 9

OSCOLA 4th ed.
'' 1837 9

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

288        LAWS OF MISSISSIPPI.

Repeal.    § 15. *Be it further enacted*, That all acts and parts of acts relating to the Roman catholic society of christians in the city of Natchez and its vicinity, be, and the same are hereby repealed.

To take effect.    § 16. *Be it further enacted*, That this act shall take effect from and be in force, from and after the passage thereof.

Approved, May 13, 1837.

———

AN ACT to prevent the evil practice of duelling in this state, and for other purposes.

Penalty for fighting or advising to fight a duel.    § 1. *Be it enacted by the legislature of the state of Mississippi*, That every person who shall hereafter challenge another to fight a duel, or who shall send, deliver or cause to be delivered any written or verbal message purporting or intended to be such challenge, or who shall accept any such challenge, or message, or who shall knowingly carry or deliver any such challenge or message, or who shall be present at the time of fighting any duel with deadly weapons, either as second, aid, or surgeon, or who shall advise or give assistance to such duel, shall on conviction thereof, before any circuit or criminal court in this state, be fined in a sum of not less than three hundred dollars, nor exceeding one thousand dollars, and shall be imprisoned for a term of time not less than six months.

Challenger or bearer of challenge prohibited from holding office.    § 2. *Be it further enacted*, That if any person shall give or accept such challenge, or knowingly carry or deliver such challenge, or the acceptance thereof be second of either party, to any duel, such person shall be in capable of holding, or being

B005

LAWS OF MISSISSIPPI. 289

elected to any post of honor, profit or emolument, civil or military, under the constitution and laws of this state, and the appointment of any such person to office, as also all votes given to any such person for any office, are hereby declared illegal, and none of the votes given to such person for any office under the laws of this state, shall be taken or counted.

§ 3. *Be it further enacted*, That if any person who shall have given or accepted such challenge, or knowingly carried or delivered such challenge, or accepted thereof, or shall have been the second of either party to any such duel, and shall assume to execute the duties of any office under the laws of this state, then all such, his acts and proceedings done under color of his office, shall be absolutely illegal and void. *Official acts of principals and seconds void.*

§ 4. *Be it further enacted*, That if any person shall send, deliver, or cause to be sent or delivered any challenge written or verbal, in this state, to any person to fight a duel out of this state, or shall leave this state and fight a duel out of the same, or shall accept such challenge out of this state, and shall leave this state for the purpose of eluding the provisions of this act, or if any person shall knowingly bear such challenge, or be concerned as second, aid, or surgeon of either party, without this state, the person so offending shall be deemed as guilty, and shall be subject to the like punishment as is provided in the first and second section of this act, and may be prosecuted and convicted for any offence mentioned in this section, in the circuit or criminal court of any county in this state. *May be prosecuted for aiding in, or fighting duel out of the state.*

§ 5. *Be it further enacted*, That if any person or persons shall be guilty of fighting in *Penalty for fighting in corpo-*

37

B006

**290**            LAWS OF MISSISSIPPI.

*rate town or city.* any corporate city or town, or any other town or public place, in this state, and shall in such fight use any rifle, shot gun, sword, sword cane, pistol, dirk, bowie knife, dirk knife, or any other deadly weapon; or if any person shall be second or aid in such fight, the persons so offending shall be fined not less than three hundred dollars, and shall be imprisoned not less than three months; and if any person shall be killed in such fight, the person so killing the other may also be prosecuted and convicted as in other cases of murder.

*Certain persons compelled to give evidence.*  § 6. *Be it further enacted,* That if any person shall offend against any of the provisions of this act, such person shall be a competent witness against any other person offending in the same transaction, and may be compelled to appear and give evidence before any justice of the peace, grand jury or court, in the same manner as other witnesses, but the testimony so given shall not be used in any prosecution or proceeding civil or criminal, against the person so testifying.

*Duty of grand jurors, justices, &c.*  § 7. *Be it further enacted,* That it shall be the duty of all grand jurors, justices of the peace, constables, members of boards of county police, sheriffs, and other peace officers, without delay, to give information against, and prosecute every person who shall be guilty of a violation of any of the provisions of this act, and all costs and expenses they may incur on account of the same, shall be paid on conviction, by the defendant, and if he shall be unable to pay the same, or be acquitted, then such cost and expenses shall be paid out of the state treasury.

*Survivor in a duel to*  § 8. *Be it further enacted,* That if any

duel shall be fought contrary to the provis- *pay debts of the person he kills.*
ions of this act, or if any person shall be guilty of fighting in any incorporate town or city, or any other town or public place in this state, and the parties or either of them shall use any rifle, shot gun, sword cane, pistol, dirk, dirk knife, bowie knife, or any other deadly weapon, contrary to the provisions of this act, and either of the parties combatant shall be killed, or shall die within ninety days of any wound received in any such duel or fight, the party surviving shall be, and he is hereby held chargeable with the payment of the debts of his antagonist so killed by him, and the estate of the party so killed shall be exhonerated from the payment of such debts, until the surviving party shall be first duly prosecuted to insolvency, and the person or persons to whom the combatant so killed in such duel, or fight, shall be indebted, may prosecute to judgment and execution any action of debt or assumpsit against such surviving party, which such person could have maintained against such party so killed, and in his declaration it shall be sufficient to set forth in substance the description of the judgment, bill, bond, note, assumpsit, or account, by which the deceased in his life time was indebted to the plaintiff, and to aver that the defendant and the deceased had fought a duel contrary to the provisions of this act, or had fought in an incorporated city or town, or other town or public place in this state, and had in such fight used a rifle, shot gun, sword, sword cane, pistol, dirk, dirk knife, bowie knife, or other deadly weapon, contrary to the meaning and intent of this act, and that in such duel or fight, the defendant had unlawfully killed the deceased, or had

given the deceased, in such duel or fight, a mortal wound, of which, within ninety days the deceased had died, and that in consideration of which the defendant had become bound to pay to the plaintiff the amount of money mentioned in such judgment, bill, bond, note, assumpsit, or account, and upon proving the same, the said plaintiff shall have verdict, judgment, and execution against the defendant, which shall appear to have been justly due, and owing from the deceased to the plaintiff, at the time of the commencement of such suit, any law usage or custom to the contrary notwithstanding.

**Penalty for unlawfully using deadly weapons.** § 9. *Be it further enacted,* That if any person having, or carrying any dirk, dirk knife, bowie knife, sword, sword cane, or other deadly weapon, shall, in the presence of three or more persons, exhibit the same in a rude, angry and threatening manner, not in necessary self defence, or shall in any manner unlawfully use the same in any fight or quarrel, the person or persons so offending, upon conviction thereof in the circuit or criminal court of the proper county, shall be fined in a sum not exceeding five hundred dollars, and be imprisoned not exceeding three months.

**Duty of circuit judges.** § 10. *Be it further enacted,* That it shall be the duty of the judges of the circuit courts to give this act in charge to the grand jury at each term of their respective courts, **To take effect.** and that this act shall be in force and take effect from and after the fourth day of July, one thousand eight hundred and thirty-seven.

Approved, May 13, 1837.

 

DATE DOWNLOADED: Thu Jul 7 22:40:25 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1838 36 .

ALWD 7th ed.
, , 1838 36 .

Chicago 17th ed.
"," Florida - 16th Session : 36-36

AGLC 4th ed.
'' Florida - 16th Session 36

OSCOLA 4th ed.
'' 1838 36

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

( 36 )

**Widow may make her election of dower.**

the statute of which this is an amendment, she shall make her election either of dower or of a childs part, within twelve months after the probate of the will or granting letters of administration, or she shall be confined to her dower.

**Fee simple title in widow.**

Sec. 2. That if a widow take dower, she shall be entitled only to a life estate in the real property, to return at her death, to the estate of her deceased husband for distribution; if she takes a childs part, she shall have in the property set apart to her, a fee simple estate in the real property, and an absolute title to the personal property including slaves, with power to control or dispose of the same by will, deed or otherwise.

Passed February 6th 1838.—Approved 8th Feb. 1838.

———

No. 24. AN ACT in addition to An Act, (approved January 30th, 1835,) entitled An Act to prevent any person in this Territory from carrying arms secretly.

**Venders to get license.**

Section 1. Be it enacted by the Governor and Legislative Council of the Territory of Florida, That from and after the passage of this act, it shall not be lawful for any person or persons in this Territory to vend dirks, pocket pistols, sword canes, or bowie knives, until he or they shall have first paid to the treasurer of the county in which he or they intend to vend weapons, a tax of two hundred dollars per annum, and all persons carrying said weapons openly shall pay to the officer aforesaid a tax of ten dollars per annum; and it shall be the duty of said officer to give the parties so paying a written certificate, stating that they have complied with the provisions of this act. Four fifths of all monies so collected to be applied by the county courts to county purposes, the other fifth to be paid to the prosecuting attorney.

**moneys how appropriated.**

**Penalty.**

Sec. 2. Be it further enacted, That if any person shall be known to violate this act, he or they so offending, shall be subject to an indictment, and on conviction, to a fine of not less than two hundred nor exceeding five hundred dollars, at the discretion of the court.

**Judges to charge grand juries.**

Sec. 3. Be it further enacted, That it shall be the duty of the several Judges of the Superior Courts of this Territory, to give this act in charge to the grand jurors of their respective districts at each term of the court.

Passed 5th Febuary, 1838.—Approved 10th Feb. 1838.

 

DATE DOWNLOADED: Thu Jul  7 23:30:39 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1849 403 .

ALWD 7th ed.
, , 1849 403 .

Chicago 17th ed.
"," New York - 72nd Legislature : 403-404

AGLC 4th ed.
'' New York - 72nd Legislature 403

OSCOLA 4th ed.
'' 1849 403

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

York, which is or may be designated by the common council of the city of New-York, by resolution or ordinance as the lamp district, to be collected according to law and applied towards the expense of lighting such parts of the city last mentioned; and also the further sum of one hundred and eighty-seven thousand one hundred and seventy-five dollars, by tax on the estates real and personal of the freeholders and inhabitants of and situated within the said city and county, to be collected according to law and applied towards defraying the deficiency in taxation in said city and county for the year one thousand eight hundred and forty-eight. <span style="float:right">Deficiency in taxes of 1848 $187,-185.</span>

§ 2. This act shall take effect immediately.

---

# Chap. 277.

AN ACT *authorising the board of supervisors of Columbia county to purchase a piece of land.*

Passed April 7, 1849.

*The People of the State of New-York, represented in Senate and Assembly, do enact as follows :*

§ 1. The board of supervisors of the county of Columbia are hereby authorised and empowered to purchase and hold as a part of the county poor-house farm, a lot of land containing some four or five acres lying adjacent to said farm, and now owned by the heirs at law of John Macy, deceased, any law to the contrary notwithstanding. <span style="float:right">A lot may be purchased.</span>

§ 2. This act shall take effect immediately.

---

# Chap. 278.

AN ACT *to prevent the manufacture, use and sale of slung shot.*

Passed April 7, 1849.

*The People of the State of New-York, represented in Senate and Assembly, do enact as follows :*

§ 1. Any person who shall, within this state, hereafter manufacture or cause to be manufactured, or sell, or expose, or keep for sale or gift, or part with any instrument or weapon of the kind usually known as slung shot, or of any similar kinds shall be liable to indictment for misdemeanor, and on conviction, shall be punished by fine of not less than two hundred and fifty, nor over five hundred dollars, or by imprisonment in a county jail for not less than six months, nor over two years. <span style="float:right">Punishment for making or selling slung shot.</span>

**404**      LAWS OF NEW-YORK.

Indictment for felony.

§ 2. Any person who shall, within this state, hereafter carry, or be found in the possession of, or use, or attempt to use, as against any other person, any instrument or weapon of the kind usually known as slung shot or of any similar kind, shall be liable to indictment for felony, and on conviction shall be punished by imprisonment in a state's prison for a term not less than one, nor more than five years.

# Chap. 279.

AN ACT *making an appropriation to the Buffalo Hospital of the sisters of charity.*

Passed April 7, 1849, "three-fifths being present."

*The People of the State of New-York, represented in Senate and Assembly, do enact as follows:*

Appropriation of $9000.

§ 1. The sum of nine thousand dollars is hereby appropriated to the Buffalo hospital of the sisters of charity, to be paid out of the general fund as follows: five thousand dollars thereof on the first day of July, in the year one thousand eight hundred and forty nine, and four thousand dollars thereof on the first day of March, in the year one thousand eight hundred and fifty.

Money to be paid.

§ 2. The treasurer shall pay on the warrant of the comptroller the sums above specified in the manner and for the purpose provided by this act, to the officers of the said, "Buffalo Hospital of the sisters of charity" to be expended and used as hereinafter provided, and said officers shall make a report under oath to the legislature showing the expenditure thereof.

How to be applied.

§ 3. The above mentioned sum of five thousand dollars shall be applied and expended by the said "The Buffalo Hospital of the sisters of charity," in finishing, enlarging, repairing and furnishing the buildings and making the necessary and proper erections for the use of the said "The Buffalo Hospital of the sisters of charity."

Residue how to be used.

§ 4. The residue of said sum of nine thousand dollars hereby appropriated shall be used and appropriated by the said "Buffalo Hospital of the sisters of charity," in supporting and sustaining the Hospital institution established and conducted by such corporation.

§ 5. This act shall take effect immediately.

 

DATE DOWNLOADED: Fri Jul  8 00:56:59 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1849 26 .

ALWD 7th ed.
, , 1849 26 .

Chicago 17th ed.
"," Vermont - Annual Session : 26-27

AGLC 4th ed.
'' Vermont - Annual Session 26.

OSCOLA 4th ed.
'' 1849 26

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

No. 36.—AN ACT PROHIBITING THE MANUFACTURE, SALE AND USE OF SLUNG SHOT.

*It is hereby enacted by the General Assembly of the State of Vermont, as follows:*

SEC. 1. Any person who shall, within this State, hereafter manufacture, or cause to be manufactured, or sell, expose or keep for sale or gift, or part with any instrument or weapon of the kind usually known as slung shot, or of any similar kinds, shall be deemed guilty of a misdemeanor, and be punished therefor by a fine, not exceeding five hundred dollars nor less than two hundred dollars, or by imprisonment in the county jail for a term not exceeding two years.

SEC. 2. Any person who shall, within this State, hereafter carry, or be found in the possession of, use or attempt to use, as against any other person, any instrument, or weapon, of the kind usually known as slung shot, or of any similar kinds, shall be deemed guilty of felony, and be punished therefor by imprisonment in the State prison for a term not exceeding five years.

SEC. 3. This act shall take effect from its passage.

Approved, November 12th, 1849.

————

No. 37.— AN ACT FOR SURVEYING AND ASCERTAINING THE LINE BETWEEN THE TOWNS OF POWNAL AND STAMFORD.

*It is hereby enacted by the General Assembly of the State of Vermont, as follows:*

SEC. 1. Nathan H. Bottum of Shaftsbury, Harmon Canfield of Arlington, and John S. Pettibone of Manchester, in the county of Bennington, are hereby appointed a committee to survey, make, and establish the line between the towns of Pownal and Stamford, in said county, agreeably to the charters of said towns: and they shall cause their doings to be recorded in the town clerk's office in each of said towns, within sixty days after they shall have completed their survey: and shall also present an account of their time and expenses, together with their claim for services, while employed in said service, to the selectmen of the said towns of Pownal and Stamford, who are authorized to audit the same, draw an order for one half of the amount on the treasurer of the town of Pownal, and the other

Digitized from Best Copy Available



# HEINONLINE

DATE DOWNLOADED: Thu Jul  7 23:24:10 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1850 397 .

ALWD 7th ed.
, , 1850 397 .

Chicago 17th ed.
"," Massachusetts - Acts & Resolves, January Session : 397-402

AGLC 4th ed.
'' Massachusetts - Acts & Resolves, January Session 397

OSCOLA 4th ed.
'' 1850 397

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

true lines of such land or flats continued to said commissioners' line : *and provided, also,* that so much of said *Proviso.* wharf as shall extend beyond the line of low-water mark, shall be built on piles, which piles shall not be nearer to each other than six feet in the direction of the stream, and eight feet in a transverse direction, and that this grant shall in no wise impair the legal rights of any person. [*Approved by the Governor, April* 15, 1850.]

---

An Act in relation to the carrying of Slung Shot.     *Chap* 194.

*BE it enacted by the Senate and House of Representatives, in General Court assembled, and by the authority of the same, as follows :*

SECT. 1. Any person arrested upon the warrant of a *Penalty, fine, or imprisonment.* magistrate, issued against him for any alleged offence against the laws of this Commonwealth, and any person committing any criminal offence against the laws of this Commonwealth, or any breach or disturbance of the public peace, who may, at the time of the commission of such offence, or breach or disturbance of the public peace, be arrested by any sheriff, deputy sheriff, constable, or police officer, in this State, and who shall, at the time of such arrest, be armed with any dangerous weapon, of the kind usually called slung shot, shall be punished by a fine not exceeding fifty dollars, or imprisonment in the common jail or house of correction for a term not exceeding one year.

SECT. 2. Any person who shall, within this State, here- *Penalty for manufacturing slung shot, or* after manufacture, or cause to be manufactured, or sell, or *causing them to be manfactured.* expose for sale, any instrument or weapon of the kind usually known as slung shot, shall be punished therefor by a fine not less than fifty dollars, or by imprisonment in the common jail or house of correction, for a term not exceeding six months. [*Approved by the Governor, April* 15, 1850.]

---

An Act to incorporate the Springfield Medical School.     *Chap* 195.

*BE it enacted by the Senate and House of Representatives, in General Court assembled, and by the authority of the same, as follows :*

SECT. 1. William B. Calhoun, Reuben A. Chapman, *Corporators.* James M. Smith, their associates and successors, are hereby made a corporation, by the name of the Springfield Medical School, to be established in the town of Springfield, in the county of Hampden, with all the powers and privi- *Powers and duties. R. S. ch. 44.* leges, and subject to all the duties, restrictions, and liabilities, set forth in the forty-fourth chapter of the Revised Statutes.

52

 

DATE DOWNLOADED: Thu Jul  7 23:38:07 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1851 381 .

ALWD 7th ed.
, , 1851 381 .

Chicago 17th ed.
"," Pennsylvania - General Assembly, Omitted Laws 1848-1850, Regular Session :
381-382

AGLC 4th ed.
'' Pennsylvania - General Assembly, Omitted Laws 1848-1850, Regular Session 381

OSCOLA 4th ed.
'' 1851 381

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

OF THE SESSION OF 1851.                           881

## No. 239.

## AN ACT

**Authorizing Francis Patrick Kenrick, Bishop of Philadelphia, to convey certain real estate in the borough of York, and a supplement to the charter of the said borough.**

SECTION 1. *Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same,* That Francis Patrick Kenrick, Bishop of Philadelphia, trustee for the Catholic congregation of the borough of York, in the county of York, be and he is hereby authorized and empowered to grant and convey by deed all that part of a lot and dwelling situated on the east side of Beaver street, in the borough aforesaid, bounded on the north by lot of Christian List, on the east by property of George Dietz, on the south by other portion of said lot, and on the west by Beaver street, the proceeds of said sale to be applied to the purchase of a pastorial residence for the priest of said congregation.

*Bishop Kenrick authorized to convey certain real estate in the borough of York.*

SECTION 2. That from and after the passage of this act if any fire company, the members thereof or its adherents, shall be guilty of rioting or fighting in the public streets of the borough of York, in the county of York, in this Commonwealth, whilst going to, at, or returning from a fire, or to or from a false alarm, it shall be the duty of the Court of Quarter Sessions of the said county, upon complaint made to them thereof by any of the citizens of said borough, supported by affidavit, if the said court shall consider the complaint well founded, to declare said company out of service, and to declare it unlawful for the members of such company to act as a fire company for the space of six months, and to order their doors to be closed; and if after the expiration of that term they shall again be guilty of rioting or fighting as aforesaid, within the same year to disband said company, and declare it unlawful for them at any time thereafter to appear in the public streets as a fire company; and the person or persons who may be prosecuted in said court and found guilty of rioting or fighting as aforesaid, shall be liable to the same punishment as now provided by the laws of this Commonwealth for an aggravated riot.

*Fire companies in the borough of York, for regulations of.*

SECTION 3. That any person or persons who shall wilfully and maliciously deface, injure, or destroy any engine, hose bucket, carriage, vehicles, machinery, or apparatus belonging to any fire company or in their possession, in said borough, shall be deemed guilty of felony, and being thereof convicted shall be sentenced to undergo an imprisonment at hard labor for a term not less than six months or more than one year, and shall give security for future good behavior in such sum and for such time, according to the nature and enormity of the offence, as the court before whom such conviction shall take place may fix; and any person or persons who shall otherwise offend against the provisions of this section, shall be fined in a sum not exceeding one hundred dollars for the use of the borough of York, or be imprisoned for a term not exceeding one year, or both at the discretion of the court, or may be held to bail for future good behavior.

*Penalty for injuries to hose bucket, carriage, &c.*

B020

382                              LAWS OF PENNSYLVANIA,

**Penalty for carrying deadly weapons, &c.**

SECTION 4. That any person who shall wilfully and maliciously carry any pistol, gun, dirk knife, slung shot, or deadly weapon in said borough of York, shall be deemed guilty of felony, and being thereof convicted shall be sentenced to undergo an imprisonment at hard labor for a term not less than six months nor more than one year, and shall give security for future good behavior for such sum and for such time as the court before whom such conviction shall take place may fix; and any person or persons who shall otherwise offend against the provisions of this section shall be fined in a sum not exceeding one hundred dollars, for the use of the borough of York, or be imprisoned for a term not exceeding one year, or both at the discretion of the court, or may be held to bail for future good behavior.

**Width of pavements, &c.**

SECTION 5. That the provisions of the fifth section of the supplement to the charter of the borough of York, approved the fifteenth day of March, Anno Domini, one thousand eight hundred and forty-four, relative to the widening of the pavements on High and George streets, shall be extended to all the other streets in the said borough of York: *Provided,* That the width of the pavements in all streets other than High and George streets shall be increased to fourteen feet and no more.

<div align="center">

JOHN CESSNA,
*Speaker of the House of Representatives.*

BENJAMIN MATTHIAS,
*Speaker of the Senate.*

</div>

APPROVED—The eighth day of April, A. D., one thousand eight hundred and fifty-one.

<div align="center">

WM. F. JOHNSTON.

</div>

---

<div align="center">

No. 240.

AN ACT

</div>

To incorporate the Towanda and Burlington Plank Road Company, to repeal certain road laws relating to Wyoming county, to extend certain road laws to certain townships in Wyoming and Susquehanna counties, to change the time of holding township elections in Wyoming county, declaring the south branch of Towanda creek a public highway, to prohibit the storage of saltpetre in large quantities in the city of Philadelphia and incorporated districts of the county of Philadelphia.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same,* That **Commissioners.** Mahlon C. Mercur, Joseph D. Montanye, Thomas Elliott, Miller Fox, Enos Tompkins, John F. Means, Joseph K. Smith, Orrin D. Bartlett, Eleazer T. Fox, Joseph Kingsbury, David F. Barstow, Edward Overton, Ulysses Mercur, Benjamin S. Russell, John F. Long, Addison McKean, Darius Bullock, John Blackwell, George C. Hill, Allen McKean, and Hiram Gee, of the county of Bradford, or any five of them, be, and they are hereby appointed commissioners to open books,

 

DATE DOWNLOADED: Fri Jul  8 01:41:36 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1859 129 .

ALWD 7th ed.
, , 1859 129 .

Chicago 17th ed.
"," Indiana - 40th Session : 129-129

AGLC 4th ed.
'' Indiana - 40th Session 129.

OSCOLA 4th ed.
'' 1859 129

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# CHAPTER LXXVIII.

AN ACT to prevent carrying concealed or dangerous weapons, and to provide punishment therefor.

### [APPROVED FEBRUARY 23, 1859.]

SECTION 1. *Be it enacted by the General Assembly of the State of Indiana,* That every person not being a traveler, who shall wear or carry any dirk, pistol, bowie-knife, dagger, sword in cane, or any other dangerous or deadly weapon concealed, or who shall carry or wear any such weapon openly, with the intent or avowed purpose of injuring his fellow man, shall, upon conviction thereof, be fined in any sum not exceeding five hundred dollars.

*[margin note: Carrying concealed weapons prohibited.]*

---

# CHAPTER LXXIX.

AN ACT to prevent the throwing or depositing any carrion or dead animal into any running stream or lake of water in this State, and to prevent the depositing or burying any carrion or dead animal on the banks of the same, and prescribing the penalty for the violation thereof.

### [APPROVED MARCH 3, 1859.]

SECTION 1. *Be it enacted by the General Assembly of the State of Indiana,* That any person who shall throw or deposit any dead animal or carrion in any running stream of water, or any lake within this State, or bury or deposit any dead animal or carrion on the banks of any running stream or lake of water within this State, so that the water may become vitiated thereby, shall be guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than five dollars nor more than twenty dollars.

*[margin note: Throwing carrion in running streams prohibited.]*

9

 

DATE DOWNLOADED: Thu Jul  7 23:25:30 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1859 357 .

ALWD 7th ed.
, , 1859 357 .

Chicago 17th ed.
"," Massachusetts - Acts & Resolves, January Session : 357-367

AGLC 4th ed.
'' Massachusetts - Acts & Resolves, January Session 357

OSCOLA 4th ed.
'' 1859 357

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

For incidental expenses, a sum not exceeding two hundred dollars. *Incidentals.*

SECTION 6.    The sums mentioned in this section are appropriated, and shall be allowed and paid out of the moneys arising from the tolls collected on the Essex Bridge, for the year one thousand eight hundred and fifty-nine, that is to say: *Essex Bridge tolls, how applied.*

For the salary of the agent of said bridge, the sum of one hundred dollars. *Salary of agent.*

For the compensation of the toll-gatherers and draw-tenders upon said bridge, a sum not exceeding five hundred dollars. *Toll-gatherers and draw-tenders.*

For the repair and maintenance of said bridge, a sum not exceeding two thousand dollars.   And all moneys arising from the tolls on said bridge shall be paid into the state treasury. *Repairs and maintenance of bridge.*

SECTION 7.    In all cases for which no other provision is made by law, the income or any surplus thereof of all funds belonging to, or in the custody of the Commonwealth, shall be added to the principal. *Surplus income to be added to principal fund.*

SECTION 8.    This act shall take effect from and after its passage.                    *Approved April 6, 1859.*

---

AN ACT IN RELATION TO THE CARRYING OF DANGEROUS WEAPONS. *Chap.* 199
*Be it enacted, &c., as follows:*

The provisions of the first section of the one hundred and ninety-fourth chapter of the acts of the year eighteen hundred and fifty, entitled "An Act in relation to the carrying of Slung Shot," shall apply to persons arrested as set forth in said act, who shall be armed with or have on their persons, metallic knuckles, billies or any other weapons of a like dangerous character, the malicious use of which would endanger life or limb.                    *Approved April 6, 1859.* *Provisions of law applied to all articles of dangerous character.*

---

AN ACT RELATING TO THE ATTORNEY'S FEE IN CERTAIN CRIMINAL PROSECUTIONS. *Chap.* 200
*Be it enacted, &c., as follows:*

So much of the fifteenth section of the two hundred and fifteenth chapter of the acts of eighteen hundred and fifty-five, as provides that an attorney's fee of ten dollars, to be paid to the attorney who appears for the government, shall be taxed and allowed as part of the costs in each case where a fine is imposed under said act, is hereby repealed. *Attorney's fee not to be included in bill of costs.*

*Approved April 6, 1859.*

---

AN ACT RELATING TO RETURNS OF POLICE JUSTICES. *Chap.* 201
*Be it enacted, &c., as follows:*

SECTION 1.    All justices of police courts shall make their annual returns to the secretary of the Commonwealth, in *Justices to make annual returns to secretary.*

25

 

DATE DOWNLOADED: Fri Jul  8 13:18:08 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1861 1 .

ALWD 7th ed.
, , 1861 1 .

Chicago 17th ed.
"," Nevada - 1st Regular Session : 1-520

AGLC 4th ed.
'' Nevada - 1st Regular Session 1

OSCOLA 4th ed.
'' 1861 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

56                         LAWS OF NEVADA.

stone, gravel and other materials, to be used in the construc-
tion, maintenance and working of its road and its depots, shops,
and other buildings necessary and proper for the use and con-
venience of its road; Seventh. To receive by purchase, dona-
tion, or otherwise, any lands or other property of any descrip-
tion, and to hold, use and convey the same as they may think
proper, the same as a natural person might or could do, that
may be necessary or proper for the construction, operating or
maintenance of its road, and for the erection of depots, turn-
outs, workshops, warehouses, or for any other purposes neces-
sary or proper for their use and convenience, in order to trans-
act the business usual for railroad companies; Eighth. To take,
transport, carry and convey persons and property on their
road by the force and power of steam, of animals, or any other
power, or by any combination of them, and collect and receive
tolls and compensation therefor; Ninth. To erect and maintain
all necessary and convenient buildings, stations, depots, work-
shops, warehouses and fixtures, and machinery for the accom-
modation and use of their passengers, freight and business, and
purchase and hold the lands and other property necessary
therefor; Tenth. To regulate the time and manner in which
passengers and property shall be transported, and the tolls and
compensations to be paid therefor; Eleventh. To regulate the
force and speed of their locomotives, cars, trains, or other
machinery used or employed on their road, and to establish,
regulate and enforce all needful and proper rules and regula-
tions for the management of its business transactions and the
working of its road.

*Further
powers.*

————

## CHAP. XXVIII.—*An Act concerning Crimes and Pun-ishments.*

[Approved November 26, 1861.]

*Be it enacted, by the Governor and Legislative Assembly of the
Territory of Nevada, as follows:*

### I.—PERSONS CAPABLE OF COMMITTING CRIMES.

SECTION 1.   In every crime, or public offense, there must
be an union or joint operation of act and intention, or criminal
negligence.

SEC. 2.   Intention is manifested by the circumstances con-
nected with the perpetration of the offense, and the sound
mind and discretion of the person accused.

SEC. 3.   A person shall be considered of sound mind who
is neither an idiot or lunatic, or affected with insanity, and
who hath arrived at the age of fourteen years, or before that
age, if such person knew the distinction between good and evil.

*Essence of
crime.*

*Intent, how
manifested.*

*Of sound
mind.*

B027

a parent is moderately correcting his child, or a master his servant, or scholar, or an officer punishing a criminal, and happens to occasion death, it is only a misadventure, for the act of correction was lawful; but if a parent or master exceed the bounds of moderation, or the officer the sentence under which he acts, either in the manner, the instrument, or quantity of punishment, and death ensue, it will be manslaughter or murder, according to the circumstances of the case.

SEC. 31. All other instances which stand upon the same footing of reason and justice as those enumerated, shall be considered justifiable, or excusable homicide. *Same.*

SEC. 32. The homicide appearing to be justifiable or excusable, the person indicted shall, upon his trial, be fully acquitted and discharged. *Same.*

SEC. 33. The killing being proved, the burden of proving circumstances of mitigation, or that justify or excuse the homicide, will devolve on the accused, unless the proof on the part of the prosecution sufficiently manifests that the crime committed only amounts to manslaughter, or that the accused was justified, or excused in committing the homicide. *Proving mitigating circumstances.*

SEC. 34. If any woman shall endeavor privately, either by herself, or the procurement of others, to conceal the death of any issue of her body, male or female, which, if born alive, would be a bastard, so that it may not come to light, whether it shall have been murdered or not, every such mother being convicted thereof, shall suffer imprisonment in the Territorial Prison, for a term not exceeding one year; *provided,* however, that nothing herein contained shall be so construed as to prevent such mother from being indicted and punished for the murder of such bastard child. *Women concealing death of bastard child.* *Punishment.*

SEC. 35. If any person shall, by previous appointment or agreement, fight a duel with a rifle, shot-gun, pistol, bowie-knife, dirk, small-sword, back-sword, or other dangerous weapon, and in so doing shall kill his antagonist, or any person or persons, or shall inflict such wound as that the party or parties injured shall die thereof within one year thereafter, every such offender shall be deemed guilty of murder in the first degree, and upon conviction thereof shall be punished accordingly. *Dueling.* *Punishment.*

SEC. 36. Any person who shall engage in a duel with any deadly weapon, although no homicide ensue, or shall challenge another to fight such duel, or shall send or deliver any verbal or written message, purporting or intending to be such challenge, although no duel ensue, shall be punished by imprisonment in the Territorial Prison, not less than two, nor more than ten years, and shall be incapable of voting or holding any office of trust or profit, under the laws of this Territory. *Persons concerned disenfranchised*

SEC. 37. Any and every person who shall be present at the time of fighting any duel with deadly weapons, either as second, aid, surgeon, or spectator, or who shall advise or give assistance *Persons implicated to give evidence.*

62                              LAWS OF NEVADA.

to such duel, shall be a competent witness against any person offending against any of the provisions of this act, and may be compelled to appear and give evidence before any Justice of the Peace, grand jury or court, in the same manner as other witnesses; but the testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the person so testifying.

**Posting for not fighting.** SEC. 38. If any person shall post another, or, in writing, or print, or orally, shall use any reproachful or contemptuous language to, or concerning, another, for not fighting a duel, or for not sending, or accepting, a challenge, he shall be impris-**Punishment.** oned in the Territorial Prison for a term not less than six months, nor more than one year, and fined in any sum not less than five hundred, nor exceeding one thousand dollars.

**Prize fighting.** SEC. 39. If any person, with or without deadly weapons, upon previous concert and agreement, fight, one with another, upon conviction thereof, they, or either, or any, of them, shall be punished by imprisonment in the Territorial Prison, for a term not less than two years, nor more than five years. Should death ensue to any person in such fight, or should any **Punishment.** person die, from any injury received in such fight, within one year and one day, the person, or persons, causing such death, shall be deemed guilty of murder, and punished accordingly.

**Drawing deadly weapons.** SEC. 40. That any person in this Territory, having, carrying, or procuring from another person, any dirk, dirk knife, sword, sword-cane, pistol, gun, or other deadly weapon, who shall, in the presence of two or more persons, draw, or exhibit, any of said deadly weapons, in a rude, angry, and threatening manner, not in necessary self-defense, or who shall, in any manner, unlawfully use the same, in any fight or quarrel, the person, or persons, so offending, upon conviction thereof, in any criminal court, in any county of this Territory, shall be fined in any sum not less than one hundred, nor more than one thousand dollars, or imprisonment in the Territorial **Fines, etc.** Prison, not less than one, nor more than twelve months, at the discretion of the court, or both such fine and imprisonment, together with the costs of prosecution; which said costs shall, in all cases, be computed and collected in the same man-**How disposed of.** ner as costs in civil cases. All fines and forfeitures, arising under the provisions of this act, shall be paid into the county treasury of the county wherein such offense was committed, for county purposes; *provided*, nevertheless, that no Sheriff, Deputy Sheriff, Marshal, Constable, or other peace officer, shall be held to answer, under the provisions of this act, for drawing or exhibiting any of the weapons herein before mentioned, while in the lawful discharge of his or their duties. It shall be the duty of all military, civil, and peace officers, in **Duty of officers, relative to.** this Territory, to be vigilant in carrying the provisions of this act into full force and effect, as well, also, as all grand juries, or grand jurors, to inquire into and make presentments, of

LAWS OF NEVADA.

the person so convicted of such attempt shall be punishable by a fine not exceeding one half of the largest amount, or by imprisonment in the county jail or Territorial Prison, as the case may be, for a term not exceeding one half of the longest time prescribed by law, upon a conviction of the offense so attempted. Third. If the offense so attempted is a felony, not punishable by death or imprisonment, which may extend to life, the person convicted of such offense shall be punished by imprisonment in the Territorial Prison, for a term not exceeding one half the longest time which may be imposed upon a conviction of the offense so attempted.

Not to affect pending proceedings.  SEC. 159. Nothing in this Act shall be construed to affect any criminal proceedings or prosecution now pending in any of the courts of this Territory, but the same shall be prosecuted to judgment and execution in the same manner as if the Act had not been passed. And all persons charged, or who may hereafter be charged, with crimes or misdemeanors, under the laws now in force, shall be prosecuted to the same extent that they might have been had no act on the subject been passed.

SEC. 160. This Act shall take effect from and after its passage.

--------

CHAP. XXIX.—*An Act authorizing D. D. Kingsbury and James M. McDonald to establish and maintain a Toll Road.*

[Approved November 27, 1861.]

*Be it enacted, by the Governor and Legislative Assembly of the Territory of Nevada, as follows:*

Grant.  SECTION 1. D. D. Kingsbury and James M. McDonald, their successors and assigns, are hereby granted the right and privilege of maintaining a toll road, from the commencement of said road in Carson Valley, about one half mile south of Van Sycles' ranch and hotel, and running thence to the eastern boundary line of the State of California, over the route heretofore established by said parties, and now occupied and used by them as a toll road.

SEC. 2. The said parties shall have the right to charge and collect tolls on said road not exceeding the following rates:

Rates of toll.  Wagon and one span horses, or one yoke cattle, two dollars.

Each additional animal, twenty-five cents.

Empty teams, returning, half price.

Buggy and two horses, two dollars.

Buggy and one horse, one dollar and fifty cents.

Man on horseback, fifty cents.

 

DATE DOWNLOADED: Sat Aug 20 09:07:01 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1863-1864 115 .

ALWD 7th ed.
, , 1863-1864 115 .

Chicago 17th ed.
"," California - 15th Session : 115-116

AGLC 4th ed.
'' California - 15th Session 115

OSCOLA 4th ed.
'' 1863-1864 115

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

as aforesaid, then the Sheriff shall readvertise and give the same to the daily papers published in the English language offering the most favorable terms for doing such advertising.

———

CHAP. CXXVII.—*An Act for the Relief of John I. Sykes, County Auditor of Nevada County.*

[Approved March 1, 1864.]

*The People of the State of California, represented in Senate and Assembly, do enact as follows:*

SECTION 1. The County Treasurer of Nevada County, in his settlement with John I. Sykes, County Auditor of Nevada County, shall credit the said County Auditor with the sum of four thousand six hundred and forty-four dollars, being the amount or valuation of one thousand and eighty-one foreign miners' licenses, fifty-eight poll tax receipts, and seventy-three military tax receipts, which licenses and receipts were destroyed by fire whilst in the custody of said Auditor, in the Court-house, in the City of Nevada, on the eighth day of November, eighteen hundred and sixty-three, and the Controller of State, in making his settlement with the County Treasurer of said county, shall credit the said Treasurer with the said sum of four thousand six hundred and forty-four dollars, being the amount of the foreign miners' licenses and tax receipts above mentioned.

SEC. 2. This Act shall take effect immediately.

Relief of County Auditor of Nevada County.

———

CHAP. CXXVIII.—*An Act to amend an Act entitled an Act to prohibit the carrying of Concealed Weapons, approved April twenty-seventh, eighteen hundred and sixty-three.*

[Approved March 1, 1864.]

*The People of the State of California, represented in Senate and Assembly, do enact as follows:*

SECTION 1. Section one of said Act is hereby amended so as to read as follows:

Section 1. Every person not being peace officer, Provost Marshal, enrolling officer, or officer acting under the laws of the United States in the Department of the Provost Marshal of this State, State and Federal Assessors, Collectors of Taxes and Licenses while in the performance of official duties, or traveller, who shall carry or wear any dirk, pistol, sword in cane, slungshot, or other dangerous or deadly weapon concealed, shall, upon conviction thereof before any Court of competent jurisdiction, be deemed guilty of a misdemeanor, and shall be

To prohibit carrying concealed weapons.

Penalty.

imprisoned in the County Jail for not less than thirty nor more than ninety days, or fined in any sum not less than twenty nor more than two hundred dollars.

SEC. 2. All Acts or parts of Acts in conflict with the provisions of this Act are hereby repealed.

SEC. 3. This Act shall take effect and be in force from and after its passage.

————

CHAP. CXXIX.—*An Act to authorize the Board of Supervisors of Placer County to levy a Special Poll Tax for county purposes.*

[Approved March 1, 1861.]

*The People of the State of California, represented in Senate and Assembly, do enact as follows:*

**Board of Supervisors to levy special poll tax.**

SECTION 1. The Board of Supervisors in and for the County of Placer is hereby authorized and required, in addition to the taxes authorized by existing laws, to levy, annually, a special poll tax of two dollars on each male inhabitant of said county not by law exempt from poll tax, which shall be assessed and collected in the same manner as other poll taxes are assessed and collected under the general revenue laws of this State, and all the provisions of the laws now in force or which may be enacted hereafter, regulating and prescribing the duties and fees of officers for assessing and collecting the poll tax for State and county purposes, shall be applicable to the assessment and collection of the tax authorized and required to be levied by this Act.

**County Treasurer to supply blank receipts.**

SEC. 2. The County Treasurer of said county shall, annually, before the first Monday of March of each year, cause a sufficient number of proper blank receipts for said special poll tax, of uniform appearance, changing the style thereof each year, to be printed, and the said Treasurer shall number and sign each of said receipts, and deliver the same to the County Auditor of said county, who shall receipt to said Treasurer therefor; and the County Auditor shall from time to time, and in the same manner and at the same time prescribed by law for the delivery to the Collectors of said county of other poll tax receipts, deliver to each Collector in said county a number of said special poll tax receipts equal to the probable number of persons liable to pay poll tax in the respective districts of said Collectors who shall receipt to said Auditor therefor.

**How disbursed.**

SEC. 3. All moneys collected under the provisions of this Act shall be paid into the County Treasury by the Collector of said county, at the same time and in the same manner as is prescribed by law in relation to State and county poll tax; and it shall be the duty of the County Treasurer to set the same apart as a Special Fund, to pay the interest on the bonds of said county issued to the "Central Pacific Railroad Company," and said money shall be paid out in the same manner as is now prescribed by law for the payment of the interest on said bonds




DATE DOWNLOADED: Wed Jun 29 19:42:06 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
John W. Edmonds, Editor; et al. Statutes at Large of the State of New York (2).

ALWD 7th ed.
Edmonds, John W., Editor; et al. Statutes at Large of the State of New York (2).

APA 7th ed.
Edmonds, J. (2). Statutes at Large of the State of New York. Albany, New York, Weed,
Parsons & Company.

Chicago 17th ed.
Edmonds John W., Editor; et al. Statutes at Large of the State of New York. Albany,
New York, Weed, Parsons & Company.

McGill Guide 9th ed.
John W. Edmonds, Editor; et al., Statutes at Large of the State of New York (Albany,
New York: Weed, Parsons & Company., 2)


AGLC 4th ed.
John W. Edmonds, Editor; et al., Statutes at Large of the State of New York (Weed,
Parsons & Company., 2)

MLA 8th ed.
Edmonds, John W., Editor, et al. Statutes at Large of the State of New York. Albany,
New York, Weed, Parsons & Company. HeinOnline.

OSCOLA 4th ed.
Edmonds, John W., Editor; et al. Statutes at Large of the State of New York. Albany,
New York, Weed, Parsons & Company.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

tioned in the original articles of association for such purpose by the consent of two-thirds in amount of the stock held by the stockholders of said company, in a certificate to be signed and proved or acknowledged by the stockholders signing the same, so as to entitle it to be recorded, which certificate shall be filed in the office of the secretary of state, who shall, upon such filing, record the same in the book kept in his office for the record of articles of association of railroad companies under said act, and make a memorandum of such record in the margin of the original articles of association in such book; and thereupon the time of the existence of such company shall be extended as designated in such certificate.

§ 6. This act shall take effect immediately.

Ante, vol. 3, p. 617.

# CHAP. 708.

AN ACT to increase the compensation authorized by "An act to provide for the care and education of indigent deaf-mutes under the age of twelve years," passed April 25th, 1863.

Passed April 20, 1866; three-fifths being present.

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

*Amount fixed.*  § 1. The expenses for the board, tuition and clothing of the children under the age of twelve years, placed in the New York institution for the instruction of the deaf and dumb, pursuant to the provisions of the third and fourth sections of chapter three hundred and twenty-five, Laws of eighteen hundred and sixty-three, shall for the two years to commence on the first day of September, in the year eighteen hundred and sixty-six, be estimated at the rate of two hundred dollars per capita for each of said years instead of the amount therein provided.

Ante, p. 105.

# CHAP. 716.

AN ACT to prevent the furtive possession and use of slung-shot and other dangerous weapons.

Passed April 20, 1866.

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

*Penalty for using or carrying concealed weapons, etc.*  § 1. Every person who shall within this state use, or attempt to use, or, with intent to use against any other person, shall knowingly and secretly conceal on his person, or with like

intent shall willfully and furtively possess any instrument or weapon of the kind commonly known as slung-shot, billy, sand club or metal knuckles, and any dirk or dagger (not contained as a blade of a pocket-knife), or sword-cane or air-gun, shall be deemed guilty of felony, and on conviction thereof may be punished by imprisonment in the state prison, or penitentiary or county jail, for a term not more than one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment.

§ 2. The having possession of any of the weapons men-tioned in the first section of this act by any other than a public officer, willfully and secretly concealed on the person or knowingly and furtively carried thereon, shall be presumptive evidence of so concealing and possessing or carrying the same with the intent to use the same in violation of the provisions of this act. *Having in possession.*

§ 3. Chapter two hundred and seventy-eight of the Laws of eighteen hundred and forty-nine is hereby repealed ; but this repeal shall in nowise affect offenses heretofore committed under that chapter, or any proceedings now pending thereunder.

§ 4. This act shall take effect immediately.

Ante, vol. 5, p. 156.

# CHAP. 723.

AN ACT to amend an act entitled "An act to consolidate and amend the several acts relating to the transmission to the office of the Secretary of State, by clerks of courts and sheriffs, of records of convictions, and certain other statistical information as now required by law," passed March twenty-ninth, eighteen hundred and sixty-one.

Passed April 20, 1866 ; three-fifths being present.

*The People of the State of New York, represented in Senate and Assembly, do enact as follows :*

§ 1. Section one of the act entitled "An act to consolidate and amend the several acts relating to the transmission to the office of the secretary of state, by clerks of courts and sheriffs, of records of convictions and certain other statistical information as now required by law," passed March twenty-ninth, eighteen hundred and sixty-one, is hereby amended so as to read as follows :

"§ 1. Within ten days after the adjournment of any crim-inal court of record in this state, the district attorney of the county in which said court shall have been held, shall furnish to the clerk of said court a description of the offense com- *District attorney to furnish description of offense.*

 

DATE DOWNLOADED: Thu Jul 7 22:52:30 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1868 61 .

ALWD 7th ed.
, , 1868 61 .

Chicago 17th ed.
"," Florida - 1st Session : 61-111

AGLC 4th ed.
'' Florida - 1st Session 61

OSCOLA 4th ed.
'' 1868 61

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

## LAWS OF FLORIDA.

61

and kept under guard by the order of such commander, until the setting of the sun of the same day, and moreover shall be subject to arrest and punishment by any court of competent jurisdiction for a breach of the peace.

SEC. 74. If any person shall intercept, molest, or insult, by abusive words or behavior, any officer, non-commissioned officer, or soldier, while in the performance of his military duty, he shall be immediately put under guard, and kept at the discretion of the commanding officer of the forces engaged in such military duty, until the setting of the sun of the same day on which the offence shall have been committed; and, moreover, shall be subject to arrest and punishment by any court of competent jurisdiction for a breach of the peace.

*Arrest of persons insulting military officers.*

SEC. 75. Any officer, non-commissioned officer, or soldier, on military duty, who shall disobey the legal orders of his superior, use any reproachful or abusive language to his superior, or misbehave, or demean himself in [an] unofficer or unsoldierlike manner, shall be immediately placed under arrest if an officer, and if a non-commissioned officer or soldier, shall be disarmed and put under guard, and shall be tried and punished by a court-martial according to law and military usage.

*Disobedience of orders.*

SEC. 76. In case of parades, reviews, inspections, or musters, of the troops of any brigade, any companies not organized into regiments shall be temporarily organized into a regiment for the duties of the day; and the regiment so temporarily organized shall be commanded by the officer senior in rank of the companies composing it. The officer commanding the brigade for the day shall order such organization.

*Temporary organization of regiments.*

SEC. 77. Horses and equipments of officers of mounted companies, and all company property of uniformed companies organized under this act, shall be exempt from execution.

*Exemption from execution.*

SEC. 78. All acts or parts of acts of the Legislature of the State of Florida, heretofore passed, relating to the militia, are hereby repealed.

*General repeal.*

Approved by the Governor August 6th, 1868.

———

### CHAPTER 1,037.—[No. 13.]

AN ACT to provide for the Punishment of Crime, and Proceedings in Criminal Cases.

*The people of the State of Florida, represented in Senate and Assembly, do enact as follows:*

### CHAPTER I.

#### OF THE RIGHTS OF PERSONS ACCUSED.

SECTION 1. No person arraigned for an offence shall be con-

bine, or confederate: *First*, to commit any offense; or, *second*, falsely or maliciously to indict another for any offense, or procure another to be charged or arrested for any offense; or, *third*, falsely or maliciously to move or maintain any suit; or, *fourth*, to cheat and defraud any person of any money or property, by means which are in themselves criminal; or, *fifth*, to cheat and defraud any person of any money or property by any means which if executed would amount to a cheat or to obtaining property by false pretences; or, *sixth*, to commit any act injurious to the public health or public morals, or for the prevention or obstruction of justice; or, *seventh*, to interfere with or prevent the holding or conducting of any election, or making returns thereof, or to prevent the due administration of the laws, they shall be deemed guilty of a misdemeanor, and, on conviction, shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment.

*Conspiracies and illegal combinations.*

## CHAPTER VII.

### OF OFFENSES AGAINST THE PUBLIC PEACE.

SECTION 1. If any persons, to the number of twelve or more, being armed with clubs or other dangerous weapons, or if any persons, to the number of thirty or more, whether armed or not, are unlawfully, riotously, or tumultuously assembled in any city or town, it shall be the duty of the mayor and of each of the aldermen of such city, and of each of the selectmen of such town, and of every justice of the peace living in any such city or town, and also of the sheriff of the county and his deputies, to go among the persons so assembled, or as near to them as may be with safety, and in the name of the State to command all the persons so assembled immediately and peaceably to disperse; and if such persons do not thereupon immediately and peaceably disperse, it shall be the duty of each of said magistrates and officers to command the assistance of all persons there present, in seizing, arresting, and securing such persons in custody, so that they may be proceeded with for their offense according to law.

*Riotous assemblies armed*

*Duty of officers.*

SEC. 2. If any person present, being commanded by any of the magistrates or officers mentioned in the preceding section to aid and assist in seizing and securing such rioters, or persons so unlawfully assembled, or in suppressing such riot or unlawful assembly, refuses or neglects to obey such command, or, when required by such magistrate or officer to depart from the place, refuses or neglects so to do, he shall be deemed one of the rioters, or persons unlawfully assembled, and may be prosecuted and punished accordingly.

*Persons failing to aid upon command of officers.*

SEC. 3. If any mayor, alderman, selectman, justice of the

94                           LAWS OF FLORIDA.

Officers omitting to exercise their authority.

peace, sheriff, or deputy sheriff, having notice of any such riotous or tumultuous and unlawful assembly in the city or town in which he lives, neglects or refuses immediately to proceed to the place of such assembly, or as near thereto as he can with safety, or omits or neglects to exercise the authority with which he is invested by this chapter for suppressing such assembly, and for arresting and securing the offenders, he shall be punished by fine not exceeding three hundred dollars.

Rioters failing to disperse upon command.

SEC. 4.  If any persons who are so riotously or unlawfully assembled, and who have been commanded to disperse, as before provided, refuse or neglect to disperse without unnecessary delay, any two of the magistrates or officers before mentioned may require the aid of a sufficient number of persons, in arms or otherwise, as may be necessary, and shall proceed in such manner as in their judgment is expedient, forthwith to disperse and suppress such assembly, and seize and secure the persons composing the same, so that they may be proceeded with according to law.

Resistance of force called out to suppress riot.

SEC. 5.  When any armed force is called out to suppress a tumult or riot, or to disperse any body of men acting together by force and with intent to commit a felony or to offer violence to persons or property, or with intent by force or violence to resist or oppose the execution of the laws of this State, arrives at the place of such unlawful, riotous, or tumultuous assembly, they shall obey such orders for suppressing the riot or tumult, and for dispersing and arresting all persons who are committing any of said offenses, as they have received from the Governor, or any judge of a court of record, or the sheriff of the county, and also such orders as they there receive from any two of the magistrates or officers before mentioned.

When magistrates and persons excused for killing.

SEC. 6.  If, by reason of the efforts made by any two or more of said magistrates or officers, or by their direction, to disperse such assembly, or to seize and secure the persons composing the same, who have refused to disperse, though the number remaining may be less than twelve, any such person, or other person then present, is killed or wounded, the magistrates and officers and all persons acting by their order, or under their directions, and all persons acting under the two preceding sections, shall be held guiltless and fully justified in law ; and if any of said magistrates or officers, or any person acting under or by the direction of any of the officers before mentioned, is killed or wounded, all persons so assembled, and all other persons who, when commanded or required, refused to aid and assist said magistrates or officers, shall be held answerable therefor.

Persons killing magistrate.

Assembly demolishing dwelling house, ship.

SEC. 7.  If any of the persons so unlawfully assembled demolishes, pulls down, or destroys, or begins to pull down, demolish, or destroy, any dwelling house or other building, or ship, or vessel, he shall be punished by imprisonment in the State penitentiary not exceeding five years, or by fine not exceeding one

LAWS OF FLORIDA. 95

hundred dollars and imprisonment in the county jail not exceeding one year, and shall also be answerable to any person injured, or to the full amount of the damage, in an action of tort.

SEC. 8. When property of the value of fifty dollars or more is destroyed, or property is injured to that amount, by any persons to the number of twelve or more, riotously, rantously, or tumultuously assembled, the city or town within which the property was situated shall be liable to indemnify the owner thereof, to the amount of three-fourths of the value of the property destroyed, or of the amount of such injury thereto, to be recovered in [an] action of tort; *Provided*, That the owner of such property uses all reasonable diligence to prevent its destruction or injury, and to procure the conviction of the offenders. *(Riotous persons injuring property beyond the value of fifty dollars, city to be responsible for. Duty of owner.)*

SEC. 9. A city or town which pays any sum under the provisions of the preceding section may recover the same against any or all of the persons who destroyed or injured such property. *(May recover of rioters.)*

SEC. 10. Whoever, when arrested upon a warrant of a magistrate issued against him for an alleged offense against the laws of this State, and whoever, when arrested by a sheriff, deputy sheriff, constable, police officer, or watchman, while committing a criminal offense against the laws of this State, or a breach or disturbance of the public peace, is armed with, or has on his person, slung shot, metallic knuckles, billies or other dangerous weapon, shall be punished by fine not exceeding fifty dollars, and by imprisonment in the county jail not exceeding one year. *(Persons engaged in breach of the peace having weapons.)*

SEC. 11. Whoever manufactures, or causes to be manufactured, or sells, or exposes for sale, any instrument or weapon of the kind usually known as slung shot, or metallic knuckles, shall be punished by fine not less than fifty dollars, or by imprisonment in the county jail not exceeding six months. *(Sellers of slung shot.)*

SEC. 12. Whoever is concerned in causing or making a bonfire within ten rods of any house or building, shall be punished by fine not exceeding twenty dollars, or by imprisonment not exceeding one month. *(Making bonfires near buildings.)*

SEC. 13. Whoever without reasonable cause, by outcry, or the ringing of bells, or otherwise, makes or circulates, or causes to be made or circulated, a false alarm of fire, shall be punished by fine not exceeding fifty dollars. *(False alarms of fire.)*

SEC. 14. Whoever shall carry arms of any kind whatever secretly, on or about their person, or whoever shall have about or on their person any dirk, pistol, or other arm or weapon, except a common pocket knife, upon conviction thereof shall be fined in a sum not exceeding one hundred dollars or imprisonment in the county jail not exceeding six months. *(Carrying secret arms.)*

SEC. 15. Any person convicted of the publication of a libel shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding one thousand dollars, or by both such fine and imprisonment. *(Libel.)*




DATE DOWNLOADED: Fri Jul 8 04:22:58 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1871 25 .

ALWD 7th ed.
, , 1871 25 .

Chicago 17th ed.
"," Texas - 12th Legislature, 1st Session, General Laws : 25-27

AGLC 4th ed.
'' Texas - 12th Legislature, 1st Session, General Laws 25

OSCOLA 4th ed.
'' 1871 25

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

## CHAPTER XXXIV.

### AN ACT TO REGULATE THE KEEPING AND BEARING OF DEADLY WEAPONS.

SECTION 1. *Be it enacted by the Legislature of the State of Texas,* That any person carrying on or about his person, saddle, or in his saddle bags, any pistol, dirk, dagger, slung-shot, sword-cane, spear, brass-knuckles, bowie-knife, or any other kind of knife manufactured or sold for the purposes of offense or defense, unless he has reasonable grounds for fearing an unlawful attack on his person, and that such ground of attack shall be immediate and pressing; or unless having or carrying the same on or about his person for the lawful defense of the State, as a militiaman in actual service, or as a peace officer or policeman, shall be guilty of a misdemeanor, and, on conviction thereof shall, for the first offense, be punished by fine of not less than twenty-five nor more than one hundred dollars, and shall forfeit to the county the weapon or weapons so found on or about his person; and for every subsequent offense may, in addition to such fine and forfeiture, be imprisoned in the county jail for a term not exceeding sixty days; and in every case of fine under this section the fines imposed and collected shall go into the treasury of the county in which they may have been imposed; *provided,* that this section shall not be so construed as to prohibit any person from keeping or bearing arms on his or her own premises, or at his or her own place of business, nor to prohibit sheriffs or other revenue officers, and other civil officers, from keeping or bearing arms while engaged in the discharge of their official duties, nor to prohibit persons traveling in the State from keeping or carrying arms with their baggage; *provided further,* that members of the Legislature shall not be included under the term "civil officers" as used in this act.

SEC. 2. Any person charged under the first section of this act, who may offer to prove, by way of defense, that he was in danger of an attack on his person, or unlawful interference with his property, shall be required to show that such danger was immediate and pressing, and was of such a nature as to alarm a person of ordinary courage; and that the weapon so carried was borne openly and not concealed beneath the clothing; and if it shall appear that this danger had its origin in a difficulty first commenced by the accused, it shall not be considered as a legal defense.

SEC. 3. If any person shall go into any church or religious assembly, any school room, or other place where persons are assem-

bled for amusement or for educational or scientific purposes, or into any circus, show, or public exhibition of any kind, or into a ball room, social party, or social gathering, or to any election precinct on the day or days of any election, where any portion of the people of this State are collected to vote at any election, or to any other place where people may be assembled to muster, or to perform any other public duty, (except as may be required or permitted by law,) or to any other public assembly, and shall have or carry about his person a pistol or other firearm, dirk, dagger, slung shot, sword cane, spear, brass-knuckles, bowie-knife, or any other kind of knife manufactured and sold for the purposes of offense and defense, unless an officer of the peace, he shall be guilty of a misdemeanor, and, on conviction thereof, shall, for the first offense, be punished by fine of not less than fifty, nor more than five hundred dollars, and shall forfeit to the county the weapon or weapons so found on his person; and for every subsequent offense may, in addition to such fine and forfeiture, be imprisoned in the county jail for a term not more than ninety days.

SEC. 4.   This act shall not apply to, nor be enforced in any county of the State, which may be designated, in a proclamation of the Governor, as a frontier county, and liable to incursions of hostile Indians.

SEC. 5.   All fines collected under the provisions of this act shall be paid into the treasury of the county, and appropriated exclusively to the keeping in repair and maintenance of public roads, and all weapons forfeited to the county under the provisions of this act shall be sold as may be prescribed by the county court, and the proceeds appropriated to the same purpose.

SEC. 6.   It shall be the duty of all sheriffs, constables, marshals, and their deputies, and all policemen, and other peace officers, to arrest any person violating the first or third sections of this act, and to take such person immediately before a justice of the peace of the county where the offense is committed, or before a mayor or recorder of the town or city in which the offense is committed, who shall investigate and try the case without delay.   On all such trials the accused shall have the right of a trial by jury, and of appeal to the district court; but, in case of appeal, the accused shall be required to give bond with two or more good and sufficient sureties in a sum of not less than one hundred nor more than two hundred dollars, if convicted under the first section and in a sum of not less than two hundred nor more than one thousand dollars, if convicted under the third section of this act; said bond to be payable to the State of Texas, and approved by the magistrate, and conditioned that the defendant will abide the judgment of the district court that may

be rendered in the case; and in case of forfeiture the proceedings thereon shall be as is or may be prescribed by law in similar cases; and all moneys collected on any bond or judgment upon the same, shall be paid over and appropriated as provided in the fifth section of this act.

Sec. 7. Any officer named in the sixth section of this act who shall refuse or fail to arrest any person whom he is required to arrest by said section on his own information, or where knowledge is conveyed to him of any violation of the first or third sections of this act, shall be dismissed from his office on conviction in the district court, on indictment or information, or by such other proceedings or tribunal as may be provided by law, and in addition, shall be fined in any sum not exceeding five hundred dollars, at the discretion of the court or jury.

Sec. 8. That the district courts shall have concurrent jurisdiction under this act, and it is hereby made the duty of the several judges of the district courts of this State to give this act especially in charge to the grand juries of their respective counties.

Sec. 9. It is hereby made the duty of the Governor to publish this act throughout the State; and this act shall take effect and be in force from and after the expiration of sixty days after its passage.

Approved April ·12, 1871.

---

## CHAPTER XXXV.

AN ACT TO AUTHORIZE THE COUNTY COURT OF ROBERTSON COUNTY TO LEVY AND COLLECT A SPECIAL TAX FOR THE TERM OF TWO YEARS TO BUILD A COURT HOUSE AND JAIL IN THE CITY OF CALVERT, THE COUNTY SEAT OF SAID COUNTY.

Section 1. *Be it enacted by the Legislature of the State of Texas*, That the County Court of Robertson county be and the same is hereby authorized to levy and collect, annually, for the term of two years, a special *ad valorem* tax upon all property, real, personal and mixed, in said county, not to exceed one half of one per centum in addition to all general and special taxes now authorized to be levied and collected by law, which tax shall be levied and collected the same as other taxes, and shall be appropriated and paid out solely for the purpose of building a substantial court house and jail at Calvert, the county seat of Roberson county, Texas.

Sec. 2. That this act shall take effect and be in force from and after its passage.

Approved April 12, 1871.



DATE DOWNLOADED: Fri Jul  8 04:34:58 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1872 17 .

ALWD 7th ed.
, , 1872 17 .

Chicago 17th ed.
"," Wisconsin - 25th Session, General Laws : 17-18

AGLC 4th ed.
'' Wisconsin - 25th Session, General Laws 17

OSCOLA 4th ed.
'' 1872 17

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

GENERAL LAWS—Ch. 7.                    17

the circuit court of Burnett county, and to arrange the empaneling of petit and grand jury in said county of Burnett," is hereby amended so as to read as follows:

Section 2.    The terms of the circuit court in and for said county of Burnett shall be held on the first Monday of March and on the third Monday of September in each year. *When terms to be held.*

SECTION 2. This act shall take effect and be in force from and after its passage and publication.

Approved February 10, 1872.

---

CHAPTER 7.

[*Published February* 15, 1872.]

AN ACT to prohibit and prevent the carrying of concealed weapons.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

SECTION 1. If any person shall go armed with a concealed dirk, dagger, sword, pistol, or pistols, revolver, slung-shot, brass knuckles, or other offensive and dangerous weapon, he shall, on conviction thereof, be adjudged guilty of a misdemeanor, and shall be punished by imprisonment in the state prison for a term of not more than two years, or by imprisonment in the county jail of the proper county not more than twelve months, or by fine not exceeding five hundred dollars, together with the costs of prosecution, or by both said fine and costs and either of said imprisonments; and he may also be required to find sureties for keeping the peace and against the further violation of this act for a term not exceeding two years: *provided,* that so going armed shall not be deemed a violation of this act whenever it shall be made to appear that such person had reasonable cause to fear an assault or other injury or violence to his person, or to his family or property, or to any person under his immediate care or custody, or entitled to his protection or assistance, or if it be made to appear that his possession of such *Carrying of concealed weapons prohibited.*

2—GEN. LAWS.

**18**       GENERAL LAWS—CH. 8-9.

weapon was for a temporary purpose, and with harmless intent.

SECTION 2.   This act shall take effect from and after its passage and publication.

Approved February 14, 1872.

---

## CHAPTER 8.

[*Published February 15, 1872.*]

AN ACT to provide for a change of venue in certain cases.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

Entitled to change of venue.

SECTION 1.   In any action commenced in justice court by summons personally served, if the defendant shall appeal from the judgment of the justice to the circuit court, such defendant shall be entitled to a change of venue of said action to the circuit court of the county in which he resides, when it shall appear to the satisfaction of the court, by affidavit or otherwise, that he was at the time such summons was served upon him, and still is, a resident of such county.

SECTION 2.   This act shall take effect from and after its passage.

Approved February 14, 1872.

---

## CHAPTER 9.

[*Published February 15, 1872.*]

AN ACT to fix the time for holding terms of the circuit court in the tenth judicial circuit.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

General terms fixed.

SECTION 1.   The general terms of the circuit court for the tenth judicial circuit shall hereafter be held as



DATE DOWNLOADED: Thu Jul 7 22:17:12 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1872-1873 130 .

ALWD 7th ed.
, , 1872-1873 130 .

Chicago 17th ed.
"," Alabama - General Assembly, Regular Session : 130-131

AGLC 4th ed.
'' Alabama - General Assembly, Regular Session 130

OSCOLA 4th ed.
'' 1872-1873 130

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

**1872**                                    130

No. 86.]                        AN ACT

To encourage the construction and operation of tele-
    graph lines in the State of Alabama.

SECTION 1. *Be it enacted by the General Assem-
bly of Alabama,* That any telegraph company
*Authority to all* chartered or incorporated by this or any other State,
*companies.* shall have the right to construct, maintain and ope-
rate lines of telegraph along any of the railroads
or other public highways in the State of Alabama;
but such lines of telegraph shall be so constructed
and maintained as not to obstruct or hinder the
usual travel on such railroad or other highway.

SEC. 2. *Be it further enacted,* That such telegraph
*Right of way.* company shall have power to contract with any per-
sons or corporation, the owner of any lands or of
any franchise or easement therein, over which such
telegraph line is proposed to be erected for the
right of way for planting, repairing and preserva-
tion of its telegraph poles, and for the erection and
occupation of offices, at suitable distances for the
public accommodation.

SEC. 3. *Be it further enacted,* That such tele-
*Compensation* graph company shall be entitled to the right of way
*to be paid for*
*right of way.* over the lands, franchises, and easements of other
persons and corporations, and the right to erect
poles and to establish offices, upon making just
compensation, as now provided by law.

Approved, April 4, 1873.

———

No. 87.]                        AN ACT

To punish parties carrying concealed about their
    persons brass knucles, slung shots, or weapons of
    like kind or description.

SECTION 1. *Be it enacted by the General Assem-
bly of Alabama,* That any person who carries con-
cealed about his person brass knuckles, slung shot,
or either weapon of like kind or description, shall,
on conviction thereof, be fined not less than twenty

B050

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 157 of 227

nor more than two hundred dollars, and may also, at the discretion of the court trying the case, be imprisoned in the county jail, or sentenced to hard labor for the county for a term not exceeding six months.

Approved April 8, 1873.

---

No. 88.]                    AN ACT

To distribute certain copies of Briekell's Digest.

SECTION 1, *Be it enacted by the General Assembly of Alabama*, That the Secretary of State is hereby required to furnish one copy of Brickell's Digest to each judge of a city court or criminal court of any county of this State, in addition to those heretofore authorized to be distributed by him.

Approved, April 8, 1873.

---

No 89.]                    AN ACT

For the protection of sheep.

SECTION 1. *Be it enacted, by the General Assembly of Alabama,* That any person who owns, or has in his possession or under his control, any dog known to worry, or kill sheep, and suffers such dog to run at large, shall be guilty of a misdemeanor, and on conviction therefor shall be fined not more than fifty dollars.

Approved April 8, 1873.

---

No. 90.]                    AN ACT

To authorize the collection of debts for labor and services rendered for the benefit of trust estates.

SECTION 1. *Be it enacted by the General Assembly of Alabama,* That in all cases in which any per-



HEINONLINE

DATE DOWNLOADED: Fri Jul  8 03:47:58 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1874 3 .

ALWD 7th ed.
, , 1874 3 .

Chicago 17th ed.
"," Missouri - 27th General Assembly, Adjourned Session : 3-[ii]


AGLC 4th ed.
'' Missouri - 27th General Assembly, Adjourned Session 3

OSCOLA 4th ed.
'' 1874 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

SEC. 5.  The clerks so appointed shall, before entering upon their duties, enter into bond, with two or more sufficient securities, in the sum of not exceeding five thousand dollars, payable to the state of Missouri, conditioned for the faithful performance of the duties devolved upon them by this act—said bond to be taken and the amount thereof fixed by the judge of the circuit court of the county in which such clerk shall be appointed; which bond shall be filed in the office of the clerk of the circuit court of said county, and may be sued on in the name of the state of Missouri, for the use of any one injured by the breach thereof.

SEC. 6.  This act to take effect and be in force from and after its passage.

APPROVED March 19, 1874.

---

## CRIMES AND MISDEMEANORS: CARRYING CONCEALED WEAPONS.

AN ACT to prevent the carrying of concealed weapons.

| SECTION | SECTION |
|---|---|
| 1.  Carrying concealed weapons in public assemblages prohibited. | 2.  Act to take effect immediately. |

*Be it enacted by the General Assembly of the State of Missouri, as follows:*

SECTION 1.  Whoever shall, in this state, go into any church or place where people have assembled for religious worship, or into any school-room, or into any place where people may be assembled for educational, literary or social purposes, or to any election precinct on any election day, or into any court-room during the sitting of court, or into any other public assemblage of persons met for other than militia drill or meetings, called under the militia law of this state, having concealed about his person any kind of fire-arms, bowie-knife, dirk, dagger, slung-shot, or other deadly weapon, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not less than ten nor more than one hundred dollars, or by imprisonment in the county jail not to exceed six months, or by both such fine and imprisonment: *Provided*, that this act shall not apply to any person whose duty it is to bear arms in the discharge of duties imposed by law.

SEC. 2.  This act shall take effect and be in force from and after its passage.

APPROVED March 26, 1874.




DATE DOWNLOADED: Thu Jul  7 23:12:17 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1874-1875 1 .

ALWD 7th ed.
, , 1874-1875 1 .

Chicago 17th ed.
"," Arkansas - 20th General Assembly, Regular Session : 1-255

AGLC 4th ed.
'' Arkansas - 20th General Assembly, Regular Session 1.

OSCOLA 4th ed.
'' 1874-1875 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## ACTS OF ARKANSAS. 156

AN ACT entitled an act to prohibit the carrying of side-arms, and other deadly weapons.

SECTION
1. Penalty for carrying weapons; exceptions to same.
2. Disposal of fines collected under this act.
3. Penalty of Justices of the Peace for non-observance of this act.
4. Penalty on other officers.
5. Conflicting laws repealed and this act in force ninety days after passage.

*Be it enacted by the General Assembly of the State of Arkansas:*

SECTION 1.  That any person who shall wear or carry any pistol of any kind whatever, or any dirk, butcher or bowie knife, or a sword or a spear in a cane, brass or metal knucks, or razor, as a weapon, shall be adjudged guilty of a misdemeanor, and upon conviction thereof, in the county in which said offense shall have been committed, shall be fined in any sum not less than twenty-five nor more than one hundred dollars, to be recovered by presentment or indictment in the Circuit Court, or before any Justice of the Peace of the county wherein such offense shall have been committed ; *Provided*, That nothing herein contained shall be so construed as to prohibit any person wearing or carrying any weapon aforesaid on his own premises, or to prohibit persons traveling through the country, carrying such weapons while on a journey with their baggage, or
to prohibit any officer of the law wearing *or car- [ *156 ]
rying such weapons when engaged in the discharge
of his official duties, or any person summoned by any such officer to assist in the execution of any legal process, or any private person legally authorized to execute any legal process to him directed.

SEC. 2.  That the fines collected by any officer, under and by virtue of this act, shall be immediately paid into the county treasury by the officer collecting the same, and he shall take from the Treasurer duplicate receipts therefor, one of which he shall file in the Clerk's office of his county ; and the County Treasurer shall hold the fines collected and paid over as aforesaid as part and parcel of the school fund of his county, and shall be responsible on his official bond for the safe-keeping and disbursement of the same.

SEC. 3.  That any Justice of the Peace in this State, who, from his own knowledge or from legal information received, knows, or has reasonable grounds to believe, any person guilty of the offense in section one, of this act described, and shall fail or refuse to proceed against such person, shall be adjudged guilty of a nonfeasance in office, and upon conviction thereof shall be fined in any sum not less than twenty-five nor more than three hundred dollars, to be recovered by presentment or indictment in the Circuit Court of the county wherein such offense shall have been committed, and shall moreover be removed from office.

Sec. 4. That any Sheriff, Coroner, Constable, or any police officer, of any city in this State, who may have personal knowledge of the commission of the offense, in the first section of this act described, and shall fail or refuse to arrest such offender and bring him to trial, shall be adjudged guilty of a nonfeasance in office, and upon conviction thereof, shall be punished as provided for Justices of the Peace in the foregoing section of this act.

Sec. 5. That all laws and parts of laws in conflict with this act are hereby repealed, and that this act take effect and be in force ninety days after its passage.

Approved February 16, 1875.

---

[ °157 ]    °"AN ACT to encourage Mining and Manufacturing in the State of Arkansas."

PREAMBLE.

SECTION
1. What capital may be exempt from taxation; limit; how old corporations may receive benefit of act.
2. Statement required by persons wishing to avail themselves of provisions of act; duty of Assessor.
3. Proceedings when Assessor believes property is not really exempt under act.
4. Act in force from passage.

WHEREAS, The Constitution of the State of Arkansas, article ten, section three, provides that the General Assembly may, by general law, exempt from taxation for a term of seven years from the ratification of said Constitution, the capital invested in any and all kinds of mining and manufacturing business in this State, under such regulations and restrictions as may be prescribed by law; therefore,

*Be it enacted by the General Assembly of the State of Arkansas:*

SECTION 1. All capital which is or may hereafter be invested and exclusively used in the manufacture of cotton and woolen goods, yarn, farming implements, tanneries, cotton seed oil, in mining and smelting furnaces, shall be exempt from taxation for a period of seven years from and after the thirtieth day of October, eighteen hundred and seventy-four, the date of the ratification of said Constitution; *Provided*, That the capital invested in such manufacturing establishments shall exceed two thousand dollars ($2,000); and, *Provided further*, That no person, corporation or company having prior to the passage of this act, invested capital in any such manufacturing enterprise in this State shall be entitled to the exemption herein provided for, unless the capital stock so invested shall be increased twenty-five per centum of its value, as determined by the last annual assessment.

Sec. 2. All persons desiring to avail themselves of the provisions of this act shall annually, at the time provided

 

DATE DOWNLOADED: Fri Jul  8 01:47:59 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1875 62 .

ALWD 7th ed.
, , 1875 62 .

Chicago 17th ed.
"," Indiana - Special Session : 62-62

AGLC 4th ed.
'' Indiana - Special Session 62

OSCOLA 4th ed.
'' 1875 62

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

62          GENERAL LAWS.

**Unlawful for person, without consent, &c., to fill such bottles with Mineral Water, Ale, &c. and offer same for sale, &c.**

SEC. 2. That it is hereby declared unlawful for any person or persons, hereafter, without the consent in writing of the owner or owners thereof, to fill with ale, porter, mineral water or other beverages, any bottle or bottles marked as in this act provided, to offer for sale, or to traffic in any such bottle and not purchased by him or her of such owner or owners who have complied with the provisions of this act, and every person so offending shall

**Penalty.**

be liable to a fine of one dollar for every bottle so filled or sold, or used, or disposed of, or purchased, or trafficked in for the first offence, and a fine of five dollars for every subsequent offence, to be recovered as other fines are now

**Fines, so collected, shall be paid into School Fund.**

recovered by law, and all fines so recovered, when collected, shall be paid over to the school fund.

**Fee of Clerk for recording such description.**

SEC. 3. That the County Clerk shall be entitled to receive for his services, in recording said description, a fee of one dollar.

**Emergency.**

SEC. 4. It is hereby declared that an emergency exists for the immediate taking effect of this act, and that it shall be in force from and after its passage.

---

## CHAPTER XVII.

AN ACT defining certain misdemeanors, and prescribing penalties therefor.

### [APPROVED MARCH 13, 1875.]

**Misdemeanor to draw or threaten to use pistol, knife, or other deadly weapon, and penalty therefor.**

SECTION 1. *Be it enacted by the General Assembly of the State of Indiana,* That if any person shall draw or threaten to use any pistol, dirk, knife, slung-shot, or any other deadly or dangerous weapon upon any other person, he shall be deemed guilty of a misdemeanor, and, upon conviction therefor, shall be fined in any sum not less than one nor more than five hundred dollars, to which may be added imprisonment in the county jail not to exceed six months;

**Provisions of act not to apply to persons in case of self defense, &c.**

*Provided,* That the provisions of this act shall not apply to persons drawing or threatening to use such dangerous or deadly weapons in defense of his person or property, or in defense of those entitled to his protection by law.

 

DATE DOWNLOADED: Fri Jul  8 18:52:48 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1875 33 .

ALWD 7th ed.
, , 1875 33 .

Chicago 17th ed.
"," Pennsylvania - General Assembly, Regular Session : 33-33

AGLC 4th ed.
'' Pennsylvania - General Assembly, Regular Session 33

OSCOLA 4th ed.
'' 1875 33

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

SESSION OF 1875.                    **33**

## No. 37.
## AN ACT

To authorize the attorney general, auditor general and state treasurer, to settle all outstanding claims due for work done and material furnished the constitutional convention.

SECTION 1. *Be it enacted, &c.,* That the attorney general, auditor general and state treasurer are hereby authorized to settle with all persons having unsettled claims against the state on account of work done and material furnished for the constitutional convention, and the state treasurer is hereby authorized to pay all claims on warrants of the auditor general therefor, upon recommendation in writing from said board, including the claim of D. F. Murphy, stenographic reporter for the convention, if, upon examination, the same is found to be valid :   *Provided,* That this act shall in no wise be so construed as to authorize the payment of any claim for advertising the new constitution.

APPROVED—The 18th day of March, A. D. 1875.

J. F. HARTRANFT.

## No. 38.
## AN ACT

To punish persons for carrying concealed weapons within this Commonwealth.

SECTION 1. *Be it enacted, &c.,* That any person within this commonwealth who shall carry any fire-arms, slung-shot, handy-billy, dirk-knife, razor or any other deadly weapon, concealed upon his person, with the intent therewith unlawfully and maliciously to do injury to any other person, shall be deemed guilty of a misdemeanor, and upon the conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars and undergo an imprisonment by separate or solitary confinement not exceeding one year, or either or both, at the discretion of the court, and the jury trying the case may infer such intent as aforesaid, from the fact of the said defendant carrying such weapons in the manner as aforesaid.

APPROVED—The 18th day of March, A. D. 1875.

J. F. HARTRANFT.

3 LAW.

 

DATE DOWNLOADED: Fri Jul  8 03:43:40 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1877 3 .

ALWD 7th ed.
, , 1877 3 .

Chicago 17th ed.
"," Missouri - 29th General Assembly, Regular Session : 3-432

AGLC 4th ed.
'' Missouri - 29th General Assembly, Regular Session 3

OSCOLA 4th ed.
'' 1877 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## CRIMES AND PUNISHMENTS: Obstructing Railroad Cars.

AN ACT to amend section sixty of chapter two hundred and one of the General Statutes of the State of Missouri, entitled "Of offenses against public and private property."

SECTION 1. Maliciously throwing missiles at trains in motion.

*Be it enacted by the General Assembly of the State of Missouri, as follows:*

SECTION 1. That section sixty of chapter 201 of the General Statutes of Missouri, be amended so as to read as follows: Section 60. Every person who shall willfully and maliciously place any obstruction, by stones, logs or any other thing, on the track of a railroad, or shall tear up or remove any portion of a railroad or the works thereof, with intent to obstruct the passage of a car or cars thereon, or throw them off the track; or shall willfully and maliciously throw any stone, stick or other thing into or at any train, or into or at any car or locomotive while the same is in motion or otherwise, shall, upon conviction, be imprisoned in the penitentiary not exceeding twenty years.

Approved April 28, 1877.

———————

## CRIMES AND PUNISHMENTS: Deadly Weapons.

AN ACT to preserve the public peace by preventing the display of knives and other deadly weapons in the presence of one or more persons.

SECTION 1. Exhibition of deadly weapons a misdemeanor; penalty.

*Be it enacted by the General Assembly of the State of Missouri, as follows:*

SECTION 1. Whoever shall, in the presence of one or more persons, exhibit any kind of firearms, bowie knife, dirk, dagger, slung shot or other deadly weapon, in a rude, angry or threatening manner, not in the necessary defence of his person, family or property, shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be punished by a fine of not less than ten nor more than five hundred dollars, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment.

Approved April 17, 1877.

 

DATE DOWNLOADED: Fri Jul 8 00:01:13 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1877 38 .

ALWD 7th ed.
, , 1877 38 .

Chicago 17th ed.
"," New Hampshire - June Session : 38-39

AGLC 4th ed.
'' New Hampshire - June Session 38

OSCOLA 4th ed.
'' 1877 38

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

"from September fifteenth to April fifteenth in any year, so far as it relates to any waters in Coos county."

Takes effect, when.

SEC. 3. This act shall take effect on its passage.

[Approved July 18, 1877.]

## CHAPTER LII.

### AN ACT REGARDING CONCEALED WEAPONS.

SECTION
1. Penalty for carrying concealed weapons.

SECTION
2. Takes effect, when.

*Be it enacted by the Senate and House of Representatives in General Court convened:*

Penalty for carrying concealed weapons.

SECTION 1. Whoever when arrested upon a warrant of a magistrate issued against him for an alleged offense against the laws of this state, and whoever when arrested by a sheriff, deputy sheriff, constable, police officer or watchman when committing a criminal offense against the laws of this state, or a breach or disturbance of the public peace, is armed with or has on his person slung shot, metallic knuckles, billies, or other dangerous weapons, or it is shown by evidence before any competent tribunal that the party arrested had used said weapons or either of them in committing the offense for which he is arrested, shall be punished by a fine not exceeding fifty dollars, or by imprisonment in the jail not exceeding one year, or both.

Takes effect, when.

SEC. 2. This act shall take effect and be in force from and after its passage.

[Approved July 19, 1877.]

## CHAPTER LIII.

### AN ACT FOR THE BETTER PROTECTION OF CHILDREN.

SECTION
1. Proprietors of drinking saloons prohibited from admitting minors; penalty.

SECTION
2. Children under fourteen not to be employed in public exhibitions; penalty; proviso.
3. Takes effect, when.

*Be it enacted by the Senate and House of Representatives in General Court convened:*

Proprietors of drinking saloons prohibited from admitting minors; penalty.

SECTION 1. No minor under the age of fourteen years shall be admitted at any time to, or permitted to remain in, any saloon or place of entertainment where any spirituous liquors or wines, or intoxicating or malt liquors are sold, exchanged or given away, or at places of amusement known as dance houses and concert saloons,

Digitized from Best Copy Available

 

DATE DOWNLOADED: Fri Jul  8 18:23:53 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1878 175 .

ALWD 7th ed.
, , 1878 175 .

Chicago 17th ed.
"," Mississippi - Regular Session : 175-176

AGLC 4th ed.
'' Mississippi - Regular Session 175

OSCOLA 4th ed.
'' 1878 175

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## CHAPTER XLVI.

AN ACT to prevent the carrying of concealed weapons, and for other purposes.

SECTION 1. *Be it enacted by the Legislature of the State of Mississippi,* That any person, not being threatened with, or having good and sufficient reason to apprehend an attack, or traveling (not being a tramp) or setting out on a journey, or peace officers, or deputies in discharge of their duties, who carries concealed, in whole or in part, any bowie knife, pistol, brass knuckles, slung shot or other deadly weapon of like kind or description, shall be deemed guilty of a misdemeanor, and on conviction, shall be punished for the first offence by a fine of not less than five dollars nor more than one hundred dollars, and in the event the fine and cost are not paid shall be required to work at hard labor under the direction of the board of supervisors or of the court, not exceeding two months, and for the second or any subsequent offence, shall, on conviction, be fined not less than fifty nor more than two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor not exceeding six months under the direction of the board of supervisors, or of the court. That in any proceeding under this section, it shall not be necessary for the State to allege or prove any of the exceptions herein contained, but the burden of proving such exception shall be on the accused.

*When concealed weapons may be carried.*

*Penalty for carrying weapons.*

*Burden of proof on accused.*

SEC. 2. *Be it further enacted,* That it shall not be lawful for any person to sell to any minor or person intoxicated, knowing him to be a minor or in a state of intoxication, any weapon of the kind or description in the first section of this Act described, or any pistol cartridge, and on conviction shall be punished by a fine not exceeding two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor under the direction of the board of supervisors or of the court, not exceeding six months.

*Minors, or persons intoxicated.*

176                          LAWS OF THE

SEC. 3. *Be it further enacted*, That any father, who shall knowingly suffer or permit *Minor under 16 years.* any minor son under the age of sixteen years to carry concealed, in whole or in part, any weapon of the kind or description in the first section of this Act described, shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than twenty dollars, nor more than two hundred dollars, and if the fine and costs are not paid, shall be condemned to hard labor under the direction of the board of supervisors or of the court.

SEC. 4. *Be it further enacted*, That any student of any university, college or school, who shall carry concealed, in whole or in part, *Students.* any weapon of the kind or description in the first section of this Act described, or any teacher, instructor, or professor who shall, knowingly, suffer or permit any such weapon to be carried by any student or pupil, shall be deemed guilty of a misdemeanor, and, on conviction, be fined not exceeding three hundred dollars, and if the fine and costs are not paid, condemned to hard labor under the direction of the board of supervisors or of the court.

SEC. 5. *Be it further enacted*, That each justice of the peace before whom a conviction *Tax fee of justice.* is had, shall, in addition to the costs now allowed by law, be entitled to a tax fee of two dollars and a half.

SEC. 6. *Be it further enacted*, That immediately after the passage of this Act, the Secretary of State shall transmit a copy to each *Act to be read in courts* circuit judge in the State, who shall cause the same to be read in open court on the day for the calling of the State docket of the court.

SEC. 7. *Be it further enacted*, That this Act take effect from and after its passage.

APPROVED, February 28, 1878.

 

DATE DOWNLOADED: Fri Jul  8 17:03:19 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1879 1 .

ALWD 7th ed.
, , 1879 1 .

Chicago 17th ed.
"," Illinois - 31st General Assembly, 1st Session : 1-II

AGLC 4th ed.
'' Illinois - 31st General Assembly, 1st Session 1

OSCOLA 4th ed.
'' 1879 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

§ 2. [CONVERTING MONEY, BONDS, ETC., TO PRIVATE USE, LARCENY.] If any banker or broker, or person or persons doing a banking business or his agent or servant, or any officer, agent or servant of any banking company or incorporated bank, shall, fraudulently convert to his own private use, any bullion, money, note, bills, bond, draft, bill of exchange, or other property deposited with him, or with such banking company or incorporated bank, he or they shall be deemed guilty of larceny, and upon conviction thereof, shall be liable to the pains and penalties in such cases made and provided for by the statutes of this State.

§ 3. [SAVINGS BANK NOT TO LOAN TO BANK OFFICERS.] It shall not be lawful for any savings bank, to loan any deposit or trust fund to any officer or officers of such savings bank, and any savings bank, so loaning, shall, upon proof thereof, if organized under the laws of this State, be considered to have forfeited its chartered rights and franchise, or liable to a fine of twice the amount so loaned at the discretion of the court before which such case may be brought, and the officer or officers receiving such deposit or trust fund, shall be deemed guilty of having obtained the same under false pretenses, and shall be punished therefor according to law.

§ 4. [SAVINGS BANK NOT TO BECOME LIABLE AS GUARANTOR, ETC.] It shall not be lawful for any savings bank, individual or individuals doing banking business, banking company, or incorporated bank receiving savings deposit, or deposits of trust funds, to assume the payment of, or to become liable for, or to guarantee to pay the principal of, or interest on, any bonds, notes or other evidence of indebtedness of, for, or on account of any person or persons, company, or incorporation; and in any assumption, liability or guarantee, whereby such deposits or trust funds could be jeopardized or impaired shall be null and void.

APPROVED June 4th, 1879.

## DISORDERLY CONDUCT.

### § 56. Disturbing the peace.

AN ACT to amend an act entitled, "An Act to revise the law in relation to Criminal Jurisprudence," approved March 27th, 1874, in force July 1st, 1874. Approved May 24, 1879. In force July 1, 1879.

SECTION 1. Be it enacted by the People of the State of Illinois, represented in the General Assembly, That section fifty-six (56) of division one (1) of an act entitled "An Act to revise the law in relation to Criminal Jurisprudence," approved March 27, 1874, in force July 1, 1874, be so amended as to read as follows:

§ 56. [DISTURBING THE PEACE.] Whoever wilfully disturbs the peace and quiet of any neighborhood or family, by loud or unusual

noises, or by tumultuous or offensive carriage, threatening, traducing, quarreling, challenging to fight or fighting, or whoever shall carry concealed weapons, or in a threatening manner display any pistol, knife, slungshot, brass steel or iron knuckles, or other deadly weapon, shall be fined not exceeding one hundred dollars.

APPROVED May 24th, 1879.

### FALSE PRETENSES

#### § 102½. Celebrating marriage without authority.

AN ACT to amend an act entitled *"An act to revise the law in relation to Criminal Jurisprudence,"* approved March 27, 1874. *Approved May 29, 1879. In force July 1, 1879.*

SECTION 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That an act entitled "An Act to revise the law in relation to Criminal Jurisprudence," approved March 27th, 1874, be and the same is hereby amended by adding the following section:

§ 102½. [CELEBRATING MARRIAGE WITHOUT AUTHORITY.] Any person who shall celebrate any marriage when not authorized by the law of this State to celebrate marriages, shall be fined in any sum not exceeding five hundred dollars, and imprisonment for a period of not less than one day, and not exceeding two years. *Provided,* that the marriages among the people called Friends or Quakers, may be solemnized in the manner heretofore practiced in their societies.

APPROVED May 29th, 1879.

### GAMING.

§ 1. Playing cards, etc., in saloons.　　|　§ 2. Emergency.

AN ACT *to prevent the playing of cards, dice, balls, or any other article or device used in gaming, by minors, in saloons or in places where intoxicating liquors are sold.* Approved and in force May 20, 1879.

SECTION 1. [PLAYING CARDS, ETC., IN SALOONS, BY MINORS.] *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That all saloons or places where intoxicating liquors are sold, in which minors are permitted to play with cards, dice, balls, or any other article or device used in gaming, are hereby declared to be disorderly houses. Every proprietor or keeper of such saloons or places where such gaming or playing shall take place, shall for the first



# HEINONLINE

DATE DOWNLOADED: Fri Jul  8 00:21:44 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1879 231 .

ALWD 7th ed.
, , 1879 231 .

Chicago 17th ed.
"," North Carolina - Laws and Resolutions, General Assembly : 231-231

AGLC 4th ed.
'' North Carolina - Laws and Resolutions, General Assembly 231

OSCOLA 4th ed.
'' 1879 231

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## CHAPTER 127.

### AN ACT TO MAKE THE CARRYING OF CONCEALED WEAPONS A MISDEMEANOR.

*The General Assembly of North Carolina do enact:*

SECTION 1. That it shall be unlawful for any person in this state, except when upon his own premises, to carry concealed about his person any pistol, bowie-knife, dirk, dagger, slung-shot, loaded cane, brass, iron or metallic knuckles, or other deadly weapon of like kind. [Unlawful to carry concealed weapons.]

SEC. 2. That any person offending against section one of this act shall be guilty of a misdemeanor, and upon conviction thereof shall be fined or imprisoned in the discretion of the court. [Misdemeanor.]

SEC. 3. The following persons shall be exempt from the provisions of section one of this act: officers and soldiers of the United States army, civil officers of the United States while in the discharge of their official duties, officers and soldiers of the militia of this state when called into actual service, officers of this state or of any county, city or town of this state, charged with the execution of the laws of this state, while in the discharge of his official duties. [Who exempt from provisions of this act.]

SEC. 4. Any person being off his own premises and having upon his person any deadly weapon described in section one, such possession shall be *prima facie* evidence of the concealment thereof. [Having weapon on person *prima facie* evidence of concealment.]

SEC. 5. This act shall go into effect on the first day of July, Anno Domini one thousand eight hundred and seventy-nine.

Ratified the 5th day of March, A. D. 1879.



DATE DOWNLOADED: Thu Jul  7 23:07:57 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1879 231 .

ALWD 7th ed.
, , 1879 231 .

Chicago 17th ed.
"," Tennessee - 41st General Assembly, 1st Session : 231-232

AGLC 4th ed.
'' Tennessee - 41st General Assembly, 1st Session 231

OSCOLA 4th ed.
'' 1879 231

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

[ 231 ]

## CHAPTER CLXXXVI.

AN ACT to amend the Criminal Laws of this State upon the subject of carrying concealed weapons, and amend Section 4759 of the Code.

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That the Act of 1871, Chapter 90, be and is hereby amended, that hereafter it shall not be lawful for any person to carry, publicly or privately, any dirk, razor concealed about his person, sword cane, spanish stilletto, belt or pocket pistol, revolver, or any kind of pistol, except the army or navy pistol, usually used in warfare, which shall be carried openly in the hand, or loaded cane, slung-shot, brass knucks ; and any person guilty of a violation of this Act shall be subject to presentment or indictment, and on conviction shall be fined fifty dollars, and imprisoned in the County jail of the County where the offense was committed, the imprisonment only in the discretion of the Court ; *Provided,* the defendant shall give good and sufficient security for all the costs, fine, and any jail fees that may accrue by virtue of the imprisonment of the defendant.

*Offence and penalty.*

*Proviso.*

SEC. 2. *Be it further enacted,* That nothing in this Act be so construed as to operate as a pardon for any offense heretofore committed, but persons indicted or presented for carrying dangerous weapons under the law now in force, shall be tried under said laws, and punished as therein required.

SEC. 3. *Be it further enacted,* That the provisions of this Act shall not apply to any person employed in the army, navy, or marine service of the United States, or to any officer or policeman while *bona fide* engaged in his official duties in the execution of process, or while searching for or engaged in arresting criminals, nor to persons who may have been summoned by such officers or policeman in the discharge of their said duties, and in arresting criminals and transporting and turning them over to the proper authorities ; and, *Provided, further,* that said persons who may be employed in the army, navy or marine service, as aforesaid, shall only carry such pistols as are prescribed by the army and navy regulations.

*Soldiers and Police excepted.*

SEC. 4. *Be it further enacted,* That all laws and parts

[ 232 ]

of laws that come in conflict with the provisions of this Act be and the same are hereby repealed; *Provided*, that any person convicted of an offense under this Act shall, not be deprived of the right of voting or holding office.

Passed March 26, 1879.

H. P. FOWLKES,
*Speaker of the House of Representatives.*
J. R. NEAL,
*Speaker of the Senate.*

Approved, March 27, 1879.

ALBERT S. MARKS,
*Governor.*

---

## CHAPTER CLXXXVII.

AN ACT to amend an Act approved March 6th, 1873, entitled, "An Act to establish and maintain a uniform system of Public Schools."

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That Section 31 of the Act approved March 6th, 1873, entitled "An Act to establish and maintain a uniform system of Public Schools," be so amended as to add to the curriculum of studies prescribed therein, the study of the elementary principles of Agriculture.

*Study of Agriculture enjoined*

SEC. 2. *Be it further enacted,* That the Superintendent of Public Instruction of this State, and Commissioner of Agriculture shall be constituted a Commission to procure the preparation of, or the designature of, a work on the "Elementary Principles of Agriculture," which shall be taught in the Public Schools of the State, as are the other studies prescribed in the 21st Section of the Public School Law; *Provided,* no monies are to be paid by the State or out of the school fund for the preparation of the necessary book.

*Superintendent Public Instruction and Commissioner Agriculture to design book.*

Passed March 26, 1879.

H. P. FOWLKES,
*Speaker of the House of Representatives.*
J. R. NEAL,
*Speaker of the Senate.*

Approved March 27, 1879.

ALBERT S. MARKS,
*Governor.*

 

DATE DOWNLOADED: Fri Jul  8 21:00:33 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1880 447 .

ALWD 7th ed.
, , 1880 447 .

Chicago 17th ed.
"," South Carolina - Regular Session : 447-448

AGLC 4th ed.
'' South Carolina - Regular Session 447

OSCOLA 4th ed.
'' 1880 447

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## OF SOUTH CAROLINA.

447

Young, and their associates and successors, are hereby made and created a body politic and corporate, by the name of the Board of Trustees of the Associate Reformed Presbyterian Synod of the South, with all the powers and prerogatives of a corporate body, and may from time to time make such rules and by-laws for their government and for the management of the property under their charge as shall be approved by a majority of said Board of Trustees, and are not inconsistent with laws of the land.

Name.

SEC. 2. That the said corporation shall have power to hold in trust any property heretofore given or acquired, or hereafter to be given or acquired, for objects connected with said Associate Reformed Presbyterian Synod of the South, other than that now held by other corporations, and also all property belonging to any of the corporations, or single churches, or dormant congregations, either now or heretofore connected with said Associate Reformed Presbyterian Synod of the South, but which have now ceased to have any active operation, and also any property now or hereafter belonging to individual congregations, Presbyteries, or corporations in connection with the said Associate Reformed Presbyterian Synod of the South, which may desire to surrender or convey the same to said Board of Trustees, or whose charters of incorporation may have expired.

Power to hold property.

SEC. 3. The title to the real and personal property described in the second Section hereof, shall become vested in the said Board of Trustees by operation of law without further deed or conveyance other than that which is therein specified, and the said Board of Trustees shall report annually to the Synod of the Associate Reformed Presbyterian Church, by which Ecclesiastical Court all vacancies in said Board of Trustees shall be filled.

Title—how vested.

SEC. 4. That the said corporation shall have a corporate existence for the term of twenty-one years, and until the adjournment of the General Assembly of this State which shall convene next after the expiration of said term, and may sue and be sued in any of the Courts of this State.

Corporate existence.

Approved December 24, 1880.

————

AN ACT TO PROVIDE A PUNISHMENT FOR CARRYING ANY DEADLY WEAPON CONCEALED ABOUT THE PERSON.

No. 362.

SECTION 1. *Be it enacted* by the Senate and House of Representatives of the State of South Carolina, now met and sitting in

9

448 STATUTES AT LARGE

A. D. 1880.

Carrying concealed weapons a misdemeanor.

General Assembly, and by the authority of the same, That any person carrying a pistol, dirk, dagger, slung shot, metal knuckles, razors, or other similar deadly weapon usually used for the infliction of personal injury, concealed about his person, shall be guilty of a misdemeanor, and, upon conviction thereof, before a Court of competent jurisdiction, shall forfeit to the County the weapon so carried concealed and be fined in a sum not more than two hundred dollars, or imprisoned for not more than twelve months, or both, in the discretion of the Court.

Punishment.

Duty of peace officers.

SEC. 2. It shall be the duty of every Trial Justice, Sheriff, Constable, or other peace officer, to cause all persons violating this Act to be prosecuted therefor whenever they shall discover a violation hereof.

Disposition of fines collected.

SEC. 3. In all convictions hereunder, the fine imposed shall, if collected, be paid into the treasury of the County wherein the prosecution is located.

Exceptions.

SEC. 4. Nothing herein contained shall be construed to apply to peace officers while in the actual discharge of their duties as such officers, nor to persons carrying concealed weapons while upon their own premises.

Further punishment.

SEC. 5. That if any person be convicted of assault, assault and battery, assault, or assault and battery with intent to kill, or of manslaughter, and it shall appear upon the trial that the assault, assault and battery, assault, assault and battery with intent to kill, or manslaughter, shall have been committed with a deadly weapon of the character specified in Section one (1) of this Act, carried concealed upon the person of the defendant so convicted, the presiding Judge shall, in addition to the punishment provided by law for such assault, assault and battery, assault, or assault and battery with intent to kill, or manslaughter, inflict further punishment upon the person so convicted of confinement in the Penitentiary for not less than three months nor more than twelve months, with or without hard labor, or fined in a sum of not less than two hundred dollars, or both fined and imprisoned, at the discretion of the said Judge.

SEC. 6. That this Act shall go into effect on the first day of January, A. D. 1881.

Approved December 24, 1880.



DATE DOWNLOADED: Fri Jul  8 02:00:46 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1881 1 .

ALWD 7th ed.
, , 1881 1 .

Chicago 17th ed.
"," Illinois - 32nd General Assembly, 1st Session : 1-158

AGLC 4th ed.
'' Illinois - 32nd General Assembly, 1st Session 1

OSCOLA 4th ed.
'' 1881 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# CRIMINAL CODE.

### DEADLY WEAPONS.

##### REGULATES TRAFFIC AND PREVENTS SALE TO MINORS.

§ 1. Forbids possession or sale of slung-shots or knuckles—penalty.

§ 2. Forbids sale, loan or gift to minors, of fire-arms or other deadly weapons—penalty.

§ 3. Provides for registry of sales by dealers in deadly weapons—Form of register—penalty for failure to keep same.

§ 4. Penalty for carrying deadly weapons or display of same.

§ 5. Fines and penalties—how recovered – Increased penalty for second offense.

§ 6. Exempts sheriffs, coroners, constables, policemen or peace officers from provisions of this act.

§ 7. Repealing clause for acts in conflict.

In force July 1, 1881.

An Act *to regulate the traffic in deadly weapons, and to prevent the sale of them to minors.*

Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That whoever shall have in his possession, or sell, give or loan, hire or barter, or whoever shall offer to sell, give, loan, hire or barter, to any person within this state, any slung-shot or metallic knuckles, or other deadly weapon of like character, or any person in whose possession such weapons shall be found, shall be guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than ten dollars ($10) nor more than two hundred dollars ($200).

§ 2. Whoever, not being the father, guardian or employer of the minor herein named, by himself or agent, shall sell, give, loan, hire or barter, or shall offer to sell, give, loan, hire or barter to any minor within this state, any pistol, revolver, derringer, bowie knife, dirk or other deadly weapon of like character, capable of being sec. ted upon the person, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25) nor more than two hundred dollars ($200).

§ 3. All persons dealing in deadly weapons, hereinbefore mentioned, at retail within this state shall keep a register of all such weapons sold or given away by them. Such register shall contain the date of the sale or gift, the name and age of the person to whom the weapon is sold or given, the price of the said weapon, and the purpose for which it is purchased or obtained. The said register shall be in the following form:

| No. of weapon. | To whom sold or given. | Age of purchaser. | Kind and description of weapon. | For what purpose purchased or obtained | Price of weapon. |
|---|---|---|---|---|---|
| | | | | | |

Said register shall be kept open for the inspection of the public, and all persons who may wish to examine the same may do so at all reasonable times during business hours. A failure to keep such register, or to allow an examination of the same, or to record

therein any sale or gift of a deadly weapon, or the keeping of a false register, shall be a misdemeanor, and shall subject the offender to a fine of not less than twenty-five dollars ($25) nor more than two hundred dollars ($200).

§ 4.　Whoever shall carry a concealed weapon upon or about his person of the character in this act specified, or razor as a weapon, or whoever, in a threatening or boisterous manner, shall display or flourish any deadly weapon, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25) nor more than two hundred dollars ($200).

§ 5.　All fines and penalties specified in this act may be recovered by information, complaint or indictment, or other appropriate remedy, in any court of competent jurisdiction; and, when recovered, shall be paid into the county treasury of the county where the conviction is had, and become a part of the current revenue of the county; or the said fines and penalties may be recovered by *qui tam* action, one-half to be paid to the informer, and the other half to be paid into the county treasury, as aforesaid.　For a second violation of any of the provisions of this act the offender shall be fined in double the amount herein specified, or may be committed to the county jail for any term not exceeding twenty days, in the discretion of the court.

§ 6.　Section four (4) of this act shall not apply to sheriffs, coroners, constables, policemen or other peace officers, while engaged in the discharge of their official duties, or to any person summoned by any of such officers to assist in making arrest, or preserving the peace, while such person so summoned is engaged in assisting such officer.

§ 7.　All acts and parts of acts in conflict with this act are hereby repealed.

APPROVED April 16, 1881.

———

### PENALTY FOR ADULTERATION OF BUTTER AND CHEESE.

| § 1. Manufacture of imitations or adulteration of butter and cheese prohibited—Penalty. | § 2. Repealing clause. In force July 1, 1881. |

AN ACT *to prevent the adulteration of butter and cheese, or the sale or disposal of the same, or the manufacture or sale of any article as a substitute for butter or cheese, or any article to be used as butter and cheese.*

SECTION 1.　*Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That whoever manufactures out of any oleaginous substances, or any compound of the same other than that produced from unadulterated milk, or cream from the same,



**HEINONLINE**

DATE DOWNLOADED: Fri Jul  8 13:05:16 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1882 421 .

ALWD 7th ed.
, , 1882 421 .

Chicago 17th ed.
"," West Virginia - 15th Legislature, Adjourned Session : 421-424

AGLC 4th ed.
'' West Virginia - 15th Legislature, Adjourned Session 421

OSCOLA 4th ed.
'' 1882 421

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

of his duty as such, or by any means obstruct or impede, or attempt to obstruct or impede the administration of justice in any court, he shall be guilty of a misdemeanor, and unless otherwise provided by law he shall be fined not less than twenty-five nor more than two hundred dollars, and be imprisoned in the county jail not exceeding six months.

*Punishment prescribed.*

[Approved March 29, 1882.]

[Note by the Clerk of the House of Delegates.]

The foregoing act takes effect at the expiration of ninety days after its passage.

―――――

## CHAPTER CXXXV.

AN ACT amending and re-enacting section seven of chapter one hundred and forty-eight of the code of West Virginia, and adding additional sections thereto for the punishment of unlawful combinations and conspiracies to injure persons or property.

[Passed March 24, 1882.]

Be it enacted by the Legislature of West Virginia:

1. That section seven of chapter one hundred and forty-eight of the code of West Virginia be, and the same is hereby, amended and re-enacted so as to read as follows:

*Code amended; section 7 of chapter 148 of.*

7. If a person carry about his person any revolver or other pistol, dirk, bowie knife, razor, slung shot, billy, metalic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor, and fined not less than twenty-five nor more than two hundred dollars, and may, at the discretion of the court, be confined in jail not less than one, nor more than twelve months; and if any person shall sell or furnish any such weapon as is hereinbefore mentioned to a person whom he knows, or has reason, from his appearance or otherwise, to believe to be under the age of twenty-one years, he shall be punished as hereinbefore provided; but nothing herein contained shall be so construed as to prevent any person from keeping or carrying about his dwelling house or premises any such revolver or other pistol, or from carrying the same from the place of purchase to his dwelling house, or from his dwelling house to any place where repairing is done, to have it repaired, and back again. And if upon the trial of an indictment for carrying any such pistol, dirk, razor or bowie knife, the

*Deadly weapons; penalty for carrying.*

*Selling certain weapons to minors; penalty. Acts of persons to which sections do not apply.*

*Upon trial of indictment for carrying deadly*

Digitized from Best Copy Available

cealed weapons, when jury to find accused not guilty.

defendant shall prove to the satisfaction of the jury that he is a quiet and peaceable citizen, of good character and standing in the community in which he lives, and at the time he was found with such pistol, dirk, razor or bowie knife, as charged in the indictment, he had good cause to believe and did believe that he was in danger of death or great bodily harm at the hands of another person, and that he was, in good faith, carrying such weapon for self defense and for no other purpose, the jury shall find him not guilty. But nothing in this section contained shall be

Provisions of section not to apply to officers of the law.

so construed as to prevent any officer charged with the execution of the laws of the state from carrying a revolver or other pistol, dirk or bowie knife.

2. That the said chapter be and the same is hereby amended by adding thereto the following additional sec-

Additional sections added.

tions, as parts thereof, to-wit:

9. If two or more persons under the name of "Red Men,"

Combinations or conspiracies to injure etc, persons and property, deemed a misdemeanor.

"Regulators," "Vigilance Committee," or any other name or without a name, combine or conspire together for the purpose of inflicting any punishment, or bodily injury upon any other person, or persons, or for the purpose of destroying, injuring, or taking and carrying away any property, real or personal, not their own, every such person, whether he has done any act in pursuance of such combination or conspiracy or not, shall be guilty of a misde-

Penalty.

meanor and fined not less than fifty, nor more than five hundred dollars, and may, at the discretion of the court, be confined in jail not less than one, nor more than twelve months.

10. If any person, in pursuance of such combination or

Injury, etc., inflicted by such combination, etc, upon any person or property, deemed a felony Punishment. When such combination or conspiracy to be presumed.

conspiracy as is mentioned in the next preceding section, shall inflict any punishment or bodily injury upon another person, or shall destroy, injure, or take and carry away, any property, real or personal, not his own, he shall be guilty of a felony, and confined in the penitentiary not less than two nor more than ten years. And if, on the trial of an indictment under this section it be proved that two or more persons, the defendant being one, were present, aiding and abetting in the commission of the offense charged therein, it shall be presumed that such offense was committed in pursuance of such combination or conspiracy, in the absence of satisfactory proof to the contrary. And all persons who shall be present, aiding and abetting,

Aiders and abettors deemed conspirators.

at the commission of any offense mentioned in this section shall be deemed conspirators within the meaning of this, and the next preceding section.

11. No person called as a witness for the state on the

No witness excused from answering, because such answers would,

trial of any person for an offense mentioned in either of the two next preceding sections, shall be excused from answering any question which may be asked him as such

Digitized from Best Copy Available

witness, and which would be otherwise legal and proper, *etc., degrade him or expose him to punishment.* on the ground that the answer to such question would or might degrade him, or expose him to punishment; but no such witness, who shall fully and truly answer all such *Such witness answering truly and fully* questions as may be asked him touching his connection with, or knowledge of such combination or conspiracy, or *exempted from prosecution, etc., for same offense, etc.* of the commission of the offense charged in the indictment, in pursuance of such combination or conspiracy, shall thereafter be prosecuted or punished for the same offense mentioned in the indictment upon which the accused is being tried.

12. Persons offending against any of the provisions of *May be indicted jointly or separately.* the ninth and tenth sections of this chapter, may be indicted therefor, either jointly or separately.

13. If the death of any person shall result from the *If person die conspirators guilty of murder of first degree.* commission of any offense mentioned in the tenth section of this chapter, every person engaged in the commission of such offense shall be guilty of murder of the first degree, and punished as in other cases of murder of the first degree.

14. If any person by force, or other unlawful means, *To release or rescue, or attempt to release, etc., person charged, etc., with an offense under sections 9 and 10 a felony. Punishment.* shall release or rescue, or attempt to release or rescue a person in prison or other custody, charged with, or convicted of an offense under the provisions of the ninth or tenth section of this chapter, he shall be guilty of felony and confined in the penitentiary as provided in said tenth section.

15. If any person shall, by threats, menaces, or other- *Intimidating, etc., witness, a felony.* wise, intimidate, or attempt to intimidate, a witness for the state in any prosecution under the ninth, or any succeeding section of this chapter, for the purpose of preventing the attendance of such witness at the trial of such case, or shall in any way or manner prevent, or attempt to prevent, the attendance of any such witness at such trial, he shall be guilty of felony and confined in the *Punishment.* penitentiary not less than one, nor more than ten years, or he may, at the discretion of the court, be confined in the jail of the county not less than three, nor more than twelve months, and fined not less than one hundred, nor more than five thousand dollars.

16. The governor is hereby authorized, whenever in *Governor to employ any and all means, etc., to secure arrest of persons belonging to such unlawful combinations, etc.* his opinion it is proper to do so, to offer rewards, and employ special policemen and detectives, and to employ any and all means in his power, including the employment of any portion of the military forces of the state, to secure the apprehension of any and all persons belonging to any such unlawful combination, or who shall be charged with the commission of any offense mentioned in the tenth, or any succeeding section of this chapter.

[Approved March 29, 1882.]

Digitized from Best Copy Available

[Note by the Clerk of the House of Delegates.]

The foregoing act takes effect from its passage, two-thirds of the members elected to each House, by a vote taken by yeas and nays, having so directed.

---

## CHAPTER CXXXVI.

AN ACT amending and re-enacting chapter one hundred and fifty-four of the code of West Virginia, concerning inquests on dead bodies.

[Passed March 24, 1882.]

Be it enacted by the Legislature of West Virginia:

*Code amended; chapter 154 of.*

1. That chapter one hundred and fifty-four of the code of West Virginia, be and the same is hereby amended and re-enacted so as to read as follows:

### CHAPTER CLIV.

*Of Inquest Upon Dead Bodies—Coroner; When and by Whom Appointed, &c.*

*Coroner; when and how appointed. Term of office and oath. Duty of coroner or justice upon being notified of death by violence, etc.*

*Warrant to issue; to whom directed and what to command.*

*Witnesses to be summoned.*

1. It shall be the duty of the county court of every county, from time to time, to appoint a coroner for such county, who shall hold his office during the pleasure of said court, and shall take the oath of office prescribed for other county officers. It shall be his duty, or if he be absent, or unable to act, or the office be vacant, the duty of any justice of the peace, upon being notified the dead body of a person, whose death is supposed to have been caused by violence or other unlawful act, and not by casualty, is within his county, to forthwith issue his warrant directed to a constable thereof who shall proceed to execute and make return of the same, commanding such constable to summon twelve suitable residents of the county to be in attendance on such coroner or justice, as jurors, at a place and on a day and hour to be designated in the warrant, to make inquisition, upon the view of the body of the person named therein, or of a person unknown, as the case may be, how such person came to his death; and may, by indorsement on such warrant, or by subpœna, command the officer to whom the same is delivered, to summon such witnesses as the coroner or justice may designate, or as the constable may be informed, or have reason to believe, have knowledge of the circumstances attending such death, to be in attendance upon the said inquest at such time as may be designated in such indorsement or subpœna. In case of the inability or failure of

Digitized from Best Copy Available

 

DATE DOWNLOADED: Fri Jul  8 21:18:32 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1883 180 .

ALWD 7th ed.
, , 1883 180 .

Chicago 17th ed.
"," Virginia - 1883-1884 Session : 180-181

AGLC 4th ed.
'' Virginia - 1883-1884 Session 180

OSCOLA 4th ed.
'' 1883 180

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

John D. Foster
to be paid

1. Be it enacted by the general assembly of Virginia, That the board of supervisors of Henrico county be authorized, in their discretion, to allow and pay to John D. Foster, his bill of fourteen dollars, the amount of traveling expenses and hotel bills, incident to holding said courts.

Commencem't

2. This act shall be in force from its passage.

---

CHAP. 143.—An ACT to amend and re-enact an act approved March 6th, 1882, entitled an act to amend and re-enact the 7th section of the Revised Criminal Code, approved March 14th, 1878, to prevent the carrying of concealed weapons.

Approved February 22, 1884.

1. Be it enacted by the general assembly of Virginia, That an act approved March sixth, eighteen hundred and eighty-two, chapter two hundred and nineteen, page two hundred and thirty-three, Acts of eighteen hundred and eighty-one-eighty-two, entitled an act to amend and re-enact the seventh section of the Revised Criminal Code, approved March fourteenth, eighteen hundred and seventy-eight, be amended and re-enacted so as to read as follows :

Penalties for
carrying con-
cealed weapons

§ 7. If a person carry about his person, hid from common observation, any pistol, dirk, bowie-knife, razor, slung-shot, or any weapon of the like kind, he shall be fined not less than twenty dollars nor more than one hundred dollars, and said pistol, dirk, bowie-knife, razor, slung-shot, or any weapon of the like kind, shall be confiscated by the police justice, magistrate, or court trying the case, and sold by the proper officer at public auction, and the proceeds arising from the sale thereof shall go to the school fund : provided that any police officer, town or city sergeant, constable, sheriff, conservator of the peace, or collecting officer, when in the discharge of his official duty, shall not be amenable to the penalties of this act.

Commencem't

2. This act shall be in force from its passage.

---

CHAP. 144.—An ACT to authorize the Judges of the County Courts of Accomac and Stafford to have the registration-books copied.

Approved February 22, 1884.

Registration
books of Acco-
mac and
Stafford to be
copied

1. Be it enacted by the general assembly of Virginia, That it shall be lawful for the judges of the county courts of Accomac and Stafford, as soon as practicable, to order the registrars of the several precincts in said counties, to bring before them respectively the registration-books, and if upon

 

DATE DOWNLOADED: Fri Jul 8 18:38:53 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1885 3 .

ALWD 7th ed.
, , 1885 3 .

Chicago 17th ed.
"," Oregon - 13th Legislative Assembly : 3-189

AGLC 4th ed.
'' Oregon - 13th Legislative Assembly 3

OSCOLA 4th ed.
'' 1885 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

Sec. 9. Section 6 of an act entitled "An act to provide for the construction of a brick insane asylum for this State, levy a tax, and appropriate money therefor," approved October 25th, 1880, is hereby repealed.

Approved February 18th, 1885.

---

AN ACT to prevent Persons from carrying Concealed Weapons and to provide for the Punishment of the same.

*Be it enacted by the Legislative Assembly of the State of Oregon:*

Section 1. It shall be unlawful for any person to carry concealed about his person in any manner whatever, any revolver, pistol, or other firearm, or any knife (other than an ordinary pocket-knife), or any dirk or dagger, slungshot or metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property of any other person.

Sec. 2. Any person violating any of the provisions of section one of this act, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than ten dollars nor more than two hundred dollars, or by imprisonment in the county jail not less than five days nor more than one hundred days, or by both fine and imprisonment, in the discretion of the court.

Sec. 3. Nothing in this act shall be construed to apply to any sheriff, constable, police, or other peace officer, whose duty it is to serve process or make arrests.

Sec. 4. Justices of the peace shall have concurrent jurisdiction to try any person or persons charged with violating any of the provisions of this act.

Approved February 18th, 1885.

---

AN ACT to provide for the Appointment of a Board of Immigration Commissioners and the appropriation of Money for Immigration purposes.

*Be it enacted by the Legislative Assembly of the State of Oregon:*

Section 1. That the Governor of the State is hereby empowered and authorized to appoint a State Board of Immigration Comissioners, to consist of five (5) members, to act without salary or other com-

5

Digitized from Best Copy Available



**HEINONLINE**

DATE DOWNLOADED: Fri Jul  8 17:24:27 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1886 602 .

ALWD 7th ed.
, , 1886 602 .

Chicago 17th ed.
"," Maryland - General Assembly, January Session : 602-602

AGLC 4th ed.
'' Maryland - General Assembly, January Session 602

OSCOLA 4th ed.
'' 1886 602

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## CHAPTER 375.

AN ACT to add a new section to article thirty of the Code of Public General Laws, title "Crimes and Punishments," providing for the punishment of carrying dangerous or deadly weapons.

To add.

SECTION 1. *Be it enacted by the General Assembly of Maryland,* That the following section be added to article thirty of the Code of Public General Laws, title "Crimes and Punishments."

Concealed weapons.

SEC. —. Every person not being a conservator of the peace entitled or required to carry such weapon as a part of his official equipment, who shall wear or carry any pistol, dirk-knife, bowie-knife, slung-shot, billy, sand-club, metal knuckles, razor or any other dangerous or deadly weapon of any kind whatsoever, (penknives excepted) concealed upon or about his person, and every person who shall carry or wear any such weapon openly with the intent or purpose of injuring any person, shall, upon conviction thereof, be fined not more than five hundred dollars or be imprisoned not more than six months in jail or the House of Correction.

Effective.

SEC. 2. *And be it enacted,* That this act shall take effect from the date of its passage, and that all acts and parts of acts inconsistent with the provisions of this act be and the same are hereby repealed.

Approved April 7, 1886.




DATE DOWNLOADED: Fri Jul  8 17:34:52 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1887 144 .

ALWD 7th ed.
, , 1887 144 .

Chicago 17th ed.
"," Michigan - Public Acts, Regular Session : 144-145

AGLC 4th ed.
'' Michigan - Public Acts, Regular Session 144

OSCOLA 4th ed.
'' 1887 144

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

144          PUBLIC ACTS, 1887.—Nos. 129–130.

State shall be preserved on file in that office, and a proper record thereof shall be made and kept.

**Records of license, etc., *prima facie* evidence.** SEC. 10. The record of any license to marry, or of any marriage certificate, in any county clerk's office, or a certified copy thereof, shall be *prima facie* evidence in any court or proceedings in this State, with the same force and effect as if the original were produced, both as to the facts therein contained and as to the genuineness of the signatures thereto.

**Acts repealed.** SEC. 11. All other acts and parts of acts which are inconsistent herewith are hereby repealed.

Approved May 31, 1887.

---

[No. 129.]

AN ACT to prevent the carrying of concealed weapons, and to provide punishment therefor.

**Unlawful to carry concealed weapons.** SECTION 1. *The People of the State of Michigan enact,* That it shall be unlawful for any person, except officers of the peace and night-watches legitimately employed as such, to go armed with a dirk, dagger, sword, pistol, air-gun, stiletto, metallic knuckles, pocket-billie, sand-bag, skull-cracker, slung-shot, razor, or other offensive and dangerous weapon or instrument concealed upon his person.

**Punishment for violation.** SEC. 2. Any person who shall violate any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than one hundred dollars, or by imprisonment in the county jail or the house of correction at Detroit not exceeding three months, or by both such fine and imprisonment, in the discretion of the court, and in addition thereto may be required to enter into recognizance with sufficient sureties in such sum as the court may order, not exceeding one thousand dollars, to keep the peace, and be of good **Proviso.** behavior for a period not exceeding one year: *Provided,* The provision relative to the sentencing of prisoners to the Detroit House of Correction shall apply only to Wayne county.

Approved May 31, 1887.

---

[No. 130.]

AN ACT to amend section ten of chapter eleven of act number two hundred and forty-three of the public acts of eighteen hundred and eighty-one, entitled "An act to revise and consolidate the laws relating to the establishment, opening, improvement and maintenance of highways and private roads, and the building, repairing and preservation of bridges within this State."

**Section amended.** SECTION 1. *The People of the State of Michigan enact,* That section ten of chapter eleven of act number two hundred and forty-three of the public acts of eighteen hundred and eighty-one,

B094




DATE DOWNLOADED: Tue Jul 26 16:07:10 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1890 412 .

ALWD 7th ed.
, , 1890 412 .

Chicago 17th ed.
"," Oklahoma - 1st Regular Session : 412-522


AGLC 4th ed.
'' Oklahoma - 1st Regular Session 412

OSCOLA 4th ed.
'' 1890 412

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

CRIMES AND PUNISHMENT. 495

(2430) § **6.** Every person who, with intent to extort any money or other property from another, sends to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat, such as is specified in the second section of this article, is punishable in the same manner as if such money or property were actually obtained by means of such threat. *Chap. 25.*
*Sending threatening letter.*

(2431) § **7.** Every person who unsuccessfully attempts by means of any verbal threat such as is specified in the second section of this article, to extort money or other property from another is guilty of a misdemeanor. *Attempting to export money.*

ARTICLE 47.—CONCEALED WEAPONS.

| SECTION. | | SECTION. | |
|---|---|---|---|
| 1. | Prohibited weapons enumerated. | 6. | Degree of punishment. |
| 2. | Same. | 7. | Public buildings and gatherings. |
| 3. | Minors. | 8. | Intent of persons carrying weapons. |
| 4. | Public officials, when privileged. | 9. | Pointing weapon at another. |
| 5. | Arms, when lawful to carry. | 10. | Violation of certain sections. |

(2432) § **1.** It shall be unlawful for any person in the Territory of Oklahoma to carry concealed on or about his person, saddle, or saddle bags, any pistol, revolver, bowie knife, dirk, dagger, slung-shot, sword cane, spear, metal knuckles, or any other kind of knife or instrument manufactured or sold for the purpose of defense except as in this article provided. *Prohibited weapons enumerated.*

(2433) § **2.** It shall be unlawful for any person in the Territory of Oklahoma, to carry upon or about his person any pistol, revolver, bowie knife, dirk knife, loaded cane, billy, metal knuckles, or any other offensive or defensive weapon, except as in this article provided. *Same.*

(2434) § **3.** It shall be unlawful for any person within this Territory, to sell or give to any minor any of the arms or weapons designated in sections one and two of this article. *Minors.*

(2435) § **4.** Public officers while in the discharge of their duties or while going from their homes to their place of duty, or returning therefrom, shall be permitted to carry arms, but at no other time and under no other circumstances: *Provided, however,* That if any public officer be found carrying such arms while under the influence of intoxicating drinks, he shall be deemed guilty of a violation of this article as though he were a private person. *Public officials, when privileged.*

(2436) § **5.** Persons shall be permitted to carry shot-guns or rifles for the purpose of hunting, having them repaired, or for killing animals, or for the purpose of using the same in public muster or military drills, or while travelling or removing from one place to another, and not otherwise. *Arms, when lawful to carry.*

(2437) § **6.** Any person violating the provisions of any one of the foregoing sections, shall on the first conviction be adjudged guilty of a misdemeanor and be punished by a fine of not less than twenty-five dollars nor more than fifty dollars, or by imprisonment in the county jail not to exceed thirty days or both at the discretion of the court. On the second and every subsequent con- *Degree of punishment.*



DATE DOWNLOADED: Fri Jul 8 00:46:18 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1893 231 .

ALWD 7th ed.
, , 1893 231 .

Chicago 17th ed.
"," Rhode Island - January Session : 231-232

AGLC 4th ed.
'' Rhode Island - January Session 231

OSCOLA 4th ed.
'' 1893 231

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

JANUARY, 1893.                                    231

five hundred dollars, for the faithful discharge of the
duties of his office:   *Provided*, that no person shall act
as a public weigher of coal or other merchandise of
which he is either the buyer or seller, or in the sale
whereof he has any interest.

SEC. 20.   Every person who shall sell coal or other  Penalty.
merchandise without its first being weighed by a public
weigher, when the same shall be demanded by the
purchaser, and procuring a certificate of such weight
for the purchaser, shall be fined twenty dollars for each
offence.

SEC. 21.   The sealers of the different towns and  Inventory by town sealer.
cities shall make an inventory of weights, measures and
balances furnished by the state and the condition of
the same, on a blank prepared for that purpose, in the
month of October of each year, and shall forward the
same to the state sealer of weights and measures.

SEC. 22.   The different town councils of the several  Deputy town sealer.
towns, and the board of aldermen of cities, may ap-
point, upon recommendation of their respective town
or city sealers, one or more persons as deputy sealers
of their town or city, who shall assist the said town or
city sealer and, in the absence from duty of such town or
city sealer, shall perform all the duties of town or city
sealer as may be required of them for the time being.

SEC. 23.   All acts and parts of acts inconsistent
herewith are hereby repealed.

SEC. 24.   This act shall take effect upon its passage.

---

## CHAPTER 1180.

### AN ACT PROHIBITING THE CARRYING OF CONCEALED WEAPONS.

Passed May 3, 1893.

*It is enacted by the General Assembly as follows:*

SECTION 1.   No person shall wear or carry in this  Concealed weapons.
state any dirk, bowie knife, butcher knife, dagger,
razor, sword in cane, air gun, billy, brass or metal
knuckles, slung shot, pistol or fire arms of any descrip-
tion, or other weapons of like kind and description,

232                                   JANUARY, 1893.

**Certain exemptions.** concealed upon his person: *Provided*, that officers or watchmen whose duties require them to make arrests or to keep and guard prisoners or property, together with the persons summoned by such officers to aid them in the discharge of such duties, while actually engaged in such duties, are exempted from the provisions of this act.

**Penalty.** SEC. 2. Any person convicted of a violation of the provisions of section 1 shall be fined not less than twenty dollars nor more than two hundred dollars, or be imprisoned not less than six months nor more than one year.

**Penalty when charged with other crimes.** SEC. 3. Whenever any person shall be arrested charged with any crime or misdemeanor, or for being drunk or disorderly, or for any breach of the peace, and shall have concealed upon his person any of the weapons mentioned in section 1, such person, upon complaint and conviction, in addition to the penalties provided in section 2, shall be subject to a fine of not less than five dollars nor more than twenty-five dollars, and the confiscation of the weapon so found.

SEC. 4. This act shall take effect from and after its passage.

---

CHAPTER 1181.

**Passed May 9, 1893.** AN ACT IN RELATION TO THE ELECTION OF MEMBERS OF THE GENERAL ASSEMBLY.

*It is enacted by the General Assembly as follows:*

**Adjournment of certain elections.** SECTION 1. Whenever in any town not divided into voting districts there shall be no election of senator or representatives in the general assembly, or of any of them, at the first trial, the meeting held for such election shall stand adjourned to a date to be fixed by the electors at said meeting, but which shall be not less than three days from the date of such meeting, at which time the polls shall be reöpened for the purpose of completing such election, with like adjournment therefrom, but no adjournment or adjournments shall exceed seven days from the first meeting.

 

DATE DOWNLOADED: Sat Aug 20 09:24:30 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1909 11 .

ALWD 7th ed.
, , 1909 11 .

Chicago 17th ed.
"," New Jersey - 133rd Legislature : 11-622

AGLC 4th ed.
'' New Jersey - 133rd Legislature 11.

OSCOLA 4th ed.
'' 1909 11

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

a point opposite the northwesterly corner of said borough of Atlantic Highlands, at Wagner's creek, at right angles to said exterior pier line; thence (3) running southerly and at right angles to said pier line, to the present northwesterly corner of the said borough; thence (4) running easterly in the present boundary line of the said borough of Atlantic Highlands, and in the high-water line of the shore of Sandy Hook bay, to the place of beginning, be and hereby is separated from the township of Middletown, and be and the same is hereby annexed to the said borough of Atlantic Highlands, so that the same shall be hereafter a part of and within the territorial limits of said borough.

2. This act shall take effect immediately.

Approved March 16, 1909.

---

## CHAPTER 17.

A Further Supplement to an act entitled "An act for the punishment of crimes (Revision of 1908)," approved June fourteenth, one thousand eight hundred and ninety-eight.

BE IT ENACTED *by the Senate and General Assembly of the State of New Jersey:*

**Penalty for carrying concealed weapons.**

1. Any person who shall carry any revolver, pistol, firearm, bludgeon, blackjack, knuckles, sand-bag, slung-shot or other deadly, offensive or dangerous weapon, or any stiletto, dagger or razor or any knife with a blade five inches in length or over concealed in or about his clothes or person, shall be guilty of a misdemeanor, and upon conviction thereof shall be punishable by a fine not exceeding two hundred dollars, or imprisonment at hard labor, not exceeding two years,

**Proviso.**

or both; *provided, however,* that nothing in this act shall be construed to prevent any sheriff, prosecutor,

CHAPTER 17, LAWS, SESSION OF 1909.    35

deputy sheriff, jailer, police officer, constable, State de-
tective, member of a legally organized detective
agency, or any other peace officer from carrying
weapons in the discharge of his duty; nor shall this act License
apply to any person having a written permit to carry to carry weapons.
such weapon, firearm, stiletto, razor, dagger or knife,
or slung-shot from the mayor of any city, borough or
other municipality having a mayor, or from the town-
ship committee or other governing body of any town-
ship or other municipality not having a mayor, which
permits such officers and governing bodies are hereby
authorized to grant; said permits shall be issued at the
place of residence of the person obtaining the same,
and when issued shall be in force in all parts of the
State for a period of one year from date of issue, un-
less sooner revoked by the officer or body granting the
same; *and provided further,* that nothing contained Proviso.
herein shall prevent any person from keeping or carry-
ing about his or her place of business, dwelling house
or premises any of such weapons, firearms, stilettos,
daggers, razors, knives, or slung-shots, or from carry-
ing the same from any place of purchase to his or her
dwelling house or place of business, or from his or her
dwelling house or place of business to any place where
repairing is done, to have the same repaired and re-
turned; *and provided further,* that nothing in this act Proviso.
shall be construed to make it unlawful for any person
to carry a gun, pistol, rifle or other firearm or knife in
the woods or fields, or upon the waters of this State,
for the purpose of hunting. A fee of twenty-five cents
may be lawfully charged by such officer or body grant-
ing each such permit.

2. All acts and parts of acts inconsistent with the Repealer.
provisions of this act shall be and the same hereby are
repealed, and this act shall take effect immediately.

Approved March 17, 1909.



DATE DOWNLOADED: Sat Aug 20 09:32:13 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1915 1 .

ALWD 7th ed.
, , 1915 1 .

Chicago 17th ed.
"," North Dakota - 14th Session : 1-404

AGLC 4th ed.
'' North Dakota - 14th Session 1

OSCOLA 4th ed.
'' 1915 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# CONCEALED WEAPONS

## CHAPTER 83.
[S. B. No. 214—Sandstrom.]

### CONCEALED WEAPONS—CARRYING PROHIBITED.

AN ACT to Provide for the Punishment of any Person Carrying Concealed any Dangerous Weapons or Explosives, or who has the Same in his Possession, Custody or Control, Unless Such Weapon or Explosive is Carried in the Prosecution of a Legitimate and Lawful Purpose.

*Be it Enacted by the Legislative Assembly of the State of North Dakota:*

§ 1. Any person other than a public officer, who carries concealed in his clothes any instrument or weapon of the kind usually known as a black-jack, slung-shot, billy, sand club, sand bag, bludgeon, metal knuckles, or any sharp or dangerous weapon usually employed in attack or defense of the person, or any gun, revolver, pistol, or other dangerous fire arm, loaded or unloaded, or any person who carries concealed nitro-glycerin, dynamite, or any other dangerous or violent explosive, or has the same in his custody, possession or control, shall be guilty of a felony, unless such instrument, weapon or explosive is carried in the prosecution of or to effect a lawful and legitimate purpose.

§ 2. The possession, in the manner set forth in the preceding Section, of any of the weapons or explosives mentioned therein, shall be presumptive evidence of intent to use the same in violation of this Act.

§ 3. PENALTY.] Any person upon conviction of violating the provisions of this Act, shall, in the discretion of the court, be imprisoned in the State Penitentiary not more than two years, or in the county jail not more than one year, or by a fine of not more than one hundred dollars, or by both such fine and imprisonment. *Provided,* however, that any citizen of good moral character may, upon application to any district court, municipal, or justice court, be granted the permission to carry a concealed weapon upon the showing of reasonable cause.

§ 4. All Acts and parts of Acts in conflict herewith are hereby repealed.

§ 5. EMERGENCY.] An emergency is hereby declared to exist in that professional criminals are frequently found to carry concealed about their persons, the dangerous weapons or explosives mentioned in Section 1 of this Act. And, whereas, the present law is inadequate to prevent such criminals from carrying concealed weapons or explosives; therefore, this Act shall take effect and be in force from and after its passage and approval.

Approved, March 8, 1915.




DATE DOWNLOADED: Sat Aug 20 09:12:49 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1917 221 .

ALWD 7th ed.
, , 1917 221 .

Chicago 17th ed.
"," California - 42nd Session : 221-225

AGLC 4th ed.
'' California - 42nd Session 221

OSCOLA 4th ed.
'' 1917 221

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
 Conditions of the license agreement available at
 *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## CHAPTER 145.

*An act relating to and regulating the carrying, possession, sale or other disposition of firearms capable of being concealed upon the person; prohibiting the possession, carrying, manufacturing and sale of certain other dangerous weapons and the giving, transferring and disposition thereof to other persons within this state; providing for the registering of the sales of firearms; prohibiting the carrying or possession of concealed weapons in municipal corporations; providing for the destruction of certain dangerous weapons as nuisances and making it a felony to use or attempt to use certain dangerous weapons against another.*

[Approved May 4, 1917. In effect July 27, 1917.]

*The people of the State of California do enact as follows:*

SECTION 1. Every person who manufactures or causes to be manufactured, or leases, or keeps for sale, or offers, or gives, or otherwise disposes of any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, or metal knuckles, a dirk or dagger, to any person within this state is guilty of a misdemeanor, and if he has been previously convicted of a crime made punishable by this section, he is guilty of a felony. *Manufacture, etc., of certain dangerous weapons misdemeanor.*

SEC. 2. Every person who possesses any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, bomb or bombshells, or who carries a dirk or a dagger, is guilty of a misdemeanor, and if he has been convicted previously of any felony or of a crime made punishable by this act, he is guilty of a felony. *Possession of certain dangerous weapons misdemeanor.*

SEC. 3. Every person who carries in any city, city and county, town or municipal corporation of this state any pistol, revolver, or other firearm concealed upon his person, without having a license to carry such firearm as hereinafter provided in section six of this act, shall be guilty of a misdemeanor, and if he has been convicted previously of any felony, or of any crime made punishable by this act, he is guilty of a felony. *Carrying firearms without license misdemeanor.*

SEC. 4. The unlawful possessing or carrying of any of the instruments, weapons or firearms enumerated in section one to section three inclusive of this act, by any person other than those authorized and empowered to carry or possess the same as hereinafter provided, is a nuisance, and such instruments, weapons or firearms are hereby declared to be nuisances, and when any of said articles shall be taken from the possession of any person the same shall be surrendered to the magistrate before whom said person shall be taken, except that in any city, city and county, town or other municipal corporation the same shall be surrendered to the head of the *Unlawful possession of weapon, etc., nuisance.* *Surrender of weapons, etc.*

police force, or police department thereof. The officers to whom the same may be so surrendered, except upon certificate of a judge of a court of record, or of the district attorney of any county that the preservation thereof is necessary or proper to the ends of justice, shall proceed at such time or times as he deems proper, and at least once in each year to destroy or cause to be destroyed such instruments, weapons or other firearms in such manner and to such extent that the same shall be and become wholly and entirely ineffective and useless for the purpose for which it was manufactured.

*Destruction of weapons, etc.*

SEC. 5. Any person who attempts to use, or who with intent to use the same unlawfully against another, carries or possesses a dagger, dirk, dangerous knife, razor, stiletto, or any loaded pistol, revolver or other firearm, or any instrument or weapon commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bomb, or bombshell or any other dangerous or deadly instrument or weapon, is guilty of a felony. The carrying or possession of any of the weapons specified in this section, by any person while committing, or attempting or threatening to commit a felony, or breach of the peace, or any act of violence against the person or property of another, shall be presumptive evidence of carrying or possessing such weapon with intent to use the same in violation of this section.

*Attempted u.e of weapons felony.*

SEC. 6. It shall be lawful for the board of police commissioners, chief of police, city marshal, town marshal, or other head of the police department of any city, city and county, town, or other municipal corporation of this state, upon proof before said board, chief, marshal or head, that the person applying therefor is of good moral character, and that good cause exists for the issuance thereof, to issue to such person a license to carry concealed a pistol, revolver or other firearm; *provided, however,* that the application to carry concealed such firearm shall be filed in writing and shall state the name and residence of the applicant, the nature of applicant's occupation, the business address of applicant, the nature of the weapon sought to be carried and the reason for the filing of the application to carry the same.

*License to carry concealed firearm.*

SEC. 7. Every person in the business of selling, leasing or otherwise transferring a pistol, revolver or other firearm, of a size capable of being concealed upon the person, whether such seller, leasor or transferrer is a retail dealer, pawnbroker or otherwise, except as hereinafter provided, shall keep a register in which shall be entered the time of sale, the date of sale, the name of the salesman making the sale, the place where sold, the make, model, manufacturer's number, caliber or other marks of identification on such pistol, revolver or other firearm. Such register shall be prepared by and obtained from the state printer and shall be furnished by the state printer to said dealers on application at a cost of three dollars per one hundred leaves in duplicate and shall be in the form hereinafter provided. The purchaser of any firearm, capable of being

*Register of sales of firearms.*

 

DATE DOWNLOADED: Sat Aug 20 09:17:50 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1917 354 .

ALWD 7th ed.
, , 1917 354 .

Chicago 17th ed.
"," Minnesota - Session Laws, Special Session - 1916; Session Laws, 40th Session :
354-354

AGLC 4th ed.
'' Minnesota - Session Laws, Special Session - 1916; Session Laws, 40th Session 354

OSCOLA 4th ed.
'' 1917 354

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

354                  SESSION LAWS           [Chap.

bloodshed, lust or crime; nor shall any person hire, use or employ a minor under the age of eighteen years to sell or give away, or in any manner distribute, or permit any such minor in his custody or control to sell, give away or in any manner distribute, any material herein described.

Sec. 2. **Penalty.**—Any person who violates any provision of this act is guilty of a misdemeanor.

Approved April 14, 1917.

---

### CHAPTER 243—S. F. No. 914.

*An act to amend Section 8770, General Statutes, 1913, relating to the manufacture, sale and possession of dangerous weapons.*

Be it enacted by the Legislature of the State of Minnesota:

Section 1. **Manufacturing or sale of certain weapons prohibited under penalty of gross misdemeanor.**—Section 8770, General Statutes, 1913, is hereby amended so as to read as follows:

8770. Every person who shall manufacture, or cause to be manufactured, sell, keep for sale, offer, or dispose of, any instrument or weapon of the kind usually known as a slung-shot, sand-club, or metal knuckles; or who shall attempt to use against another, or with intent so to use, shall carry, conceal, or possess, any of the weapons hereinbefore specified, or any dagger, dirk, knife, pistol, or other dangerous weapon, shall be guilty of a gross misdemeanor. The possession by any person, other than a public officer, of any such weapon concealed or furtively carried on the person shall be presumptive evidence of carrying, concealing, or possessing with intent to use the same.

Approved April 14, 1917.

---

### CHAPTER 244—S. F. No. 915.

*An act regulating the sale of firearms and ammunition.*

Be it enacted by the Legislature of the State of Minnesota:

Section 1. **Selling of firearms and ammunition prohibited in certain cases.**—No person, in any city in this state, shall sell, give, loan or in any wise furnish any firearm or ammunition to a minor under the age of eighteen years without the written consent of his parents or guardian, or of a police officer or magistrate of such city.

Sec. 2. **Penalty.**—Any person who violates any provision of this act is guilty of a misdemeanor.

Approved April 14, 1917.




DATE DOWNLOADED: Thu Jul  7 18:25:18 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
Translation of the Constitution and Laws of the Hawaiian Islands, Established in the
Reign of Kamehameha III (1842).

ALWD 7th ed.
. Translation of the Constitution & Ls of the Hawaiian Isl&s, Established in the
Reign of Kamehameha III (1842).

APA 7th ed.
(1842). Translation of the Constitution and Laws of the Hawaiian Islands, Established
in the Reign of Kamehameha III. .

Chicago 17th ed.
Translation of the Constitution and Laws of the Hawaiian Islands, Established in the
Reign of Kamehameha III. , .

McGill Guide 9th ed.
Translation of the Constitution & Ls of the Hawaiian Isl&s, Established in the Reign
of Kamehameha III (: ., 1842)

AGLC 4th ed.
Translation of the Constitution and Laws of the Hawaiian Islands, Established in the
Reign of Kamehameha III (., 1842

MLA 9th ed.
Translation of the Constitution and Laws of the Hawaiian Islands, Established in the
Reign of Kamehameha III. , . HeinOnline.

OSCOLA 4th ed.
Translation of the Constitution and Laws of the Hawaiian Islands, Established in the
Reign of Kamehameha III. , .

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## 162

cating liquor, and drink it, he shall be fined one dollar, and if he do the like again, the fine shall be two dollars, thus the fine shall be doubled for every offense even to the utmost extent.

2. If any one make an intoxicating liquor such as is mentioned above, and give it to another to drink, he too shall be fined according to the first section of this law.

3. Whosoever shall drink that which another has prepared in order to produce intoxication as mentioned above, he too has violated this law, and shall be fined in the same manner as he who prepared the drink.

4. If a man be fined according to the above requirement, and have no money, he may then pay his fine in produce, or if he have no produce, he may pay it in labor, the labor being proportioned to the amount of the fine, or if he do not labor according to the requirement, the punishment may be increased, or he may be confined in irons.

5. When this law is proclaimed by a crier in any village, the day of its proclamation shall be the day that it takes effect at that place. But if it be not proclaimed it shall take effect on the last day of November, at all the places at these Hawaiian Islands.

Enacted by the Government of these Hawaiian Islands, at Honolulu, Oahu, this first day of October, in the year of our Lord, 1840.

(Signed,)     KAMEHAMEHA III.
              KEKAULUOHI.

---

## CHAPTER XLII.

### A LAW RESPECTING STABBING WITH A KNIFE AND CARRYING INSTRUMENTS OF DEATH.

Many evil minded persons belonging to the shipping,

163

having while on shore committed various criminal acts with knives, etc. to the general danger of life and limb,

It is therefore hereby made known to all persons whatsoever, That if any person or persons are hereafter found on shore with a knife, sword-cane, or any other dangerous weapon in his or their possession, he or they shall be immediately seized and taken to the fort; and unless good cause be shown for having such dangerous weapon, he or they shall for every such offense pay a fine of ten dollars, or receive twenty-five lashes on the back.

Be it also known, That if any person or persons shall maliciously stab and wound any person, and death does not ensue therefrom, the said offender or offenders, if convicted, shall receive one hundred lashes on his or their back, and pay a fine of fifty dollars — or upon non payment, shall be imprisoned for two months.

The law now in force respecting murder, will be carried into execution upon all offenders.

Given under my hand, at Honolulu, this twelfth day of November, 1833.                    KAUIKEAOULI.

————

## CHAPTER XLIII.

### LAW RESPECTING THE PAY OF POLICE OFFICERS FOR SEIZING FOREIGNERS.

At the present time many of the police officers are blamed and spoken evil of; and it is said that they entice people to violate the law and then seize them to obtain their money, and some are seized unguilty, and consequently much evil results. In consequence of this conduct, or rather these charges, in a council of the Nobles and of the Representatives, the following law was enacted;



**HEINONLINE**

DATE DOWNLOADED: Thu Jul 7 17:58:29 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1845-1870 3 .

ALWD 7th ed.
, , 1845-1870 3 .

Chicago 17th ed.
"," Hawaii - Kingdom of Kamehameha III-V, Regular Sessions : 3-76

AGLC 4th ed.
" Hawaii - Kingdom of Kamehameha III-V, Regular Sessions 3.

OSCOLA 4th ed.
" 1845-1870 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 220 of 227

# AN ACT

## TO PREVENT THE CARRYING OF DEADLY WEAPONS.

WHEREAS, the habit of carrying deadly weapons is dangerous to life and the public peace,

Therefore—

BE IT ENACTED *by the Nobles and Representatives of the Hawaiian Islands in Legislative Council assembled :*

SECTION 1. Any person not authorized by law, who shall carry, or be found armed with, any bowie-knife, sword-cane, pistol, air-gun, slung-shot or other deadly weapon, shall be liable to a fine of no more than Thirty, and no less than Ten Dollars, or in default of payment of such fine, to imprisonment at hard labor, for a term not exceeding two months and no less than fifteen days, upon conviction of such offense before any District Magistrate, unless good cause be shown for having such dangerous weapons ; and any such person may be immediately arrested without warrant by the Marshal or any Sheriff, Constable or other officer or person and be lodged in prison until he can be taken before such Magistrate.

SECTION 2. The following persons are hereby declared to be authorized to bear arms, viz :—All persons holding official, military or naval rank either under this government or that of any nation at peace with this Kingdom, when worn for legitimate purposes.

SECTION 3. This Act shall take effect and become a law on the day of its passage.

Approved this twenty-fifth day of May, A. D., 1852.

KAMEHAMEHA.

KEONI ANA.

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 221 of 227

# REVISED LAWS

—OF—

# HAWAII.

Comprising the Statutes of the Territory,
consolidated, revised and annotated.



PUBLISHED BY AUTHORITY.

HONOLULU, T. H.
HAWAIIAN GAZETTE CO., LTD.
1905.

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 222 of 227

by their direction, to disperse such unlawful, riotous or tumultuous 3
assembly, or to seize and secure the persons composing the same, 4
who have refused to disperse, any such person or any other person 5
then present, as spectators or otherwise, shall be killed or wounded, 6
the said magistrates and officers and all persons acting by their 7
order or under their direction shall be held guiltless and justified 8
by law, and if any of said magistrates or officers, or any person act- 9
ing under their authority or by their direction shall be killed or 10
wounded, all the persons so at the time unlawfully, riotously or 11
tumultuously assembled, and all other persons who, when com- 12
manded or required, shall have refused to aid and assist the said 13
magistrate or officers, shall be held answerable therefor.  [P. C. 14
1869, c. 38, s. 14; P. L. s. 386.] 15

## CHAPTER 208.*

### AFFRAY.

**Sec. 3088. Defined; punishment.** Any affray is the fighting of 1
two or more persons in a public place; and includes any prize fight 2
or other premeditated contention, where no weapons are used. 3
Whoever takes part in, encourages, or promotes an affray, or is wil- 4
fully present as a spectator at any prize fight or other premedi- 5
tated contention, shall be punished by fine not exceeding five hun- 6
dred dollars or by imprisonment at hard labor not more than six 7
months.  [L. 1896, c. 26, s. 1; P. L. s. 312.] 8

## CHAPTER 209.**

### CARRYING DEADLY WEAPONS.

**Sec. 3089. Persons not authorized; punishment.** Any person 1
not authorized by law, who shall carry, or be found armed with, any 2
bowie-knife, sword-cane, pistol, air-gun, slung-shot, or other deadly 3

*This c. is L. 1896, c. 26 (repealing P. C. 1869, c. 33, which was the same as P. C. 1850, c. 34, as am. L. 1864, p. 16).

**This c. is P. C. 1869, c. 54 (same as L. 1852, p. 19; C. C. 1859, p. 405).
See also s. 3195, on "going offensively armed;" ss. 2755, 2761, on seizure and con-demnation of arms collected for unlawful purposes; weapons may be taken from per-son arrested: s. 2769; see ss. 1373, 1374, on license to hunt with fire arms; and c. 37, on game; also cc. 15, 16, on national guard and courts martial.

4   weapon, shall be liable to a fine of not more than thirty, and not
5   less than ten dollars, or in default of payment of such fine, to im-
6   prisonment at hard labor for a term not exceeding two months and
7   not less than fifteen days, upon conviction of such offense, unless
8   good cause be shown for having such dangerous weapons; and any
9   such person may be immediately arrested without warrant by the
10  high sheriff, or any sheriff, policeman, or other officer or person.
11  [P. C. 1869, c. 54, s. 1; P. L. s. 688.]

    "Not" is substituted for "no" before "more" and twice before "less" in ll. 4, 7;
also "policeman" for "constable" in l. 10. "Before any district magistrate" is omitted
after "offense" in l. 7; also "and be lodged in prison until he can be taken before
such magistrate," at end of s. "High sheriff" is substituted for "marshal," under
Org. Act, s. 79.
    This statute was not repealed by L. 1896, c. 64, (now repealed) providing for a license
to carry fire arms. Good cause is shown by a statutory license to possess, use and
carry fire arms: Rep. v. Clark, 10 H. 585, 587.

### Sec. 3090. Persons authorized.

1     **Sec. 3090. Persons authorized.** The following persons are here-
2  by declared to be authorized to bear arms, viz.: all persons holding
3  official, military or naval rank, under this government or that of the
4  United States or that of any nation at peace with the United States,
5  when worn for legitimate purposes. [P. C. 1869, c. 54, s. 2; P. L. s.
6  689.]

    "Under this government or that of the United States or that of any nation at peace
with the United States" is substituted for "either under this government or that of
any nation at peace with this Territory."

## CHAPTER 210.*

### CONSPIRACY.

1     **Sec. 3091. Defined; examples.** A conspiracy is a malicious or
2  fraudulent combination or mutual undertaking or concerting to-
3  gether of two or more, to commit any offense or instigate any one
4  thereto, or charge any one therewith; or to do what plainly and
5  directly tends to excite or occasion offense, or what is obviously
6  and directly wrongfully injurious to another:
7     For instance—
8     A confederacy to commit murder, robbery, theft, burglary or any
9  other offense provided for in the criminal code; to prevent, ob-
10  struct, defeat or pervert the course of justice, by suborning a wit-
11  ness, tampering with jurors, or the like offenses:

    *This c. is P. C. 1869, c. 28 (same as P. C. 1850, c. 29) as am. and supplemented
by L. 1892, c. 102. See also c. 173, on attempts and instigations.

Case: 20-15848; 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 223 of 227

C008

Case: 20-15948, 09/19/2022, ID: 12543295, DktEntry: 69-2, Page 224 of 227

# LAWS

OF THE

# TERRITORY OF HAWAII

PASSED BY THE

# NINETEENTH LEGISLATURE

———

# REGULAR SESSION
# 1937

———

Commenced on Wednesday, the Seventeenth Day of February, and
Ended on Wednesday, the Twenty-eighth Day of April.

———

PUBLISHED BY AUTHORITY

———

Printed by
Honolulu Star-Bulletin
125 Merchant St.
1937

**[C-117]** An Act to Amend Section 5553 of the Revised Laws of Hawaii 1935, Relating to the Working Out of Fines and Costs by Imprisonment.

*Be it Enacted by the Legislature of the Territory of Hawaii:*

Section 1. **Section 5553** of the Revised Laws of Hawaii 1935 is hereby amended by substituting for the words "one dollar", in the last line thereof, the words "two dollars".

Section 2. This Act shall take effect upon its approval.

(Approved April 22, 1937.) **S.B. 220, Act 60.**

---

## Title XXII.  CRIMINAL OFFENSES.

### CHAPTER 170.  COMMON NUISANCE.

**[C-118]** An Act Relating to Carrying Deadly Weapons and Providing Punishments Therefor.

*Be it Enacted by the Legislature of the Territory of Hawaii:*

Section 1. Chapter 170 of the Revised Laws of Hawaii 1935, is hereby amended by adding a new section thereto, to be known as section 5713-A, and to read as follows:

"**Section 5713-A. Carrying deadly weapons; punishment.** Any person not authorized by law, who shall carry concealed upon his person or within any vehicle used or occupied by him, or who shall be found armed with, any dirk, dagger, blackjack, slug shot, billy, metal knuckles, pistol, or other deadly or dangerous weapon, shall be guilty of a misdemeanor and shall be fined not more than two hundred and fifty dollars, or imprisoned for a term not exceeding one year, or by both such fine and imprisonment; and any such person may be immediately arrested without warrant by the high sheriff, or any sheriff, policeman, or other officer or person. Any weapon, above enumerated, shall, upon conviction of the one carrying or possessing same under this section, be summarily destroyed by the Chief of Police or Sheriff."

Section 2. This Act shall take effect from and after the date of its approval.

(Approved May 3, 1937.) **H.B. 24, Act 123.**

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
[Part III]. [Dangerous Weapons]

HRS § 134-51

§ 134-51. Deadly weapons; prohibitions; penalty

Currentness

(a) Any person, not authorized by law, who carries concealed upon the person's self or within any vehicle used or occupied by the person or who is found armed with any dirk, dagger, blackjack, slug shot, billy, metal knuckles, pistol, or other deadly or dangerous weapon shall be guilty of a misdemeanor and may be immediately arrested without warrant by any sheriff, police officer, or other officer or person. Any weapon, above enumerated, upon conviction of the one carrying or possessing it under this section, shall be summarily destroyed by the chief of police or sheriff.

(b) Whoever knowingly possesses or intentionally uses or threatens to use a deadly or dangerous weapon while engaged in the commission of a crime shall be guilty of a class C felony.

**Credits**

Laws 1937, ch. 123, § 1; R.L. 1945, § 11114; R.L. 1955, § 267-25; H.R.S. § 727-25; Laws 1972, ch. 9, § 1; Laws 1977, ch. 191, § 2; Laws 1983, ch. 267, § 1; Laws 1984, ch. 90, § 1; Laws 1989, ch. 211, § 10; Laws 1990, ch. 195, § 3; Laws 1990, ch. 281, § 11; Laws 1992, ch. 87, § 4; Laws 1993, ch. 226, § 1; Laws 1999, ch. 285, § 2.

Notes of Decisions (31)

H R S § 134-51, HI ST § 134-51
Current through Act 7 of the 2021 Regular Session, pending text revision by the revisor of statutes. Some statute sections may be more current; see credits for details.

**End of Document**   © 2021 Thomson Reuters. No claim to original U.S. Government Works.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED:  Honolulu, Hawai'i, September 19, 2022.


s/ Robert T. Nakatsuji
ROBERT T. NAKATSUJI
First Deputy Solicitor General

Attorney for Defendants-Appellees HOLLY
T. SHIKADA and WILLIAM OKU, JR.