# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW TETER and JAMES GRELL,<br>  Plaintiffs-Appellants,<br><br>v.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii, and AL CUMMINGS, in his Official Capacity as the State Sheriff Division Administrator,<br>  Defendants-Appellees, | No. 20-15948 |

## PLAINTIFFS-APPELLANTS' MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANTS-APPELLEES' SUPPLEMENTAL BRIEF

COME NOW, Plaintiffs-Appellants Andrew Teter and James Grell, and file this, their Motion for Leave to File a Reply to Defendants-Appellees' Supplemental Brief pursuant to FRAP 27 and Circuit Rule 27-1, and would show the Court the following:

### BACKGROUND

On August 18, 2022, this Court ordered that parties to file "supplemental briefs" within thirty days of that Order being entered. On August 19, 2022, the Defendants filed their supplemental briefing, which questioned whether Plaintiffs have standing for the first time, not by separate motion, but in the supplemental briefing ordered to address "the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2228 (2022)." Justice requires that Plaintiffs have an

opportunity to respond to the Defendants' new argument, despite the Defendants' half-hearted attempt at briefing.

## **ARGUMENT**

Neither the Federal Rules of Appellate Procedure or this Court's Circuit Rules either directly prohibit or allow reply briefs to purported supplemental briefs. However, this Court has previously accepted that "[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *United States v. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (citation omitted).

In *Young v. Hawaii*, No. 12-17808, 2018 U.S. App. LEXIS 33013 (9th Cir. Nov. 21, 2018), this Court granted the State defendants leave to file a reply in support of their en banc rehearing request and Mr. Young's request for a surreply. And in *Oracle USA, Inc. v. Rimini St., Inc.*, Nos. 16-16832, 16-16905, 2018 U.S. App. LEXIS 4151 (9th Cir. Feb. 21, 2018), this Court granted a motion for leave to file a reply in support of a petition for en banc rehearing as well.

This Court has previously discussed "new evidence" in the context of a defendant reply brief on a motion for summary judgment and stated that "our holding in [*Marshall v. Gates,* 44 F.3d 722, 723-25 (9th Cir. 1995)] does not mean that defendants in this case may submit 'new' evidence in their reply without affording plaintiffs an opportunity to respond. Such a result would be unfair." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). This Court also agreed with the Seventh Circuit's holding in *Black*

2

*v. TIC INV. Corp.,* 900 F.2d 112, 116 (7th Cir. 1990) for the proposition that when "new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz,* 102 F.3d at 1483. While these are in the context of a summary judgment motion, the logic is the same: allowing new arguments in a brief with no opportunity respond is unfair and should not be allowed.

And it is a bright line rule that "a party may not make new arguments in the reply brief. 9 James W. Moore et al., Moore's Federal Practice, Par. 228.02. [2.-3] (2d ed. 1992)." *United States v. Cox,* 7 F.3d 1458, 1463 (9th Cir. 1993). And while "the jurisdictional issue of standing can be raised at any time, including by the court sua sponte[,]" (*United States v. Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997) (citation omitted)), Defendants have improperly attempted to raise it in a supplemental briefing on a wholly unrelated topic.

The procedural vehicle Defendants should have utilized to bring this issue to the Court's attention is a Motion, for which Plaintiffs would have an opportunity to brief and oppose it, not a less-than-a-page passing thought at something that could potentially be dispositive of the entire case (but, as discussed in Plaintiffs' attached brief which they seek leave to file, Defendants are wrong). For these reasons, Plaintiffs should be allowed leave to file the attached Reply.

## CONCLUSION

Allowing the Defendants to commit a drive-by jurisdictional attack on standing without allowing a response from Plaintiffs is unfair and prejudices the Plaintiffs. This Court should order the attached brief be filed.

Respectfully submitted, this the 27th of September, 2022.

*/s/ Alan Alexander Beck*
Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume, typeface, and type-style requirements of Federal Rule of Appellate Procedure 27 because it contains 660 words and was prepared using Microsoft Word 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Alan Alexander Beck*
Alan Alexander Beck

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Alan Alexander Beck*
Alan Alexander Beck