No. 20-15948

# In the United States Court of Appeals
## for the Ninth Circuit

ANDREW TETER AND JAMES GRELL

*Plaintiffs-Appellants*,

v.

CLARE CONNORS, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAII AND AL CUMMINGS, IN HIS OFFICIAL CAPACITY AS THE STATE SHERIFF DIVISION ADMINISTRATOR

*Defendants-Appellees*.

**Appeal from a Judgment of United States District Court
For the District of Hawaii
Civ. No. 19-cv-00183-ACK-WRP
United States District Court Judge Alan C. Kay**

**APPELLANTS' REPLY TO DEFENDANTS' SUPPLEMENTAL BRIEF**

ALAN ALEXANDER BECK
Attorney at Law
2692 Harcourt Drive
San Diego, California 92123
Telephone: (619) 905-9105
alan.alexander.beck@gmail.com

STEPHEN D. STAMBOULIEH
STAMBOULIEH LAW, PLLC
P.O. Box 428
Olive Branch, MS 38654
Telephone: (601) 852-3440
stephen@sdslaw.us

*Attorneys for Appellants, Andrew Teter and James Grell*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION ...................................................................................................... 1

ARGUMENT .............................................................................................................. 1

I.    *Plaintiffs Have Standing to Pursue Their Challenge to Hawaii's Ban on Butterfly Knives* .. 1

CONCLUSION .......................................................................................................... 8

CERTIFICATE OF COMPLIANCE ........................................................................ 9

CERTIFICATE OF SERVICE ................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Antonyuk v. Bruen*, 2022 WL 3999791 (N.D.N.Y. Aug. 31, 2022) ...................................... 7

*Arizona v. Yellen*, 34 F.4th 841 (9th Cir. 2022) ............................................................... 2

*Arlington Heights v. Metro. House. Dev. Corp.*, 429 U.S. 252 (1977) ......................................... 5

*Avitabile v. Beach*, 277 F. Supp.3d 326 (N.D.N.Y. 2017) ...................................................... 4

*Babbitt v. Farm Workers*, 442 U.S. 289 (1979) ............................................................ 2, 3, 5, 7

*Barke v. Banks*, 25 F.4th 714 (9th Cir. 2022) ................................................................. 3

*Bryant v. Yellen*, 447 U.S. 352 (1980) ........................................................................ 5

*Craig v. Boren*, 429 U.S. 190 (1976) .......................................................................... 5

*Duncan v. Becerra*, 265 F.Supp. 3d 1106 (S.D. Cal. 2020), *affirmed,* 742 Fed. Appx. 218 (9th Cir. 2018) .................................................................................................. 4

*Epona v. County of Ventura*, 876 F.3d 1214 (9th Cir. 2017) ................................................... 7

*Free Enter. Fund. v. Pub.Co. Acct. Oversight Bd.*, 561 U.S. 477 (2010) ................................... 4

*Hedges v. Obama*, 724 F.3d 170 (2d Cir. 2013) ............................................................... 5

*Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010) ...................................................... 5

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ........................................................... 1, 2

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ..................................................... 4

*N.H. Right to Life Political Action Comm. v. Gardner*, 99 F.3d 8 (1st Cir.1996) .................... 3

*N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) ........................................ 1

*Pyramid Lake Paiute Tribe of Indians v. Nev. Dep't of Wildlife*, 724 F.3d 1181 (9th Cir. 2013) .................................................................................................. 1

*SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110 (9th Cir. 2022) ........................................... 7

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014) ............................................. 2, 3, 4

*Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134 (9th Cir. 2000) (en banc) ........... 6

*Valle del Sol Inc. v. Whiting*, 732 F.3d 1006 (9th Cir. 2013) ............................................... 3

*Virginia v. American Booksellers Ass'n, Inc.*, 484 U.S. 383 (1988) ............................................ 5

*Warth v. Seldin*, 422 U.S. 490 (1975) ................................................................................ 2

**Statutes**

42 U.S.C. § 1983 ................................................................................................................ 7

H.R.S. § 134-53 ......................................................................................................... 3, 4, 6

# INTRODUCTION

Plaintiffs file this reply brief to address Defendants' ("Hawaii") argument that Plaintiffs lack standing. This argument is raised for the first time in its supplemental brief on the impact of the Supreme Court's ruling in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Hawaii's new contention is contradicted by a wealth of precedent and is utterly without merit. For the reasons laid out below, this Court should find that Plaintiffs have standing to pursue this lawsuit.

# ARGUMENT

## I. Plaintiffs Have Standing to Pursue Their Challenge to Hawaii's Ban on Butterfly Knives

Article III standing requires (1) "an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized ,and (b) 'actual or imminent, not 'conjectural' or 'hypothetical,' " (2) "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court, " and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). See also *Pyramid Lake Paiute Tribe of Indians v. Nev. Dep't of Wildlife*, 724 F.3d 1181, 1187 (9th Cir. 2013). Plaintiffs easily satisfy these three elements.

1

In order to show injury in a pre-enforcement challenge, controlling Supreme Court precedent makes clear that Plaintiffs need first show "'an intention to engage in a course of conduct arguably affected with a constitutional interest.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 162 (2014), quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979). See also *Arizona v. Yellen*, 34 F.4th 841, 849 (9th Cir. 2022) (Under *Susan B. Anthony List*, "[t]he plaintiff must allege (1) an 'intention to engage in a course of conduct arguably affected with a constitutional interest,' (2) 'but proscribed by a statute,' and (3) there must be 'a credible threat of prosecution'" under the statute"").

That standard has been met here. First, Plaintiffs allege a "constitutional interest" under the Second Amendment in the possession of butterfly knives. After *Bruen*, there can be no dispute that this claim is, at the very least, "arguable." *Arizona*, 34 F.4th at 849. That is sufficient on this element. See id., (noting that "standing 'in no way depends on the merits' and has instructed us to take as true all material allegations in the complaint and construe the complaint in favor of the plaintiff"), quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975).

Second, Plaintiffs' have sufficiently alleged an "intent" to engage in the very conduct "proscribed" by the Hawaii law, *viz.*, possession of butterfly knives. Specifically, Plaintiffs' declarations[1] demonstrate Plaintiffs "want to purchase, own, possess and carry a butterfly knife for self-defense both in [their] home and outside

---

[1] An "affidavit" is a proper vehicle to demonstrate standing. See *Lujan*, 504 U.S. at 561.

2

[their] home." ER 137, ER 139. Both have declared that "[b]ecause Hawaii bans these devices, [they] have not purchased one because [they] do not want to break the law and because [they] do not want to be prosecuted for violations of Hawaii law." ER 140, ER 138. And both Plaintiffs have declared that they would purchase one but for H.R.S. § 134-53. ER 138, Declaration of James Grell ("If Hawaii's ban were lifted I would purchase a butterfly knife."); *See also* ER 140, Declaration of Andrew Teter ("If Hawaii's ban were lifted I would purchase a butterfly knife.") Under *Susan B. Anthony List,* this uncontested testimony is sufficient to show intent.

Hawaii argues that Plaintiffs must demonstrate that the harm they suffer is imminent, but the test for that inquiry is merely whether there is "a creditable threat of enforcement." *Barke v. Banks*, 25 F.4th 714, 718-19 (9th Cir. 2022). Under that standard, "when fear of criminal prosecution under an allegedly unconstitutional statute is not imaginary or wholly speculative a plaintiff need not 'first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute.'" *Babbit* 442 U.S. at 302. See *N.H. Right to Life Political Action Comm. v. Gardner*, 99 F.3d 8, 14-15 (1st Cir.1996) ("This standard -- encapsulated in the phrase "credible threat of prosecution" -- is quite forgiving."), citing *Babbitt*, 442 U.S. at 302. See *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1015 n. 5 (9th Cir. 2013) ("we have never held that a specific threat is necessary to demonstrate standing").

Plaintiffs easily satisfy that requirement. There is no dispute that the Hawaii ban on the possession of butterfly knives fully applies to almost everyone in Hawaii,

3

including Plaintiffs. This Court does "not require" a plaintiff "to admit to violating the law." *Arizona*, 34 F.4th at 850. Indeed, Supreme Court precedent precludes any such requirement. See *Susan B. Anthony*, 573 U.S. at 163 ("Nothing in this Court's decisions requires a plaintiff who wishes to challenge the constitutionality of a law to confess that he will in fact violate that law."). See also *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129 (2007); *Free Enter. Fund. v. Pub.Co. Acct. Oversight Bd.*, 561 U.S. 477, 490 (2010).

Plaintiffs need only show "with some degree of concrete detail" that they "intend to violate the challenged law." *Barke*, 25 F.4th at 219. Here, plaintiffs want to own and possess butterfly knives and would own and possess them but for the Hawaii statute. Indeed, both Plaintiffs previously owned butterfly knives which they had to discard due to the Hawaii law. See ER 138 & ER 140. That forced dispossession, by itself, establishes injury. *Duncan v. Becerra*, 265 F.Supp. 3d 1106, 1113 (S.D. Cal. 2020) (holding that plaintiffs had "standing to challenge the dispossession requirement and criminalization component of California's large capacity magazine ban and their case is ripe"), *affirmed,* 742 Fed. Appx. 218 (9th Cir. 2018).

Moreover, both Plaintiffs have declared that they would purchase butterfly knives, but for H.R.S. § 134-53. See ER 138, Declaration of James Grell ("If Hawaii's ban were lifted I would purchase a butterfly knife."); *See also* ER 140 Declaration of Andrew Teter ("If Hawaii's ban were lifted I would purchase a butterfly knife."). Without actually violating the law, plaintiffs' injury could hardly be more concrete. See *Avitabile v. Beach*, 277 F. Supp.3d 326, 331-32 (N.D.N.Y. 2017) (it is hard to imagine

4

what, if any, additional conduct [plaintiff] might be required to engage in to trigger a more 'credible' threat of prosecution short of actually committing the proscribed act.").[2]

Hawaii does not deny that Plaintiffs would face an actual threat of prosecution if they purchase or otherwise come into possession of butterfly knives. That state officials will enforce state laws is presumed, absent substantial and credible evidence to the contrary. "Thus, in numerous pre-enforcement cases" the Supreme Court "did not place the burden on the plaintiff to show an intent by the government to enforce the law against it," but rather the Court "presumed such intent in the absence of a disavowal by the government or another reason to conclude that no such intent existed." *Hedges v. Obama*, 724 F.3d 170, 197 (2d Cir. 2013).

For example, in *Holder v. Humanitarian Law Project*, 561 U.S. 1, 16 (2010), the Supreme Court found standing where "Government has not argued to this Court that plaintiffs will not be prosecuted if they do what they say they wish to do," The Court also found standing in *Virginia v. American Booksellers Ass'n, Inc.*, 484 U.S. 383, 393 (1988), where the "State has not suggested that the newly enacted law will not be enforced, and we see no reason to assume otherwise." Likewise, in *Babbitt*, 442 U.S. at 301, standing

---

[2] The Supreme Court has found a desire to purchase a prohibited item is sufficient to confer standing in similar situations. *See Craig v. Boren*, 429 U.S. 190 (1976), both beer sellers and underage persons (who would otherwise consummate beer transactions) had standing to challenge a drinking-age law that restricted the sale of 3.2% beer. See id. at 197; see also *Bryant v. Yellen*, 447 U.S. 352, 366-67 (1980) (plaintiffs would purchase land but for acreage limitation); *Arlington Heights v. Metro. House. Dev. Corp.*, 429 U.S. 252, 262-63 (1977) (plaintiff had contract to purchase property that was contingent on repeal of zoning law).

5

was sustained even though the "criminal penalty provision has not yet been applied and may never be applied to commissions of unfair labor practices." The Court found dispositive that the State had "not disavowed any intention of invoking the criminal penalty provision against unions that commit unfair labor practices." (Id.). Here, Hawaii has likewise never "disavowed" enforcement of H.R.S. § 134-53's ban on butterfly knives.

Under this Court's precedent, a "history of past prosecution or enforcement under the challenged statute" is probative. *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc). Here, the record demonstrates precisely such a history of prior enforcement actions by Hawaii. In the trial court, Plaintiffs deposed Lieutenant Robin Nagamine, Hawaii's designated expert on butterfly knives, and he testified as follows:

> Q. In your current position as deputy sheriff of records, do you have the occasion to see a lot of reports about butterfly knife arrests or –
>
> A. I have seen them.
>
> Q. Do you recall a number?
>
> A. Well, I think from around the time our electronic record systems, 2012, till now, it was around 27, 30.
>
> Q. So this is a report that you recently ran?
>
> A. I just did a query to see how many butterfly knife cases we've done.
>
> Q. And when did you do that query?
>
> A. Last week.
>
> Q. These were cases where people were arrested for having the butterfly --
>
> A. Either arrested, or they're issued a criminal citation.

See ER 103-104.

On these facts, there is nothing remotely "imaginary" about the threat of prosecution if Plaintiffs purchase or otherwise come into possession of butterfly knives. *Babbit*, 442 U.S. at 302. Hawaii's suggestion to the contrary is too facile to be taken seriously.[3]

The redressability requirement is also easily satisfied in this case. Federal law, 42 U.S.C. § 1983, accords federal courts with the authority to enjoin Hawaii's unconstitutional law. Any such injunction would, of course, redress the harm alleged by Plaintiffs because they would then be free to acquire and possess butterfly knives without fear of prosecution. No more is required under the redressability element of standing. See *Epona v. County of Ventura*, 876 F.3d 1214, 1220 (9th Cir. 2017) (sustaining standing to bring a facial challenge where an injunction would "redress" the claimed violation); *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1117 (9th Cir. 2022) (same). Hawaii does not dispute that an injunction in this case would redress the claimed violation.

Finally, Hawaii purports to rely on *Antonyuk v. Bruen*, 2022 WL 3999791 (N.D.N.Y. Aug. 31, 2022), where a district court found the plaintiff in that case did not have standing to challenge a New York statute under *Bruen*. *Antonyuk* is easily distinguishable. In that case, "Plaintiff Antonyuk has alleged and/or sworn that he

---

[3] Additionally, Defendants could have deposed Plaintiffs in the trial court to explore Plaintiffs' intent to purchase and possess butterfly knives, but they did not. If Hawaii was serious about "standing," this would not have been the first time the Court heard about it.

'desires,' 'wants' 'wishes' or 'would like,' after September 1, 2022, to continue carry a concealed handgun in all the places in which he currently carries it, which would violate the [Concealed Carry Improvement Act]." (*Id.* at *16). But the court held that "[h]e has not alleged or sworn, however, that he intends to do so," noting that "[i]ntent is what is almost universally required." (*Id.*). Here, unlike, the litigant in *Antonyuk*, both Plaintiffs have sworn that they would engage and intend to engage in the prescribed conduct but for Hawaii's butterfly knife ban. Plaintiffs need not actually violate the law to have standing to challenge it.

## CONCLUSION

This Court should reach the merits of Plaintiffs' claims and find that Hawaii's ban on butterfly knives is unconstitutional.

Respectfully submitted,

*s/ Alan Alexander Beck*
ALAN ALEXANDER BECK (HI Bar No. 9145)
Attorney at Law
2692 Harcourt Drive
San Diego, California 92123
Telephone: (619) 905-9105
Email: alan.alexander.beck@gmail.com

*s/ Stephen D. Stamboulieh*
STEPHEN D. STAMBOULIEH
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
Telephone: (601) 852-3440
Email: stephen@sdslaw.us

## **CERTIFICATE OF COMPLIANCE**

1.  This brief complies with the type-volume limitations of Fed. R. App. P. 32(f) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 2,026 words and complies with the word limit of Cir. R. 32-1.

2.  This brief complies with the typeface and type size requirements of Fed. R. App. P.32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Garamond.

Dated: September 27, 2022.

*/s/ Alan Alexander Beck*
Alan Alexander Beck

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2022, I filed the foregoing Appellants' Supplemental Reply Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Alan Beck*
Alan Alexander Beck