

**DAVID Y. IGE**
GOVERNOR

**HOLLY T. SHIKADA**
ATTORNEY GENERAL

**VALERIE M. KATO**
FIRST DEPUTY ATTORNEY GENERAL

**STATE OF HAWAII**
**DEPARTMENT OF THE ATTORNEY GENERAL**
425 QUEEN STREET
HONOLULU, HAWAII 96813
(808) 586-1360

September 28, 2022

Via CM/ECF system

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:    *Teter v. Connors,* No. 20-15948
         Fed. R. App. P. Rule 28(j) Response

Dear Ms. Dwyer:

Plaintiffs' Rule 28(j) letter, which cites to *State v. Rodrigues*, 56 Haw. 642 (1976), should be disregarded. Rule 28(j) letters should not be used "to interject a long available but previously unmentioned issue for decision." *Niemi v. Lasshofer*, 728 F.3d 1252, 1262 (10th Cir. 2013). "Arguments raised for the first time in 28(j) letters are ordinarily considered waived." *Pakootas v. Teck Cominco Metals, Ltd.*, 830 F.3d 975, 986 n.12 (9th Cir. 2016). The decades-old decision in *Rodrigues* is far from the sort of recent, intervening authority that ordinarily should be considered in a Rule 28(j) letter.

In any event, Plaintiffs' reliance on *State v. Rodrigues* is misplaced. *Rodrigues* is a short, per curiam decision, with little or no analysis. It merely refused to sustain a conviction, in 1976, under HRS § 134-51 as a matter of statutory construction. However, in 1993, the Legislature amended HRS § 134-51 specifically to include butterfly knives. *See* 1993 Haw. Sess. Laws Act 226, §§ 1-4 at 404-05. The Legislature's action demonstrates that they did intend butterfly knives to be a considered a "deadly weapon" under Hawai'i law. *See Pacific Int'l*

Molly C. Dwyer, Clerk of the Court
September 28, 2022
Page 2

*Servs. Corp. v. Hurip*, 76 Hawaiʻi 209, 217-18, 873 P.2d 88, 96-97 (1994); *Franks v. City and County of Honolulu,* 74 Haw. 328, 340 n.6, 843 P.2d 668, 674 n.6 (1993) (holding that "subsequent legislative history or amendments" may be used to confirm interpretations of statutory provisions).  More importantly, in 1999, the Legislature moved the prohibition on butterfly knives from HRS § 134-51 to HRS § 134-53, and the legislative history conclusively demonstrates that the Legislature acted based on the belief that butterfly knives were associated with criminals and criminal activity.  *See* S. Stand. Comm. Rep. No. 1389, in 1999 Senate Journal, at 1558, SER 39, 59; Testimony of Honolulu Prosecuting Attorney, SER 24, 35; Testimony of Captain George McKeague, Honolulu Police Department, SER 37.

Thus, even if its inclusion in Plaintiffs' Rule 28(j) letter were proper, *Rodrigues* is no longer good law and is irrelevant to this case.  The Court should disregard Plaintiffs' letter.

Sincerely,

s/ Robert T. Nakatsuji
ROBERT T. NAKATSUJI
First Deputy Solicitor General

Attorney for Defendants-Appellees
CLARE E. CONNORS and AL
CUMMINGS

cc:  Counsel for all participants (via CM/ECF system)