No. 20-15948

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

ANDREW TETER and JAMES GRELL,

*Plaintiffs-Appellants,*

v.

HOLLY T. SHIKADA, in her Official Capacity as the Attorney General of the State of Hawaiʻi and WILLIAM OKU, JR., in his Official Capacity as the State Sheriff Division Administrator,

*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Hawaiʻi
Honorable Alan C. Kay, Senior United States District Judge
(Civil No. 19-cv-00183-ACK-WRP)

**DEFENDANTS-APPELLANTS' RESPONSE TO PLAINTIFFS-APPELLANTS' MOTION (DKTENTRY 74) AND CROSS-MOTION FOR LEAVE TO FILE REPLY**

**CERTIFICATE OF COMPLIANCE**

**DECLARATION OF ROBERT T. NAKATSUJI**

**EXHBIT "A"**

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| HOLLY T. SHIKADA<br>Attorney General of Hawaiʻi<br>KIMBERLY T. GUIDRY<br> Solicitor General | ROBERT T. NAKATSUJI<br>First Deputy Solicitor General<br>Department of the Attorney General<br>State of Hawaiʻi<br>425 Queen Street<br>Honolulu, Hawaiʻi  96813<br>Telephone:  (808) 586-1360<br>Fax:  (808) 586-8116<br>E-mail:<br>Robert.T.Nakatsuji@hawaii.gov |

    Attorneys for Defendants-Appellees
    HOLLY T. SHIKADA and WILLIAM OKU, JR.

## DEFENDANTS-APPELLANTS' RESPONSE TO PLAINTIFFS-APPELLANTS' MOTION (DKTENTRY 74) AND CROSS-MOTION FOR LEAVE TO FILE REPLY

Because the issue of Article III standing is an important threshold issue, Defendants-Appellees ("Defendants") do not oppose the September 27, 2022 Motion ("Motion") filed by Plaintiffs-Appellants ("Plaintiffs") for leave to file a Response to Defendants' Supplemental Brief (DktEntry 74) on condition that Defendants likewise be accorded an opportunity to file a Reply to respond to the arguments presented in Plaintiffs' proposed Response (DktEntry 74-2) ("Response") to Defendants' Supplemental Brief.[1]  Accordingly, pursuant to Fed. R. App. P. Rule 27 and Circuit Rule 27-1, Defendants respectfully cross-move for leave to file the proposed Reply, attached as Exhibit "A", which responds to Plaintiffs' arguments.

Leave to file a Reply is particularly warranted here, because Plaintiffs' Response contains a number of incorrect or misleading statements of law.  For example, the Response repeatedly relies on cases addressing standing in the context of pre-enforcement challenges under the First Amendment.  But this is not a First Amendment case; those rules do not apply here.  "First Amendment cases

---

[1] Although Plaintiffs call their document a "Reply," it is actually a Response to Defendants' Supplemental Brief.  Defendants now seek leave to file a Reply to Plaintiffs' Response.

raise unique standing considerations that tilt dramatically toward a finding of standing[.]" *Lopez v. Candaele*, 630 F.3d 775, 781 (9th Cir. 2010); *see Human Life of Wash. Inc. v. Brumsickle*, 624 F.3d 990, 1000 (9th Cir. 2010) ("[W]hen a challenged statute risks chilling the exercise of First Amendment rights, the Supreme Court has dispensed with rigid standing requirements[.]"). By contrast, Plaintiffs' Response does not cite this Court's leading case supplying the controlling legal standard for pre-enforcement challenges in the Second Amendment context, *San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121 (1996).

  Moreover, standing is not "wholly unrelated" (Motion at 3) to the merits as Plaintiffs claim; rather, "standing is the threshold issue in any suit," *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019), and it may be raised at any time. As explained in Defendants' Supplemental Brief (DktEntry 69 at 36), Defendants' counsel, while reviewing this case in response to the Court's request for supplemental briefing, identified issues that call into question whether Plaintiffs have adequately met their burden to allege and demonstrate facts sufficient to establish Article III standing. Thus, counsel had an obligation to bring the matter to the attention of the Court. "Lawyers have obligations to the judicial system as well as to their clients, and one of the premier obligations is to ensure that the tribunal has jurisdiction." *Kennedy v. Connecticut*

2

*Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991). Plaintiffs cite no authority that supports their assertion that jurisdictional issues may be raised only by motion.

Nor is there is anything "prejudic[ial]" (Motion at 4) about Plaintiffs having to establish that they have Article III standing. Even if Defendants had not raised the issue of standing at all, it was Plaintiffs' affirmative obligation to allege and establish all facts necessary to establish standing with respect to each defendant, each claim, and each type of relief. *See Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650-51 (2017) ("A plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought."); *Bd. of Natural Res. v. Brown*, 992 F.2d 937, 945 (9th Cir. 1993) ("The jurisdictional element of standing must be met in every case, and we must satisfy ourselves that this element exists even if no party to the action raises a doubt regarding its presence."). And although "a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citations omitted). If it would not have resulted in unfair prejudice for this Court to raise the issue of standing *sua sponte* in its disposition of this case, then it is hard to see how Plaintiffs could have been unfairly prejudiced here.

In light of Plaintiffs' incorrect and misleading assertions, Defendants respectfully request leave to file the attached proposed Reply to Plaintiffs' Response.

DATED: Honolulu, Hawaiʻi, October 4, 2022.

                                         /s/ Robert T. Nakatsuji
                                         ROBERT T. NAKATSUJI
                                         First Deputy Solicitor General

                                         Attorney for Defendants-Appellees HOLLY T. SHIKADA and WILLIAM OKU, JR.

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the type-volume, typeface, and type-style requirements of Federal Rule of Appellate Procedure 27 because it contains 723 words and was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally-spaced typeface

DATED: Honolulu, Hawaiʻi, October 4, 2022.

     s/ Robert T. Nakatsuji
ROBERT T. NAKATSUJI
First Deputy Solicitor General

Attorney for Defendants-Appellees HOLLY T. SHIKADA and WILLIAM OKU, JR.

# **DECLARATION OF ROBERT T. NAKATSUJI**

Pursuant to 28 U.S.C. § 1746, I, ROBERT T. NAKATSUJI, hereby declare that:

1. I am the First Deputy Solicitor General for the State of Hawaiʻi and one of the attorneys representing Defendants-Appellees HOLLY T. SHIKADA, in her Official Capacity as the Attorney General of the State of Hawaiʻi, and WILLIAM OKU, JR., in his Official Capacity as the State Sheriff Division Administrator ("Defendants"), in the above-entitled case.

2. Attached as Exhibit "A" is a true and correct copy of Defendants-Appellees' Reply to Plaintiffs-Appellants' Response to Defendants-Appellees' Supplemental Brief that Defendants would like to file if the Court grants leave to do so.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Honolulu, Hawaiʻi, on October 4, 2022.

s/ Robert T. Nakatsuji<br>
ROBERT T. NAKATSUJI

# EXHIBIT "A"

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: Honolulu, Hawai'i, October 4, 2022.

                                                                 s/ Robert T. Nakatsuji
                                                              ROBERT T. NAKATSUJI
                                                              First Deputy Solicitor General

                                                               Attorney for Defendants-Appellees HOLLY T. SHIKADA and WILLIAM OKU, JR.