# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

October 5, 2022

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

**Re:** *Andrew Teter et. al., v. Holly Shikada et. al.*, No. 20-15948

Dear Ms. Dwyer:

Defendants' most recent submission argues Plaintiffs have made "misleading" statements about this circuit's standing precedent. *See* Doc. No. [83] at *3. And the standard Plaintiffs have laid out in their supplemental reply brief only applies to First Amendment cases. This is patently false. In *Jackson v. City & Cty. of S.F* this Court found standing in a virtually identical situation.

> [Jackson] alleges that the Second Amendment provides her with a "legally protected interest," *id.*, to purchase hollow-point ammunition, and that but for section 613.10(g), she would do so within San Francisco. That Jackson may easily purchase ammunition elsewhere is irrelevant…Accordingly, section 613.10(g) constitutes an injury in fact to Jackson, and she has standing to challenge it.

*Jackson v. City & Cty. of S.F.*, 746 F.3d 953, 967 (9th Cir. 2014)

Plaintiffs' claim to standing is the same as that of the litigants in *Jackson* because both Plaintiffs have declared that they would purchase a butterfly knife "but for" H.R.S. § 134-53. *See* ER 138, Declaration of James Grell ("If Hawaii's ban were lifted I would purchase a butterfly knife."); *See also* ER 140, Declaration of Andrew Teter ("If Hawaii's ban were lifted I would purchase a butterfly knife.") Hawaii's standing argument is directly contradicted by circuit precedent.

Defendants' reliance on *San Diego County Gun Rights Committee v. Reno*, 98 F.3dv1121 (1996) is misguided. "[T]he court's standing analysis proceeded only under the claim that Congress had exceeded its power under the Commerce Clause". *See Jackson v. City & Cty. of S.F.*, 829 F. Supp. 2d 867, 871 (N.D. Cal. 2011). "[T]he applicability of the standing analysis in *Gun Rights Committee* to a case involving assertion of individual constitutional guarantees is uncertain." *Id.* Moreover, "[t]he continued vitality of *Gun Rights Committee* is also questionable in light of *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007)" *Id.* On the other hand, *Jackson* is dispositive of Plaintiffs' standing. Circuit precedent dictates that Plaintiffs have standing to bring their claim.

Yours very truly,

/s/ Alan Beck
Alan Beck

CERTIFICATE OF SERVICE

I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 335 words as calculated by Microsoft Office 365.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 5th day of October 2022.

s/ Alan Beck