# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

October 7, 2022

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA  94103

**Re:** *Andrew Teter et. al., v. Holly T. Shikada et. al.,* **No. 20-15948**

Dear Ms. Dwyer:

I write this Court to inform it of the Northern District of New York's recent opinion in *Antonyuk v. Hochul*, No. 1:22-CV-0986 (GTS/CFH), 2022 U.S. Dist. LEXIS 182965 (N.D.N.Y. Oct. 6, 2022) (*Antonyuk II*), granting in part a temporary restraining order against a number of defendants (attached).

As raised by the Defendants in their supplemental brief, Defendants cited to *Antonyuk I* (*Antonyuk v. Bruen*, 1:22-cv-0734 (GTS/CFH), 2022 WL 3999791, *15-*18 (N.D.N.Y. Aug. 31, 2022) for the proposition that these Plaintiffs lack standing because Plaintiff Antonyuk lacked standing in his original case when he only alleged "that he desires, wants, wishes or would like to carry [a] firearm") (punctuation omitted) (Supplemental Brief at 37).  However, after that same plaintiff refiled in *Antonyuk II*, he alleged that "but for" the law, he would engage in protected conduct.  The court then explicitly found standing:

> After carefully considering the matter, the Court finds that Plaintiffs have sufficiently shown that they each have standing and that each Defendant is a proper party for the reasons stated in their Complaint, declarations, motion papers, and oral argument."

And then the court specifically cited to Plaintiff Antonyuk's declaration ("Dkt. No. 1, Attach. 8 [Antonyuk Decl.]").  *Antonyuk II,* at *15.  In that declaration, Plaintiff Antonyuk alleged that "but for the [concealed carry law's] unconstitutional restrictions", he would immediately carry in those places again and that "but for" New York's law making it a felony to carry his firearm in other places, he would carry in those places.  *See also* Plaintiffs' Supplemental Reply Brief at 7-8.

*Antonyuk II* is in line with this Circuit's Second Amendment precedent in *Jackson v. City & Cty. of S.F.*, 746 F.3d 953, 967 (9th Cir. 2014) which found standing where a litigant would purchase hollow point ammunition "but for" a law prohibiting its sale. *Id.* Here, Plaintiffs both declared that they would both purchase butterfly knives if H.R.S. § 134-53 were enjoined.  *See* ER 138 & 140. Therefore, *Antonyuk II* supports Plaintiffs' position that they have standing to challenge the constitutionality of H.R.S. § 134-53.

Yours very truly,

/s/ Alan Beck
Alan Beck

CERTIFICATE OF SERVICE

I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 341 words as calculated by Microsoft Office 365.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 7th day of October 2022.

s/ Alan Beck