No. 20-15948

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANDREW TETER and JAMES GRELL,

*Plaintiffs-Appellants,*

v.

HOLLY T. SHIKADA, in her Official Capacity as the Attorney General of the State of Hawai'i and WILLIAM OKU, JR., in his Official Capacity as the State Sheriff Division Administrator,

*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Hawai'i
Honorable Alan C. Kay, Senior United States District Judge
(Civil No. 19-cv-00183-ACK-WRP)

**DEFENDANTS-APPELLEES' REPLY TO PLAINTIFFS-APPELLANTS' RESPONSE TO DEFENDANTS-APPELLEES' SUPPLEMENTAL BRIEF**

**CERTIFICATE OF COMPLIANCE**

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| HOLLY T. SHIKADA<br>Attorney General of Hawaiʻi<br>KIMBERLY T. GUIDRY<br> Solicitor General | ROBERT T. NAKATSUJI<br>First Deputy Solicitor General<br>Department of the Attorney General<br>State of Hawaiʻi<br>425 Queen Street<br>Honolulu, Hawaiʻi  96813<br>Telephone:  (808) 586-1360<br>Fax:  (808) 586-8116<br>E-mail:<br>Robert.T.Nakatsuji@hawaii.gov |

Attorneys for Defendants-Appellees
HOLLY T. SHIKADA and WILLIAM OKU, JR.

## TABLE OF AUTHORITIES

**Cases**

*Alaska Right to Life Pol. Action Comm. v. Feldman*,
    504 F.3d 840 (9th Cir. 2007) ................................................................... 5

*Bras v. California Pub. Util. Comm'n*,
    59 F.3d 869 (9th Cir. 1995) ..................................................................... 1

*Cal. Pro-Life Council, Inc. v. Getman*,
    328 F.3d 1088 (9th Cir. 2003) ................................................................. 5

*Disability Rts. S.C. v. McMaster*,
    24 F.4th 893 (4th Cir. 2022) .................................................................... 1

*Epona v. Cnty. of Ventura*,
    876 F.3d 1214 (9th Cir. 2017) ................................................................. 6

*Hedges v. Obama*,
    724 F.3d 170 (2d Cir. 2013) .................................................................... 6

*Holder v. Humanitarian L. Project*,
    561 U.S. 1 (2010) .................................................................................... 6

*Jones v. Schneiderman*,
    101 F. Supp. 3d 283 (S.D.N.Y. 2015) ..................................................... 5

*Libertarian Party of Los Angeles Cnty v. Bowen*,
    709 F.ed 867 (9th Cir. 2013) ................................................................... 5

*Lopez v. Candaele*,
    630 F.3d 775 (9th Cir. 2010) ................................................................... 4

*Missouri v. Harris*,
    58 F. Supp. 3d 1059 (E.D. Cal. 2014) ..................................................... 3

*Nat'l Org. for Marriage, Inc. v. Walsh*,
    714 F.3d 682 (2d Cir. 2013) .................................................................... 5

*New Hampshire Right to Life Pol. Action Comm. v. Gardner*,
    99 F.3d 8 (1st Cir. 1996) ......................................................................... 6

*San Diego Cnty. Gun Rts. Comm. v. Reno*,
   98 F.3d 1121 (9th Cir. 1996) .................................................................... 1, 2, 3, 6

*Susan B. Anthony List v. Driehaus*,
   573 U.S. 149 (2014) ................................................................................................4

*Tingley v. Ferguson*,
   Nos. 21-35815 & 21-35856, 2022 WL 4076121
   (9th Cir. Sept. 6, 2022) .......................................................................................4, 5

*Town of Chester, N.Y. v. Laroe Ests., Inc.*,
   137 S. Ct. 1645 (2017) ............................................................................................1

*Unified Data Servs., LLC v. Fed. Trade Comm'n*,
   39 F.4th 1200 (9th Cir. 2022) ..................................................................................2

*Virginia v. Am. Booksellers Ass'n, Inc.*,
   484 U.S. 383 (1988) ................................................................................................6

*Zentmyer v. United States*,
   No. 3:20-cv-02240-JAH-NLS, 2022 WL 959806
   (S.D. Cal. Mar. 30, 2022) ....................................................................................2, 3

**Statutes**

HRS § 134-53 .................................................................................................................3

### **<u>DEFENDANTS-APPELLEES' REPLY TO PLAINTIFFS-APPELLANTS' RESPONSE TO DEFENDANTS-APPELLEES' SUPPLEMENTAL BRIEF</u>**

Defendants-Appellees ("Defendants") respectfully submit the following Reply to respond to the arguments presented in Plaintiffs-Appellants' ("Plaintiffs'") proposed Response (DktEntry 74-2) ("Response") to Defendants' Supplemental Brief (DktEntry 69).[1]

"As the parties invoking federal jurisdiction, plaintiffs bear the burden of establishing their standing to sue." *San Diego Cnty. Gun Rts. Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). Moreover, "standing is not dispensed in gross." *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1650 (2017). "To the contrary, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.* (quotation marks omitted). Additionally, "the standing inquiry must be evaluated separately as to each defendant." *Disability Rts. S.C. v. McMaster*, 24 F.4th 893, 900 (4th Cir. 2022). And here, "[b]ecause plaintiffs seek declaratory and injunctive relief only, there is a further requirement that they show a very significant possibility of future harm; it is insufficient for them to demonstrate only a past injury." *Reno*, 98 F.3d at 1126 (citing *Bras v. California Pub. Util. Comm'n*, 59 F.3d 869, 873 (9th Cir. 1995)).

---

[1] Although Plaintiffs call their document a "Reply," it is actually a Response to Defendants' Supplemental Brief. The instant document is a Reply to Plaintiffs' Response.

1

"[P]laintiffs must show a '*genuine* threat of *imminent* prosecution,'" *id*. (emphasis in original), under the statute they seek to challenge, on the part of each defendant they have sued. Although "[a] specific warning of an intent to prosecute under a criminal statute may suffice to show imminent injury and confer standing," *Reno*, 98 F.3d at 1127, "[g]eneralized threats of prosecution do not confer constitutional ripeness." *Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1210 (9th Cir. 2022). In assessing whether plaintiffs have met their burden to allege and prove the facts necessary to establish standing, this Court "look[s] to three factors to determine whether plaintiffs have shown such a credible threat: [1] whether the plaintiffs have articulated a concrete plan to violate the law in question, [2] whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and [3] the history of past prosecution or enforcement under the challenged statute." *Id*. (quotation marks and footnote omitted). To establish a justiciable claim, plaintiffs must satisfy all three of these requirements. *See Zentmyer v. United States*, No. 3:20-cv-02240-JAH-NLS, 2022 WL 959806, at *5 (S.D. Cal. Mar. 30, 2022) ("Because Plaintiff's operative complaint does not articulate (1) a concrete plan to violate the statute, (2) a threat of enforcement, or (3) an explanation of the past prosecution or enforcement of [the statute], the Court finds that the threat of prosecution does not provide Plaintiff with standing."). "[A]llegations amounting to a 'chilling effect' on

2

plaintiffs' desire and ability to engage in conduct prohibited by the law in question 'are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm.'" *Missouri v. Harris*, 58 F. Supp. 3d 1059, 1076 (E.D. Cal. 2014) (citing *Reno*, 98 F.3d at 1129).

    Here, Plaintiffs have sued Defendants Shikada and Oku based on an alleged fear of criminal prosecution. But as explained in Defendants' Supplemental Brief, Plaintiffs have failed to meet their burden under this Court's precedents. Notably absent in the record before the district court is *any* reference to any "specific warning of an intent to prosecute" on the part of either Defendant Shikada or Defendant Oku under the relevant criminal statute, HRS § 134-53. Plaintiffs "are required to show a 'genuine threat of imminent prosecution,'" but have "fail[ed] to make any relevant allegations" or offers of proof regarding specific "threats of enforcement," *Zentmyer*, 2022 WL 959806, at *4 (citations omitted), by Defendants Shikada or Oku to any of the Plaintiffs in this case. Although Plaintiffs have adduced some generalized, non-specific, undifferentiated evidence regarding *statewide* enforcement of HRS § 134-53 (*see* Response at 6-7), Plaintiffs have adduced no facts about Defendant Shikada and Defendant Oku's (or their agencies') history of enforcement of the relevant statute. However, Article III standing must be assessed with respect to each individual defendant.

3

Plaintiffs have also failed to provide "a concrete plan to violate the law in question." Expressing a "wish" or "desire" to obtain a butterfly knife **if it were legal in Hawai'i** is not the same thing as expressing an intent to violate the statute that currently makes butterfly knives illegal, let alone providing a concrete plan. *See* Complaint, ER156, ER157.

Furthermore, Plaintiffs' Response mischaracterizes the law by relying on inapposite cases addressing First Amendment challenges. This is not a First Amendment case.

Plaintiffs' Response asserts that "[i]n order to show injury in a pre-enforcement challenge, controlling Supreme Court precedent makes clear that Plaintiffs need first show 'an intention to engage in a course of conduct arguably affected with a constitutional interest.'" Response at 2 (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 162 (2014)). But that is not the legal standard applicable to this case. As this Court recently explained in *Tingley v. Ferguson*, Nos. 21-35815 & 21-35856, 2022 WL 4076121 (9th Cir. Sept. 6, 2022), a very different—and far more permissive—legal standard applies to pre-enforcement First Amendment challenges:

> The "unique standing considerations" in the **First Amendment** context "tilt dramatically toward a finding of standing" when a plaintiff brings a pre-enforcement challenge. *Lopez v. Candaele*, 630 F.3d 775, 781 (9th Cir. 2010) (cleaned up). "[T]he Supreme Court has dispensed with rigid standing requirements" for **First Amendment** protected speech claims and has instead endorsed a "hold your tongue

4

> and challenge now" approach. *Cal. Pro-Life Council[, Inc. v. Getman]*, 328 F.3d [1088,] 1094 [(9th Cir. 2003)] (citation omitted). We have held that "a chilling of the exercise of **First Amendment** rights is, itself, a constitutionally sufficient injury." *Libertarian Party of Los Angeles Cnty. v. Bowen*, 709 F.3d 867, 870 (9th Cir. 2013).

*Id*. at \*5 (emphases added); *see also Alaska Right to Life Pol. Action Comm. v. Feldman*, 504 F.3d 840, 851 (9th Cir. 2007) ("**In First Amendment contexts**, the Supreme Court has recognized that the harm suffered by a party who restricts allegedly protected speech in order to avoid civil sanction or criminal penalty may warrant preenforcement review in some cases." (Emphasis added.)); *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 689 (2d Cir. 2013) ("we assess pre-enforcement **First Amendment** claims . . . under somewhat relaxed standing and ripeness rules" (emphasis added)); *Jones v. Schneiderman*, 101 F. Supp. 3d 283, 289 n.4 (S.D.N.Y. 2015) (characterizing the "arguably affected with a constitutional interest" standard as associated with "a discrete line of cases" that have been "applied predominantly to **First Amendment** lawsuits seeking to enjoin the prospective application of statutory prohibitions to protected speech" (emphasis added)).

This is not a First Amendment case, and the many statements of law regarding standing in First Amendment challenges cited and quoted in Plaintiffs'

5

Response[2] simply do not apply here. This Court's settled precedents regarding pre-enforcement challenges, such as *Reno*—not inapposite First Amendment cases—control here.

Plaintiffs have failed to meet their burden to allege and prove each of the elements necessary for standing with respect to each Defendant and have improperly relied on the wrong precedents. At a minimum, remand to the district court would be appropriate so as to further develop the factual predicates associated with standing.

DATED: Honolulu, Hawaiʻi, October 4, 2022.

                               s/ Robert T. Nakatsuji
                               ROBERT T. NAKATSUJI
                               First Deputy Solicitor General

                               Attorney for Defendants-Appellees HOLLY T. SHIKADA and WILLIAM OKU, JR.

---

[2] *See, e.g.*, *Holder v. Humanitarian L. Project*, 561 U.S. 1 (2010) (First Amendment challenge, cited at Response at 5); *Hedges v. Obama*, 724 F.3d 170, 197 (2d Cir. 2013) (First Amendment challenge, cited at Response at 5); *New Hampshire Right to Life Pol. Action Comm. v. Gardner*, 99 F.3d 8 (1st Cir. 1996) (First Amendment challenge, cited at Response at 3); *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383 (1988) (First Amendment challenge, cited at Response at 5); *Epona v. Cnty. of Ventura*, 876 F.3d 1214 (9th Cir. 2017) (First Amendment challenge, cited at Response at 7).

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** No. 20-15948

I am the attorney or self-represented party.

**This brief contains** 1,333 **words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Robert T. Nakatsuji      **Date** October 4, 2022
*(use "s/[typed name]" to sign electronically-filed documents)*

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: Honolulu, Hawaiʻi, October 4, 2022.

                                           s/ Robert T. Nakatsuji
                                          ROBERT T. NAKATSUJI
                                          First Deputy Solicitor General

                                          Attorney for Defendants-Appellees HOLLY T. SHIKADA and WILLIAM OKU, JR.