# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

October 7, 2022

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA  94103

**Re:** *Andrew Teter et. al., v. Holly T. Shikada et. al.,* **No. 20-15948**

Dear Ms. Dwyer:

The court in *Antonyuk v. Hochul*, 2022 U.S. Dist. LEXIS 182965 (N.D.N.Y. Oct. 6, 2022) (*Antonyuk II*) (attached), temporarily enjoined several New York firearms laws relevant to this case. The court found "generally, a historical statute cannot earn the title "analogue" if it is clearly more distinguishable than it is similar to the thing to which it is compared." *Id.* at *20.  The court then evaluated several New York handgun regulations enacted post-*Bruen*. The court found a requirement that the applicant attend an in-person interview unconstitutional because it lacked historical analogs. *Id.* at *31.

Hawaii's in-person registration requirement is similarly unconstitutional. The Attorney General relies on three inapplicable examples to support a claim of historical analogs: in-person inspection of militia arms, pardons issued to felons, and loyalty oaths.  However, as the trial court found "Hawaii's in-person inspection and registration requirement for civilian firearms cannot be said to fall within the historical tradition of colonial-era laws requiring inspection of what were effectively the military weapon stockpiles of the day." *Yukutake v. Conners*, 554 F. Supp. 3d 1074, 1088 (D. Haw. 2021). Similarly, colonial pardons cannot be used as a historical analog because (1) they were granted with unbridled discretion and (2) lack a sufficient nexus to an in-person registration requirement. *Bruen* found unbridled discretion to be unconstitutional in licensing regimes. *Bruen,* 142 S. Ct. at 2138 n.9. *See Antonyuk II*, at *25 (discussing open-ended discretion and the requirement to persuade a licensing official that the applicant is not a danger to himself and others). Logically any colonial practice which conferred unbridled discretion cannot be used to justify a law. "[A]s Blackstone put it, an executive's mercy springs from "a court of equity in his own breast." 4 William Blackstone, *Commentaries* *390. This unbounded discretion sits in uneasy tension with how rights function." *See Fisher v. Kealoha*, 855 F.3d 1067, 1072 (9th Cir. 2017) (Kozinski, concurring). Similarly, a loyalty oath is not analogous to in-person registration because it dealt with individuals rather than the firearms. And thus lack a sufficient nexus to in-person registration to be a historical analog.

Yours very truly,

/s/ Alan Beck
Alan Beck

## **CERTIFICATE OF SERVICE**

I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 350 words as calculated by Microsoft Office 365.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 7th day of October 2022.

s/ Alan Beck