UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIELLA SULLIVAN et al.,<br><br>                  Plaintiffs,<br>    v.<br><br>BOB FERGUSON et al.,<br><br>                  Defendants. | CASE NO. 3:22-cv-05403-DGE<br><br>ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS (DKT. NOS. 44, 62) |

## I     INTRODUCTION

This matter comes before the Court on multiple defendants' motions to dismiss (Dkt. Nos. 44, 62) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons articulated herein, the Court DENIES in part Defendants' motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted and GRANTS dismissal as to Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983.

## II BACKGROUND

Plaintiffs bring suit challenging the constitutionality of Engrossed Senate Bill 5078 (hereafter "ESSB 5078" or "the Act"). (Dkt. No. 42.) The Act amends state law to outlaw the manufacture, import, distribution, and sale (or offering for sale) of "large capacity magazines." Wash. Rev. Code § 9.41.370(1). Large capacity magazines are defined as "an ammunition feeding device with the capacity to accept more than 10 rounds of ammunition," with certain enumerated exceptions. Wash. Rev. Code § 9.41.010(16). Violating the Act constitutes a gross misdemeanor punishable by a prison term of no more than 364 days and by a fine of not more than $5,000. (Dkt. No. 42 at 7.) On March 23, 2022, Governor Jay Inslee signed the Act into law and it became effective as of July 1, 2022. (*Id.* at 6–7.)

Plaintiffs are two individuals (Gabriella Sullivan and Daniel Martin), a federally licensed firearm dealer in King County (Rainer Arms, LLC ("Rainier Arms")), and two nonprofit organizations dedicated to Second Amendment advocacy (Second Amendment Foundation ("SAF") and Firearms Policy Coalition, Inc. ("FPC")). Ms. Sullivan is a resident of Kitsap County, Washington. (*Id.* at 3.) Mr. Martin resides in Grays Harbor County, Washington. (*Id.*) Rainier Arms is located within the city of Auburn[1] in King County, Washington. Plaintiff SAF

---

[1] A court may not consider matters outside of the pleadings on a Rule 12(b)(6) motion without converting the motion into a Rule 56 motion for summary judgement. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908. Federal Rule of Evidence 201 permits the Court to take judicial notice of undisputed facts that are either "generally known within the trial court's territorial jurisdiction . . . or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The King County Defendants request that the Court take judicial notice of filings with the Washington Secretary of State that show that Rainier Arms is in Auburn's city limits. (Dkt. No. 62 at 3); (see also Dkt. No. 75.) Even though they do not plead Rainier Arms's precise location in their complaint, Plaintiffs do not contest that

ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS (DKT. NOS. 44, 62) - 2

has its principal place of business in Bellevue, Washington and the FPC has its principal place of business in Sacramento, California.

Plaintiffs' complaint is lodged against eight state and local officials in their official capacities, including the Washington State Attorney General Bob Ferguson. (Dkt. No. 42 at 1.) Plaintiffs do not allege that any of the Defendants have enforced the Act against them. Instead, Plaintiff bring a pre-enforcement challenge to the Act seeking declaratory relief that the Act's prohibition on the sale, manufacture, distribution, or importation of large capacity magazines violates the Second and Fourteenth Amendments to the United States Constitution, injunctive relief against the named defendants and their agents to prevent them from enforcing the Act, monetary damages, and other equitable or legal remedies. (*Id.* at 17–18.)

Pending before the Court are two motions to dismiss (Dkt. Nos. 44, 62) filed by county officials for Kitsap County and King County. On July 6, 2022, John Gese (Sheriff for Kitsap County) and Chad M. Enright (County Prosecutor for Kitsap County) (together the "Kitsap County Defendants") filed a motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction and for failure to state a claim. (Dkt. No. 44.) Defendants Patti Cole-Tindall (Interim Sheriff for King County), and Dan Satterberg (County Prosecutor for King County) (together the "King County Defendants") filed their motion to dismiss on similar grounds on August 10, 2022. (Dkt. No. 62.) Plaintiffs filed timely responses to these motions to dismiss

---

Rainier Arms is located in the city of Auburn. (*See generally* Dkt. No. 64.) As such, the Court takes judicial notice of the fact that Rainier Arms is located within the city limits of the city of Auburn, Washington. *See Nat'l Grange of the Ord. of Patrons of Husbandry v. California State Grange*, 182 F. Supp. 3d 1065, 1075 n.3 (E.D. Cal. 2016) (noting that filings with a state Secretary of State "are matters of public record whose accuracy is not subject to reasonable dispute.")

ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS (DKT. NOS. 44, 62) - 3

(Dkt. Nos. 53, 64) and the King County Defendants and Kitsap County Defendants filed timely replies to these responses (Dkt. Nos. 58, 65).

## III    DISCUSSION

Defendants raise two primary arguments as to why the Court should grant their motions to dismiss:  1) both sets of defendants argue Plaintiffs lack standing; and 2) have not properly pled a 42 U.S.C. § 1983 because Plaintiffs have failed to adequately plead the elements for municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  As a preliminary matter, the Court must determine whether it has subject matter jurisdiction over Plaintiffs' claims.  *United States v. Ceja-Prado*, 333 F.3d 1046, 1049 (9th Cir. 2003) ("[T]his court has a continuing obligation to assess its own subject-matter jurisdiction.")

### A.    Legal Standard

Federal courts are "courts of limited jurisdiction."  5B ARTHUR R. MILLER ET AL., FEDERAL PRACTICE & PROCEDURE § 1350 (3d ed. 2022).  "Article III [of the Constitution] confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).  "A federal court is presumed to lack subject matter jurisdiction until [a] plaintiff establishes otherwise." *Harborview Fellowship v. Inslee*, 521 F. Supp. 3d 1040, 1046 (W.D. Wash. 2021); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these elements.").

A motion to dismiss for lack of subject matter jurisdiction can either attack the sufficiency of the pleadings on their face (a "facial attack") or may present affidavits or other evidence that contest the truth of the allegations in the pleadings. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  Where the moving party does not present affidavits or other

1 evidence challenging a plaintiff's factual allegations (e.g., a "factual attack"), the court must
2 accept all factual allegations in the complaint as true and must construe the pleadings in the non-
3 moving party's favor. *See id.* Both the Kitsap and King County Defendants assert that this
4 Court lacks subject matter jurisdiction to hear Plaintiffs' claims. (*See* Dkt. Nos. 62 at 3; 44 at 3.)
5 Neither the Kitsap nor King County Defendants appear to offer evidence in the form of affidavits
6 or otherwise challenging the allegations in the complaint, and so the Court construes their
7 motions as facial attacks on this Court's jurisdiction. *See Wolfe*, 392 F.3d at 362. The Court
8 thus presumes the allegations in Plaintiffs' complaint to be true and draws reasonable inferences
9 in their favor. *Id.*

**B. Standing**

Plaintiffs have sufficiently established that they have standing as against both the King and Kitsap County Defendants.

"One element of the case-or-controversy requirement is that . . . [plaintiffs] based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Ctr. for Biological Diversity v. Mattis*, 868 F.3d 803, 816 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). The injury in fact must be "concrete and particularized" and "actual or imminent." *Lujan*, 504 U.S. at 560. "[T]he presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement." *Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, 547 U.S. 47, 53 n.2 (2006). However, in cases with multiple defendants, plaintiffs need to establish that at least one plaintiff has standing as against each defendant. *See McCarron v. Cnty. of Ventura*, No. CV 21-5234

ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS (DKT. NOS. 44, 62) - 5

MWF (PDX), 2021 WL 9315371, at *3 (C.D. Cal. Dec. 29, 2021). Because we find that at least one plaintiff has established standing as against each of the King and Kitsap County Defendants, we need not address standing as to each Plaintiff.

      a. <u>King County Defendants</u>

Plaintiff Rainier Arms has sufficiently alleged that it has standing as against each of the King County Defendants.

First, Rainier Arms has sufficiently alleged that it suffered an injury in fact. "Economic injury caused by a proscriptive statute is sufficient for standing to challenge that statute." *Montana Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013); *see also Craig v. Boren*, 429 U.S. 190, 194 (1976) (holding that a party faced with the choice of adhering to a statute that causes them economic loss or disobeying the statute and risking government sanctions has "establish[ed] the threshold requirements of a 'case or controversy' mandated by Art. III"); *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 917 (9th Cir. 2004) (affirming that legislation that discouraged patients from visiting a doctor for reproductive services such as abortions constituted a financial injury to the doctor that was sufficient for the injury in fact prong of the standing analysis). In their amended complaint, Rainier Arms asserts that "since the Act became effective on July 1, 2022, Rainier Arms has been forced to stop selling standard capacity magazines, either individually or as part of other firearms. As a result, it has lost, and will continue to [sic] lsoe, profits from sales of standard capacity magazines as a direct result of the Act." (Dkt. No. 42 at 15.) Rainier Arms specifically alleges that the company has suffered, and continues to suffer, economic injury resulting from the Act through lost profits and the loss of future sales of large capacity magazines, which is sufficient to meet the threshold for standing for injunctive relief. *See Holder*, 727 F.3d at 980.

1    The King County Defendants assert that Rainier Arms failed to articulate "a concrete
2    plan to violate the law," which they view as fatal to any pre-enforcement challenge to the Act.
3    (Dkt. No. 62 at 7.)  But "[w]hen such tangible economic injury is alleged, we need not rely on
4    the three-factor test [to determine whether there is a concrete fear of prosecution] applied in
5    *Thomas* and *San Diego Guns*, *for the gravamen of the suit is economic injury rather than
6    threatened prosecution.*"  Nat'l Audubon Soc'y, Inc. v. Davis, 307 F.3d 835, 855 (9th Cir.),
7    *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002) (emphasis added).  Rainier
8    Arms's ongoing economic injury is sufficient to establish that they have suffered an injury in
9    fact.

10    Rainier Arms's injury in fact is also sufficiently traceable to the King County Defendants
11    and is likely to be redressed by action from this Court. That state officials are entrusted with the
12    enforcement of state criminal laws and have the actual power to enforce allegedly
13    unconstitutional laws is sufficient to demonstrate "the requisite causal connection for standing
14    purposes." *Wasden*, 376 F.3d at 920.  *Wasden* is controlling here.  In *Wasden*, a Boise-based
15    physician and Planned Parenthood of Idaho sought declaratory and injunctive relief from anti-
16    abortion laws passed by the Idaho state legislature prior to their actual enforcement.  376 F.3d at
17    915.  Plaintiffs in the case named the Attorney General of Idaho and the Ada County Prosecuting
18    Attorney, the county in which Boise is located, as defendants.  *Id.* at 914.  The Idaho Attorney
19    General and Ada County Prosecuting Attorney argued that the Plaintiffs did not have standing as
20    against them.  *Id.* at 919.  The Attorney General specifically argued that they lacked enforcement
21    authority to prosecute the physician under the Idaho abortion law.[2]  *Id.*  The Ninth Circuit

---

[2] The Ada County Prosecuting Attorney acknowledged that they had enforcement authority regarding the provisions of the state's abortion laws that created the potential for prosecution of the physician-plaintiff. *Id.*

ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS (DKT. NOS. 44, 62) - 7

rejected this argument and held that the fact that the Attorney General had the power to "stand in the role of a county prosecutor, and in that role exercise the same power to enforce the statute the prosecutor would have" was sufficient to satisfy the causation and redressability prongs of the standing analysis. *Id.*

The King County Defendants' traceability arguments are similarly unavailing. The King County Defendants argue that any injury in fact suffered by Rainier Arms is not traceable to them as they are not "primarily responsible for investigating and prosecuting gross misdemeanors in the City of Auburn, where Plaintiff Rainier Arms is located." (Dkt. No. 65 at 2.) As they explain, under state law the primary responsibility for enforcing the Act "would fall to the Auburn Police Department, not the King County Sheriff's Office" and "prosecution of misdemeanors within the city limits of Auburn is primarily conducted by the Auburn City Attorney's Office, not the King County Prosecuting Attorney's Office." (Dkt. No. 62 at 9.) To support this argument, they cite to Washington Revised Code § 39.34.180, which provides that "[e]ach county, city, and town is responsible for the prosecution, adjudication, sentencing, and incarceration of misdemeanor and gross misdemeanor offenses committed by adults in their respective jurisdictions, and referred from their respective law enforcement agencies, whether filed under state law or city ordinance." However, Washington Revised Code § 39.34.180 does not grant exclusive enforcement authority of misdemeanor offenses to the city of Auburn. It merely "addresses the responsibility for and apportionment of the costs and expenses of the administration of justice at the local level." *City of Auburn v. Gauntt*, 274 P.3d 1033, 1037 (Wash. 2012). The Washington Supreme Court further held that Washington Revised Code § 39.34.180 did not provide an affirmative grant of prosecutorial authority to the city of Auburn. *See id.* at 1038. Rainier Arms could certainly be prosecuted by the city of Auburn for violating

the Act (*see* ACC 9.02.110), but the King County Defendants have provided no evidence that the exclusive authority to prosecute Rainier Arms resides with the city of Auburn. Indeed, the Washington statutes that vest sheriffs and county prosecutors with their authority clearly authorize these officials to investigate and prosecute violations of state law within their appropriate jurisdiction. *See State v. Bryant*, 42 P.3d 1278, 1284 (2002) ("County prosecutors are invested by the State with a limited grant of power to represent the State of Washington to enforce the laws of the State within each prosecutor's county."); *State v. Knight*, 904 P.2d 1159, 1165 (Wash. 1995) ("[A] sheriff in Washington has jurisdiction to enforce state criminal law anywhere within the boundaries of his or her county."); Wash. Rev. Code § 36.28.010 ("The sheriff is the chief executive officer and conservator of the peace of the county. In the execution of his or her office, he or she and his or her deputies . . . [s]hall arrest and commit to prison all persons who break the peace, or attempt to break it, and all persons guilty of public offenses"); Wash. Rev. Code § 36.27.020 ("The prosecuting attorney shall . . . [p]rosecute all criminal and civil actions in which the state or the county may be a party."). The King County Defendants do not rebut that these officials have the actual power to prosecute Rainier Arms but instead argue that "there is no genuine realistic threat that *King County* authorities would investigate or prosecute Rainier Arms for a misdemeanor committed within the city of Auburn." (Dkt. No. 62 at 9.). Additionally, they argue that sheriffs and prosecutors possess discretion on whether to charge a crime and have no affirmative duty to do so. (Dkt. No. 65 at 5.) But, as discussed, this is not the appropriate standard to assess whether a plaintiff's economic injury in fact is traceable to and redressable by a given defendant. *See Wasden*, 376 F.3d at 919; *Nat'l Audubon Soc'y*, 307 F.3d at 856 (holding that because certain plaintiffs' economic loss was "directly traceable" to a proscriptive act, it was sufficient for standing).

ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS (DKT. NOS. 44, 62) - 9

As in *Wasden*, Plaintiffs seek pre-enforcement declaratory and injunctive relief from an allegedly unconstitutional state law. Plaintiffs sue the King County Defendants in their official capacities "as enforcement agents of the state." (Dkt. No. 64 at 9.) And these officials have the authority to enforce the Act, even if they are not primarily charged with doing so. "A causation chain does not fail simply because it has several 'links,' provided those links are 'not hypothetical or tenuous' and remain 'plausib[le].'" *Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011) (quoting *Nat'l Audubon Soc'y*, 307 F.3d at 849).

The Court also finds that Rainier Arms's injury is redressable. Rainier Arms's economic injuries stem from enforcement of the Act. (Dkt. No. 42 at 15.) A court order declaring the Act unconstitutional or enjoining the King County Defendants from enforcing the law would permit Rainier Arms to resume the sale of large capacity magazines.

As such, Rainier Arms has plausibly alleged that it has standing as against the King County Defendants and the Court properly has jurisdiction to hear all of the Plaintiffs' claims against them.

      b. <u>Kitsap County Defendants</u>

Plaintiff Sullivan has sufficiently alleged that she has standing to bring her claims for declaratory and injunctive relief as against the Kitsap County Defendants.

Ms. Sullivan, a resident of Kitsap County, alleges that it is her "present intention and desire to purchase" large capacity magazines but she is unable to do so because "the existence of the Act, and Defendants' enforcement of it, has extinguished the legal market for those items in Washington, and made it unlawful for Ms. Sullivan to import them herself." (Dkt. No. 42 at 13–14.) These allegations sufficiently establish that Ms. Sullivan has standing as against the Kitsap County Defendants.

1   The Kitsap County Defendants assert that Ms. Sullivan has not asserted a concrete injury
2   in fact, which they argue is required to bring a pre-enforcement challenge to the Act. (See Dkt.
3   No. 44 at 4–5.) However, Ms. Sullivan has not pled merely "someday" intentions. (*See id.* at 5.)
4   She has alleged that she has been injured by the destruction of the legal market for large capacity
5   magazines in Washington and, but for the Act and threat of prosecution, she would purchase or
6   import these magazines for herself. (Dkt. No. 42 at 14.) Ms. Sullivan "need not claim a specific
7   intent to *violate* the statute" to have properly alleged an injury in fact. *Wasden*, 376 F.3d at 917.
8   As the Ninth Circuit established in *Jackson v. City & Cnty. of San Francisco*, 746 F.3d 953 (9th
9   Cir. 2014), ongoing deprivation of an alleged legally protected interest, her Second Amendment
10  rights, is sufficient to constitute an injury in fact. *Id.* at 967.

11  The Kitsap County Defendants argue that *Jackson* is inapplicable here and try to
12  distinguish the case on its facts. They argue, in effect, that the Ninth Circuit in *Jackson* did not
13  conduct an analysis of whether the Jackson plaintiffs had sufficiently articulated a concrete plan
14  to violate San Francisco's ordinance banning hollow point ammunition and instead focused on
15  "whether being required to travel out of town to purchase a prohibited type of ammunition is
16  sufficient for a plaintiff to establish an injury." (Dkt. No. 58 at 3.) In fact, the Ninth Circuit
17  explicitly noted that "the injury Jackson alleges is not the inconvenience of leaving San
18  Francisco; rather, she alleges that the Second Amendment provides her with a 'legally protected
19  interest,' to purchase hollow-point ammunition, and that but for section 613.10(g), she would do
20  so within San Francisco." *Jackson*, 746 F.3d at 967 (citation omitted); *see also Wasden*, 376
21  F.3d at 917 (noting that whether the Plaintiff "continues to perform abortions subject to the
22  statute, ***desists from performing them to avoid the statute's penalties***, or violates the statute so
23  as to practice his profession in accord with his medical judgment, his liberty will be concretely
24

ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS (DKT. NOS. 44, 62) - 11

affected.") (emphasis added). We agree with Plaintiffs that Ms. Sullivan's alleged injury is similar to the Plaintiff in *Jackson* and that *Jackson* is applicable here. As such, we find that Ms. Sullivan has adequately pled that she suffered an injury in fact.

Ms. Sullivan's injury in fact is also traceable to the Kitsap County Defendants and redressable by this Court for the same reasons discussed in our analysis of Rainer Arms's standing as to the King County Defendants.

### C. *Ex parte Young* Claims

We also find that the King and Kitsap County Defendants are not immune from suit pursuant to the Eleventh Amendment. Standing is not the only jurisdictional bar that may preclude the Court from hearing Plaintiffs' claims. The Eleventh Amendment "has been 'construed to prohibit federal courts from entertaining suits brought by a state citizen against the state or its instrumentality in the absence of consent.'" *Mecinas v. Hobbs*, 30 F.4th 890, 903 (9th Cir. 2022) (quoting *Culinary Workers Union, Loc. 226 v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999)). *Ex parte Young* provides an exception to state sovereign immunity by permitting parties to sue state officials in their official capacity for prospective injunctive and declaratory relief from unconstitutional state laws so long as there is some connection between the officer and enforcement of the allegedly unconstitutional act. *See Ex parte Young*, 209 U.S. 123, 157, (1908). "Actions under *Ex parte Young* can be brought against both state and county officials." *Moore v. Urquhart*, 899 F.3d 1094, 1103 (9th Cir. 2018).

The Ninth Circuit has regularly combined the analysis required for the second and third prongs of standing with tests assessing the appropriateness of state officials for suit under *Ex parte Young*. *See, e.g.*, *Mecinas*, 30 F.4th at 903 (noting that "[t]he question of whether there is the requisite 'connection' between the sued official and the challenged law implicates an analysis

ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS (DKT. NOS. 44, 62) - 12

that is 'closely related—indeed overlapping'—with the traceability and redressability inquiry" of standing); *Wasden*, 376 F.3d at 919 ("Whether these officials are, in their official capacities, proper defendants in the suit is really the common denominator of two separate inquiries: first, whether there is the requisite causal connection between their responsibilities and any injury that the plaintiffs might suffer, such that relief against the defendants would provide redress . . .and second, whether our jurisdiction over the defendants is proper under the doctrine of *Ex parte Young*."); *Culinary Workers Union, Loc. 226 v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999). As *Wasden* illustrates, the ability to enforce an allegedly unconstitutional law, even if shared concurrently with another party, is sufficient to establish the requisite connection for relief pursuant to *Ex parte Young*. *Wasden*, 376 F.3d at 920; *see also Ent. Software Ass'n v. Blagojevich*, 469 F.3d 641, 645 (7th Cir. 2006) (holding that the Illinois Attorney General's concurrent prosecutorial authority was sufficient to establish the requisite connection for *Ex parte Young*, even where the Attorney General did not ordinarily prosecute regular criminal cases).

The King County Defendants' argument that any such *Ex parte Young* claim against them is improper because they only have a "generalized duty" to enforce the law is at odds with precedent in the Ninth Circuit. (Dkt. No. 65 at 7.) The King County Defendants cite to *Wasden* for the proposition that a state official must have a "fairly direct" connection to enforcement of a state statute. (*See id.* at 8.) But, as previously discussed, the Ninth Circuit held in *Wasden* that a concurrent ability to enforce state law was a sufficient connection for purposes of *Ex parte Young*. *Wasden*, 376 F.3d at 920. The King County Defendants also seek to confine the *Ex parte Young* "connection" requirement to cases where the state officials have an "integral statutory role" or "direct duty" to enforce a challenged law. (Dkt No. 65 at 8.) But this imposes

ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS (DKT. NOS. 44, 62) - 13

an overly restrictive requirement that is not supported by the Ninth Circuit's precedent. In *Wasden*, for example, neither the Idaho Attorney General nor the Ada County prosecutor were directly obligated to prosecute violations of the Idaho abortion law at issue in the case. *See* 376 F.3d at 919. The generalized duty that the King County Defendants refer to has primarily been associated with cases where executive officials retain no direct enforcement authority to prosecute state laws (such as governors). *See, e.g.*, *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (holding that California governor could not be sued because he only had a generalized duty to enforce a new state animal welfare law); *Nat'l Audubon Soc'y*, 307 F.3d at 847 (holding that the California governor could not be sued as he lacked enforcement authority over a new state law banning certain kinds of animal traps); *Jevons v. Inslee*, 561 F. Supp. 3d 1082, 1096 (E.D. Wash. 2021) (finding that the Washington governor had only a general duty to see that a state eviction moratorium be enforced).

The King County Defendants appear to concede in their briefing that they possess the authority to prosecute Rainier Arms. They note, for example, that "prosecution of misdemeanors within the city limits of Auburn is **primarily** conducted by the Auburn City Attorney's Office, not the King County Prosecuting Attorney's Office." (See Dkt. No. 62 at ) (emphasis added). They do not dispute that the King County Defendants possess concurrent authority under the law to prosecute criminal offenses within municipalities such as the city of Auburn. This is a sufficient connection for Rainier Arms to bring a claim against the King County Defendants pursuant to *Ex parte Young*.

The King County Defendants also challenge whether the Plaintiffs properly pled an *Ex parte Young* claim. We construe this as a challenge to the adequacy of Plaintiffs' pleadings pursuant to Federal Rule of Civil Procedure 12(c). Where a party moves pursuant to Federal

ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS (DKT. NOS. 44, 62) - 14

Rule of Civil Procedure 12(c) to challenge a plaintiff's failure to state a claim, the court must assess such motion under the same standard as a motion pursuant to Federal Rule 12(b)(6). *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). On a motion to dismiss for failure to state a claim, we draw reasonable inferences in plaintiff's favor. *Wolfe*, 392 F.3d at 362. Though they do not explicitly plead that they are bringing an *Ex parte Young* claim, Plaintiffs assert in their response brief that they seek declaratory and injunctive relief from the King County Defendants pursuant to *Ex parte Young*. (Dkt. No. 64 at 13.) Given that Plaintiffs sued the King County Defendants in their official capacities and that they plead for declaratory and injunctive relief (Dkt. No. 42), we construe such pleadings as containing an action brought pursuant to *Ex parte Young*.

The Court notes that while Plaintiffs did not explicitly raise an *Ex parte Young* claim in their briefing as to the Kitsap County Defendants, the above analysis similarly applies. We thus construe Plaintiffs' complaint as raising a proper *Ex parte Young* claim against the Kitsap County Defendants, particularly since the Kitsap County Defendants do not disclaim their prosecutorial authority to enforce the Act within Kitsap County.

**D. Section 1983 Claims**

To the extent that Plaintiffs seek to pursue claims against the Defendants pursuant to 42 U.S.C. § 1983, the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs have not adequately pled claims that would allow them to proceed against the Defendants in their official capacities.

In *Monell*, the Supreme Court held that municipalities and other local authorities were "persons" who could be sued pursuant to 42 U.S.C. § 1983. *Monell*, 436 U.S. at 690. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a

suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Plaintiffs assert that they "have brought this suit against Defendants only in their *official* capacity." (Dkt. No. 53 at 10.) Yet, Plaintiffs in subsequent briefing explicitly disclaim that they are bringing a suit against the King County Defendants pursuant to *Monell* and implicitly appear to disclaim that they are bringing a suit pursuant to 42 U.S.C. § 1983 at all. (*See* Dkt. No. 64 at 13.) Plaintiffs note that they "have not pleaded a Monell claim." (*Id.*) Given Plaintiffs' explicit concessions that they are only suing Defendants in their official capacities, thus foreclosing any personal liability under 42 U.S.C. § 1983, and that they have not pleaded any *Monell* claim, thus foreclosing potential relief based on actions taken by an officer in their official capacity, the Court finds no basis upon which it could possibly grant either damages or injunctive relief pursuant to 42 U.S.C. § 1983.

## IV    CONCLUSION

Accordingly, and having considered the King and Kitsap County Defendants' motions to dismiss (Dkt. Nos. 44, 62), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS as follows:

(1) The King and Kitsap County Defendants' motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c) are DENIED.

(2) Additionally, the Court DENIES the King and Kitsap County Defendants' motions to dismiss for failure to state a claim upon which relief can be granted

ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS (DKT. NOS. 44, 62) - 16

insofar as they apply to Plaintiffs' *Ex parte Young* claims for declaratory and injunctive relief.

(3) The Court GRANTS the King and Kitsap County Defendants' motions to dismiss Plaintiffs' claims based on 42 U.S.C. § 1983 for failure to sufficiently plead a *Monell* claim.

Dated this 24th day of October, 2022.

David G. Estudillo
United States District Judge

ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS (DKT. NOS. 44, 62) - 17