# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

February 4, 2023

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA  94103

**Re:** *Andrew Teter et. al., v. Anne E. Lopez et. al.,* **No. 20-15948**

Dear Ms. Dwyer:

      I write this court to inform it of the 5th Circuit's recent opinion in *United States v. Rahimi*, No. 21-11001, 2023 U.S. App. LEXIS 2693 (5th Cir. Feb. 2, 2023) (attached) which enjoined 18 U.S.C. § 922(g)(8)'s prohibition on possessing firearm while subject to a domestic violence restraining order.  In doing so, the 5th Circuit rejected several of the government's attempts to justify the law through historical analogs. "The Government relies on laws of varying antiquity as evidence of its "dangerousness" analogues. We sketch these chronologically, mindful that greater weight attaches to laws nearer in time to the Second Amendment's ratification." *Id.* at *18

      Among them was the government's reliance on surety laws. The 5th Circuit rejected this argument and found "where the surety laws imposed a conditional, partial restriction on the Second Amendment right, § 922(g)(8) works an absolute deprivation of the right, not only publicly to carry, but to *possess* any firearm, upon entry of a sufficient protective order. At bottom, the historical surety laws did not impose 'a comparable burden on the right of armed self-defense[.]'" *Id.* at *27.  Hawaii primarily relies on restrictions on the concealed carry of bowie knives to justify its ban on the possession of butterfly knives.  The 5th Circuit's opinion illustrates why this comparison fails for two reasons.  First, the bowie knife laws cited to begin in the 1830s which is too far from the Founding to be historically relevant.  Second, a ban on possession is not a comparable burden on the right to self-defense as a ban on concealed carry.  None of the bowie knife laws banned mere possession and nearly all allowed for the open carry of bowie knives outside the home. Thus, they are not a comparable ban to Hawaii's complete ban on butterfly knives.  Therefore, the 5th Circuit's opinion supports Plaintiffs' position that Hawaii's butterfly knife ban is unconstitutional.

      Yours very truly,

                                     s/ Alan Beck
                                     Alan Beck

cc: All counsel of record (CM/ECF)
attachment

CERTIFICATE OF SERVICE

I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 314 words as calculated by Microsoft Office 365.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 4th day of February 2023.


s/ Alan Beck