No. 20-15948

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANDREW TETER and JAMES GRELL,

*Plaintiffs-Appellants,*

v.

ANNE E. LOPEZ, in her Official Capacity as the Attorney General of the State of Hawaiʻi and MARK HANOHANO, in his Official Capacity as the State Sheriff Division Administrator,

*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Hawaiʻi
Honorable Alan C. Kay, Senior United States District Judge
(Civil No. 19-cv-00183-ACK-WRP)

**DEFENDANTS-APPELLEES' MOTION FOR AN EXTENSION OF TIME TO FILE A PETITION FOR REHEARING *EN BANC*
[RULING REQUESTED BY AUGUST 18, 2023]**

**DECLARATION OF ROBERT T. NAKATSUJI**

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| ANNE E. LOPEZ<br>Attorney General of Hawaiʻi | ROBERT T. NAKATSUJI<br>Department of the Attorney General<br>State of Hawaiʻi<br>425 Queen Street<br>Honolulu, Hawaiʻi 96813<br>Telephone: (808) 586-1360<br>E-mail: robert.t.nakatsuji@hawaii.gov |

Attorneys for Defendants-Appellees
ANNE E. LOPEZ and MARK HANOHANO

**DEFENDANTS-APPELLEES' MOTION FOR AN EXTENSION OF TIME TO FILE A PETITION FOR REHEARING *EN BANC*
[RULING REQUESTED BY AUGUST 18, 2023]**

Pursuant to Federal Rules of Appellate Procedure ("FRAP") Rule 26(b) and Circuit Rule 31-2.2, Defendants-Appellees Anne E. Lopez, in her official capacity as Attorney General of the State of Hawaiʻi, and Mark Hanohano, in his official capacity as the State Sheriff Division Administrator, (collectively "Defendants") respectfully request a thirty (30) day extension of time to file a petition for rehearing *en banc* in this appeal, up to and including September 20, 2023.

As set forth below, good cause exists for the requested extension on account of the importance and complexity of the issues presented by the decision.

In this case, Plaintiffs challenged the constitutionality of Section 134-53 of the Hawaiʻi Revised Statutes—Hawaii's statute banning butterfly knives. On August 7, 2023, this Court issued an opinion concluding that Section 134-53 violates the Second Amendment. Opinion, at 1-31, DktEntry 118.

Under FRAP Rule 40(a)(1), "a petition for panel rehearing may be filed within 14 days after entry of judgment," and under FRAP Rule 35(c), a petition for rehearing *en banc* "must be filed within the time prescribed by Rule 40 for filing a petition for rehearing." The petition for rehearing *en banc* in this case is thus currently due on August 21, 2023. This Court may extend that due date for "good cause." FRAP Rule 26(b), 40(a)(1); *see also* Circuit Rule 31-2.2.

This is the first request for an extension of time to file a petition for rehearing *en banc* in this matter.

As set forth in the attached declaration, good cause exists for an extension. This case presents significant constitutional questions of first impression regarding how the Second Amendment analysis under *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), should be performed, the necessary factual determinations, the burdens of proof, the proper historical analogues, and the recognized exceptions. Any petition for rehearing *en banc* addressing the Court's important ruling requires thorough analysis of the history, text, and legal underpinnings of Second Amendment jurisprudence, as well as the specific language of the panel's opinion.

In light of the importance of the opinion, Defendants are pursuing the retention of outside counsel, for which additional time is necessary. In order for Defendants to secure outside counsel, compliance with certain State policies and procedures is required. Outside counsel will also need the additional time Defendants request to familiarize themselves with the case. *See* Declaration of Robert T. Nakatsuji ("Nakatsuji Decl.") at ¶¶ 4-5.

Defendants have exercised diligence at all times during this matter, and the petition for rehearing *en banc* will be filed within the time requested. *See* Nakatsuji Decl. at ¶ 7.

In compliance with Circuit Rule 31-2.2(b), this motion is filed 7 days before the expiration of the time prescribed for filing the petition for rehearing *en banc*.

Defendants have discussed with Plaintiffs-Appellants Andrew Teter and James Grell, through counsel, whether they would be willing to agree to the 30-day extension requested in this motion. *See* Nakatsuji Decl. at ¶ 8. However, Plaintiffs were unable to provide Defendants with a response before this motion was due to be filed. *Id.*

Defendants respectfully request that they receive a ruling on this motion by **Friday, August 18, 2023**, given the August 21, 2023 deadline to file an *en banc* petition absent an extension. *See* Circuit Rule 27-1(3).

For these reasons, as well as those set forth in the accompanying Declaration of Robert T. Nakatsuji, Defendants respectfully request that the time for filing a petition for rehearing *en banc* in this appeal be extended thirty (30) days, until and including September 20, 2023.

DATED: Honolulu, Hawaiʻi, August 14, 2023.

    /s/ Robert T. Nakatsuji
ROBERT T. NAKATSUJI
Deputy Solicitor General

Attorney for Defendants-Appellees
ANNE E. LOPEZ and
MARK HANOHANO

3

## **DECLARATION OF ROBERT T. NAKATSUJI**

I, Robert T. Nakatsuji, declare that the following is true and correct, under penalty of perjury:

1. I am a Deputy Solicitor General for the State of Hawaiʻi and I represent Defendants-Appellees Anne E. Lopez, in her official capacity as Attorney General of the State of Hawaiʻi, and Mark Hanohano, in his official capacity as the State Sheriff Division Administrator, (collectively "Defendants") in this case.

2. This Declaration is made pursuant to Circuit Rule 31-2.2(b) in support of the motion filed by Defendants to extend the time in which to file a petition for rehearing *en banc* in this matter.

3. This is the first request for an extension of time.

4. This case presents significant constitutional questions of first impression regarding how the Second Amendment analysis under *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), should be performed, the necessary factual determinations, the burdens of proof, the proper historical analogues, and the recognized exceptions. Any petition for rehearing *en banc* addressing the Court's important ruling requires thorough analysis of the history, text, and legal underpinnings of Second Amendment jurisprudence, as well as the specific language of the panel's opinion.

5. In light of the importance of the opinion, Defendants are pursuing the retention of outside counsel, for which additional time is necessary to, among other things, comply with certain State policies and procedures and permit outside counsel time to familiarize themselves with the case.

6. For these reasons, good cause exists for an extension of the time for filing a petition for rehearing *en banc* in this appeal by thirty (30) days, until and including September 20, 2023.

7. Defendants have exercised diligence at all times during this matter, and the petition for rehearing *en banc* will be filed within the time requested.

8. On August 14, 2023, Plaintiffs-Appellants Andrew Teter and James Grell inquired, through counsel, whether Defendants would be agreeable to a 30-day extension of the time to file a request for attorneys' fees pursuant to Circuit Rule 39-1.6. Defendants responded by proposing that Plaintiffs agree to the 30-day extension requested in this motion in return for Defendants agreeing to the 30-day extension of the time to file Plaintiffs' attorneys' fees request. However, Plaintiffs were unable to provide Defendants with a response before this motion was due to be filed.

9. Defendants also respectfully request that they receive a ruling on this motion by Friday, August 18, 2023, given the August 21, 2023 deadline to file an *en banc* petition absent an extension.

3

DATED: Honolulu, Hawai'i, August 14, 2023.

                                         /s/ Robert T. Nakatsuji
                                       ROBERT T. NAKATSUJI

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: Honolulu, Hawaiʻi, August 14, 2023.

                                            /s/ Robert T. Nakatsuji
                                          ROBERT T. NAKATSUJI
                                          Deputy Solicitor General

                                          Attorney for Defendants-Appellees
                                          ANNE E. LOPEZ and
                                          MARK HANOHANO