No. 20-15948

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

———————————

ANDREW TETER and JAMES GRELL,

*Plaintiffs-Appellants*,

v.

ANNE E. LOPEZ, in her official capacity as the Attorney General of Hawaiʻi; MARK HANOHANO, in his official capacity as the State Sheriff Division Administrator,

*Defendants-Appellees*.

———————————

**On Appeal from the United States District Court**
**for the District of Hawaiʻi**
No. 19-cv-00183-ACK-WRP
Hon. Alan C. Kay, Judge

———————————

**AMICUS BRIEF OF THE STATES OF CALIFORNIA, ARIZONA, COLORADO, CONNECTICUT, DELAWARE, ILLINOIS, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, NEW JERSEY, NEW YORK, OREGON, PENNSYLVANIA, RHODE ISLAND, WASHINGTON, AND THE DISTRICT OF COLUMBIA IN SUPPORT OF APPELLEES' PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

———————————

ROB BONTA
*Attorney General of California*
MICHAEL J. MONGAN
*Solicitor General*

HELEN H. HONG
MICA L. MOORE
*Deputy Solicitors General*
JOHN D. ECHEVERRIA
*Deputy Attorney General*
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
(213) 269-6138
Mica.Moore@doj.ca.gov

October 2, 2023
(Additional Counsel Listed on Signature Page)

# TABLE OF CONTENTS

**Page**

Interests of Amici Curiae ..............................................................1

Argument......................................................................................1

    I.     The Panel's Decision Misapplies Supreme Court
          Precedent ..............................................................................2

          A.    The Panel's Decision Confuses *Bruen*'s Initial
                Textual Inquiry ..............................................................4

          B.    The Panel's Decision Misapplies *Bruen*'s
                Historical Inquiry ..........................................................7

    II.    The Panel's Decision Exacerbates Uncertainty in the Law.......8

Conclusion..................................................................................12

i

# TABLE OF AUTHORITIES

**Page**

CASES

Banta v. Ferguson
    No. 2:23-cv-00112 (E.D. Wash.) ....................................................... 8, 9, 10, 11

Barnett v. Raoul
    No. 23-1825 (7th Cir.) .............................................................. 9, 10, 11

Chavez v. Bonta
    No. 3:19-cv-01226-L-AHG (S.D. Cal.)....................................................... 8, 11

Cox v. United States
    2023 WL 4203261 (D. Alaska June 27, 2023)................................................... 6

Cupp v. Harris
    2023 WL 5488420 (E.D. Cal. Aug. 24, 2023)................................................... 6

Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland
    Sec.
    2023 WL 2655150 (D. Del. Mar. 27, 2023) ....................................................... 6

District of Columbia v. Heller
    554 U.S. 570 (2008).................................................................passim

Duncan v. Bonta
    49 F.4th 1228 (9th Cir. 2022)................................................................. 4

Fouts v. Bonta
    2022 WL 4477732 (9th Cir. Sept. 22, 2022) ....................................................... 4

Grant v. Lamont
    2023 WL 5533522 (D. Conn. Aug. 28, 2023) ................................................... 6

Hanson v. District of Columbia
    No. 23-7061 (D.C. Cir.) ................................................................. 9

Herrera v. Raoul
    No. 23-1793 (7th Cir.) ................................................................. 9

*Jones v. Bonta*
    47 F.4th 1124 (9th Cir. 2022)................................................................4

*McDonald v. City of Chicago*
    561 U.S. 745 (2010)....................................................................2, 3

*Miller v. Bonta*
    2022 WL 3095986 (9th Cir. Aug. 1, 2022) ......................................4

*Miller v. Bonta*
    No. 3:19-cv-01537-BEN-JLB (S.D. Cal.) ....................................8, 11

*Nat'l Ass'n for Gun Rights v. Lamont*
    No. 3:22-CV-1118 (JBA) (D. Conn.) ................................................6

*Nat'l Shooting Sports Found. v. Bonta*
    No. 3:23-cv-00945-AGS-KSC (S.D. Cal.) ....................................8, 9

*Nat'l Shooting Sports Found. v. Ferguson*
    No. 23:23-cv-00113 (E.D. Wash.).....................................................9

*New York State Rifle & Pistol Ass'n v. Bruen*
    142 S. Ct. 2111 (2022)..........................................................*passim*

*Ocean State Tactical v. Rhode Island*
    No. 23-1072 (1st Cir.)................................................................9, 11

*Or. Firearms Fed'n v. Kotek*
    2023 WL 4541027 (D. Or. July 14, 2023)........................................6

*Renna v. Bonta*
    No. 23-55467 (9th Cir.) .................................................................10

*Rocky Mountain Gun Owners v. Polis*
    2023 WL 5017253 (D. Colo. Aug. 7, 2023) ......................................6

*Rupp v. Bonta*
    2022 WL 2382319 (9th Cir. June 28, 2022) ......................................4

*Rupp v. Bonta*
    No. 8:17-cv-00746-JLS-JDE (C.D. Cal.) ...................................*passim*

*United States v. Alaniz*
    69 F.4th 1124 (9th Cir. 2023)....................................................................5

*United States v. Daniels*
    77 F.4th 337 (5th Cir. 2023)...........................................................2, 7, 11

*United States v. Rahimi*
    61 F.4th 443 (5th Cir. 2023).....................................................................5

*Wiese v. Bonta*
    No. 2:17-cv-00903-WBS-KJN (E.D. Cal.)............................................8, 11

*Wolford v. Lopez*
    No. 1:23-cv-00265-LEK-WRP (D. Haw.)..................................................8

*Young v. Hawaii*
    45 F.4th 1087 (9th Cir. 2022)...................................................................4

**STATUTES**

Haw Rev. Stat. § 134-53(a).............................................................................3

## INTERESTS OF AMICI CURIAE

The States of California, Arizona, Colorado, Connecticut, Delaware, Illinois, Massachusetts, Maryland, Michigan, Minnesota, New Jersey, New York, Oregon, Pennsylvania, Rhode Island, Washington and the District of Columbia (collectively, "Amici States") file this brief under Federal Rule of Appellate Procedure 29(b)(2) and Circuit Rule 29-2, in support of Defendants-Appellees' petition for panel rehearing and rehearing en banc. Amici States are responsible for protecting the health, safety, and welfare of their communities. They fulfill that responsibility in part by enacting and enforcing legislation that advances public safety, prevents crime, and promotes the responsible use of firearms and other weapons authorized for lawful use. While Amici States are not identical, and sometimes have reached different conclusions about how best to address the needs of their communities, they collectively share an interest in preserving the States' flexibility to craft reasonable policies that protect the public and are consistent with the Second Amendment.

## ARGUMENT

The panel opinion is the first circuit-level decision in the country to strike down a State's regulation of a particular type of weapon following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). The panel's analysis gravely misunderstands Supreme Court precedent.

And as Amici States explain below, plaintiffs across the Nation have already invoked the panel's decision to challenge numerous state regulations.

Amici States acknowledge that the legal landscape is evolving, and that an en banc panel of this Court in *Duncan v. Bonta*, No. 23-55805 (9th Cir.), may provide further guidance in a case involving a Second Amendment challenge to California's restrictions on large-capacity magazines. Whether and to what extent a decision in that case would resolve the issues presented by the decision below remains to be seen. But the panel's decision continues to contribute to the uncertainty that has developed in the lower courts about the standards that govern Second Amendment claims. *Cf. United States v. Daniels*, 77 F.4th 337, 361 (5th Cir. 2023) (Higginson, J., concurring) (describing the "uncertainty and upheaval" in the lower courts "resulting from best efforts to apply *Bruen*"). Without correction, the panel's novel and misguided understanding of *Bruen* could imperil Amici States' "ability to devise solutions to social problems that suit local needs and values." *McDonald v. City of Chicago*, 561 U.S. 745, 785 (2010) (plurality opinion).

## I.    THE PANEL'S DECISION MISAPPLIES SUPREME COURT PRECEDENT

In *Bruen*, the Supreme Court announced a standard for Second Amendment claims that is "centered on constitutional text and history." 142 S. Ct. at 2128-2129. Under that approach, courts must first determine whether "the Second

2

Amendment's plain text covers an individual's conduct." *Id.* at 2129-2130. If so, "the Constitution presumptively protects that conduct," and "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130. The Court emphasized that its opinion did not overturn *District of Columbia v. Heller*, 554 U.S. 570 (2008), but instead clarified the standards set forth in *Heller* for evaluating Second Amendment claims. *See id.* at 2134. The Court in *Bruen* also reaffirmed that the Second Amendment right "is not unlimited," *id.* at 2128 (quoting *Heller*, 554 U.S. at 626), and does not place "a regulatory straightjacket" on the States' authority to respond to matters of public concern. *Id.* at 2133. When "[p]roperly interpreted, the Second Amendment allows a 'variety' of gun regulations." 142 S. Ct. at 2161-2162 (Kavanaugh, J., concurring) (quoting *Heller*, 554 U.S. at 636); *accord McDonald*, 561 U.S. at 785 (plurality opinion) (explaining that "state and local experimentation with reasonable firearms regulations will continue under the Second Amendment" (citation omitted)).

The panel's decision is one of the first in this circuit to apply *Bruen*. This appeal, which was held in abeyance pending *Bruen*, concerns the constitutionality of a Hawaiʻi statute criminalizing the manufacture, sale, transfer, transportation, and possession of butterfly knives. *See* Haw Rev. Stat. § 134-53(a). After the Supreme Court issued *Bruen*, Hawaiʻi twice requested a remand to allow the

3

district court to apply *Bruen* in the first instance and to allow the parties to develop a historical record to support their claims. *See* No. 20-15948, Dkts. 60, 69-1. The Court departed from its standard practice and declined to remand the case, opting instead to apply *Bruen's* standard without the benefit of a developed record or a reasoned district court order applying *Bruen* to that record.[1] *See* Pet. 17. The panel then struck down Hawaiʻi's statute based on a flawed understanding of *Bruen*.

### A. The Panel's Decision Confuses *Bruen's* Initial Textual Inquiry

The panel first applied an abbreviated version of the threshold textual analysis required by *Bruen*. At that stage, the panel "considere[d] whether the possession of butterfly knives is protected by the plain text of the Second Amendment." Op. 18. It concluded that the plain text covered the possession of butterfly knives, reasoning that butterfly knives are "arms," meaning "[w]eapons of offence that may be use[d] in wrath to cast at or strike at another." *Id.* at 19 (quoting *Heller*,

---

[1] Many other panels in this circuit have remanded Second Amendment cases that were pending when the Supreme Court decided *Bruen*. *See, e.g.*, *Duncan v. Bonta*, 49 F.4th 1228, 1231-1232 (9th Cir. 2022) (en banc); *Young v. Hawaii*, 45 F.4th 1087, 1089 (9th Cir. 2022) (en banc); *Rupp v. Bonta*, 2022 WL 2382319, at *1 (9th Cir. June 28, 2022); *Fouts v. Bonta*, 2022 WL 4477732, at *1 (9th Cir. Sept. 22, 2022); *Jones v. Bonta*, 47 F.4th 1124, 1125 (9th Cir. 2022); *Miller v. Bonta*, 2022 WL 3095986, at *1 (9th Cir. Aug. 1, 2022). On remand, the parties have compiled detailed records that discuss relevant historical laws and provide critical context for how state and local governments regulated various arms during the Founding and Reconstruction eras. *See, e.g.*, *Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE, Dkts. 150-152 (C.D. Cal.).

557 U.S. at 582). Asserting that the Constitution "presumptively guarantees keeping and bearing" any instruments that may be used to "strike at another," the panel shifted the burden to the State to justify any regulation. *Id.* at 19-20.

That analysis did not meaningfully put plaintiffs to their burden of establishing whether the regulated weapons were "'in common use' today for self-defense." *Bruen*, 142 S. Ct. at 2134 (quoting *Heller*, 554 U.S. at 627); *see* Pet. 7-12. The common-use requirement arises from the Supreme Court's directive that the Second Amendment does not guarantee "a right to keep and carry any weapon whatsoever": it protects only those "weapons that are . . . 'in common use' at the time." 142 S. Ct. at 2128 (quoting *Heller*, 554 U.S. at 627). Weapons that are not commonly used for lawful self-defense, but are instead "dangerous and unusual"—including "weapons that are most useful in military service"—"may be banned." *Heller*, 554 U.S. at 627.

After *Bruen*, other courts have carried forward the common-use requirement to the first part of *Bruen*'s analysis, since it bears on whether the Second Amendment's text protects a plaintiff's desired course of conduct. *See, e.g.*, *United States v. Rahimi*, 61 F.4th 443, 455 (5th Cir. 2023) ("It is undisputed that the types of firearms [at issue] are 'in common use,' such that they fall within the scope of the amendment . . . [t]hus, *Bruen*'s first step is met[.]), *cert granted*, 143 S. Ct. 2688 (2023); *United States v. Alaniz*, 69 F.4th 1124, 1128 (9th Cir. 2023)

5

(noting that *Bruen* first "requires a textual analysis, determining" among other elements, "whether the weapon at issue is 'in common use' today for self-defense" (internal quotation marks omitted)).[2]

The panel here, by contrast, did not hold plaintiffs to their burden of establishing whether the challenged weapons were in common use for lawful self-defense, and it "reject[ed] Hawaii's argument that the purported 'dangerous and unusual' nature of butterfly knives" must be considered at *Bruen*'s threshold inquiry. Op. 20. Under the panel's reasoning, litigants will argue that *any* weapon that may be used to "strike at another" could fall under the presumptive protection of the Second Amendment—from fully automatic weapons to rocket-propelled grenades. That proposition is as startling as it is novel. Amici States are not aware of any other published decision that would reduce *Bruen*'s initial textual inquiry to

---

[2] *See also, e.g.*, *Grant v. Lamont*, No. 3:22-CV-01223 (JBA), 2023 WL 5533522, at *4 (D. Conn. Aug. 28, 2023); *Cupp v. Harris*, No. 2:16-cv-00523-TLN-KJN, 2023 WL 5488420, at *4 (E.D. Cal. Aug. 24, 2023); *Rocky Mountain Gun Owners v. Polis*, No. 23-CV-01077-PAB, 2023 WL 5017253, at *9 (D. Colo. Aug. 7, 2023), *appeal docketed*, No. 23-1251 (10th Cir. Aug. 14, 2023); *Nat'l Ass'n for Gun Rights v. Lamont*, No. 3:22-CV-1118 (JBA), 2023 WL 4975979, at *15 (D. Conn. Aug. 3, 2023), *appeal docketed*, No. 23-1162 (2d Cir. Aug. 16, 2023); *Cox v. United States*, No. CF 11-00022RJB, 2023 WL 4203261, at *6 (D. Alaska June 27, 2023); *Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, No. 22-951-RGA, 2023 WL 2655150, at *4 (D. Del. Mar. 27, 2023), *appeal docketed*, No. 23-1634 (3d Cir. Apr. 7, 2023); *Or. Firearms Fed'n v. Kotek*, No. 22-CV-01815-IM, 2023 WL 4541027, at *5 (D. Or. July 14, 2023), *appeal docketed*, No. 23-35479 (9th Cir. Aug. 15, 2023).

merely evaluating whether a weapon can be used to "strike at another." And the panel arrived at that misguided approach based on nothing more than expedited supplemental briefing filed shortly after the Supreme Court issued *Bruen*. *See Daniels*, 77 F.4th at 360 n. 16 (Higginson, J., concurring) (contrasting the panel's decision with those from other courts remanding cases following *Bruen*).

**B.  The Panel's Decision Misapplies *Bruen*'s Historical Inquiry**

The panel also misapplied the next part of the *Bruen* inquiry, which requires the State to show that a challenged regulation is consistent with the Nation's historical tradition of firearms regulation. 142 S. Ct. at 2162. The panel held that Hawaiʻi did not meet this burden because "no statute cited by Hawaii categorically banned the possession of any type of pocketknife." Op. 24-25. While Hawaiʻi had identified numerous laws regulating knives—including Bowie knives, Arkansas toothpicks, dirks, and daggers—the panel deemed those historical analogues insufficient. *Id.* at 23-29. It reasoned in part that the laws "did not ban the possession of knives; they regulated only their *carry*" or "banned the[ir] *sale*." *Id.* at 24-25 (emphasis in original). And while Hawaiʻi had also identified statutes that banned the *possession* of other weapons, including slung-shots and metal knuckles, the panel deemed those examples insufficient because they did not concern knives. *Id.* at 24. That sort of analysis defies *Bruen*'s guidance that States need not identify a "historical twin" or a "dead ringer" in order to show that a regulation is

7

constitutional, but instead may justify a law by identifying historical precursors that are "relevantly similar." 142 S. Ct. at 2132, 2133 (emphasis in original omitted); *see* Pet. 12. The central premise of *Bruen*'s analogical standard is that States *may* rely on historical examples that are not identical and arose in different contexts, so long as the analogues "impose a comparable burden on the right of armed self-defense" and are "comparably justified." 142 S. Ct. at 2118.

## II. THE PANEL'S DECISION EXACERBATES UNCERTAINTY IN THE LAW

Not surprisingly, plaintiffs throughout the country have already cited the panel's decision to support constitutional challenges to a range of significant gun-safety regulations. Within the Ninth Circuit, such cases include challenges to the regulation of assault weapons, *see Miller v. Bonta*, No. 3:19-cv-01537-BEN-JLB, Dkts. 9, 172 (S.D. Cal.); *Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE, Dkts. 60, 158 (C.D. Cal.), *Banta v. Ferguson*, No. 2:23-cv-00112, Dkts. 1, 42 (E.D. Wash.); laws regulating large-capacity magazines, *see Wiese v. Bonta*, No. 2:17-cv-00903-WBS-KJN, Dkts. 76, 136 (E.D. Cal.); restrictions on the transfer or sale of firearms to minors, *see Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG, Dkts. 114, 120 (S.D. Cal.); laws prohibiting the carriage or possession of firearms in sensitive places, such as courthouses, hospitals, and public assemblies, *see Wolford v. Lopez*, No. 1:23-cv-00265-LEK-WRP, Dkts. 1, 65 (D. Haw.); and laws imposing standards of conduct on the firearms industry, *see Nat'l Shooting Sports Found. v. Bonta*, No.

3:23-cv-00945-AGS-KSC, Dkts. 1, 30 (S.D. Cal.); *Nat'l Shooting Sports Found. v. Ferguson*, No. 23:23-cv-00113, Dkts. 1, 61 (E.D. Wash.); among others. And plaintiffs have cited it as persuasive authority in many jurisdictions outside of the Ninth Circuit as well.[3] While the en banc Court's decision in *Duncan v. Bonta*, No. 23-55805 (9th Cir.) may resolve some of these concerns, the scope of any decision in that case is yet unknown.

At present, plaintiffs endeavor to use the panel's decision to support a misreading of *Bruen*. For example, in three separate cases challenging state regulations of assault weapons, plaintiffs contend that courts need not consider whether assault weapons are in "common use" or "dangerous and unusual" as part of *Bruen*'s textual inquiry. *See Rupp*, Dkt. 158 at 2 (C.D. Cal. Aug. 24, 2023) (contending that *Teter* "dooms" the "State's argu[ment] that this Court must conduct the 'common use' analysis at the textual stage of the *Bruen* standard"); *see also Banta*, Dkt. 42-2 at 1 (E.D. Wash. Aug. 8, 2023) (similar); Appellants' Rule 28(j) Letter, *Barnett v. Raoul*, No. 23-1825, Dkt. 114 at 1 (7th Cir. Aug. 8, 2023)

---

[3] *See, e.g.*, Initial Brief of Appellants at 23, *Hanson v. District of Columbia*, No. 23-7061 (D.C. Cir. Aug. 25, 2023) (challenge to regulation of large-capacity magazines); Appellants' Rule 28(j) Letter, *Herrera v. Raoul*, No. 23-1793, Dkt. 107 (7th Cir. Aug. 8, 2023) (challenge to regulation of assault weapons and large-capacity magazines); Appellants' Rule 28(j) Letter, *Ocean State Tactical v. Rhode Island*, No. 23-1072 (1st Cir. Aug. 8, 2023) (challenge to regulation of large-capacity magazines).

(similar).  Applying the panel's flawed analysis, these plaintiffs assert that because assault weapons are "[w]eapons of offense that may be use[d] in wrath to cast at or strike another" they are, without any additional analysis, "presumptively" protected by the Constitution.  *Banta*, Dkt. 42-2 at 1 (quoting *Teter*, slip. op. at 19); *see Barnett*, Dkt. 114 at 1 (similar); *see also* Appellees' Rule 28(j) Letter, *Renna v. Bonta*, No. 23-55467, Dkt. 46 (9th Cir. Aug. 22, 2023) (arguing that "semiautomatic handguns banned by the [Unsafe Handgun Act] are 'by necessity'" presumptively protected by the Second Amendment, "since they are 'arms'").  To support that assertion, they simply quote the panel's decision for the proposition that "[w]hether an arm is 'dangerous or unusual' is a contention as to which the State bears the burden of proof in the second prong of the *Bruen* analysis."  *Rupp*, Dkt. 158 at 2 (quoting *Teter*, slip op. at 21).  If accepted, those arguments would transform a critical element of plaintiffs' prima facie claim into an issue on which the *State* bears the burden.

Plaintiffs have also relied on the panel's decision to support their contention that, to demonstrate the constitutionality of their gun-safety laws, States must identify historical analogues that are essentially identical to challenged laws.  *See Bruen*, 142 S. Ct. at 2133.  For instance, plaintiffs have cited the panel decision as support for a categorical rule that historical laws regulating carriage are always inadequate to support modern-day laws restricting possession—even though that

10

categorical approach would contradict the Supreme Court's observation that "the historical tradition of prohibiting the *carrying* of 'dangerous and unusual weapons'" "fairly support[s]" limitations on "the right to *keep* and carry arms." *Heller*, 554 U.S. at 627 (emphasis added); *see Bruen*, 141 S. Ct. at 2162 (Kavanaugh, J., concurring). In a challenge to California's regulation of large-capacity magazines, the plaintiffs have cited the panel's decision to argue that "laws that prohibited the manner of carrying a particular arm are not relevant to show any historical tradition of banning the arm itself." Pls.' Amended Reply Mem. in Supp. of Pls.' Mot. for Summ. J. at 16, *Wiese v. Bonta*, No. 2:17-cv-00903-WBS-KJN, Dkt. 136 (E.D. Cal. Sept. 8, 2023). Plaintiffs have raised similar arguments in varied cases, including in challenges to restrictions on assault weapons and age-based restrictions on the sale of certain arms. *See Miller*, Dkt. 120 at 2; *Rupp*, Dkt. 158 at 3-4; *Chavez*, Dkt. 120 at 2-3; *Banta*, Dkt. 42-2 at 3.[4] Whether or not a State's historical submissions are ultimately deemed adequate or relevantly similar to the challenged laws in each of those contexts, *Bruen*'s historical analysis cannot be reduced to the categorical rule that plaintiffs advance. *See Daniels*, 77 F.4th at 362 (Higginson, J., concurring) (cautioning against "further reductionism of *Bruen*").

---

[4] *See also* Appellants' Rule 28(j) Letter at 1-2, *Ocean State Tactical v. Rhode Island*, No. 23-1072 (1st Cir. Aug. 8, 2023); *Barnett*, Dkt. 114 at 1.

# CONCLUSION

Either the panel or an en banc panel of this Court should grant rehearing to clarify the proper constitutional standard.

Dated:  October 2, 2023

Respectfully submitted,

_/s/ Mica L. Moore_

ROB BONTA
*Attorney General of California*
MICHAEL J. MONGAN
*Solicitor General*
HELEN H. HONG
MICA L. MOORE
*Deputy Solicitors General*
JOHN D. ECHEVERRIA
*Deputy Attorney Genera*

CALIFORNIA DEPARTMENT OF JUSTICE
300 South Spring Street, Suite 1702
Los Angeles, CA  90013-1230
(213) 269-6138
Mica.Moore@doj.ca.gov

(Counsel listing continues on next page)

12

KRISTIN K. MAYES
*Attorney General of Arizona*
2005 N. Central Ave.
Phoenix, AZ 85004

WILLIAM TONG
*Attorney General of Connecticut*
165 Capitol Avenue
Hartford, CT 06106

KWAME RAOUL
*Attorney General of Illinois*
100 West Randolph Street
Chicago, IL 60601

MATTHEW J. PLATKIN
*Attorney General of New Jersey*
Richard J. Hughes Justice Complex
25 Market Street
Trenton, NJ 08625

ANDREA JOY CAMPBELL
*Attorney General*
*Commonwealth of Massachusetts*
One Ashburton Place
Boston, MA 02108

KEITH ELLISON
*Attorney General of Minnesota*
102 State Capitol
75 Rev. Dr. Martin Luther King Jr. Blvd
St. Paul, MN 55155

ANTHONY G. BROWN
*Attorney General of Maryland*
200 Saint Paul Place
Baltimore, MD 21202

ELLEN F. ROSENBLUM
*Attorney General of Oregon*
1162 Court Street NE
Salem, OR 97301

PETER F. NERONHA
*Attorney General of Rhode Island*
150 South Main Street
Providence, RI 02903

MICHELLE HENRY
*Attorney General of Pennsylvania*
Strawberry Sq., 16th Floor
Harrisburg, PA 17120

BRIAN L. SCHWALB
*Attorney General*
*for the District of Columbia*
400 6th Street, NW, Suite 8100
Washington, D.C. 20001

ROBERT W. FERGUSON
*Attorney General of Washington*
1125 Washington Street SE
Olympia, WA 98504-0100

PHILIP J. WEISER
*Attorney General of Colorado*
1300 Broadway, 10th Floor
Denver, CO 80203

KATHLEEN JENNINGS
*Attorney General of Delaware*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801

(*Counsel listing continued on the following page*)

13

DANA NESSEL
*Attorney General of Michigan*
P.O. Box 30212
Lansing, Michigan 48909

LETITIA JAMES
*Attorney General of New York*
23 Liberty St., 23rd Floor
New York, NY 10005

14

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2023, I electronically filed the foregoing document with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all other participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: October 2, 2023                                    */s/ Mica L. Moore*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the type-volume limitation of Ninth Circuit Rules 27-1 and 32-3(2) because it consists of 2,385 words, excluding the documents listed at Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f). This brief complies with the typeface and the type style requirements of Federal Rule of Appellate Procedure 27 because it has been prepared in a proportionally spaced typeface using 14-point font.

Dated: October 2, 2023                    */s/ Mica L. Moore*

16