No. 20-15948

IN THE

# United States Court of Appeals for the Ninth Circuit

ANDREW TETER and JAMES GRELL,

Plaintiffs-Appellants,

v.

ANNE E. LOPEZ, in her Official Capacity as the Attorney General of the State of Hawai'i and DARRYL NG, in his Official Capacity as the State Sheriff Division Administrator,

Defendants-Appellees.

On Appeal from the United States District Court for the District of Hawai'i Honorable Alan C. Kay, Senior United States District Judge (Civil No. 19-cv-00183-ACK-WRP)

**BRIEF OF GUN-VIOLENCE PREVENTION GROUPS AND POLICY RESEARCHERS AS *AMICI CURIAE* IN SUPPORT OF PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

VINCENT S. WEISBAND
DANIELLE R. FEUER
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000

MICHAEL R. DREEBEN
DAVID K. ROBERTS
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
mdreeben@omm.com

*Attorneys for Amici Curiae*

## CORPORATE DISCLOSURE STATEMENT

Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund), Brady Center to Prevent Gun Violence, Giffords Law Center to Prevent Gun Violence, and March For Our Lives each have no parent corporation. They have no stock; hence, no publicly held corporation owns 10% or more of their stock.

# **TABLE OF CONTENTS**

<u>Page</u>

INTEREST OF *AMICI CURIAE* ............................................................. 1

INTRODUCTION ................................................................................... 2

REASONS FOR GRANTING REHEARING .......................................... 4

     I.    The Panel Decision Threatens To Upend Second Amendment Jurisprudence Within The Ninth Circuit And Beyond ......................... 4

     II.   The Panel Erred By Engaging In Appellate Factfinding Rather Than Remanding The Case Post-*Bruen* For Further Record Development. ......................................................................... 9

CONCLUSION ....................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

CASES:

*Ass'n of New Jersey Rifle & Pistol Clubs Inc. v. Att'y Gen. New Jersey*,
No. 19-3142, ECF No. 147-1 (3d Cir. Aug. 25, 2022) ............................................12

*Atkinson v. Garland*,
   70 F.4th 1018 (7th Cir. 2023) ................................................................12

*Barnett v. Raoul*,
   No. 23-1825, ECF No. 114 (7th Cir. Aug. 8, 2023) .................................... 6, 7, 8

*Boland v. Bonta*,
   No. 23-55276, ECF No. 74 (9th Cir. Aug. 8, 2023) ........................................7, 8

*Clark v. Chappell*,
   936 F.3d 944 (9th Cir. 2019) ...................................................................9

*District of Columbia v. Heller*,
   554 U.S. 570 (2008) .............................................................................3

*Duncan v. Bonta*,
   49 F.4th 1228 (9th Cir. 2022) ................................................................12

*Duncan v. Bonta*,
   No. 23-55805, ECF No. 3 (9th Cir. Sept. 28, 2023) ........................................2

*Granata v. Campbell*,
   No. 22-1478, ECF No. 00117996000 (1st Cir. Apr. 7, 2023) .............................12

*Herrera v. Raoul*,
   No. 23-1793, ECF No. 107 (7th Cir. Aug. 8, 2023) .........................................6, 8

*Jones v. Bonta*,
   47 F.4th 1124 (9th Cir. 2022) ................................................................12

*McDougall v. County of Ventura*,
   38 F.4th 1162 (9th Cir. 2022) ................................................................12

## TABLE OF AUTHORITIES—Continued

Page(s)

*Miller v. Bonta*,
No. 21-55608, ECF No. 27 (9th Cir. Aug. 1, 2022) ...........................12

*Miller v. Bonta*,
No. 3:19-cv-01537, ECF No. 172 (S.D. Cal. Aug. 9, 2023) ...............7

*Miller v. Smith*,
No. 22-1482, ECF No. 60 (7th Cir. Jan. 20, 2023)............................12

*Mitchell v. Atkins*,
No. 20-35827, ECF No. 62 (9th Cir. Dec. 2, 2022)...........................12

*New York State Rifle & Pistol Association, Inc. v. Bruen*,
142 S. Ct. 2111 (2022) ........................................................ 3, 4, 8, 11

*Nichols v. Newsom*,
No. 14-55873, ECF No. 142 (9th Cir. Sept. 12, 2022)......................12

*Oakland Tactical Supply, LLC v. Howell Township*,
No. 21-1244, ECF No. 43-2 (6th Cir. Aug. 5, 2022).........................12

*Ocean State Tactical, LLC v. Rhode Island*,
No. 23-1072, ECF No. 00118038076 (1st Cir. Aug. 8, 2023)..................... 6, 7, 8

*Palmer v. Lombardo*,
No. 22-15645, ECF No. 37 (9th Cir. May 26, 2023).........................12

*Rhode v. Bonta*,
No. 20-55437, ECF No. 110 (9th Cir. Nov. 17, 2022) ......................12

*Rupp v. Bonta*,
No. 19-56004, ECF No. 71 (9th Cir. June 28, 2022).........................12

*Rupp v. Bonta*,
No. 8:17-cv-746, ECF No. 158 (C.D. Cal. Aug. 24, 2023) ..............6, 7

*Teter v. Connors*,
460 F. Supp. 3d 989 (D. Haw. 2020) ...............................................10

# TABLE OF AUTHORITIES—Continued

<u>Page(s)</u>

*United States v. Alaniz*,
    69 F.4th 1124 (9th Cir. 2023) ................................................................4

*United States v. Daniels*,
    77 F.4th 337 (5th Cir. 2023) ..........................................................9, 12

*Whalem/Hunt v. Early*,
    233 F.3d 1146 (9th Cir. 2000) ...........................................................10

*Young v. Hawaii*,
    45 F.4th 1087 (9th Cir. 2022) ...........................................................12

## INTEREST OF *AMICI CURIAE*[1]

*Amici curiae* are four non-profit organizations and two policy researchers dedicated to ending gun violence through education, research, and advocacy. *Amici* have a substantial interest in ensuring that the Constitution is construed properly to allow democratically elected officials to address the nation's gun-violence crisis, and to safeguard the interest of everyone—whether they are gun owners or not—in living safe and secure lives in their communities. Numerous courts have cited the briefs of *amici* on issues involving firearms regulations and constitutional principles affecting gun policy.

Everytown for Gun Safety is the nation's largest gun-violence prevention organization, with millions of supporters across all fifty states. Brady Center to Prevent Gun Violence is the nation's most longstanding non-partisan, non-profit organization dedicated to reducing gun violence through education, research, legal advocacy, and political action. Giffords Law Center to Prevent Gun Violence is a national organization, founded more than 30 years ago, dedicated to promoting and defending the laws and policies proven to reduce gun violence. March For Our

---

[1] *Amici curiae* submit this brief under Federal Rule of Appellate Procedure 29(b) and Circuit Rule 29-2(a), and all parties have consented to the filing of this brief. Undersigned counsel for *amici curiae* certify that this brief was not authored in whole or in part by counsel for any of the parties; no party or party's counsel contributed money for the brief; and no one other than *amici curiae* has contributed money for this brief.

1

Lives is a youth-led non-profit organization dedicated to promoting civic engagement, education, and direct action by youth to achieve sensible gun-violence prevention policies. Tim Carey and Kelly Roskam serve at the Johns Hopkins University Bloomberg School of Public Health Center for Gun Violence Solutions, and are signing in their individual capacities. Mr. Carey is an attorney with years of experience advocating, educating, and innovating in the issue area of gun-violence prevention through the dual lenses of public health and equity. Ms. Roskam is an attorney with over a decade of experience drafting, analyzing, and advocating for gun-violence prevention policy.

## INTRODUCTION

The panel's invalidation of Hawai'i's law prohibiting butterfly knives on Second Amendment grounds has vast potential to upend life-saving regulations on dangerous weaponry, including firearms, across a range of vital measures. The errors of the panel decision, its conflict with this Circuit's precedent, its legal ramifications, and its inroads on public safety all compel action by this Court en banc. Now that an en banc panel of this Court has accepted *Duncan v. Bonta*, another Second Amendment appeal involving several closely related issues, as a comeback case, *amici* agree with Hawai'i that the Court should hold the petition

pending resolution of *Duncan* and then dispose of it accordingly.[2] If *Duncan* does not resolve the errors identified in the petition and below, this Court should grant the petition, vacate the panel decision, and clarify the applicable legal principles. If, after doing so, the Court believes it appropriate before upholding the constitutionality of Hawaiʻi's law, it should then remand to the district court for development of a proper record.

The panel decision is the first circuit-level opinion in the nation to strike down a law prohibiting a particular type of weapon since the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). In doing so, the opinion misconstrued *Bruen* and created a conflict with this Circuit's precedent. Challengers to key firearms regulations throughout the country have seized on the panel decision, invoking it again and again in the less than two months since its issuance as a basis for striking down critical gun-safety measures. But the Supreme Court has repeatedly recognized that "the right secured by the Second Amendment is not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008); *see also Bruen*, 142 S. Ct. at 2128; *id.* at 2162

---

[2] *See* Appellees' Notice of Suppl. Auth., ECF No. 138-1 (Oct. 2, 2023) (citing Order, *Duncan v. Bonta*, No. 23-55805, ECF No. 3 (9th Cir. Sept. 28, 2023) (en banc)).

(Kavanaugh, J., concurring) ("Properly interpreted, the Second Amendment allows a 'variety' of gun regulations." (quoting *Heller*, 554 U.S. at 636)).

If the panel decision stands and these challengers' arguments are accepted, the validity of many longstanding, common-sense gun regulations—regulations that are constitutional under a correct application of *Bruen*—would be placed in doubt. To forestall those consequences, this Court should grant the petition and bring the Ninth Circuit's jurisprudence on the Second Amendment into accord with *Bruen* and *Heller*.

## REASONS FOR GRANTING REHEARING

### I.   The Panel Decision Threatens To Upend Second Amendment Jurisprudence Within The Ninth Circuit And Beyond.

*Amici* agree with Hawaiʻi that the panel's flawed decision conflicts with *Bruen*, *Heller*, and this Court's prior decision in *United States v. Alaniz*, 69 F.4th 1124 (9th Cir. 2023). *See* Pet. 5-17. The errors in the panel's ruling are of exceptional importance for multiple reasons.

The panel's reasoning here conflicts with the proper analytical framework for analyzing Second Amendment challenges after *Bruen*. That framework is reflected in *United States v. Alaniz*, 69 F.4th 1124 (9th Cir. 2023), which this Court issued two months before the panel decision. *Alaniz* clearly set forth the "threshold inquiry" mandated by *Bruen*: assessing "[1] whether the challenger is 'part of the people whom the Second Amendment protects,' [2] whether the

4

weapon at issue is 'in common use today for self-defense,' and [3] whether the 'proposed course of conduct' falls within the Second Amendment." *Id.* at 1128 (quoting *Bruen*, 142 S. Ct. at 2134-35). Only when this inquiry is satisfied does the government bear the burden at *Bruen*'s second step to justify the challenged regulation based on historical tradition. *See Bruen*, 142 S. Ct. at 2130. Yet the panel decision does not address or even cite *Alaniz*, let alone follow its proper formulation of *Bruen*. En banc review is necessary to provide a consistent—and correct—framework in this Circuit for analyzing Second Amendment claims.

If allowed to stand, the panel decision risks upending gun regulations within this Circuit and beyond. Common-sense regulations that are constitutional under a correct application of *Bruen* and that play a critical role in combating gun violence—such as regulations of assault weapons and large-capacity magazines—should not be struck down in reliance on the panel's erroneous approach. Few questions so fundamentally affect public health and safety as the type implicated here: the validity of laws enacted by democratically accountable officials to address the dangers of particular weapons and accessories that exacerbate the nation's gun-violence crisis.

The panel decision threatens to have an outsized role in shaping Second Amendment jurisprudence in challenges nationwide. The decision is the first circuit-level opinion in the country since *Bruen* to strike down a law prohibiting a

5

particular type of weapon. Within and beyond this Circuit, litigants challenging gun laws are urging courts to read the panel decision expansively and to rely on it to invalidate many important gun laws, including laws prohibiting assault weapons and large-capacity magazines. The potential influence of the decision magnifies the importance of correcting its errors now.

Finally, the panel decision's incorrect application of the *Bruen* test threatens to seriously distort Second Amendment jurisprudence. Challengers have already cited the panel decision for a range of troubling and erroneous propositions, including:

- That the Second Amendment presumptively protects even "dangerous and unusual" weapons and firearm accessories, such that the State—rather than the challenger—bears the burden to prove the weapon or accessory is "dangerous and unusual" so as to support regulation.[3]

---

[3] *See, e.g.*, Appellant's Notice of Suppl. Auth., *Herrera v. Raoul*, No. 23-1793, ECF No. 107 (7th Cir. Aug. 8, 2023) (challenge to provisions of Protect Illinois Communities Act prohibiting carrying, possession, or purchase of certain assault weapons and large-capacity magazines); Appellees' Notice of Suppl. Auth., *Barnett v. Raoul*, No. 23-1825, ECF No. 114 (7th Cir. Aug. 8, 2023) (challenge to Protect Illinois Communities Act).

- That the Second Amendment inquires not whether a weapon is commonly *used* for self-defense but rather only whether it is commonly *owned* for any lawful purpose.[4]

- That the Second Amendment applies to all instruments that constitute bearable arms, and that all laws that prohibit law-abiding citizens from acquiring arms are presumptively unconstitutional.[5]

- That the continued availability of alternative firearms without certain prohibited features is immaterial to the constitutionality of a firearm regulation of particular firearms with dangerous features.[6]

---

[4] *See, e.g.*, Pls.' Notice of Suppl. Auth., *Rupp v. Bonta*, No. 8:17-cv-746, ECF No. 158 (C.D. Cal. Aug. 24, 2023) (challenge to assault-rifle prohibition in California Assault Weapon Control Act); Appellant's Notice of Suppl. Auth., *Herrera v. Raoul*, No. 23-1793, ECF No. 107 (7th Cir. Aug. 8, 2023); Appellees' Notice of Suppl. Auth., *Barnett v. Raoul*, No. 23-1825, ECF No. 114 (7th Cir. Aug. 8, 2023); Appellants' Notice of Suppl. Auth., *Ocean State Tactical, LLC v. Rhode Island*, No. 23-1072, ECF No. 00118038076 (1st Cir. Aug. 8, 2023) (challenge to Rhode Island's large-capacity magazine prohibition).

[5] *See, e.g.*, Appellees' Notice of Suppl. Auth., *Boland v. Bonta*, No. 23-55276, ECF No. 74 (9th Cir. Aug. 8, 2023) (challenge to provisions of California Unsafe Handgun Act requiring certain handguns to have chamber load indicator, magazine disconnect mechanism, and microstamping capabilities).

[6] *See, e.g.*, Pls.' Notice of Suppl. Auth., *Rupp v. Bonta*, No. 8:17-cv-746, ECF No. 158 (C.D. Cal. Aug. 24, 2023); Appellees' Notice of Supp. Auth., *Barnett v. Raoul*, No. 23-1825, ECF No. 114 (7th Cir. Aug. 8, 2023).

- That a weapon's association with criminal activity cannot support regulation of that weapon.[7]

- That historical laws restricting the *use* or *carry* of weapons cannot be used to establish historical analogues for contemporary laws prohibiting *possession* of weapons, or any other laws that differ in their precise means of regulation.[8]

These propositions, if accepted, would place the burden of proof for virtually the entire Second Amendment inquiry on the State, unmoor the Second Amendment from its foundational grounding in self-defense, and mandate that the State adduce a veritable historical twin for any firearm regulation to withstand challenge. These propositions flout the burden-shifting framework set forth in *Bruen* that was reaffirmed by this Court in *Alaniz*. Pet. 11-13. They erase the Supreme Court's focus, again confirmed in *Alaniz*, on a weapon's specific use for

---

[7] *See, e.g.*, Appellants' Notice of Suppl. Auth., *Ocean State Tactical, LLC v. Rhode Island*, No. 23-1072, ECF No. 00118038076 (1st Cir. Aug. 8, 2023).

[8] *See, e.g.*, Pls.' Notice of Suppl. Auth., *Rupp v. Bonta*, No. 8:17-cv-746, ECF No. 158 (C.D. Cal. Aug. 24, 2023); Pls.' Notice of Suppl. Auth., *Miller v. Bonta*, No. 3:19-cv-01537, ECF No. 172 (S.D. Cal. Aug. 9, 2023) (challenge to California's assault-weapons prohibition); Appellant's Notice of Suppl. Auth., *Herrera v. Raoul*, No. 23-1793, ECF No. 107 (7th Cir. Aug. 8, 2023); Appellees' Notice of Suppl. Auth., *Barnett v. Raoul*, No. 23-1825, ECF No. 114 (7th Cir. Aug. 8, 2023); Appellants' Notice of Suppl. Auth., *Ocean State Tactical, LLC v. Rhode Island*, No. 23-1072, ECF No. 00118038076 (1st Cir. Aug. 8, 2023); *see also* Appellees' Notice of Suppl. Auth., *Boland v. Bonta*, No. 23-55276, ECF No. 74 (9th Cir. Aug. 8, 2023).

self-defense.  Pet. 9-11.  And they hollow out *Bruen*'s assurances that its holding did not create a "regulatory straightjacket" and that the government need not point to "a historical *twin*" or "dead ringer."  142 S. Ct. at 2133 (emphasis original); *see* Pet. 12-15.  In sum, accepting these propositions would portend a dangerous future for gun violence in America—one where even longstanding, widely accepted firearm regulations are at risk.

As the Fifth Circuit's Judge Higginson put it: "I cannot help but fear that . . . any further reductionism of *Bruen*"—which aptly describes the panel's approach— "will mean systematic, albeit inconsistent, judicial dismantling of the laws that have served to protect our country for generations. . . .  [S]uch decisions will constrain the ability of our state and federal political branches to address gun violence across the country, which every day cuts short the lives of our citizens. This state of affairs will be nothing less than a Second Amendment caricature, a right turned inside out, against freedom and security in our State."  *United States v. Daniels*, 77 F.4th 337, 362 (5th Cir. 2023) (Higginson, J., concurring).  Rehearing en banc is needed here to ensure that this Court does not help bring about that result.

## II.   The Panel Erred By Engaging In Appellate Factfinding Rather Than Remanding The Case Post-*Bruen* For Further Record Development.

*Amici* agree with Hawaiʻi that, provided *Duncan* does not fully resolve the errors of the panel decision, the Court should at minimum vacate the panel

decision and remand so that the district court may conduct the *Bruen* inquiry in the first instance. This is in keeping with this Court's "standard practice," *Clark v. Chappell*, 936 F.3d 944, 971 (9th Cir. 2019), and its disposition of other cases pending appeal when *Bruen* was decided. *See* Pet. 17 (citing cases).

*Amici* emphasize that on remand the parties and district court should have latitude to develop the robust contemporary and historical factual record needed for a proper *Bruen* analysis. The district court's pre-*Bruen* decision upholding Hawai'i's law "decline[d] to decide one way or another whether butterfly knives are 'dangerous and unusual' weapons" or "whether butterfly knives are typically used for self-defense or other lawful purposes." *Teter v. Connors*, 460 F. Supp. 3d 989, 1000 (D. Haw. 2020). The court ventured no answers given the "absence of a stronger, more-developed factual record," and because its decision did not turn on these questions. *Id.* And as Hawai'i observes, assessing Hawai'i's law under *Bruen* requires a fuller, contextualized historical record. *See* Pet. 16.

Because "the district court is in a better position to develop the facts and assess their legal significance in the first instance," "the best course is to remand to the district court" when, as here, further record development is warranted. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). Then, based on a record developed in adversary proceedings, courts could evaluate (among other things) whether butterfly knives are in common use for self-defense

and, if so, whether Hawaiʻi's law is in keeping with historical tradition. *See, e.g.*, Br. of Defendants-Appellees at 10, ECF No. 28 (Oct. 20, 2020).

The panel's approach reveals why remand is needed; its holding rests on a series of unfounded factual suppositions. For example, it asserted that a "butterfly knife is simply a pocketknife with an extra rotating handle," Op. 21, and that "[t]he butterfly knife is clearly more analogous to an ordinary pocketknife than to an Arkansas Toothpick or a bowie knife," Op. 28—all without citing any evidence. Those intensely empirical propositions should be resolved only after an adversary proceeding before a first-line factfinder. The State, as well as the people it represents, are entitled to that level of due process—especially before a duly enacted law is ruled unconstitutional.

The panel dismissed the need to remand for development of the historical record on the ground that such "historical research" involves legislative rather than adjudicative facts that an appellate court can assess itself. Op. 14. Here again, the panel misread *Bruen* by suggesting that information about the *existence* of historical laws is sufficient to assess their *significance*, particularly as relevant to modern-day regulations. To the contrary, *Bruen* emphasized the importance of assessing the broader social, cultural, and technological context of modern and historical regulations, and of comparing the impact of those laws on the right to self-defense. *See* 142 S. Ct. at 2131-32 (highlighting need to address

"circumstances" surrounding regulations, including "societal problem[s]" or "concerns," "regulatory challenges," and "technological changes," as well as "how" and "why" regulations affect right to self-defense). Further, *Bruen* instructed that "[c]ourts are . . . entitled to decide a case based on the historical record compiled by the parties." *Id.* at 2130 n.6. *Bruen* thus "intimated" that parsing the historical evidence "requires that an evidentiary inquiry first be conducted in courts of original jurisdiction, subject to party presentation principles, aided by discovery and cross-examination and with authority to solicit expert opinion." *Daniels*, 77 F.4th at 360-61 (Higginson, J., concurring). That is one reason why this Court and others have regularly remanded cases following *Bruen*. *See, e.g.*, *Atkinson v. Garland*, 70 F.4th 1018, 1020, 1023-24 (7th Cir. 2023).[9]

---

[9] *See also, e.g.*, *Palmer v. Lombardo*, No. 22-15645, ECF No. 37, at 2-3 (9th Cir. May 26, 2023) (remanding Second Amendment case to the district court "to develop the historical and factual record," upon recognizing that "[a]s with other pre-*Bruen* Second Amendment determinations, the parties did not fully develop the historical and factual record"); *Duncan v. Bonta*, 49 F.4th 1228, 1231 (9th Cir. 2022) (en banc) (vacating and remanding to district court for further proceedings consistent with *Bruen*); *Jones v. Bonta*, 47 F.4th 1124, 1125 (9th Cir. 2022) (same); *Young v. Hawaii*, 45 F.4th 1087, 1089 (9th Cir. 2022) (en banc) (same); *McDougall v. County of Ventura*, 38 F.4th 1162 (9th Cir. 2022) (en banc) (same); *Mitchell v. Atkins*, No. 20-35827, ECF No. 62 (9th Cir. Dec. 2, 2022) (same); *Rhode v. Bonta*, No. 20-55437, ECF No. 110 (9th Cir. Nov. 17, 2022) (same); *Nichols v. Newsom*, No. 14-55873, ECF No. 142 (9th Cir. Sept. 12, 2022) (same); *Miller v. Bonta*, No. 21-55608, ECF No. 27 (9th Cir. Aug. 1, 2022) (same); *Rupp v. Bonta*, No. 19-56004, ECF No. 71 (9th Cir. June 28, 2022) (same); *Granata v. Campbell*, No. 22-1478, ECF No. 00117996000 (1st Cir. Apr. 7, 2023) (vacating and remanding for further proceedings in light of *Bruen*); *Miller v. Smith*, No. 22-

This constitutional decision never should have been rendered on an underdeveloped record. Rehearing en banc is warranted to ensure that this case is resolved consistently with the approach taken in many other post-*Bruen* matters.

## CONCLUSION

This Court should hold the petition for panel rehearing and rehearing en banc pending resolution of *Duncan*. If *Duncan* ultimately does not resolve the errors identified in Hawaiʻi's petition and above, it should grant the petition.

---

1482, ECF No. 60 (7th Cir. Jan. 20, 2023) (vacating and remanding "for additional proceedings to receive the full benefit of the district court's decision applying the 'text, history, and tradition' test of *Bruen*," including further fact and expert discovery); *Ass'n of New Jersey Rifle & Pistol Clubs Inc. v. Att'y Gen. New Jersey*, No. 19-3142, ECF No. 147-1 (3d Cir. Aug. 25, 2022) (remanding to district court "for decision in the first instance under the standard announced in *Bruen*" upon finding it "appropriate to afford the State th[e] opportunity" for "further record development, targeted at the legal and historical analysis required under *Bruen*"); *Oakland Tactical Supply, LLC v. Howell Township*, No. 21-1244, ECF No. 43-2 (6th Cir. Aug. 5, 2022) (vacating and remanding for the district court to conduct the post-*Bruen* Second Amendment analysis "in the first instance" and to evaluate the historical evidence "to be produced" on remand).

Respectfully submitted,

October 2, 2023

*/s/ Michael R. Dreeben*

VINCENT S. WEISBAND
DANIELLE R. FEUER
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000

MICHAEL R. DREEBEN
DAVID K. ROBERTS
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
mdreeben@omm.com

*Attorneys for Amici Curiae*

14

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify the following:

1. This brief complies with the type-volume limitation of Circuit Rule 29(c)(2), because it contains 3,145 words, excluding those parts exempted by Fed. R. App. P. 32(f).

2. This brief complies with the format, typeface, and type style requirements of Fed. R. App. P. 32(a)(4)-(6).

*/s/ Michael R. Dreeben*
Michael R. Dreeben

## CERTIFICATE OF SERVICE

I certify that on October 2, 2023, I filed the foregoing Amicus Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system

*/s/ Michael R. Dreeben*
Michael R. Dreeben