No. 20-15948

In The
**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

Andrew Teter and James Grell,

Plaintiffs-Appellants,

v.

Anne E. Lopez, in her Official Capacity as the Attorney General of the State of Hawaiʻi and Darryl Ng, in his Official Capacity as the State Sheriff Division Administrator,

Defendants-Appellees.

On Appeal from the United States District Court for the District of Hawaiʻi
Honorable Alan C. Kay, Senior United States District Judge
(Civil No. 19-cv-00183-ACK-WRP)

**BRIEF OF *AMICUS CURIAE* CITY & COUNTY OF HONOLULU IN SUPPORT OF PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

Dana M.O. Viola  6095
*Corporation Counsel*

Daniel M. Gluck  7959
*Deputy Corporation Counsel*
Dept. of the Corporation Counsel
City & County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaiʻi 96813
(808) 768-5233
daniel.gluck@honolulu.gov

*Counsel for Amicus Curiae City & County of Honolulu*

# TABLE OF CONTENTS

Page(s)

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................ iii

STATEMENT OF INTEREST OF *AMICUS CURIAE*............................................... 1

ARGUMENT ................................................................................................................. 2

    A. Thirty days is insufficient for a municipality to identify and procure expert witnesses, prepare an expert report, and draft a memorandum based on that report .............................................................................................................. 2

    B. The City's procurement process – much of which is outside the control of the Department of the Corporation Counsel – results in lengthy delays in retaining expert witnesses ............................................................................... 6

CONCLUSION ............................................................................................................ 10

AUTHORSHIP ............................................................................................................. 11

FED. R. APP. P. 32(g) CERTIFICATE OF COMPLIANCE ................................. 11

# TABLE OF AUTHORITIES

**Constitutional Provisions**
U.S. Const. amend. II ............................................................................... 1, 2, 10
U.S. Const. amend. XIV .................................................................................3

**Cases**
*Duncan v. Bonta*, 2023 U.S. Dist. LEXIS 169577 (S.D. Cal. Sept. 22, 2023) ..........3
*New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) . 1, 2, 3, 4, 10
*Pagba v. Lopez and City & County of Honolulu*, 22-cv-00521-JMS-KJM
   (D. Haw. 2022) .............................................................................................4

**Statutes**
1852 Haw. Sess. Laws Act of May 25, 1852 ........................................................3
HRS § 103-53 ......................................................................................................7
HRS § 134-53 ......................................................................................................1
HRS chapter 92 ...................................................................................................6
Laws of the Territory of Hawaii, Act 225, § 1 (1959) ..........................................3

**Court Rules**
Circuit Court Rule 29-2(a) ..................................................................................2
Fed. R. App. P. 28(f) ...........................................................................................9
Fed. R. App. P. 29(a)(2) ......................................................................................2
Fed. R. Civ. P. 26 ................................................................................................5

**Administrative Rules**
Hawaiʻi Administrative Rules § 3-131-3 ............................................................9
Hawaiʻi Administrative Rules § 3-131-4 ............................................................9

**Other Authorities**
United States Census Bureau, QuickFacts, Honolulu County, Hawaii (2022) ........4

## **STATEMENT OF INTEREST OF *AMICUS CURIAE***

The City & County of Honolulu ("City") is the municipal corporation representing the most populous county in the State of Hawaiʻi. State-wide public safety policies such as Hawaiʻi Revised Statutes ("HRS") § 134-53 have significant impacts on the residents of and visitors to the City.

This case, however, is about more than butterfly knives. The new standard invented by the Supreme Court in *Bruen* requires governments to produce extensive historical evidence in support of laws that, in many cases, are over a century old.[1] In the instant case, the Panel refused to allow the government sufficient time to present this historical evidence and, instead of remanding to the District Court to develop a record, required the parties to submit new evidence to this Court.

The City has an interest in ensuring that it has an adequate opportunity to defend itself against Second Amendment lawsuits in this new legal landscape. While the City believes that the Panel was wrong on the merits, the City is particularly troubled by the Panel's failure to allow the government adequate time to submit evidence, as well as the Panel's failure to remand this case to the District Court for submission and consideration of this evidence. These failures, if

---

[1] *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).

uncorrected, will threaten the ability of government agencies to respond to all Second Amendment lawsuits.

This brief is filed pursuant to Circuit Court Rule 29-2(a) and Fed. R. App. P. 29(a)(2), as counsel for both Plaintiffs and Defendants have consented to the filing of a brief *amicus curiae* in support of the Petition for Panel Rehearing and Rehearing En Banc.

## ARGUMENT

**A. Thirty days is insufficient for a municipality to identify and procure expert witnesses, prepare an expert report, and draft a memorandum based on that report.**

The Supreme Court decided *Bruen* while the appeal in this case was pending before the Panel. The Panel provided the State with only 30 days to produce a supplemental brief – with no remand to the District Court – to produce evidence that the statute in question "is consistent with this Nation's historical tradition of firearm regulation."[2] *Bruen*, 142 S. Ct. at 2126. Had this case included the City (as many other Second Amendment lawsuits in Hawaiʻi do), it is unlikely that the City could have responded meaningfully in such a time frame.

The new *Bruen* standard frequently results in the burden shifting to the government to produce historical evidence to support restrictions on firearms and

---

[2] The Panel denied Hawaiʻi's request to remand in light of *Bruen*, instead directing the parties to submit supplemental briefs within 30 days. ECF #66.

2

other weapons that, often, have been in existence for many decades.³ *See, e.g.*, *Duncan v. Bonta*, 2023 U.S. Dist. LEXIS 169577, *44 (S.D. Cal. Sept. 22, 2023) (recognizing that "the *Bruen* approach places the burden upon the government to justify its firearm restrictions by demonstrating that they are consistent with the Nation's historical tradition of firearm regulation as understood at the founding" and that "judicial review under the *Bruen* standard is in its infancy").

If a State or municipality enacted legislation in 2023 – post-*Bruen* – it may be reasonable to expect that the government have historical evidence to support the legislative decision readily available (because, in passing legislation in 2023, the government should be aware of the legal standard the legislation must meet). In the instant case, however, the statute in question (HRS § 134-53) is 64 years old, passed the same year Hawai'i became a state; the specific provision on butterfly knives was added twenty-four years ago. *See* Laws of the Territory of Hawaii, Act 225, § 1 (1959); Act 285 (1999) (legislative history at ECF #29 at 15-16). Legislators at the time could not have foreseen that the United States Supreme Court, decades in the future, would require centuries-old historical support to enact commonplace legislation targeting dangerous weaponry. Consequently,

---

³ Indeed, Hawai'i has a long history – predating the ratification of the Fourteenth Amendment – of restricting firearms in public. *See, e.g.*, 1852 Haw. Sess. Laws § 1 at 19 (providing that individuals who carried a pistol or other deadly weapon were subject to a fine, or to imprisonment if unable to pay the fine), available in Hawaiian (original) at https://bit.ly/1852-Hawaii-Laws.

governments typically do not have pre-prepared collections of laws from the 1600s, 1700s, and 1800s (and expert witnesses to provide the context for those laws) to support longstanding regulations, compiled just in case a lawsuit is filed. The City certainly does not have the resources to do so. For each new lawsuit, the government must compile historical evidence demonstrating consistency with a national historical tradition of regulation. *Bruen*, 142 S. Ct. at 2126.

The practical reality for municipalities like the City – which, like every other municipality, has limited resources[4] – is that this work takes time. To adequately defend against a post-*Bruen* Second Amendment suit,[5] the City must retain one or more expert witnesses to describe the historical context for laws that existed in the 1600s, 1700s, and 1800s. As the Court can imagine, there are not many individuals who are (1) experts in weapon regulations in England and the United States in the 1600s, 1700s, and 1800s; (2) willing to give expert testimony on a

---

[4] The City has approximately 43 attorneys in its Department of the Corporation Counsel (the City's legal department) – roughly 12 of whom are assigned to the Litigation Section – for a municipal government serving approximately 1,000,000 people and a workforce of over 8,500 City employees. *See* City & County of Honolulu, Dept. of Human Resources (updated 10/26/22), available at https://bit.ly/HNL-DHR-2022; U.S. Census Bureau, QuickFacts, Honolulu County, Hawaii (2022), available at https://bit.ly/HNL-Census-2022.

[5] This is not merely theoretical: the City has been sued, post-*Bruen*, for alleged Second Amendment violations. *See Pagba v. Lopez and City & County of Honolulu*, 22-cv-00521-JMS-KJM (D. Haw.) (complaint filed December 16, 2022).

4

socially divisive issue; and (3) able to produce an expert report on the particular regulation being challenged within 30 days. With the recent proliferation of Second Amendment litigation, finding a qualified witness who is available to do the work on an expedited basis is extremely difficult. It is even more difficult for government agencies in Hawaiʻi, as the City has yet to identify any individuals within the State who are qualified to provide expert testimony and who are willing to do so.[6]

Even if identifying an available expert witness were easy, however, government defendants must still contend with applicable procurement regulations. This Court may have some familiarity with federal procurement, and thus may be aware that purchasing something within a matter of days or weeks is frequently impossible. The following section describes the City's process; the City respectfully requests that the Court consider these constraints in determining that a 30-day deadline would not allow the City a meaningful opportunity to defend itself in court.

---

[6] Ordinarily, the parties would have substantially more time to disclose the identities of expert witnesses, and substantially more time after that to produce an expert report. *See, e.g.*, Fed. R. Civ. P. 26 (requiring Initial Disclosures to be filed 14 days after the parties' Rule 26(f) meeting, which may not occur for months after the filing of a complaint).

## B. The City's procurement process – much of which is outside the control of the Department of the Corporation Counsel – results in lengthy delays in retaining expert witnesses.

The largest obstacle to filing within such an expedited schedule is the City's procurement process. Compliance with the City's process to retain expert witnesses requires approximately eight steps over the course of several months.

First, the City would have to identify one or more expert witnesses capable of producing an expert report within 30 days, within the budget available to the Department of Corporation Counsel or approved by the City Council.[7] Some of those difficulties are described above.

Second, the potential expert witness would have to register as a vendor with the City & County of Honolulu through the Honolulu Vendor Self Service page at https://vss.honolulu.gov/.

Third, the potential expert witness would have to register as a vendor with Hawai'i Compliance Express ("HCE"), https://vendors.ehawaii.gov/hce/, which

---

[7] If the Department of Corporation Counsel does not have sufficient funds available for the expert witness, then the Department must make a request to a City Council Committee, after which the full Council must approve the funding at a separate meeting. Under Hawai'i's Sunshine Law, HRS chapter 92, City agencies – including the City Council and its committees – are generally required to place items on a public agenda at least six days in advance of the meeting. A court-imposed deadline would likely allow the City to schedule the meeting on shorter notice; the more practical problem, though, is that the City Council generally meets only once a month, and it is unclear whether the Council would be amenable to scheduling a special meeting solely to authorize funding for an expert witness.

6

allows vendors to obtain clearances (as required by HRS § 103-53) from the State Department of Taxation, the State Department of Industrial and Labor Relations, and the Internal Revenue Service.[8]  A vendor will only be deemed "compliant" with HCE after each of the agencies – the Department of Taxation et al. – verifies the vendor's qualifications.

Fourth, while the potential expert witness is completing this process, staff within the Department of the Corporation Counsel – typically, the attorney working on the case (with assistance from administrative staff) – prepare an electronic form ("eForm") explaining the need for the expert's services, the scope of the expert's services, and the cost of the expert's services.  That form must be approved by the attorney's supervisor and then the Corporation Counsel (*i.e.*, the City's top attorney) or the First Deputy Corporation Counsel.

Fifth, there is a second eForm – which, like the first, must be prepared by the attorney working on the case (with assistance from administrative staff), which must again be approved by the Corporation Counsel or First Deputy.  The form is routed to the City's Department of Budget and Fiscal Services ("BFS") for review and approval.

---

[8] Vendors may also need to obtain a clearance from the State Department of Commerce and Consumer Affairs.  *See* Dept. of Budget and Fiscal Services, City & County of Honolulu, "How the City Buys" (2013) at 8, available at https://bit.ly/HowTheCityBuys-2013.

7

Sixth, the Department of the Corporation Counsel must prepare a contract to be signed by the City and the proposed expert. While much of the contractual language is the same from expert to expert, the contract must be tailored to identify the scope of the work, the timing of the work, how the expert will be paid (flat fee or hourly), whether the expert will need to travel and, if so, what travel expenses will be reimbursed, and so on. These contracts are typically around eighteen pages long, and must be reviewed and approved by the First Deputy Corporation Counsel (or the Corporation Counsel herself) before being sent to BFS for review and approval.

Seventh, the contract must be approved by BFS. Contract review typically takes several weeks, and this process is not within the control of the attorneys working on the case. BFS *can* expedite the review; however, to get BFS to expedite the request, the Department of Corporation Counsel would have to draft *another* memorandum to request that the item be deemed a priority, and the request must be approved by the Director of BFS.[9] If the request to expedite is approved, review of that contract will jump ahead of all other procurements (except those other procurements *also* deemed to be priorities).

---

[9] Perhaps requiring an additional memorandum and an additional approval is not the ideal way to expedite a process, but this is the process as it currently stands.

Eighth, the proposed expert must review and sign the contract, and the contract must be notarized before being physically delivered to BFS. If the expert has proposed changes, of course, there is further review (and further delay) by both the Department of the Corporation Counsel and BFS. The experts that have been retained by the State are typically from outside of Hawaiʻi, thus increasing the time required for physical documents to arrive in Honolulu for processing.

It is worth noting that this is an *expedited* process for City procurement: this process only applies in situations (like with expert witnesses) that are exempt from the normal competitive bidding process.

Finally, the Court should be aware that City employees are subject to civil and criminal penalties for violating procurement law. *See* Hawaiʻi Administrative Rules ("HAR") §§ 3-131-3, 3-131-4.[10] The City understands that courts generally want to move quickly to address allegations of constitutional harm, and courts may set short deadlines for a response from the City or other municipalities. The courts may, understandably, prefer that municipal employees simply ignore procurement law. However, it is unfair to ask a municipal attorney to knowingly violate procurement law to meet an artificial 30-day deadline – particularly where, as in

---

[10] Inasmuch as this case does not require the Court to study these administrative provisions, an addendum pursuant to Fed. R. App. P. 28(f) is not included. However, the Rules are available at https://bit.ly/HAR-3-131 (sections 3-131-3 and 3-131-4 appear at pages 6-7).

9

this case, the law in question is decades old and the litigation has been ongoing for three years.

## CONCLUSION

*Bruen* upended Second Amendment jurisprudence by proscribing a new method for evaluating the constitutionality of regulations of arms. Government agencies – which now have the burden of proof – cannot adequately prepare a comprehensive historical analysis on an expedited basis. If states and municipalities are required to provide centuries-old evidence to support longstanding, common-sense regulations on firearms, we must be given a meaningful opportunity to do so. As such, the City respectfully requests that this Court grant the Petition for Panel Rehearing and Rehearing En Banc.

DATED: Honolulu, Hawaiʻi, October 2, 2023.

By: /s/ Daniel M. Gluck

DANA M.O. VIOLA
*Corporation Counsel*

DANIEL M. GLUCK
*Deputy Corporation Counsel*
Attorneys for *Amicus Curiae*
City & County of Honolulu

## AUTHORSHIP

No party's counsel authored any part of this brief. No person or entity, other than the City & County of Honolulu and its counsel, paid for the brief's preparation or submission.

## FED. R. APP. P. 32(g) CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify the following:

1. This petition complies with the type-volume limitation of Fed. R. App. P. 29(b)(1) and Circuit Rule 29-2(c)(2) because it contains 2,301 words, excluding those parts exempted by Fed. R. App. P. 32(f).

2. This petition complies with the format, typeface, and type style requirements of Fed. R. App. P. 32(a)(4)-(6)

                        By: /s/Daniel M. Gluck
                                DANIEL M. GLUCK
                                Deputy Corporation Counsel

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)**     22-16844

[**X**] I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[  ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[  ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

Brief of *Amicus Curiae* City & County of Honolulu

**Signature**   s/ Daniel M. Gluck      **Date**      October 2, 2023
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 15**                                                                                              *Rev. 12/01/18*