No. 20-15948

## In the United States Court of Appeals for the Ninth Circuit

ANDREW TETER and JAMES GRELL

*Plaintiffs-Appellants*,

v.

ANNE E. LOPEZ, in her official capacity as the Attorney General of the State of Hawai'i, and DARRYL NG, in his official capacity as the State Sheriff Division Administrator,

*Defendants-Appellees*.

Appeal from a Judgment of United States District Court
For the District of Hawai'i
Civ. No. 19-cv-00183-ACK-WRP
United States District Court Judge Alan C. Kay

**Motion for Leave to File Brief of *Amicus Curiae* the Office of the Public Defender Supporting Plaintiffs-Appellants and Reversal of the Judgment Entered by the United States District Court**

BENJAMIN E. LOWENTHAL (HAW. BAR NO. 8645)
The Office of the Public Defender
1130 North Nimitz Highway, Suite A-254
Honolulu, Hawai'i 96817
Telephone: (808) 586-2080
Email: benjamin.e.lowenthal@hawaii.gov

*Counsel for Amicus Curiae the Office of the Public Defender*

## Motion for Leave to File Brief of
## *Amicus Curiae* of the Office of the Public Defender

Comes now, the Movant, the Office of the Public Defender for the State of Hawaiʻi, and respectfully moves this Court for leave to file the attached brief as *amicus curiae* supporting the Plaintiff-Appellants for the reversal of the judgment entered by the United States District Court. This motion is made pursuant to Federal Rules of Appellate Procedure Rules 27, 29(a), and Circuit Court Rules 27-1, 29-2, and 29-3; it is based on the attached memorandum.

Dated: Honolulu, Hawaiʻi: April 22, 2024.

                                              /s/ Benjamin Lowenthal.
                                              Benjamin E. Lowenthal
                                              Attorney for the Movant
                                              The Office of the Public Defender

**Memorandum in Support of Motion for Leave to
File Brief of *Amicus Curiae* of the Office of the Public Defender**

The Office of the Public Defender respectfully requests leave to file its brief as *amicus curiae* supporting the Plaintiffs-Appellants for reversal of the judgment below. Non-governmental *amicus curiae* may file their briefs "by leave of the court or if the brief states that all parties have consented to its filing." Federal Rules of Appellate Procedure Rule 29(a)(2). *See also* Circuit Rule 29-3.

The Office of the Public Defender endeavored to obtain consent from the parties pursuant to Circuit Rule 29-3. The Plaintiffs-Appellants agreed, but the Defendants-Appellees did not and took the position that the brief would be untimely under Circuit Rule 29-2.[1] The Court may nevertheless allow the Office of the Public Defender to submit the brief attached to this motion during the pendency of rehearing. *See* Circuit Rule 29-2(e)(2).

**Statement of Interest of *Amicus Curiae***

The Office of the Public Defender is the largest criminal defense organization in Hawaiʻi. Public defenders represent indigent people facing criminal charges,

---

[1] The Federal Rules of Appellate Procedure provide a deadline for briefs in support or opposition to a petition for rehearing en banc, FRAP Rule 29(b), but are silent about when the brief must be filed once the petition is granted and the case is pending the rehearing. *See* FRAP Rule 29(a)(2).

1

involuntary commitment, and other forms of carceral control by the State in every courtroom—from the Hawaiʻi Supreme Court to traffic court— and in every county throughout the islands.

The Office of the Public Defender has an interest in this Court's determination of the constitutionality of Hawaiʻi Revised Statutes § 134-53 because it will have an impact on indigent criminal defendants facing these charges and other weapons possession cases.

**The Court's decision in this case could have a vast and lasting impact on indigent criminal defendants facing charges for possessing butterfly knives and other prosecutions for weapons possession in Hawaiʻi.**

Hawaiʻi strictly regulates weapons for personal use. Stringent licensing requirements dictate how, when, and who can acquire, transfer, and carry a firearm. Hawaiʻi Revised Statutes §§ 134-2, 134-4, and 134-9. The penalties for carrying a firearm without the required license are severe. For example, a person who carries their own firearm outside an "enclosed container" anywhere beyond the home, business, or "sojourn" without a license may be committing a crime and is punishable for up to 10 years imprisonment. HRS §§ 134-25(a) and 706-660(1)(a).

Given the stringent licensing requirements and the severe penalties that come with firearms, less lethal weapons should be a viable alternative for those who want to arm themselves in self-defense. And yet, possessing some of these weapons—like

2

daggers and brass knuckles—are still subject to criminal penalties. Anyone, "not authorized by law," who is carrying a "deadly or dangerous weapon" is guilty of a misdemeanor. HRS § 134-51.

Butterfly knives are banned altogether:

> Whoever knowingly manufactures, sells, transfers, possesses, or transports in the State any butterfly knife, being a knife having a blade encased in a split handle that manually unfolds with hand or wrist action with the assistance of inertia, gravity or both, shall be guilty of a misdemeanor.

HRS § 134-53(a). No exceptions exist for people keeping and carrying them in self-defense.

The Hawaiʻi Constitution offers no recourse. Although nearly identical to the text of the Second Amendment, "[t]here is no individual right to keep and bear arms under article I, section 17" of the Hawaiʻi Constitution. *State v. Wilson*, 154 Hawaiʻi 8, 27, 543 P.3d 440, 459 (Haw. 2024). That means the only constitutional challenge for criminal defendants prosecuted for possessing and carrying weapons lies in the Second Amendment to the United States Constitution.

This Court's approach to the Second Amendment will afford much needed guidance for the State's prosecutors, the defense bar, and judges. The decision may also have a lasting impact for criminal defendants facing prosecution for unlawful possession of butterfly knives and other weapons. The Office of the Public Defender,

3

as the only *amicus curiae* directly involved in the State's criminal legal system supporting the Appellants, respectfully requests permission to provide its perspective, analysis, and join the Appellants as *amicus curiae* in reversing the judgment below with its brief.

**Conclusion**

It is respectfully requested that leave be given for the Office of the Public Defender to file its brief as *amicus curiae*.

Dated: Honolulu, Hawaiʻi: April 22, 2024.

/s/ Benjamin Lowenthal.
Benjamin E. Lowenthal
Attorney for the Movant
The Office of the Public Defender

4