No. 20-15948

IN THE

# United States Court of Appeals for the Ninth Circuit

ANDREW TETER and JAMES GRELL,

                           Plaintiffs-Appellants,

v.

ANNE E. LOPEZ, in her Official Capacity as the Attorney General of the State of Hawaiʻi and DARRYL NG, in his Official Capacity as the State Sheriff Division Administrator,

                           Defendants-Appellees.

On Appeal from the United States District Court for the District of Hawaiʻi
Honorable Alan C. Kay, Senior United States District Judge
(Civil No. 19-cv-00183-ACK-WRP)

## SUGGESTION OF MOOTNESS AND MOTION TO REMAND

ANNE E. LOPEZ
  *Attorney General of the State of Hawaiʻi*
KALIKOʻONĀLANI D. FERNANDES
  *Solicitor General*
NICHOLAS M. MCLEAN
  *First Deputy Solicitor General*
STATE OF HAWAIʻI
DEPARTMENT OF THE ATTORNEY GENERAL
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

NEAL KUMAR KATYAL
REEDY C. SWANSON
DANA A. RAPHAEL
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
neal.katyal@hoganlovells.com

    *Counsel for Defendants-Appellees Anne E. Lopez and Darryl Ng*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION .....................................................................................................1

BACKGROUND .......................................................................................................1

STANDARD FOR RELIEF ......................................................................................4

ARGUMENT .............................................................................................................5

CONCLUSION .........................................................................................................9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Board of Trs. of Glazing Health & Welfare Tr. v. Chambers*,
　941 F.3d 1195 (9th Cir. 2019) (en banc) ...................................................... 4, 5, 6

*District of Columbia v. Heller*,
　554 U.S. 570 (2008) ................................................................................................ 8

*In re Bunker Ltd. P'ship*,
　820 F.2d 308 (9th Cir. 1987) .............................................................................. 4, 5

*Lund v. Cowan*,
　5 F.4th 964 (9th Cir. 2021) ..................................................................................... 7

*McDonald v. Lawson*,
　94 F.4th 864 (9th Cir. 2024) ............................................................................... 5, 6

*New York State Rifle & Pistol Ass'n v. Bruen*,
　597 U.S. 1 (2022) ................................................................................................. 2, 8

*New York State Rifle & Pistol Ass'n v. City of New York*,
　140 S. Ct. 1525 (2020) ......................................................................................... 4, 7

*Peruta v. County of San Diego*,
　824 F.3d 919 (9th Cir. 2016) (en banc) ................................................................. 8

*Platt v. Moore*,
　15 F.4th 895 (9th Cir. 2021) ................................................................................... 6

*United States v. Munsingwear, Inc.*,
　340 U.S. 36 (1950) ................................................................................................... 5

**STATUTES:**

Hawaiʻi Rev. Stat. § 134-53 ..................................................................................... 6

Hawaiʻi Rev. Stat. § 134-53(a) ............................................................................ 1, 7

**LEGISLATIVE MATERIAL:**

Act Relating to Weapons .................................................................................. 1, 4-8

# INTRODUCTION

As part of a general revision to its weapons laws, the Hawai'i Legislature has amended the State's restrictions on butterfly knives. Act 21, which took effect on May 13, 2024, repeals prohibitions on "manufactur[ing], sell[ing], transfer[ing], possess[ing], or transport[ing]" butterfly knives. Act 21 § 6. Those former prohibitions have been replaced with a much narrower restriction on the concealed carry and criminal use of butterfly knives, which is conduct that the Plaintiffs in this case never sought to engage in. Under controlling Supreme Court and Ninth Circuit precedent, this case is now moot. Hawai'i therefore respectfully asks this Court to vacate the judgment below and remand with directions to dismiss the complaint as moot, in line with this Court's settled practice.[1]

# BACKGROUND

When Plaintiffs' complaint in this case was filed in 2019, Hawai'i law "completely and categorically bann[ed] the manufacturing, sale, transfer, possession, and transport of butterfly knives in any context." ER-15; *see* Hawai'i Rev. Stat. § 134-53(a) (1999). Plaintiffs challenged those provisions as an alleged violation of the Second Amendment, stating that they wished "to purchase, own, possess and carry a butterfly knife for self-defense both in [the] home and outside

---

[1] Counsel for Plaintiffs has indicated that Plaintiffs will oppose this motion.

[the] home." ER-139; ER-137 (Plaintiffs' declarations); *accord* ER-157 (parallel allegation in the complaint). Plaintiffs sought prospective declaratory and injunctive relief against enforcement of the complete "ban on the acquisition, possession, carrying or use of butterfly knives." ER-158-160.

Plaintiffs did not seek to engage in concealed carry of butterfly knives. To the contrary: Plaintiffs "insist[ed]" that they challenged the law as "unconstitutional *only* as applied to law-abiding citizens seeking to possess butterfly knives in their homes or to *openly carry* them in public." ER-15 (District Court opinion) (second emphasis added); *see also* ER-62 ("The Court: So your position, then, I take it, is you're challenging both the right to possess a butterfly knife in your home, as well as the right to carry it openly in public? [Plaintiffs' Counsel]: Yes, Your Honor."). Plaintiffs have acknowledged in their complaint and throughout this litigation that States "retain the ability presumptively to regulate the manner of carrying arms," ER-143, and that "concealed carry can be banned when the government allows for the open carry of arms," Appellants' Supp. Br. 20; *see also id.* at 19 (purporting to distinguish historical laws because they "dealt with the concealed carry of bowie knives and other weapons, not bans on possession"); Reh'g Opp. 15 (acknowledging that "historical laws . . . prohibit[ed] the concealed carry of certain arms" and asserting that "a concealed carry law" should be analyzed differently from a restriction on possession because

2

under a concealed-carry ban "people retain the right to openly carry those arms, and they of course remain free to keep them as well").

The District Court, ruling before *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), assumed without deciding that butterfly knives were within the Second Amendment's scope and sustained the law by applying intermediate scrutiny. *See* ER-26-44. *Bruen* abrogated means-end scrutiny while this appeal was pending, but a motions panel denied Hawaiʻi's request to remand. ECF No. 66. A merits panel subsequently ruled that Hawaiʻi's butterfly-knife restrictions were unconstitutional based on its conclusions that "the possession of butterfly knives is conduct protected by the plain text of the Second Amendment," and that Hawaiʻi had "not demonstrated that its ban on butterfly knives is consistent with this Nation's historical tradition of regulating arms." Op. 4. The panel reached this conclusion, in part, because it determined that "[t]he vast majority of the statutes cited by Hawaiʻi prohibited the *concealed carry*" of weapons—*not* open carry or "possession outright." Op. 25, 28.

Hawaiʻi sought rehearing to correct multiple errors in the panel's analysis, which conflicted with Supreme Court and Ninth Circuit precedent. This Court granted rehearing.

Separately, the Hawaiʻi Legislature—like the legislatures of many States in recent years—has been working to update, clarify, and revise its weapons laws.

3

Act 21 is a comprehensive amendment of multiple weapons regulations. Among other things, it clarifies certain aspects of Hawaiʻi's firearms permitting requirements, expands the prohibition on using firearms to commit felonies to include misdemeanors, eliminates open-carry prohibitions on certain weapons like daggers and blackjacks, clarifies the removal of open- and concealed-carry prohibitions on billies, removes certain obsolete statutory language, and eliminates certain prohibitions related to switchblades.

As relevant here, Act 21 eliminates the former prohibition on "manufactur[ing], sell[ing], transfer[ring], possess[ing], or transport[ing]" butterfly knives. Act 21 § 6. The Legislature replaced those provisions with a much narrower restriction on "knowingly carr[ying] concealed" butterfly knives and knowingly using, possessing, or intending to use a butterfly knife "while engaged in the commission of a . . . separate felony or misdemeanor." *Id*.

## STANDARD FOR RELIEF

Courts "presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot." *Board of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc); *see also New York State Rifle & Pistol Ass'n v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (per curiam) (holding that claims seeking "declaratory and injunctive relief against enforcement" of New York City firearm rule were moot after the rule

4

was amended); *In re Bunker Ltd. P'ship*, 820 F.2d 308, 312 (9th Cir. 1987) ("Where new legislation represents a complete substitution for the law as it existed at the time of a district court's decision, arguments based upon the superseded part are moot."). The party asserting that a case is *not* moot bears the burden of showing that there is a "reasonable expectation"—"founded in the record . . . rather than on speculation alone"—"that the legislative body is likely to enact the same or substantially similar legislation in the future." *Glazing Health*, 941 F.3d at 1197, 1199.

When a civil action becomes moot while the appeal process is ongoing, federal courts' "established practice" is to vacate the judgment below and remand with instructions to dismiss the complaint. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950); *see also Glazing Health*, 941 F.3d at 1200; *McDonald v. Lawson*, 94 F.4th 864, 870 (9th Cir. 2024).

## ARGUMENT

This case is moot. In this litigation, Plaintiffs sought prospective declaratory and injunctive relief against the enforcement of Hawai'i's butterfly-knife regulations to the extent that state law prevented them from "possess[ing] butterfly knives in their homes or . . . *openly carry[ing]* them in public." ER-15 (emphasis added). Act 21 allows Plaintiffs to do precisely that.

Because Act 21 is a legislative repeal of the challenged provisions, it "creates a presumption that the action is moot." *Glazing Health*, 941 F.3d at 1197. This "new legislation represents a complete substitution for the law as it existed at the time of [the] district court's decision." *In re Bunker*, 820 F.2d at 312. The Hawaiʻi Legislature has no plans to reenact a prohibition on the possession of butterfly knives, and there is no record evidence that could possibly establish any reasonable expectation that the old version of Hawaiʻi Revised Statute § 134-53 will be readopted. Moreover, unlike where mootness hinges on some future action, like a delayed legislative effective date, *cf. McDonald*, 94 F.4th at 870, Act 21 took effect on the day it was signed, repealing and replacing the only aspects of the law that Plaintiffs challenged. As a result, "there is no longer an ongoing case or controversy for [this Court] to resolve." *McDonald*, 94 F.4th at 870. The Court should follow its ordinary practice by vacating the judgment and directing the District Court to dismiss the complaint. *See Glazing Health*, 941 F.3d at 1197.

Plaintiffs did not seek relief allowing them to engage in the concealed carry of butterfly knives (or to use butterfly knives for criminal purposes). In fact, during this litigation, Plaintiffs acknowledged that "concealed carry can be banned when the government allows for the open carry of arms." Appellants' Supp. Br. 20; *see also id.* at 19 (Plaintiffs' attempt to distinguish historical laws because they "dealt with the concealed carry of bowie knives and other weapons, not bans on

6

possession"); Reh'g Opp. 15 (acknowledging that "historical laws . . . prohibit[ed] the concealed carry of certain arms").[2]

Even if Plaintiffs now wish to change their position in an effort to challenge the prohibition on the concealed carrying of butterfly knives—contrary to their repeated assertions—that would still require a remand. Where there has been "a change in the legal framework governing the case," and "the plaintiff may have some residual claim under the new framework that was understandably not asserted previously," the "practice is to vacate the judgment and remand for further proceedings in which the parties may, if necessary, amend their pleadings or develop the record more fully." *City of New York*, 140 S. Ct. at 1526. That approach makes particular sense here because the parties' briefing before the district court (1) applied the pre-*Bruen* standard and (2) focused heavily on the possession ban that Act 21 has fully repealed. *See, e.g.*, Reh'g Opp. 3 (Plaintiffs' assertions that "Hawaii Revised Statute §134-53(a) makes it a crime—with no exceptions—to possess a butterfly knife" and that "[t]he question before the panel

---

[2] Plaintiffs also did not seek damages for any past injury. *See* ER-158-160. Nor could they have. The only defendants in this litigation are state officers sued in their official capacities (*see* ER-141-142), who are protected by sovereign immunity "from liability in damages, including nominal damages." *Platt v. Moore*, 15 F.4th 895, 910 (9th Cir. 2021). The Eleventh Amendment similarly prohibits "retrospective declaratory relief." *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021).

7

was whether that lone-of-its-kind law violates the Second Amendment" (citation and quotation marks omitted)).

Even assuming, *arguendo*, that butterfly knives are equally as protected under the Second Amendment as handguns, *Bruen* recognized a historical consensus that "*the manner* of public carry was subject to reasonable regulation." 597 U.S. at 59. This meant, among other things, that "States could lawfully eliminate one kind of public carry—concealed carry—so long as they left open the option to carry openly," *id.*, which describes Act 21 to a tee. *Bruen* thus confirmed this Court's prior conclusion that "even assuming that [a State's] restrictions on public *open* carry violate the Second Amendment . . . , it does not follow that [a State's] restrictions on public *concealed* carry violate the Amendment." *Peruta v. County of San Diego*, 824 F.3d 919, 941-942 (9th Cir. 2016) (en banc) (emphases added); *see also District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) (stating "that the right [protected in the Second Amendment] was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose" and that "the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues").

If Plaintiffs nevertheless intend to challenge the amended statute, Hawaiʻi should have an opportunity on remand to develop a record that addresses the law

8

that is currently in effect—including through expert testimony—rather than litigate the question on a record developed by the parties that was focused on a now-repealed statute.

## CONCLUSION

For the foregoing reasons, the Court should vacate the District Court's judgment and remand with instructions to dismiss this case as moot.

May 14, 2024

Respectfully submitted,

/s/ Neal Kumar Katyal

| | |
|---|---|
| ANNE E. LOPEZ | NEAL KUMAR KATYAL |
| *Attorney General of the State of Hawai'i* | REEDY C. SWANSON |
| KALIKO'ONĀLANI D. FERNANDES | DANA A. RAPHAEL |
| *Solicitor General* | HOGAN LOVELLS US LLP |
| NICHOLAS M. MCLEAN | 555 Thirteenth Street, N.W. |
| *First Deputy Solicitor General* | Washington, D.C. 20004 |
| STATE OF HAWAI'I | (202) 637-5600 |
| DEPARTMENT OF THE ATTORNEY GENERAL | neal.katyal@hoganlovells.com |
| 425 Queen Street | |
| Honolulu, HI 96813 | |
| (808) 586-1360 | |
| kaliko.d.fernandes@hawaii.gov | |

*Counsel for Defendants-Appellees Anne E. Lopez and Darryl Ng*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1903 words. This motion complies with the typeface and the type style requirements of Fed. R. App. P. 27 because this brief has been prepared in a proportionally spaced typeface using Word 14-point Times New Roman typeface.

/s/ Neal Kumar Katyal
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on May 14, 2024, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system

/s/ Neal Kumar Katyal
Neal Kumar Katyal
