

**GOV. MSG. NO. 1121**

EXECUTIVE CHAMBERS
KE KEʻENA O KE KIAʻĀINA

JOSH GREEN, M.D.
GOVERNOR
KE KIAʻĀINA

May 13, 2024

The Honorable Ronald D. Kouchi
President of the Senate,
    and Members of the Senate
Thirty-Second State Legislature
State Capitol, Room 409
Honolulu, Hawaiʻi 96813

The Honorable Scott K. Saiki
Speaker, and Members of the
    House of Representatives
Thirty-Second State Legislature
State Capitol, Room 431
Honolulu, Hawaiʻi 96813

Dear President Kouchi, Speaker Saiki, and Members of the Legislature:

This is to inform you that on May 13, 2024, the following bill was signed into law:

HB2342 HD1 SD2          RELATING TO WEAPONS.
                       **ACT 021**

Sincerely,

Josh Green M.D.

Josh Green, M.D.
Governor, State of Hawaiʻi

Approved by the Governor

on ___MAY 1 3 2024___

**ACT 021**

HOUSE OF REPRESENTATIVES
THIRTY-SECOND LEGISLATURE, 2024
STATE OF HAWAII

# H.B. NO.
2342
H.D. 1
S.D. 2

# A BILL FOR AN ACT

RELATING TO WEAPONS.

**BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF HAWAII:**

1  SECTION 1. The purpose of this Act is to clarify, update,

2  and revise Hawaii's laws relating to weapons in order to address

3  hazards to public health, safety, and welfare.

4  SECTION 2. Chapter 134, Hawaii Revised Statutes, is

5  amended by adding to part I a new section to be appropriately

6  designated and to read as follows:

7  "§134-    **Carrying of a firearm in the commission of a**

8  **separate misdemeanor; penalty.**  (a)  It shall be unlawful for a

9  person to knowingly carry on the person or have within the

10  person's immediate control a firearm while engaged in the

11  commission of a separate misdemeanor offense, whether the

12  firearm was loaded or not, and whether operable or not; provided

13  that a person shall not be prosecuted under this section when

14  the separate offense is an offense otherwise defined by this

15  chapter or is the offense of criminally negligent storage of a

16  firearm under section 707-714.5.

# H.B. NO. 2342

1    (b)  A conviction and sentence under this section shall be

2  in addition to and not in lieu of any conviction and sentence

3  for the separate misdemeanor; provided that the sentence imposed

4  under this section may run concurrently or consecutively with

5  the sentence for the separate misdemeanor.

6    (c)  Any person violating this section shall be guilty of a

7  class C felony.

8    (d)  For the purposes of this section, "misdemeanor" does

9  not include a petty misdemeanor."

10    SECTION 3.  Section 134-2, Hawaii Revised Statutes, is

11  amended to read as follows:

12    "§134-2  **Permits to acquire.**  (a)  No person shall acquire

13  the ownership of a firearm, whether usable or unusable,

14  serviceable or unserviceable, modern or antique, registered

15  under prior law or by a prior owner or unregistered, either by

16  purchase, gift, inheritance, bequest, or in any other manner,

17  whether procured in the State or imported by mail, express,

18  freight, or otherwise, until the person has first procured from

19  the chief of police of the county of the person's place of

20  business or, if there is no place of business, the person's

21  residence or, if there is neither place of business nor

# H.B. NO. 2342 H.D. 1 S.D. 2

1 residence, the person's place of sojourn, a permit to acquire

2 the ownership of a firearm as prescribed in this section.  When

3 title to any firearm is acquired by inheritance or bequest, the

4 foregoing permit shall be obtained before taking possession of

5 the firearm; provided that upon presentation of a copy of the

6 death certificate of the owner making the bequest, any heir or

7 legatee may transfer the inherited or bequested firearm directly

8 to a dealer licensed under section 134-31 or licensed by the

9 United States Department of Justice without complying with the

10 requirements of this section.

11      (b)   The permit application form shall:

12      (1)   Include:

13            (A)   The applicant's name, address, gender, height,

14                  weight, date of birth, place of birth, country of

15                  citizenship, social security number, alien or

16                  admission number;

17            (B)   Information regarding the applicant's mental

18                  health history;

19            (C)   Any aliases or other names previously used by the

20                  applicant;

# H.B. NO. 2342
H.D. 1
S.D. 2

1        (D)   Information that is or may be relevant in

2               determining whether the applicant is disqualified

3               under section 134-7 from the ownership,

4               possession, or control of a firearm; and

5        (E)   Information that is or may be relevant in

6               determining whether the applicant lacks the

7               essential character or temperament necessary to

8               be entrusted with a firearm as set forth in

9               subsection (e); and

10     (2)  Require the fingerprinting and photographing of the

11         applicant by the police department of the county of

12         registration; provided that where fingerprints and a

13         photograph are already on file with the department,

14         these may be waived.

15     (c)  An applicant for a permit shall:

16     (1)  Sign a waiver at the time of application, allowing the

17         chief of police of the county issuing the permit or a

18         designee of the chief of police access to all records

19         that have a bearing on the mental health of the

20         applicant; and

# H.B. NO. 2342
H.D. 1
S.D. 2

1       (2)   Identify any health care providers who possess or may

2              possess the records described in paragraph (1).

3       (d)   The chief of police of the respective counties shall

4 issue permits to acquire firearms to:

5       (1)   Citizens, nationals, or lawful permanent residents of

6              the United States of the age of twenty-one years or

7              more;

8       (2)   Duly accredited official representatives of foreign

9              nations;

10     (3)   Duly commissioned law enforcement officers of the

11            State who are aliens; provided that any law

12            enforcement officer who is the owner of a firearm and

13            who is an alien shall transfer ownership of the

14            firearm within forty-eight hours after termination of

15            employment from a law enforcement agency;

16     (4)   Aliens of the age of eighteen years or more for use of

17            rifles and shotguns for a period not exceeding sixty

18            days, upon a showing that the alien has first procured

19            a hunting license under chapter 183D, part II; and

20     (5)   Aliens of the age of twenty-one years or more for use

21            of firearms for a period not exceeding six months,

# H.B. NO. 2342
H.D. 1
S.D. 2

1             upon a showing that the alien is in training for a

2             specific organized sport-shooting contest to be held

3             within the permit period.

4      The attorney general may adopt rules, pursuant to chapter

5 91, as to what constitutes sufficient evidence that an alien is

6 in training for a sport-shooting contest.

7      Notwithstanding any law to the contrary and upon joint

8 application, the chief of police may, upon request, issue

9 permits to acquire firearms jointly to spouses who otherwise

10 qualify to obtain permits under this section.

11      (e) The permit application form shall be signed by the

12 applicant and issuing authority. One copy of the permit shall

13 be retained by the issuing authority as a permanent official

14 record. Except for sales to dealers licensed under section 134-

15 31, dealers licensed by the United States Department of Justice,

16 law enforcement officers, or where any firearm is registered

17 pursuant to section 134-3(a), no permit shall be issued to an

18 applicant earlier than fourteen calendar days after the date of

19 the application; provided that a permit shall be issued or the

20 application denied before the fortieth day from the date of

21 application. Permits issued to acquire any pistol or revolver

# H.B. NO. 2342
H.D. 1
S.D. 2

1    shall be void unless used within thirty days after the date of

2    issue.  Permits to acquire a pistol or revolver shall require a

3    separate application and permit for each transaction.  Permits

4    issued to acquire any rifle or shotgun shall entitle the

5    permittee to make subsequent purchases of rifles or shotguns for

6    a period of one year from the date of issue without a separate

7    application and permit for each acquisition, subject to the

8    disqualifications under section 134-7 and revocation under

9    section 134-13; provided that if a permittee is arrested for

10   committing a felony, a crime of violence, a criminal offense

11   relating to firearms, or for the illegal sale or distribution of

12   any drug, the permit shall be impounded and surrendered to the

13   issuing authority.  The issuing authority shall perform an

14   inquiry on an applicant by using the International Justice and

15   Public Safety Network, including the United States Immigration

16   and Customs Enforcement query, National Crime Information

17   Center, and National Instant Criminal Background Check System,

18   pursuant to section 846-2.7 before any determination to issue a

19   permit or to deny an application is made.  The issuing authority

20   shall not issue a permit to acquire the ownership of a firearm

21   if an applicant is disqualified under section 134-7 from the

# H.B. NO.

1   ownership, possession, or control of a firearm, or if the

2   issuing authority determines that issuance would not be in the

3   interest of public health, safety, or welfare because the person

4   lacks the essential character or temperament necessary to be

5   entrusted with a firearm.  In determining whether a person lacks

6   the essential character or temperament necessary to be entrusted

7   with a firearm, the issuing authority shall consider whether the

8   person poses a danger of causing a self-inflicted bodily injury

9   or unlawful injury to another person, as evidenced by:

10      (1)   Information from a health care provider indicating

11            that the person has had suicidal or homicidal thoughts

12            or tendencies within the preceding five years;

13      (2)   Statements or actions by the person indicating any

14            dangerous propensity or violent animus toward one or

15            more individuals or groups, including groups based on

16            race, color, national origin, ancestry, sex, gender

17            identity, gender expression, sexual orientation, age,

18            disability, religion, or any other characteristic, and

19            the propensity or animus is of a nature or to an

20            extent that would objectively indicate to a reasonable

21            observer that it would not be in the interest of the

# H.B. NO. 2342
## H.D. 1
## S.D. 2

1        public health, safety, or welfare for the person to

2        own, possess, or control a firearm or ammunition; or

3    (3)  Other information that would lead a reasonable,

4        objective observer to conclude that the person

5        presents or would present a danger to the community as

6        a result of acquiring or possessing a firearm or

7        intends or is likely to use a firearm for an unlawful

8        purpose or in an unlawful manner.

9    (f)  In all cases where a pistol or revolver is acquired

10 from another person within the State, the permit shall be signed

11 in ink by the person to whom title to the pistol or revolver is

12 transferred and shall be delivered to the person who is

13 transferring title to the firearm, who shall verify that the

14 person to whom the firearm is to be transferred is the person

15 named in the permit and enter on the permit in the space

16 provided the following information:  name, address, and

17 telephone number of the person who transferred the firearm;

18 name, address, and telephone number of the person to whom the

19 title to the firearm was transferred;  names of the manufacturer

20 and importer; model; type of action; caliber or gauge; and

21 serial number, as applicable.  The person who is transferring

H.B. NO. <sup></sup>

1  title to the firearm shall sign the permit in ink and cause the

2  permit to be delivered or sent by registered mail to the issuing

3  authority within forty-eight hours after transferring the

4  firearm.

5      In all cases where receipt of a firearm is had by mail,

6  express, freight, or otherwise from sources outside the State,

7  the person to whom the permit has been issued shall make the

8  prescribed entries on the permit, sign the permit in ink, and

9  cause the permit to be delivered or sent by registered mail to

10  the issuing authority within forty-eight hours after taking

11  possession of the firearm.

12      In all cases where a rifle or shotgun is acquired from

13  another person within the State, the person who is transferring

14  title to the rifle or shotgun shall submit, within forty-eight

15  hours after transferring the firearm, to the authority that

16  issued the permit to acquire, the following information, in

17  writing:  name, address, and telephone number of the person who

18  transferred the firearm; name, address, and telephone number of

19  the person to whom the title to the firearm was transferred;

20  names of the manufacturer and importer; model; type of action;

21  caliber or gauge; and serial number, as applicable.

# H.B. NO. 2342 H.D. 1 S.D. 2

1    (g)  No person shall be issued a permit under this section

2  for the acquisition of a firearm unless the person, within the

3  four years before the issuance of the permit, has completed:

4        (1)  An approved hunter education course as authorized

5             under section 183D-28, unless the applicant seeks to

6             acquire a pistol or revolver, in which case the

7             applicant shall complete a training satisfying the

8             requirements of paragraph (2), (3), or (4);

9        (2)  A firearms safety or training course or class

10            available to the general public offered by a law

11            enforcement agency of the State or of any county;

12       (3)  A firearms safety or training course offered to law

13            enforcement officers, security guards, investigators,

14            deputy sheriffs, or any division or subdivision of law

15            enforcement or security enforcement by a state or

16            county law enforcement agency; or

17       (4)  A firearms training or safety course or class

18            conducted by a firearms instructor certified or

19            verified by the chief of police of the respective

20            county or a designee of the chief of police or

21            certified by a nongovernmental organization approved

# H.B. NO. 2342 H.D. 1 S.D. 2

1  for such purposes by the chief of police of the

2  respective county or a designee of the chief of

3  police, or conducted by a certified military firearms

4  instructor; provided that the firearms training or

5  safety course or class provides, at a minimum, a total

6  of at least two hours of firing training at a firing

7  range and a total of at least four hours of classroom

8  instruction, which may include a video, that focuses

9  on:

10  (A)  The safe use, handling, and storage of firearms

11       and firearm safety in the home, as well as a

12       component on mental health, suicide prevention,

13       and domestic violence issues associated with

14       firearms and firearm violence; and

15  (B)  Education on the firearm laws of the State.

16  An affidavit signed by the certified or verified

17  firearms instructor who conducted or taught the

18  course, providing the name, address, and phone number

19  of the instructor and attesting to the successful

20  completion of the course by the applicant shall

21  constitute evidence of certified successful completion

# H.B. NO. <sub>2342</sub>

2342
H.D. 1
S.D. 2

1        under this paragraph; provided that an instructor

2        shall not submit an affidavit signed by the instructor

3        for the instructor's own permit application.

4    (h)  No person shall sell, give, lend, or deliver into the

5 possession of another any firearm except in accordance with this

6 chapter.

7    (i)  No fee shall be charged for permits, or applications

8 for permits, under this section, except for a single fee

9 chargeable by and payable to the issuing county in an amount

10 equal to the fee charged by the Hawaii criminal justice data

11 center pursuant to section 846-2.7.  In the case of a joint

12 application, the fee provided for in this section may be charged

13 to each person.  If an application under this section is denied,

14 the chief of police or a designee of the chief of police shall

15 notify the applicant of the denial in writing, stating the

16 ground or grounds for the denial and informing the applicant of

17 the right to seek review of the denial through a hearing

18 pursuant to subsection (k).

19    (j)  In all cases where a permit application under this

20 section is denied because an applicant is prohibited from

21 owning, possessing, receiving, or controlling firearms under

# H.B. NO. 2342
**H.D. 1**
**S.D. 2**

1 federal or state law, the chief of police of the applicable

2 county shall, within ten business days from the date of denial,

3 send written notice of the denial, including the identity of the

4 applicant and the reasons for the denial, to the:

5     (1)  Prosecuting attorney in the county where the permit

6         was denied;

7     (2)  Attorney general;

8     (3)  United States Attorney for the District of Hawaii; and

9     (4)  Director of corrections and rehabilitation.

10     If the permit to acquire was denied because the applicant

11 is subject to an order described in section 134-7(f), the chief

12 of police shall, within three business days from the date of

13 denial, send written notice of the denial to the court that

14 issued the order.

15     When the director of corrections and rehabilitation

16 receives notice that an applicant has been denied a permit

17 because of a prior criminal conviction, the director of

18 corrections and rehabilitation shall determine whether the

19 applicant is currently serving a term of probation or parole,

20 and if the applicant is serving such a term, send written notice

21 of the denial to the applicant's probation or parole officer.

# H.B. NO. 2342
H.D. 1
S.D. 2

1    (k)  If an application under this section is denied, a

2  person or entity aggrieved by the denial shall be entitled to a

3  hearing before the chief of police of the appropriate county or

4  a designee of the chief of police.  A person or entity aggrieved

5  by the denial shall submit a request for a hearing in writing to

6  the chief of police of the appropriate county no later than

7  thirty days following the date of the decision or determination

8  notice.  The hearing shall constitute a contested case hearing

9  for purposes of chapter 91.  Following the hearing and final

10  decision, an aggrieved party shall be entitled to a judicial

11  review proceeding in state circuit court in accordance with

12  section 91-14.

13    (l)  The permit application form and the waiver form

14  required under this section shall be prescribed by the issuing

15  authority.

16    (m)  The requirements of subsection (g) shall not apply to

17  an applicant for a permit to acquire a rifle or shotgun who:

18    (1)  Has been issued a hunter education certificate under

19        section 183D-28 that is valid for the life of the

20        person; or

# H.B. NO. 2342
**H.D. 1**
**S.D. 2**

1     (2)  Has received a written exemption under section 183D-

2         28."

3     SECTION 4.  Section 134-51, Hawaii Revised Statutes, is

4 amended to read as follows:

5     "**§134-51  Deadly or dangerous weapons; prohibitions;**

6 **penalty.**  (a)  Any person, not authorized by law, who knowingly

7 carries concealed [upon] on the [person's self or within any

8 vehicle used or occupied by the person or who is found armed

9 with] person, or in a bag or other container carried by the

10 person, any dirk, dagger, blackjack, [slug shot, billy,] metal

11 knuckles, [pistol,] or other deadly or dangerous weapon shall be

12 guilty of a misdemeanor [and may be immediately arrested without

13 warrant by any sheriff, police officer, or other officer or

14 person.  Any weapon, above enumerated, upon conviction of the

15 one carrying or possessing it under this section, shall be

16 summarily destroyed by the chief of police or sheriff.];

17 provided that this subsection shall not apply to a billy.

18     (b)  [Whoever] Any person who knowingly possesses or

19 intentionally uses or threatens to use a dirk, dagger,

20 blackjack, metal knuckles, or other deadly or dangerous weapon,

21 or a billy, while engaged in the commission of a [crime]

# H.B. NO. 2342
H.D. 1
S.D. 2

1   separate felony or misdemeanor shall be guilty of a class C

2   felony.

3       (c)  A conviction and sentence under subsection (b) shall

4   be in addition to and not in lieu of any conviction and sentence

5   for the separate felony or misdemeanor; provided that the

6   sentence imposed under subsection (b) may run concurrently or

7   consecutively with the sentence for the separate felony or

8   misdemeanor.

9       (d)  Upon conviction of a person for carrying or possessing

10  a deadly or dangerous weapon pursuant to this section, the

11  deadly or dangerous weapon shall be summarily destroyed by the

12  chief of police or sheriff.

13      (e)  Notwithstanding any provision to the contrary, this

14  section shall not apply to:

15      (1)  A firearm, whether loaded or not, and whether operable

16          or not;

17      (2)  A switchblade knife as defined in section 134-52;

18      (3)  A butterfly knife as defined in section 134-53; or

19      (4)  An electric gun as defined in section 134-81.

# H.B. NO. 2342
H.D. 1
S.D. 2

1     (f)  For purposes of this section, "billy" includes a

2  cudgel, truncheon, police baton, collapsible baton, billy club,

3  or nightstick.

4     (g)  It shall be a defense to a prosecution under

5  subsection (a) that a person was lawfully present in the

6  person's own home at the time of the offense."

7     SECTION 5.  Section 134-52, Hawaii Revised Statutes, is

8  amended to read as follows:

9     "**§134-52  Switchblade knives; prohibitions; penalty.**  (a)

10  Whoever knowingly [~~manufactures, sells, transfers, possesses, or~~

11  ~~transports in the State~~] carries concealed on the person, or in

12  a bag or other container carried by the person, any switchblade

13  knife[~~, being any knife having a blade which opens automatically~~

14  ~~(1) by hand pressure applied to a button or other device in the~~

15  ~~handle of the knife, or (2) by operation of inertia, gravity, or~~

16  ~~both,~~] shall be guilty of a misdemeanor.

17     (b)  Whoever knowingly possesses or intentionally uses or

18  threatens to use a switchblade knife while engaged in the

19  commission of a [~~crime~~] separate felony or misdemeanor shall be

20  guilty of a class C felony[~~.~~]; provided that a person shall not

# H.B. NO. 2342
### H.D. 1
### S.D. 2

1  be prosecuted under this subsection when the separate felony or

2  misdemeanor is an offense otherwise defined by this chapter.

3      (c)  A conviction and sentence under subsection (b) shall

4  be in addition to and not in lieu of any conviction and sentence

5  for the separate felony or misdemeanor; provided that the

6  sentence imposed under subsection (b) may run concurrently or

7  consecutively with the sentence for the separate felony or

8  misdemeanor.

9      (d)  It shall be a defense to a prosecution under

10  subsection (a) that the person was lawfully present in the

11  person's own home at the time of the offense.

12      (e)  For the purposes of this section, "switchblade knife"

13  means any knife having a blade that opens automatically by:

14      (1)  Hand pressure applied to a button or other device in

15          the handle of the knife; or

16      (2)  Operation of inertia, gravity, or both."

17      SECTION 6.  Section 134-53, Hawaii Revised Statutes, is

18  amended to read as follows:

19      "[[]§134-53[]]  **Butterfly knives; prohibitions; penalty.**

20  (a)  Whoever knowingly [manufactures, sells, transfers,

21  possesses, or transports in the State] carries concealed on the

# H.B. NO. <sub></sub>2342

1  person, or in a bag or other container carried by the person,

2  any butterfly knife[, being a knife having a blade encased in a

3  split handle that manually unfolds with hand or wrist action

4  with the assistance of inertia, gravity or both,] shall be

5  guilty of a misdemeanor.

6       (b)  Whoever knowingly possesses or intentionally uses or

7  threatens to use a butterfly knife while engaged in the

8  commission of a [crime] separate felony or misdemeanor shall be

9  guilty of a class C felony[.]; provided that a person shall not

10  be prosecuted under this subsection when the separate felony or

11  misdemeanor is an offense otherwise defined by this chapter.

12       (c)  A conviction and sentence under subsection (b) shall

13  be in addition to and not in lieu of any conviction and sentence

14  for the separate felony or misdemeanor; provided that the

15  sentence imposed under subsection (b) may run concurrently or

16  consecutively with the sentence for the separate felony or

17  misdemeanor.

18       (d)  It shall be a defense to a prosecution under

19  subsection (a) that the person was lawfully present in the

20  person's own home at the time of the offense.

H.B. NO. <sup>2342</sup>

1    (e)  For the purposes of this section, "butterfly knife"

2  means any knife having a blade encased in a split handle that

3  manually unfolds with hand or wrist action with the assistance

4  of inertia, gravity, or both."

5    SECTION 7.  Every provision in this Act and every

6  application of each provision in this Act is severable from each

7  other.  If any application of any provision in this Act to any

8  person or group of persons or circumstances is determined by any

9  court to be invalid, the remainder of this Act and the

10  application of the Act's provisions to all other persons and

11  circumstances shall not be affected because it is the

12  legislature's intent that all valid applications shall remain in

13  force.

14    SECTION 8.  This Act does not affect rights and duties that

15  matured, penalties that were incurred, and enforcement

16  proceedings that were begun before its effective date.

17    SECTION 9.  Statutory material to be repealed is bracketed

18  and stricken.  New statutory material is underscored.

19    SECTION 10.  This Act shall take effect upon its approval.

APPROVED this **13th** day of  **May**  , 2024



GOVERNOR OF THE STATE OF HAWAII

HB No. 2342, HD 1, SD 2

THE HOUSE OF REPRESENTATIVES OF THE STATE OF HAWAII

Date:  April 18, 2024
Honolulu, Hawaii

We hereby certify that the above-referenced Bill on this day passed Final Reading in the

House of Representatives of the Thirty-Second Legislature of the State of Hawaii, Regular

Session of 2024.

Scott K. Saiki
Speaker
House of Representatives

Brian L. Takeshita
Chief Clerk
House of Representatives

H.B. No. 2342, H.D. 1, S.D. 2

# THE SENATE OF THE STATE OF HAWAIʻI

Date:  April 9, 2024
Honolulu, Hawaiʻi  96813

We hereby certify that the foregoing Bill this day passed Third Reading in the Senate

of the Thirty-Second Legislature of the State of Hawaiʻi, Regular Session of 2024.

President of the Senate

Clerk of the Senate

3663