IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW TETER and JAMES GRELL<br>  Plaintiffs-Appellants,<br><br>v.<br><br>ANNE E. LOPEZ, in her Official Capacity as the Attorney General of the State of Hawaii and DARRYL NG., in his Official Capacity as the State Sheriff Division Administrator,<br><br>  Defendants-Appellees. | No. 20-15948 |

**PLAINTIFFS-APPELLANTS' OPPOSITION TO DEFENDANTS' SUGGESTION OF MOOTNESS AND MOTION TO REMAND**

COME NOW ANDREW TETER and JAMES GRELL ("Plaintiffs-Appellants") and file their opposition to Defendants Anne E. Lopez and Darryl Ng's ("Defendants-Appellees" or "Hawaii") Suggestion of Mootness and Motion to Remand, and would show unto the Court as follows:

### Introduction

On August 7, 2023, a panel of this Court held Hawaii's ban on butterfly knives violated the Second Amendment. Then, on September 20, 2023, Hawaii asked this Court to rehear this matter en banc. In the meantime, on or about January 24, 2024, the Hawaii legislature proposed a bill (a package from the Governor) seeking to repeal certain weapons laws, including possession (but not concealed carry) of butterfly

1

knives.[1] While that limited repeal was working its way through the Hawaii legislature, this Court granted en banc rehearing on February 22, 2024. On that same day, the Hawaii legislature "recommended that the measure be PASSED WITH AMENDMENTS." *Id.*

Hawaii's claims that Plaintiffs' claims for relief are moot is untrue. Plaintiffs wish to be able to carry butterfly knives for self-defense. Even under the new law, Plaintiffs have no practical means to carry a butterfly knife because as the record demonstrates, butterfly knives are designed to be carried concealed in the pocket. For the reasons shown below, Plaintiffs claims are not moot, and this Court should proceed with en banc review of Plaintiffs' claims.

## I. This Court Can Still Grant Relief on Plaintiffs' Claims

Here, Hawaii suggests this case is moot because the legislature passed a new butterfly knife law submitted by the Governor. But, a case becomes moot only if intervening events mean that a court can no longer "grant any effectual relief" to the plaintiff. *Mission Prod. Holdings, Inc. v. Tempnology, LLC,* 139 S. Ct. 1652, 1660 (2019), quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks omitted).[2] That standard is "demanding." *Id.* This Court can still grant relief to Plaintiffs because,

---

[1] *See* https://www.capitol.hawaii.gov/session/measure_indiv.aspx?billtype=HB&billnumber=2342&year=2024.

[2] *See also Knox v. SEIU, Local 1000*, 567 U.S. 298, 307 (2012) ("A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party."), quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000).

even with Act 21 § 6 amendments in place, the amended law still unconstitutionally infringes on Plaintiffs' Second Amendment rights. In their prayer for relief, Plaintiffs ask the Court to enjoin Hawaii's prohibition on the "carrying" of butterfly knives. ER-159. This Court can still give relief on this claim because Hawaii law still operates as a de facto ban on the carrying of butterfly knives.

Hawai'i Rev. Stat. § 134-53(a), as amended, expressly bans the concealed carry of butterfly knives. That constitutes a de facto ban on the carry of butterfly knives because, as the record demonstrates, butterfly knives cannot be carried openly in any realistic manner. Most pocketknives can be openly carried because they can be "clipped to the pocket, which is the normal carrying method." *See* ER 091 Expert Declaration of Burton Richardson. "Balisongs do not have a clip because it would interfere with manipulating the handles." *Id.* Thus, butterfly knives are typically carried in the "pocket, as it has no clip." *Id.* Hawaii's expert did not dispute this testimony. ER 100-108. Thus, due to the design of a butterfly knife, Hawaii's ban on the concealed carry of butterfly knives amounts to a de facto ban on their carry as butterfly knives cannot be carried openly. Plaintiffs will still suffer an injury in fact. The revised statute is no more constitutional than the statute invalidated by the panel decision.

Therefore, the new law "disadvantage[s] them in the same fundamental way." *Ne. Fla. Chapter of Associated Gen. Contractors of Am.*, 508 U.S. at 662. Thus, Plaintiffs claims are not moot. Hawaii law still disadvantages Plaintiffs in the same fundamental way.

3

## II. The Voluntary Cessation Doctrine Applies

The general rule is that "voluntary cessation of a challenged practice does not moot a case unless 'subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1 (2017), quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal quotation marks omitted). The party claiming such mootness bears a "heavy burden" of proof under this test. *Id.*

Here, the analysis is simple. Hawaii did not just repeal the challenged provisions, and thus voluntarily cease the challenged practice. Nor did Hawaii amend these provisions in some way that would accord the Plaintiffs all the relief sought. Rather, Hawaii modified the challenged provisions with slightly different, slightly less burdensome requirements which are unconstitutional for the same reasons the unmodified versions were unconstitutional. Such tactics do not moot an appeal.

In very similar circumstances, the Supreme Court in *Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville,* 508 U.S. 656, 662-63 (1993), refused to dismiss an appeal as moot after a city had entirely repealed and replaced a challenged ordinance, noting that "[t]he new ordinance may disadvantage [the challengers] to a lesser degree than the old one, but ... it disadvantages them in the same fundamental way." This Court has followed suit. *See, e.g.*, *Montana Green Party v. Jacobsen,* 17 F.4th 919, 922 (9th Cir. 2021) (holding that appeal was not mooted by

4

amendments where "[t]he amendments do not fundamentally change either the challenged provisions or the applicable legal analysis") (collecting case law); *Cuviello v. City of Vallejo*, 944 F.3d 816, 824 (9th Cir. 2019) (same, applying *Northeastern Florida*).

Thus, this Court has explained that a case is never moot if there is a "reasonable expectation that the legislative body will reenact the challenged provision *or one similar to it*." *Bd. of Trs. of the Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (emphasis added). *See also City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) (holding that the case was not moot, because the defendant's "repeal of the objectionable language would not preclude it from reenacting precisely the same provision if the District Court's judgment were vacated."). As explained, there is more than a "reasonable expectation" of reenactment of "similar" provisions; Hawaii legislature has **already passed** legislation that replaced the challenged provisions with very "similar" provisions that suffer from the same fundamental flaws that afflicted the replaced provisions. *See Northeastern Florida*, 508 U.S. at 662 ("There is no mere risk that Jacksonville will repeat its allegedly wrongful conduct; it has already done so. Nor does it matter that the new ordinance differs in certain respects from the old one."). *See also Bd. of Trs. of the Glazing Health*, at 1199 (noting that "mootness is less appropriate when repeal [of legislation] occurred due to the 'prodding effect' of litigation"). The only reason Hawaii even attempted this creative solution is because a panel of this Court held the infringement on butterfly knives unconstitutional. Hawaii selectively quotes portion of the trial court proceedings to claim that Plaintiffs' claims are moot because

5

"Plaintiffs did not seek to engage in concealed carry of butterfly knives." Motion at 2. But Plaintiffs never specified the manner in which they wish to carry. The trial court simply interpreted their claims to deal with open carry because at the time of the trial court's ruling, concealed carry was outside of the scope of the Second Amendment right due to this Court's precedent in *Peruta v. Cty. of San Diego*, 824 F.3d 919 (9th Cir. 2016) (en banc). And as shown above and confirmed in the record, they have no practical way to openly carry a butterfly knife. More to the point, Hawaii's argument regarding the scope of the right to concealed carry is a merits question and has nothing to do with the mootness doctrine. If Hawaii wishes to press their argument, then it can do so when discussing the merits of this case at an appropriate time.

### III. This Court Should Not Remand Plaintiffs' Claims

This Court only finds remand appropriate when an intervening change in law may impact the outcome of the litigation. *White Mountain Apache Tribe v. Ariz., Dep't of Game & Fish*, 649 F.2d 1274, 1285-86 (9th Cir. 1981) ("This court may remand a case to the district court for further consideration when new cases or laws that are likely to influence the decision have become effective after the initial consideration."). Here, as shown above, Plaintiffs' still have no meaningful ability to carry a butterfly knife. Therefore, Hawaii's change in law does not impact the outcome of this litigation.

Even when intervening law could impact the outcome of litigation, it often does not remand. This Court has "discretion to determine what questions may be taken up and resolved for the first time on appeal… We typically feel most comfortable

6

resolving such an issue when it has nonetheless been extensively litigated in the district court or where the proper resolution is beyond any doubt." *Peruta v. Cty. of San Diego*, 824 F.3d 919, 959-60 (9th Cir. 2016) (en banc) (N.R. Smith, J., dissenting) (citations and punctuation omitted). Here, this case was extensively litigated in the trial court as discussed above. Therefore, there is no need for a remand.

These principles have been applied in Second Amendment cases in the past. In *Peruta v. Cty. of San Diego*, 824 F.3d 919 (9th Cir. 2016) (en banc), "[d]uring the pendency of the appeal, "California's underlying statutory scheme changed. At the time the district courts issued their decisions, California permitted unloaded open carry. However, under the current scheme, open carry (loaded and unloaded) is prohibited. *See* Dissent 68-69. Further, as noted by the dissent, the district courts did not have the benefit of our recent decisions in *Jackson*, 746 F.3d 953 and *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013)." *Id. at* 959. Despite this change in law, this Court did not remand *Peruta* to the trial court and instead ruled on the merits. It would set a terrible precedent to allow any litigant, let alone a state, to swing for the fences, lose at the panel stage, request en banc review and then avoid the en banc review they requested by belatedly amending their laws in a manner that still harms the plaintiffs. Hawaii is playing games with the Court and with Plaintiffs and that cannot be accepted.

### IV. This Court Should Not Vacate the Trial Court's Judgment

Even if this Court finds Plaintiffs' case is moot, it should not vacate the judgement of the trial court. "When a case has been mooted by the appellant's own

actions, the Supreme Court has directed that appellate courts should vacate the district court order only in 'exceptional circumstances.'" *ACLU v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012) (citation omitted). "The principal condition to which we have looked is whether the party seeking relief from the judgment below caused the mootness by voluntary action." *United States Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994). "It is petitioner's burden, as the party seeking relief from the status quo of the appellate judgment, to demonstrate not merely equivalent responsibility for the mootness, but equitable entitlement to the extraordinary remedy of vacatur. Petitioner's voluntary forfeiture of review constitutes a failure of equity that makes the burden decisive…" *U.S. Bancorp,* 513 U.S. at 26.

Ninth Circuit precedent is clear on this issue. In *Cammermeyer v. Perry*, 97 F.3d 1235, 1239 (9th Cir. 1996), it was the "defendants who rendered this case moot by conceding that Cammermeyer should be reinstated and by replacing the challenged regulation." *Id.* This Court found "[u]nder similar circumstances, we have refused to vacate the lower court's judgment, even when the appellant did not intend to moot the appeal." *Id.*, citing *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982) (appellant did so intend), citing *Blair v. Shanahan*, 38 F.3d 1514, 1521 (9th Cir. 1994), *cert. denied*, 514 U.S. 1066 (1995). Here, Hawaii has replaced the challenged regulations and is directly responsible for any potential mootness. Pursuant to *Cammermeyer,* this Court should deny vacatur.

Moreover, there is nothing equitable about the vacatur sought by Hawaii here. "*U.S. Bancorp* makes clear that the touchstone of vacatur is equity." *Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995). "[T]he equitable principles weighing in favor of vacatur in these situations cut the other direction where the appellant by his own act prevents appellate review of the adverse judgment." *Dilley v. Gunn*, 64 F.3d at 1370. Thus, in *Dilley*, this Court noted that "[b]oth the Supreme Court and this court have recognized exceptions to this practice if the party seeking appellate relief fails to protect itself *or is the cause of subsequent mootness*." *Id.* at 1370-71 (emphasis added). Here, Hawaii passed the current law in an attempt to moot this lawsuit. Precedent dictates that vacatur should be denied.

### V. Alternatively, If There is a Finding of Mootness, This Case Should Be Referred to the Appellate Commissioner Regarding the Issue of Attorney Fees

Here, if this Court finds this matter moot, then it should refer this case to the Appellate Commissioner to decide the matter of attorney fees. This Court routinely refers issues of attorney fees to its Appellate Commissioner. *See e.g. Nadarajah v. Holder*, 569 F.3d 906, 926 (9th Cir. 2009) (Tallman concurring) ("The parties briefed the issue and we referred the claim to our Appellate Commissioner (the "Commissioner") for further consideration on the merits and his recommendation on an appropriate fee award.") Here, this Court should refer Plaintiffs to the Appellate Commissioner because they are the prevailing party. In an action brought under 42 U.S.C. § 1983, a prevailing plaintiff is entitled to reasonable attorney's fees. *See* 42 U.S.C. § 1988(b). "A plaintiff

prevails for purposes of § 1988 when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. ..." *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013) (citation and internal quotation marks omitted).

"We have previously held that when a plaintiff wins a preliminary injunction and the case is rendered moot before final judgment, either by the passage of time or other circumstances beyond the parties' control, the plaintiff is a prevailing party eligible for a fee award." *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 717 (9th Cir. 2013). "A typical scenario: The plaintiff wins a preliminary injunction prohibiting enforcement of a particular statute, and the defendant renders the case moot by repealing the statute before final judgment is entered. In that circumstance, too, courts have held that the plaintiff is a prevailing party under § 1988. *See, e.g.*, *Common Cause/Ga.*, 554 F.3d at 1356; *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 233–34 (3d Cir.2008); *Dearmore*, 519 F.3d at 523–24. There is again no concern that the relief the plaintiff won at the preliminary-injunction stage will prove to be ephemeral. The defendant's action in rendering the case moot ensures that the injunction's alteration of the parties' legal relationship will not be undone by subsequent rulings in the litigation." *Id.*

Here, Plaintiffs' win at the panel stage entitles them to prevailing party status in the same way as had they prevailed on a preliminary injunction in the same circumstances. "[T]wo recurrent questions arise when making prevailing-party determinations in this context: First, is the court's preliminary injunction ruling

10

sufficiently "on the merits" to satisfy Buckhannon's 'judicial imprimatur' requirement? And second, has the plaintiff obtained relief sufficiently enduring to satisfy the 'material alteration of the parties' legal relationship' requirement?" *Id.* at 716. Here, Plaintiffs' win at the panel stage easily satisfies this test.

First, the panel opinion was clearly made on the merits after motions for summary judgment. *See Teter v. Lopez*, 76 F.4th 938, 942 (9th Cir. 2023), reh'g en banc granted, opinion vacated, 93 F.4th 1150 (9th Cir. 2024) ("On cross-motions for summary judgment…"). Thus, the parties had conducted full discovery and fully briefed this case on the merits. Second, the panel opinion expressly found Hawai'i Rev. Stat. § 134-53(a) unconstitutional and remanded the case to the trial court to enter a judgment in favor of the Plaintiffs. Thus, the panel opinion caused a material alteration of the parties' legal relationship and precipitated the Hawaii legislature into repealing, at least in part, its complete ban on butterfly knives. Assuming this case is moot, Hawaii's act of passing Act 21 § 6 "ensures that the injunction's alteration of the parties' legal relationship will not be undone by subsequent rulings in the litigation." *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 717 (9th Cir. 2013). Therefore, Plaintiffs are the prevailing party in this matter. If this Court finds Plaintiffs' claims moot, then this Court should refer this case to the Appellate Commissioner to make a determination on the issue of attorney fees.

## **Conclusion**

Hawaii's Suggestion of Mootness and Motion to Remand should be denied. Alternatively, if the Court finds this case moot, this Court should refer the matter to the Appellate Commissioner to decide Plaintiffs' attorneys' fees.

Respectfully submitted, this the 21st of May, 2024.

*/s/ Alan Alexander Beck*
Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume, typeface, and type-style requirements of Federal Rule of Appellate Procedure 27 because it contains 2881 words and was prepared using Microsoft Word 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Alan Alexander Beck*
Alan Alexander Beck

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Alan Alexander Beck*
Alan Alexander Beck