No. 20-15948

In The

# United States Court of Appeals for the Ninth Circuit

ANDREW TETER and JAMES GRELL,

*Plaintiffs-Appellants,*

v.

ANNE E. LOPEZ, in her Official Capacity as the Attorney General of the State of Hawaiʻi and DARRYL NG, in his Official Capacity as the State Sheriff Division Administrator,

*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Hawaiʻi
Honorable Alan C. Kay, Senior United States District Judge
(Civil No. 19-cv-00183-ACK-WRP)

**REPLY IN SUPPORT OF SUGGESTION OF MOOTNESS AND MOTION TO REMAND**

| | |
|---|---|
| ANNE E. LOPEZ | NEAL KUMAR KATYAL |
| *Attorney General of the State of Hawaiʻi* | REEDY C. SWANSON |
| KALIKOʻONĀLANI D. FERNANDES | DANA A. RAPHAEL |
| *Solicitor General* | HOGAN LOVELLS US LLP |
| NICHOLAS M. MCLEAN | 555 Thirteenth Street, N.W. |
| *First Deputy Solicitor General* | Washington, D.C. 20004 |
| STATE OF HAWAIʻI | (202) 637-5600 |
| DEPARTMENT OF THE ATTORNEY GENERAL | neal.katyal@hoganlovells.com |
| 425 Queen Street | |
| Honolulu, HI 96813 | |
| (808) 586-1360 | |
| kaliko.d.fernandes@hawaii.gov | |

*Counsel for Defendants-Appellees Anne E. Lopez and Darryl Ng*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................2

    I.    This Court Should Remand Because This Case Is Moot ...........................2

    II.    Plaintiffs' Fee Request Is Procedurally And Substantively Improper ...............................................................................................................7

CONCLUSION .......................................................................................................10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Blaisdell v. Frappiea*,
   729 F.3d 1237 (9th Cir. 2013) ................................................................... 3

*Board of Trs. of Glazing Health & Welfare Tr. v. Chambers*,
   941 F.3d 1195 (9th Cir. 2019) (en banc) .................................................. 2

*Cuviello v. City of Vallejo*,
   944 F.3d 816 (9th Cir. 2019) ..................................................................... 6

*Higher Taste, Inc. v. City of Tacoma*,
   717 F.3d 712 (9th Cir. 2013) ................................................................ 8, 9

*In re Futoran*,
   52 F.3d 333 (9th Cir. 1995) ....................................................................... 4

*Montana Green Party v. Jacobsen*,
   17 F.4th 919 (9th Cir. 2021) ..................................................................... 6

*New York State Rifle & Pistol Ass'n v. Bruen*,
   597 U.S. 1 (2022) ........................................................................................ 5

*New York State Rifle & Pistol Ass'n v. City of New York*,
   140 S. Ct. 1525 (2020) ............................................................................ 6, 7

*Northeastern Fla. Chapter of the Associated Gen. Contractors
   of Am. v. City of Jacksonville*,
   508 U.S. 656 (1993) .................................................................................... 6

*Peruta v. County of San Diego*,
   824 F.3d 919 (9th Cir. 2016) (en banc) ................................................... 6

*Pye v. Mitchell*,
   574 F.2d 476 (9th Cir. 1978) ..................................................................... 3

*Sole v. Wyner*,
   551 U.S. 74 (2007) ....................................................................................... 9

*Yamada v. Snipes*,
   786 F.3d 1182 (9th Cir. 2015) ................................................................... 8

**STATUTE:**

42 U.S.C. § 1988 ................................................................................................ 8

## TABLE OF AUTHORITIES—Continued

Page(s)

**RULE:**

Ninth Circuit Rule 39-1.6 ...................................................................................7

## INTRODUCTION

This case is moot. Plaintiffs filed this lawsuit seeking to own and carry butterfly knives for self-defense. Act 21 allows them to do so.

Plaintiffs resist this straightforward conclusion by seeking to expand the scope of their lawsuit. For the first time, Plaintiffs claim that they seek to engage in concealed carry of butterfly knives. That contention runs headlong into a string of representations that Plaintiffs have made—in both the District Court and this Court—that they were seeking only to open carry and that restricting concealed carry would be lawful if open carry were permitted. Plaintiffs cannot walk back those concessions at this late date.

To the extent the Court has questions about mootness, however, the proper course is to vacate the judgment below and remand this case to the District Court. Plaintiffs' opposition does not identify any portion of their briefing, at any stage of this case, arguing that concealed carry restrictions would be unlawful. That is no surprise because, until now, the parties have focused exclusively on the prior statute's ban on possession and *all* public carry. Asking this Court to resolve the lawfulness of Hawaiʻi's amended statute under these circumstances is impractical. If the Court does not direct dismissal, the District Court should address whether Plaintiffs have preserved any challenge to the remaining restriction on concealed carry of butterfly knives and, if so, it should address the merits of that claim in the

1

first instance.

Finally, the Court should reject the request for attorneys' fees that Plaintiffs have improperly tacked onto their opposition. That request is procedurally deficient, and Plaintiffs cannot plausibly maintain that they are "prevailing parties" when the only opinion in their favor had already been vacated by the en banc Court well before Act 21 passed.

## ARGUMENT

### I. This Court Should Remand Because This Case Is Moot.

Plaintiffs do not dispute that this Court "presume[s] that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot." *Board of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc). Although Plaintiffs attempt to avoid this presumption by citing various cases addressing mootness outside the legislative amendment context, *see* Opp. 2, 4, 8-9, they ultimately recognize that *Glazing Health*'s standard applies here, *see* Opp. 5. Applying that standard, this case is moot because Plaintiffs can do everything that they sought to do through this lawsuit. *See* Mot. 5-7.

Plaintiffs' contrary argument hinges on their brand-new claim that they seek to openly carry butterfly knives in addition to conceal and carry them. The Court should not permit Plaintiffs to fundamentally change the nature of their requested

2

relief at this late date. Plaintiffs sought only to "carry a butterfly knife for self-defense both in [the] home and outside [the] home." ER-137, ER-139 (Plaintiffs' declarations); *accord* ER-157 (parallel allegation in the complaint). Act 21 allows them to do that, so long as they carry the butterfly knife openly.

Even if the Court believes that the complaint preserved a claim for concealed carry, Plaintiffs affirmatively waived that request many times over. *See Pye v. Mitchell*, 574 F.2d 476, 480 (9th Cir. 1978) ("Where an issue is conceded below, it cannot be raised for the first time on appeal."); *Blaisdell v. Frappiea*, 729 F.3d 1237, 1242 (9th Cir. 2013) (declining "to take up on appeal a claim which [plaintiff] clearly told the district court he was not bringing"). In the District Court, Plaintiffs were squarely asked whether their "position" was that they were "challenging both the right to possess a butterfly knife in your home, as well as the right to carry it openly in public?" ER-62. Plaintiffs' counsel responded with an unequivocal yes. *Id.* The District Court relied on that concession to conclude that Plaintiffs raised "*only*" an "as applied" challenge "to law-abiding citizens seeking to possess butterfly knives in their homes or to openly carry them in public." ER-15.

Plaintiffs now say that this "selectively quotes" them, Opp. 5, but they never challenged that characterization of their claim at any point in their appellate briefing. On the contrary, Plaintiffs' post-*Bruen* brief conceded that "concealed

3

carry can be banned when the government allows for the open carry of arms." Appellants' Supp. Br. 20. And Plaintiffs repeatedly distinguished historical precedents offered by Hawaiʻi on the basis that they involved concealed carry regulations rather than bans on possession or open carry. *See id.* at 21; Reh'g Opp. 15.[1] The Court should "hold [Plaintiffs] to the litigating position that [they] adopted." *In re Futoran*, 52 F.3d 333, at *1 (9th Cir. 1995) (unpublished table opinion).

All of this refutes Plaintiffs' suggestion that they must have been raising a challenge to a concealed carry restriction because "butterfly knives cannot be carried openly in any realistic manner." Opp. 3. If that were the case, then Plaintiffs' course of litigation recited above makes no sense. Why would Plaintiffs agree when the District Court asked whether they were challenging only the restriction on open carry? And why would Plaintiffs concede on appeal that restrictions on concealed carry are valid when open carry is permitted? Plaintiffs' expert declaration also does not support that a concealed carry restriction is "a de facto ban." *Id.* When the expert said that "[t]he Balisongs do not have a clip because it would interfere with manipulating the handles," it appears he was

---

[1] Plaintiffs' amici agree. *See, e.g.*, Amicus Br. of Nat'l Rifle Ass'n 22 ("The most common approach to regulating knives throughout the 19th century was to restrict the manner in which they could be carried . . . ."); Amicus Br. of Mountain States Legal Foundation 29 ("many states prohibit[ed] concealed Arms").

4

referring to specific knives in "a video of [him] demonstrating drawing speeds of the [butterfly knife]." ER-91. And, in any event, nothing in his declaration opines that it is impossible or impractical to openly carry a butterfly knife. *See id.*[2]

At *minimum*, the Court should vacate the District Court's judgment and remand for it to consider Plaintiffs' request to expand their claim in the first instance. The parties should have an opportunity to develop a record that is appropriately tailored to any surviving aspect of Plaintiffs' suit—not the now-repealed ban on possession.

Plaintiffs' request for this Court to leave the District Court's judgment in place is, at the risk of understatement, puzzling. *See* Opp. 7-9. Plaintiffs *lost* below. For that reason, leaving the District Court's judgment in place would seemingly have the effect of precluding them from raising any additional challenge. Moreover, all parties agree that the District Court applied a mode of analysis that has since been abrogated by *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). It would be highly unorthodox for this Court to leave in place an opinion that has been abrogated while the appeal was pending.

---

[2] Plaintiffs contend that the State's "expert did not dispute this testimony," Opp. 3, but that merely reflects that the parties were not litigating the validity of a concealed carry restriction when discovery occurred.

5

This case does not resemble any of Plaintiffs' cited cases in which an appellate court declined to remand after a legislative amendment. In *Peruta v. County of San Diego*, the Court addressed a challenge to concealed carry regulations, and the only legislative amendments affected the scope of open carry regulations. *See* 824 F.3d 919, 959 (9th Cir. 2016) (en banc) (N.R. Smith, J., dissenting).[3] In *Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville*, the Court was faced with a challenge to racial quotas in government contracting and the amended ordinance *still involved* such quotas. 508 U.S. 656, 662-663 (1993). *Montana Green Party v. Jacobsen* involved an amendment that imposed "a slightly *greater*" burden on the plaintiffs than the law originally challenged. 17 F.4th 919, 922 (9th Cir. 2021). Finally, the *Cuviello v. City of Vallejo* plaintiff challenged a permitting requirement, and the only "meaningful difference" in the amended law was the "elimination of any fee"; the challenged permitting requirement remained in place. 944 F.3d 816, 825 (9th Cir. 2019).

By far the more relevant comparator is the Supreme Court's first encounter with the New York licensing regime ultimately rejected in *Bruen*. *See New York State Rifle & Pistol Ass'n v. City of New York*, 140 S. Ct. 1525 (2020) (per curiam).

---

[3] The en banc Court did not expressly respond to Judge Smith's suggestion that a remand would have been appropriate in *Peruta*.

6

There, as here, the parties disputed the scope of relief requested in the plaintiffs' complaint, and in any event the parties' prior briefing had not addressed lawfulness of the legal restrictions that remained in place following the amendment. *See id.* at 1526-27. The Supreme Court remanded for the lower courts to address the revised statutory scheme in the first instance so that "the parties [could], if necessary, amend their pleadings or develop the record more fully." *Id.* (quotation marks omitted).

In this case, this Court can order that the case be dismissed for mootness because Plaintiffs have long since waived any challenge to a restriction that applies only to concealed carry. *See supra* pp. 2-5. If the Court is unsure about whether this case is moot, however, it should follow the Supreme Court's lead in *City of New York* and vacate for the District Court to resolve those issues in the first instance.

## II.   Plaintiffs' Fee Request Is Procedurally And Substantively Improper.

There is no basis for this Court to refer this case to the Appellate Commissioner for a fee award. *See* Opp. 9-11. As a preliminary matter, Plaintiffs have not complied with the required procedures for such a request under Ninth Circuit Rule 39-1.6. Under that Rule, such a request must include "a memorandum showing that the party seeking fees is legally entitled to them"; a completed form summarizing the fees requested; and a full set of itemized records justifying the fee

7

request. Plainly, a cursory, two-page section of an opposition to a motion to remand is not the right way to seek fees in this Circuit.

In any event, Plaintiffs are manifestly not "prevailing parties" under 42 U.S.C. § 1988. As Plaintiffs recognize, to warrant a prevailing-party designation they must show that they: (1) achieved relief that is "sufficiently on the merits"; and (2) that the relief was "sufficiently enduring" such that it resulted in a "alteration of the parties' legal relationship." Opp. 11 (quoting *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013)).

Neither condition is satisfied here. Plaintiffs may have temporarily achieved success on the merits at the panel stage, but the panel opinion had *already been vacated* before Hawaiʻi's Legislature changed the law. This Court granted rehearing on February 22, 2024. Act 21 was not approved by the Legislature until April 19, almost two months later, and the Governor did not sign the bill into law until May 13.[4] Temporary success on the merits does not entitle a party to fees when it has been "undone [by] the conclusion of the case." *Higher Taste*, 717 F.3d at 717; *see also Yamada v. Snipes*, 786 F.3d 1182, 1208 (9th Cir. 2015) ("A

---

[4] This timeline refutes Plaintiffs' baseless suggestion that the State is "playing games with the Court." Opp. 7. It is hardly gamesmanship for the Legislature to change its law after the Court has *already* vacated the opinion invalidating its prior law. Moreover, Plaintiffs cite nothing to support their claim that the amendment was a direct response to this litigation. *See* Opp. 5.

8

plaintiff does not become a prevailing party until it obtains relief that is 'no longer subject to being reversed, dissolved, or otherwise undone by the final decision in the same case.' " (quoting *Higher Taste*, 717 F.3d at 717; *Sole v. Wyner*, 551 U.S. 74, 83 (2007)). Temporary success that has been undone is exactly what happened here.

It follows that the panel opinion also did not materially alter the parties' relationship in any way. *See Higher Taste*, 717 F.3d at 715. The panel opinion was vacated before the mandate issued, so the judgment never became effective. Plaintiffs are thus a far cry from a party who secured a preliminary injunction requiring the defendant to change its behavior toward the plaintiff. *See* Opp. 10. No order of this Court or the District Court requiring Hawaiʻi to cease enforcement of its butterfly knife regulations has ever been in effect. The Court should reject Plaintiffs' effort to seek fees based on an already vacated panel opinion.

9

## CONCLUSION

For the foregoing reasons, and those in Hawaiʻi's motion, the Court should vacate the District Court's judgment and remand with instructions to dismiss this case as moot.

May 28, 2024

Respectfully submitted,

/s/ Neal Kumar Katyal

| | |
|---|---|
| ANNE E. LOPEZ<br>   *Attorney General of the State of Hawaiʻi*<br>KALIKOʻONĀLANI D. FERNANDES<br>   *Solicitor General*<br>NICHOLAS M. MCLEAN<br>   *First Deputy Solicitor General*<br>STATE OF HAWAIʻI<br>DEPARTMENT OF THE ATTORNEY GENERAL<br>425 Queen Street<br>Honolulu, HI 96813<br>(808) 586-1360<br>kaliko.d.fernandes@hawaii.gov | NEAL KUMAR KATYAL<br>REEDY C. SWANSON<br>DANA A. RAPHAEL<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street, N.W.<br>Washington, D.C. 20004<br>(202) 637-5600<br>neal.katyal@hoganlovells.com |

*Counsel for Defendants-Appellees Anne E. Lopez and Darryl Ng*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 2117 words. This motion complies with the typeface and the type style requirements of Fed. R. App. P. 27 because this brief has been prepared in a proportionally spaced typeface using Word 14-point Times New Roman typeface.

<u>/s/ Neal Kumar Katyal</u>
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on May 28, 2024, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system

/s/ Neal Kumar Katyal<br>
Neal Kumar Katyal