# Ⓢ Stamboulieh Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

June 23, 2024

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

    Re: *Teter, et al. v. Lopez, et al.*; No. 20-15948

Dear Ms. Dwyer:

This letter responds to Appellees' Rule 28(j) letter concerning *Unites States v. Rahimi*, No. 22-915. *Rahimi* reaffirms *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U. S. 1 (2022), as applied by the panel here. First, *Rahimi* made clear that "'when the Government regulates arms-bearing conduct, as when the Government regulates other constitutional rights, it bears the burden to "justify its regulation."' Slip op. at 6-7, quoting *Bruen*, 597 US. at 24. The panel thus appropriately placed the burden on Hawaii here. 76 F.4th at 950-51.

Second, *Rahimi* confirmed *Bruen*'s holding that the scope of the right is determined by an appropriate historical inquiry in which the "how and why" of the burdens on the right of self-defense "are central to this inquiry." Slip op. at 7. In conducting that inquiry, the Court looked exclusively to founding era statutes, tradition and case law. Slip op. at 5, 6, 7, 10, 13, 14. Indeed, while the Court found it unnecessary to decide whether courts should "primarily rely on the prevailing understanding" in 1791 or 1868 (slip op. at 8 n.1), the Court did not rely on a single Reconstruction Era statute or practice in its opinion. That reasoning is consistent with the approach taken by the panel, which found that Hawaii's law was unjustified under either period. 766 F.4th at 948, 954.

Third, *Rahimi* also confirmed the holding in *District of Columbia v. Heller*, 554 U. S. 570, 582 (2008), that the Second Amendment protections extend "'to all instruments that constitute bearable arms, even those that were not [yet] in existence." Slip op. at 7 (brackets the Court's). That holding supports the panel's holding here that "bladed weapons" are fully covered by the protections afforded by the Second Amendment. See 76 F.4th at 949. As the panel held, "the butterfly knife resembles an ordinary

pocketknife, a tool that has been used by Americans since the early 18th century (at the very latest)." 76 F.4th at 942. There is no historical tradition in any period justifying any restrictions on pocketknives. The panel should be affirmed.

    Yours very truly,

                              */s/ Stephen D. Stamboulieh*
                              Stephen D. Stamboulieh