# Stambouileh Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

August 13, 2024

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

Re: *Teter, et al. v. Lopez, et al.*; No. 20-15948

Dear Ms. Dwyer:

Appellants continue to believe that this Court should reinstate the panel's opinion. Appellees' 28(j), citing to *Bianchi v. Brown*, No. 21-1255 (Aug. 6, 2024) (en banc) and *United States v. Price*, No. 22-4609 (Aug. 6, 2024) (en banc) doesn't move the needle here.

*Bianchi* is incorrectly decided for several reasons (as stated by Judge Richardson in dissent). For instance, despite the Supreme Court <u>explicitly</u> rejecting interest balancing, the Fourth Circuit did it anyway. *Cf. Bianchi* at 40 ("careful interest balancing between individual self-defense and societal order") to *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 26 (2022) (interest balancing "is not deference that the Constitution demands here."). *See also Bianchi* at 77 (Gregory, J., concurring in the judgment) ("majority's analysis is comprised of the very sort of means-end scrutiny that *Bruen* explicitly forbids…") and *Bianchi* at 175 (Richardson, J., dissenting) ("majority is engaging today in precisely the kind of interest balancing that *Heller*, *McDonald*, and *Bruen* rejected.").

Additionally, Judge Richardson raised the appearance of shenanigans afoot. *See Bianchi* at 87 n.2 ("initial panel majority reached a decision and promptly circulated a draft opinion. Yet for more than a year, no dissent was circulated[,]" then *Price* was heard and the "*Price* panel quickly circulated a unanimous opinion that reached a conclusion at odds with the *Bianchi* majority's year-old proposed opinion" and then the Court ordered "initial-en-banc-review" of *Bianchi*). Litigants should not have to be concerned about such things on appeal.

As to *Price*, Judge Quattlebaum said it best in his concurrence: "[i]f *Bruen's* discussion of common use at step one means that issue must be assessed there, why engage with the issue at step two?" *Price* at 18.  The *Price* majority opinion suffers from several methodological errors as highlighted by both the dissent and the concurrences.

Yours very truly,

/s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh

cc: All counsel of record (via ECF)