# Ⓢ Stamboulieh Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

August 27, 2024

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

    Re: *Teter, et al. v. Lopez, et al.*; No. 20-15948

Dear Ms. Dwyer:

    Appellants continue to believe that this Court should reinstate the panel's opinion. Appellants file this 28(j) to alert the Court that the Supreme Judicial Court of Massachusetts issued an opinion finding switchblades protected by the Second Amendment in *Commonwealth v. Canjura*, No. SJC-13432, 2024 Mass. LEXIS 344 (Aug. 27, 2024).

    Massachusetts argued that "knives are categorically not protected by the Second Amendment," which the Supreme Judicial Court held to be "incorrect." *Id.* at *6. That court also found there to be no "historical tradition" justifying Massachusetts's ban on switchblades. *Id.* at *11.

    Importantly, the court held that switchblades "meet the 'common use test.'" *Id.* at *12. That court applied a jurisdiction counting approach (i.e., how many jurisdictions banned the item, taken from *Hollis v. Lynch*, 827 F.3d 436, 449 (5th Cir. 2016)) and found that only "seven States and the District of Columbia categorically ban switchblades … and only two States impose blade length restrictions…" *Id.* *See* Appellants' Opening Brief (DktEntry 28) at 10 ("Butterfly knives are legal to own in 47 states.").

    Additionally, the court stated that "[i]n the most basic sense, all weapons are 'dangerous' because they are designed for the purpose of bodily assault or defense" and that in a "dangerous and unusual" analysis, a weapon "must feature uniquely dangerous qualities that are disproportionate to their use for self-defense." *Id.* at *14. Finally, the court stated that "[n]othing about the physical qualities of switchblades suggests they are uniquely dangerous." *Id.* *See* Reply Brief (DktEntry 39) at 3-6.

This opinion supports Appellants' arguments that Hawaii's ban on butterfly knives violated the Second Amendment as the panel correctly held.

Yours very truly,

/s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh

cc: All counsel of record (via ECF)