

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

February 27, 2025

**BY CM/ECF**

Molly C. Dwyer, Clerk
United States Court of Appeals
  for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

    Re:    *Teter v. Lopez*, No. 20-15948

Dear Ms. Dwyer:

    The Supreme Court's opinion in *Lackey v. Stinnie*, No. 23-621 (U.S. Feb. 25, 2025), confirms that Plaintiffs' pending fee motion should be denied because Plaintiffs are not "prevailing parties" under 42 U.S.C. § 1988.

    Plaintiffs' argument that they prevailed in this litigation was based entirely on this Court's opinion in *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712 (9th Cir. 2013), which held that "when a plaintiff wins a preliminary injunction and the case is rendered moot before final judgment … the plaintiff is a prevailing party eligible for a fee award." *Id.* at 717; *see* Fee Mot. 1-5. In *Lackey*, the Supreme Court abrogated *Higher Taste*. The Court reaffirmed that "[a] party 'prevails' when a court conclusively resolves his claim by granting enduring relief on the merits that alters the legal relationship between the parties," and held that a mooted preliminary injunction does not satisfy that standard. *Lackey*, slip op. at 13.

    *Lackey* thus confirms that achieving "only temporary success" before a case has been mooted does not render a party "prevailing." *Id.* at 7. "Rather, a plaintiff 'prevails' under the statute when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties." *Id.* at 9.

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Berlin Birmingham Boston Brussels Colorado Springs Denver Dubai Dublin Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Shanghai FTZ. Business Service Centers: Johannesburg Louisville. For more information see www.hoganlovells.com

In this case, the panel decision—which, Plaintiffs do not dispute, was already vacated *before* the statutory amendment mooted the case—was at most a "temporary success at an intermediary stage of the suit." *Id.* at 7 (quotation marks and alterations omitted). Because the panel opinion was vacated before any judgment was entered in Plaintiffs' favor, it did "not modify the defendant's behavior toward the plaintiff" and therefore does not confer prevailing-party status. *Id.* at 8 (citing *Rhodes v. Stewart*, 488 U.S. 1, 3-4 (1988) (per curiam)).

Under *Lackey*, "both the change in relationship and its permanence must result from a judicial order" for a party to be considered "prevailing" under Section 1988. *Id.* at 13. In this case, neither requirement is met. Fee Opp. 2-7. Plaintiffs' motion should be denied.

Respectfully submitted,

/s/ Reedy C. Swanson
Reedy C. Swanson

*Counsel for Appellees*